**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**YIEN-KOO KING, NORTHWICH INVESTMENTS, LTD., and SOON HUAT, INC.**

**Plaintiffs,**

**-against-**

**ANDREW WANG, SHOU-KUNG WANG, BAO WU TANG, JIAN BAO GALLERY, ANTHONY CHOU, CHEN-MEI LIN, WEI ZHENG, YE YONG-QING, YUE DA-JIN and JOHN DOES 1-9,**

**Defendants.**

**1:14-Civ-07694-JFK**

**ORAL ARGUMENT REQUESTED**

**DECLARATION OF SAM P. ISRAEL, ESQ.**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

**SAM P. ISRAEL, ESQ.** hereby declares pursuant to 28 U.S.C. 1746, under the penalties of perjury as follows:

1. I am a member of the Bar of this Court in good standing and the managing partner at Sam P. Israel, P.C., counsel to Plaintiffs Yien-Koo King ("**Yien-Koo**"), Northwich Investments, Ltd. ("**Northwich**"), and Soon Huat, Inc. ("**Soon Huat,**" collectively, the "**Plaintiffs**") in this action. I submit this declaration for the purpose of placing before the Court selected facts and true and correct copies of certain documents in support of the accompanying Memorandum of Law in Opposition to the Defendants' Motion to Dismiss the Amended Complaint.

2. I have personal knowledge of the within facts by virtue of my representation of the Plaintiffs throughout the course of this action.

3. The defendants Andrew Wang, Jian Bao Galleries, Bao Wu Tang, and Shou-Kung Wang (collectively, the "**Defendants**") moved to dismiss the original complaint filed in this action on or about November 21, 2014. They argued dismissal was warranted

because, *inter alia*, the plaintiffs (1) lacked Article III standing, (2) lacked standing under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962, *et seq.* (the "**Act**" or "**RICO**"), (3) were barred from pursuing their claims by virtue of various statutes of limitations, (4) should not be afforded relief in this forum by virtue of the Colorado River abstention doctrine, (5) could not adjudicate their claims in federal court by virtue of the probate exception to federal jurisdiction, and (6) had failed to plead a pattern of racketeering necessary to sustain RICO claims.

4. The district court granted the Defendants' motion to dismiss in or about July 2015 on the ground that the original complaint failed to plead a pattern of racketeering activity. The court further declined to exercise supplemental jurisdiction on the remaining state law tort claims.

5. The plaintiffs appealed the district court's decision in or about August 2015 on the grounds that RICO's pleading requirements had been met.

6. The Defendants cross-appealed on various grounds including Yien-Koo King's alleged lack of standing to bring claims on behalf of a Surrogate's Court estate (the "**Estate**") against Andrew Wang.

7. Oral argument was held on both appeals on or about August 17, 2016 at which point the parties argued their respective positions as to, *inter alia*, whether (a) the claims in the complaint were barred by the probate exception, (b) a pattern of racketeering had been pled, and (c) Yien-Koo had the ability to pursue claims on the Estate's behalf due to Andrew Wang's self-dealing and predicate activity with respect to Estate assets.

8. By order dated August 26, 2016, the Second Circuit found the entirety of the Defendants' arguments on cross appeal to be without merit and remanded the matter to the district court for further proceedings.

9. Notwithstanding the estimations made by Carolyn Shields in her declaration dated October 25, 2016, there is currently no definite schedule for holding the will probate trial, and no pretrial conference has yet been ordered. The progress of litigation

in the Surrogate's Court continues to remain uncertain and no substantive issues have been resolved since this action first commenced in September 2014.

10. Attached hereto as **Exhibit A** is a true and correct copy of the original complaint filed in this action on September 23, 2014.

11. Attached hereto as **Exhibit B** is a true and correct copy of the amended complaint filed in this action on September 27, 2016.

12. Attached hereto as **Exhibit C** is a true and correct copy of the Defendants' memorandum of law in support of their motion to dismiss the original complaint, dated November 21, 2014.

13. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs Yien-Koo King and Kenneth Kings' memorandum of law in opposition to the Defendants' motion to dismiss the original complaint, dated December 27, 2014.

14. Attached hereto as **Exhibit E** is a true and correct copy of the Defendants' reply memorandum of law in support of the Defendants' motion to dismiss the original complaint, dated January 12, 2015.

15. Attached hereto as **Exhibit F** is a true and correct copy of the Defendants' Pre-Argument Statement (Form C) in support of their cross appeal, filed with the Second Circuit on September 9, 2015.

16. Attached hereto as **Exhibit G** is a true and correct copy of the Defendants' memorandum of law in support of their cross appeal and in opposition to the Plaintiffs' appeal, filed with the Second Circuit on February 10, 2015.

17. Attached hereto as **Exhibit H** is a true and correct copy of the Plaintiffs' memorandum of law in opposition to the Defendants' cross appeal, filed with the Second Circuit on April 8, 2015.

18. Attached hereto as **Exhibit I** is a true and correct copy of the Second Circuit's order and mandate after appeal, filed on September 20, 2016.

Dated: New York, New York
November 9, 2016

By:/s/ *Sam P. Israel*___
Sam P. Israel (SPI0270)