USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
YIEN-KOO KING,
NORTHWICH INVESTMENTS, LTD.,
and SOON HUAT, INC.,

              Plaintiffs,

   -against-

ANDREW WANG, SHOU-KUNG WANG,
BAO WU TANG, JIAN BAO GALLERY,
ANTHONY CHOU, CHEN-MEI-LIN, WEI
ZHENG, YE YONG-QING, YUE DA-JIN,
and JOHN DOES 1-9,

              Defendants.
-----------------------------------X

No. 14 Civ. 7694 (JFK)
**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFFS YIEN-KOO KING,
NORTHWICH INVESTMENTS, LTD., and SOON HUAT, INC.:
    Sam P. Israel
    Timothy Savitsky

FOR DEFENDANTS ANDREW WANG, SHOU-KUNG WANG,
BAO WU TANG, and JIAN BAO GALLERY:
    Carolyn J. Shields
    Ying Liu

**JOHN F. KEENAN, United States District Judge**:

    Before the Court is motion by Defendants Andrew Wang ("A. Wang"), individually and doing business as Bao Wu Tang, and Shou-Kung Wang ("S.K. Wang"), individually and formerly doing business as the Jian Bao Gallery (collectively, "Defendants"), for reconsideration of the Court's March 26, 2018 Opinion and Order granting in part a motion for reconsideration (the "March 26 Order") by Plaintiffs Yien-Koo King ("Y.K. King"), Northwich Investments, Ltd. ("Northwich"), and Soon Huat, Inc. ("Soon

Huat") (collectively, "Plaintiffs").  For the reasons that follow, Defendants' motion is denied.

## I. Background

Knowledge of the factual background of this case is presumed and discussed in detail in the March 26 Order; however, some discussion of the procedural history is warranted.  On September 27, 2016, Plaintiffs filed the amended complaint. (See Am. Compl., ECF No. 36 (filed Sept. 27, 2016).)  On October 25, 2016, Defendants moved to dismiss the amended complaint on several grounds, including that Y.K. King lacked standing to bring claims on behalf of her father C.C. Wang's Estate (the "Estate"). (See Defs.' Mem. of L. in Support of Mot. to Dismiss, ECF No. 42 (filed Nov. 10, 2016).)

On June 20, 2017, the Court held that Y.K. King did not have standing to bring claims on behalf of the Estate because she had not been named executrix or administratrix of the Estate, as required to bring suit on behalf of a decedent's estate under New York law. (See Op. & Order at 13-14, ECF No. 53 (filed June 20, 2017).)  On July 5, 2017, Plaintiffs filed a motion for reconsideration, arguing that the Court overlooked facts and law in holding that Y.K. King did not have standing to sue on behalf of the Estate. (See Mot. for Reargument, ECF No. 54 (filed July 5, 2017).)  On February 15, 2018, the Surrogate's Court issued preliminary letters testamentary to Y.K. King and

appointed Y.K. King as preliminary executrix of the Estate. See Order for Preliminary Letters Testamentary, Probate Proceeding, Will of Chi-Chuan Wang, No. 2003-2250/I (N.Y. Surr. Ct. Feb. 15, 2018).

On March 26, 2018, the Court granted Plaintiffs' motion for reconsideration, holding that Y.K. King's appointment as preliminary executrix was "new evidence not available at the time" of the Court's June 20, 2017 Opinion and Order, and under New York law, as preliminary executrix, Y.K. King now has standing to bring RICO claims on behalf of the Estate. (See Op. & Order, ECF No. 65 (filed Mar. 26, 2018).) On April 9, 2018, Defendants filed a motion for reconsideration of the March 26 Order, arguing that the Court overlooked the language of the Surrogate Court's Order that requires Plaintiff to "act jointly" with the Public Administrator. (See Defs.' Mem. of L. in Supp. of Mot. for Reconsideration, ECF No. 69 (filed Apr. 9, 2018).)

## II. Discussion

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F.

3

Supp. 108, 119 (S.D.N.Y. 1990). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992). Local Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters." <u>S.E.C. v. Ashbury Capital Partners</u>, No. 00 Civ. 7898 (RCC), 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). A court must "narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued." <u>Fisk v. Letterman</u>, 501 F. Supp. 2d 505, 530 (S.D.N.Y. 2007).

Defendants argue that in holding that Y.K. King has standing to sue on behalf of the Estate, the Court overlooked the language in the Surrogate's Court Order that Y.K. King "shall act jointly with the Public Administrator of New York County, who will continue to act as temporary administrator of the estate." Order for Preliminary Letters Testamentary, Probate Proceeding, Will of Chi-Chuan Wang, No. 2003-2250/I (N.Y. Surr. Ct. Feb. 15, 2018). Defendants contend that this language indicates that Plaintiff has no standing to sue on behalf of the

4

Estate unless she is joined in her suit by her co-fiduciary, the Public Administrator. (Defs.' Mem. at 4.)

Defendants' motion is without merit.  The Public Administrator has expressly consented to Y.K. King's "advancement of the instant claims brought on behalf of the Estate" and stated that Y.K. King, as "Preliminary Execut[rix] has the capacity and authority to advance claims seeking relief on behalf of the Estate." (Damas Decl. ¶ 3, ECF No. 71-1 (filed Apr. 23, 2018).)  Indeed, Defendants' own motion cites <u>In re Estate of Jacobs</u> for the proposition that "[w]here there are only two fiduciaries . . . the <u>consent</u> of both fiduciaries is required to exercise a joint power." 127 Misc. 2d 1020, 1022 (N.Y. Surr. Ct. 1985) (emphasis added).  The Public Administrator has consented to Y.K. King bringing claims on behalf of the Estate in this action.

This action has been pending since 2014 and the Court has now considered arguments relating to Defendants' motion to dismiss three times.  The motion has been extensively briefed and argued, including two motions for reconsideration.  Accordingly, the Court will not consider further objections or motions for reconsideration with respect to Defendants' motion to dismiss.

## Conclusion

For the foregoing reasons, Defendants' motion for reconsideration is DENIED. Defendants shall file an answer to Plaintiffs' remaining claims by May 31, 2018. The Clerk of Court is respectfully requested to terminate the motion docketed at ECF No. 68.

**SO ORDERED.**

Dated:   New York, New York
        May 11, 2018

                                                John F. Keenan
                                     United States District Judge