

180 MAIDEN LANE, 6th FLOOR, NEW YORK, NY 10038

info@spi-pc.com | T: (646) 787-9880 | F: (646) 787-9886

**SAM P. ISRAEL**
FOUNDER & MANAGING PARTNER

Eleonora Zlotnikova
Timothy Foster
Timothy Savitsky
Hyun-Jeong (Becky) Baek
*Associates*

**BY ECF AND BY HAND**

Hon. John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

May 30, 2018

Re: *King, et al. v. Wang et. al.* **No. 14-cv-07694**

Dear Judge Keenan:

This firm represents Yien-Koo Wang King ("King") and her wholly owned entities, Northwich Investments, Ltd., and Soon Huat, Inc. (the "Plaintiffs") in the above-referenced matter and we write in accordance with Your Honor's directive given at the May 16, 2018 status conference to provide the Court with an update on service of process matters.

The principal defendants Andrew Wang and Shou-Kung Wang have been served with the Amended Complaint and their answers are due to be filed on May 31, 2018. *See* ECF #74 (entered on 5/11/2018). The defendant Chinese art galleries, Bao Wu Tang and Jian Bao Gallery are wholly owned by Andrew Wang and Shou-Kung Wang and they appeared in this action (on the motions to dismiss) through the office of Carolyn Shields, counsel for Andrew Wang and Shou-Kung Wang; their answers are also due on May 31, 2018.

Your Honor will recall that on July 14, 2015, this Court dismissed the original complaint in this action, only for the Second Circuit to remand the matter on appeal and cross-appeal and allow for the filing of amended pleadings by the parties in interest, and still further motion practice ensued. Before the first dismissal, Defendant Wei Zheng was personally served with the original complaint (on October 14, 2014) and failed to timely answer, move or otherwise respond to the pleadings. Mr. Zheng appears to be no longer living at the address where he was originally served and efforts to locate him have been unavailing. Ms. Shields has advised me that she believes that Mr. Zheng is now in China.

The other individual defendants are persons with whom Andrew Wang purports to have transacted business under the auspices of his former status as co-fiduciary for the Estate of Chi-Chuan Wang and their ostensible addresses in China as per the underlying paperwork are set forth in the Amended Complaint. *See* ECF #36 at ¶¶17-21. From the

Hon. John F. Keenan
United States District Court      **Re: Case No. 14-cv-07694**                    5/30/18

_____

Plaintiffs' perspective, it remains unclear whether they are genuine and there is good reason to believe them fabrications. *See* Amended Complaint, ECF #36 at ¶¶111-125, 132-168, 178-180, 194-198, 206.  In any event, discovery appears to be necessary to verify their identities, i.e., whether the names designated on the purchase and sale agreements executed by Andrew Wang are truthful and to obtain the actual addresses for persons engaged in the underlying asset transfers. We ask that this action not be delayed by reason of the individuals' non-appearance thus far in view of the unreliability of their coordinates and the inevitable complications attendant to service in China through Hague Convention protocols.

We thank the Court for its consideration of the foregoing and are available to respond to any questions or concerns raised by the foregoing.

Respectfully submitted:

Sam P. Israel, P. C.

**By:**    */s/Sam P. Israel*
Sam P. Israel (SPI0270)
Attorneys for Plaintiffs
180 Maiden Lane, 6th Floor
New York, New York 10038
T: 646-787-9880 | F: 646-787-9886

cc.      Carolyn Shields (*via* ECF)
         *Attorney for Defendants*