Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel:    718-463-1868
Email: shieldscj524@gmail.com
Attorneys for Andrew Wang,
Individually and doing business as
Bao Wu Tang, and Shou-Kung Wang,
Individually and formerly doing
business as Jian Bao Gallery, Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| Yien-Koo King, Northwich Investments, Ltd., and Soon Huat, Inc. | ) ) ) | Civil Action No. 1:14-cv-07694-JFK |
| Plaintiffs, | ) ) | ANSWER TO FIRST AMENDED COMPLAINT; |
| v. | ) ) | FILED CONCURRENTLY: THIRD-PARTY COMPLAINT |
| Andrew Wang, Shou-Kung Wang, Bao Wu Tang, Jian Bao Gallery, Anthony Chou, Chen Mei-Lin, Wei Zheng, Ye Yong-Qing, Yue Da-Jin, and John Does 1-9, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

_____

Defendants Andrew Wang, individually and doing business as Bao Wu Tang,

and Shou-Kung Wang, individually and formerly doing business as Jian Bao

Gallery (hereinafter "Defendants"), allege as follows for their Answer to the First

Amended Complaint of Yien-Koo King, suing in a representative capacity on behalf

of the Estate of Chi-Chuan Wang—the claims of plaintiffs Northwich Investments,

Ltd. and Soon-Huat, Inc. having been dismissed by the Court on March 26, 2018.

Defendants' Third-Party Complaint is being filed concurrently with this Answer.

1. Defendants admit that Plaintiffs allege the matters contained in the First Amended Complaint.

## NATURE OF THE ACTION

2.    Defendants admit that this action is brought by Yien-Koo King in her representative capacity as alleged preliminary executor of the Estate of Chi-Chuan Wang and that the named defendants include AW, and deny the remaining allegations of this paragraph.

3.    Defendants deny the allegations of this paragraph.

4.    Defendants admit that Wei Zheng testified he was not a buyer and deny the remaining allegations of this paragraph.

5.    Defendants deny the allegations of this paragraph.

6.    Defendants deny the allegations of this paragraph.

7.    Defendants deny the allegations of this paragraph.

8.    The claims of the individual plaintiffs have been dismissed and do not require a response. Defendants deny the remaining allegations of this paragraph.

9.    Defendants admit that the stated claims are propounded and deny the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

10.    Defendants admit the allegations of this paragraph.

11.    Defendants admit that venue in this district is proper and deny the remaining allegations of this paragraph.

## THE PARTIES

12.     Defendants admit that Plaintiff Yien-Koo King is an individual residing at 190 East 72nd Street, Apt. 2C, New York, New York 10021 and deny the remaining allegations of this paragraph.

13.     The claims of Northwich have been dismissed and this paragraph does not require a response. Defendants nevertheless deny the allegations of this paragraph.

14.     The claims of Soon Huat have been dismissed and this paragraph does not require a response. Defendants nevertheless deny the allegations of this paragraph.

15.     Defendants admit the allegations of this paragraph but deny that Defendant Andrew Wang is at present a preliminary executor or co-fiduciary of the Estate.

16.     Defendants admit the allegations of this paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22.     Defendants deny the allegations of this paragraph.

23.     Defendants deny the allegations of this paragraph.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## FACTUAL ALLEGATIONS

*I.*

25.     Defendants admit the allegations of this paragraph.

26.     Defendants lack knowledge of the value of C.C. Wang's collection at times unstated by this paragraph and admit the remaining allegations of this paragraph.

27.     Defendants admit the allegations of this paragraph.

28.     Defendants admit that defendant SK remained in China until 1959 and deny the remaining allegations of this paragraph.

29.     Defendants admit that soon after his arrival SK began assisting his father in cataloguing and managing his considerable art collection and deny the remaining allegations of this paragraph.

30.     Defendants deny the allegations of this paragraph.

31.     Defendants admit that CY Art, Ltd. maintained a safe deposit box, that some of the artworks stored in them belonged to C.C. Wang, and that other Chinese paintings were kept by C.C. Wang in his Manhattan apartment and in

various storage locations in the United States, and deny the remaining allegations of this paragraph.

32.     Defendants admit that at the time of his death, C.C. Wang had amassed a collection of over 400 fine art works and that art experts have called it, among other things, "the greatest collection of Chinese masters outside China", and deny the remaining allegations of this paragraph.

33.     This claim has been dismissed and does not require a response. Defendants nevertheless deny the allegations of this paragraph.

*THE BEGINNINGS ETC.*

34.     Defendants admit the allegations of this paragraph.

35.     This claim has been dismissed. Defendants nevertheless deny the allegations of this paragraph.

36.     Defendants deny the allegations of this paragraph.

37.     Defendants deny the allegations of this paragraph.

38.     Defendants deny the allegations of this paragraph.

39.     Defendants deny the allegations of this paragraph.

40.     Defendants admit that in January of 2003 Peter Way hosted a dinner party which C.C. Wang attended and deny the remaining allegations of this paragraph.

41.     Defendants admit that C.C. Wang was hospitalized in March 2003 and deny the remaining allegations of this paragraph.

42.     Defendants deny the allegations of this paragraph.

43.     Defendants deny the allegations of this paragraph.

44.     Defendants admit that SK moved C.C. Wang to his home in Queens and deny the remaining allegations of this paragraph.

45.     Defendants deny the allegations of this paragraph.

46.     Defendants deny the allegations of this paragraph.

*A.*

47.     This claim has been dismissed. Defendants admit that C.C. Wang and Yien-Koo had exclusive access to a safe deposit box on the first floor of the Manhattan building in which C.C. Wang lived and that the box was held in the name of CY Art Ltd, and deny the remaining allegations of this paragraph.

48.     This claim has been dismissed. Defendants nevertheless deny the allegations of this paragraph.

49.     This claim has been dismissed.  Defendants deny the allegations of this paragraph.

50.     This claim has been dismissed. Defendants admit that paintings in the safe deposit box were the personal property of C.C. Wang and deny the remaining allegations of this paragraph.

*B.*

51.     This claim has been dismissed. Defendants deny the allegations of this paragraph.

52.     This claim has been dismissed. Defendants deny the allegations of this paragraph.

53.     This claim has been dismissed. Defendants admit that Painting number 3 was owned by C.C. Wang.

54.     This claim has been dismissed. Defendants deny the allegations of this paragraph.

*C.*

55.     This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

56.     This claim has been dismissed.   Defendants admit that AW accompanied his father to the safe deposit box in January of 2003 and deny the remaining allegations of this paragraph.

57.     This claim has been dismissed. Defendants admit that AW testified that he carried bags to his grandfather's apartment and put them under the bed, and deny the remaining allegations of this paragraph.

58.     This claim has been dismissed.  Defendants admit that AW took bags to his father's house where he stored them and deny the remaining allegations of this paragraph.

59.     This claim has been dismissed.  Defendants deny the allegations of this paragraph.

60.     This claim has been dismissed. Defendants admit that AW referred to C.C. Wang's assets as a "piece of cake" and deny the remaining allegations of this paragraph.

61.     This claim has been dismissed.  Defendants deny the allegations of this paragraph.

62.     This claim has been dismissed.  Defendants deny the allegations of this paragraph.

63.     This claim has been dismissed. Defendants admit that Yien-Koo turned over paintings and deny the remaining allegations of this paragraph.

64.     This claim has been dismissed. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

65.     Defendants admit the allegations of this paragraph.

66.     This claim has been dismissed. Defendants deny the allegations of this paragraph.

67.     This claim has been dismissed.  Defendants deny the allegations of this paragraph.

68.     This claim has been dismissed.  Defendants deny the allegations of this paragraph.

69.     This claim has been dismissed.  Defendants deny the allegations of this paragraph.

**D.**

70.     Defendants admit that C.C. Wang died at the Cabrini Hospice in Manhattan on July 3, 2003 and that he was survived by Yien-Koo, SK, one other

sibling, and several grandchildren, and deny the remaining allegations of this paragraph.

71.     Defendants admit that Yien-Koo propounded C.C. Wang's June 13, 2000 will and July 10, 2002 codicil to the New York County Surrogate's Court and that that will named her executor, and deny the remaining allegations of this paragraph, which are an incorrect reading of the will.

72.     Defendants admit that after Yien-Koo filed C.C. Wang's 2000 will and 2002 codicil, SK and AW produced the 2003 will which replaced the 2000 will and 2002 codicil, and that the 2003 will had been executed on February 18, 2003, approximately four months before C.C. Wang's death, and deny the remaining allegations of this paragraph.

73.     Defendants deny the allegations of this paragraph.

74.     Defendants admit the allegations of this paragraph.

75.     Defendants admit the allegations of this paragraph.

76.     Defendants deny the allegations of this paragraph.

77.     Defendants admit that C.C. Wang revoked his revocable trust on July 1, 2003, and admit that Yien-Koo had a 35 percent interest in the revocable trust; lack knowledge of the value of the assets of the revocable trust; and deny the remaining allegations of this paragraph.

78.     Defendants admit that C.C. Wang's amendments of the trust involved his notarized signature and that no witnesses or notary signed his revocation of the trust, and deny the remaining allegations of this paragraph.

79.     Defendants deny the allegations of this paragraph.

80.     Defendants deny the allegations of this paragraph.

81.     Defendants deny the allegations of this paragraph.

82.     Defendants admit the allegations of this paragraph.

83.     Defendants admit that on August 4, 2003, the court issued temporary letters of administration to the Public Administrator and preliminary testamentary letters to AW, that the Public Administrator was tasked with inventorying the Estate, and deny the remaining allegations of this paragraph.

84.     Defendants admit that they mailed the trust revocation to the Public Administrator and to Yien-Koo King and deny the remaining allegations of this paragraph.

85.     Defendants deny the allegations of this paragraph.

*E.*

86.     Defendants deny the allegations of this paragraph.

87.     Defendants deny the allegations of this paragraph.

88.     Defendants admit that the painting attributed to Ma Yuan was bought for a price of over $300,000 and deny the remaining allegations of this paragraph.

89.     Defendants deny the allegations of this paragraph.

90.     Defendants admit that AW directed all questions about the status of the Ma Yuan Landscape to his father and denies the remaining allegations of this paragraph.

91.   Defendants deny the allegations of this paragraph.

92.   Defendants deny the allegations of this paragraph.

93.   Defendants admit that SK testified that he had possession of the Ma Yuan in November 2003 and deny the remaining allegations of this paragraph.

94.   Defendants admit that a collector stated in a 2011 interview that he purchased the Ma Yuan from the CC Wang family, lack knowledge or information as to the truth of the allegation as to the purchase price, and deny the remaining allegations of this paragraph.

95.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

96.   Defendants admit that AW was deposed in December 2013 and deny the remaining allegations of this paragraph.

97.   Defendants admit that AW's 2013 deposition testimony conflicted with his father's 2003 testimony and deny the remaining allegations of this paragraph.

98.   Defendants admit that CC Wang sold the Ma Yuan in the spring to 2003 on behalf of Hui Chen and deny the remaining allegations of this paragraph.

99.   Defendants admit that the sale of the Ma Yuan occurred in the spring of 2003 and deny the remaining allegations of this paragraph.

100.   Defendants deny the allegations of this paragraph.

101.   Defendants admit that CC Wang asked AW to keep the sale of the Ma Yuan private from SK and deny the remaining allegations of this paragraph.

102.    Defendants deny the allegations of this paragraph.

103.    Defendants deny the allegations of this paragraph.

*III.*

104.    Defendants admit that 2103 discovery proceedings commenced in the fall of 2003 and deny the remaining allegations of this paragraph.

105.    Defendants deny the allegations of this paragraph.

106.    Defendants deny the allegations of this paragraph.

107.    Defendants deny the allegations of this paragraph.

20

108.    Defendants admit that between 2005 and 2009 the Estate sold 98 Estate-owned paintings to the five stated individuals and deny the remaining allegations of this paragraph.

109.    Defendants deny the allegations of this paragraph.

110.    Defendants deny the allegations of this paragraph.

111.    Defendants admit that the works were shipped to the same address in Hong Kong and deny the remaining allegations of this paragraph.

112.    Defendants admit the allegations of this paragraph.

113.    Defendants admit that one of the contracts listed Defendant AW's address and deny the remaining allegations of this paragraph.

114.    Defendants deny the allegations of this paragraph.

115.    Defendants admit that the contract Wei Zheng signed with the Estate describes him as the purchaser of $400,500 worth of artwork and that the bill of sale represents he had paid for the artwork from the Estate, and deny the remaining allegations of this paragraph.

116.    Defendants deny the allegations of this paragraph.

117.    Defendants deny the allegations of this paragraph.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

119.    Defendants admit the allegations of this paragraph.

120.    Defendants admit the allegations of this paragraph.

121.    Defendants deny the allegations of this paragraph.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

123.    Defendants admit that the new owners of the art sold by the Estate were not mentioned and deny the remaining allegations of this paragraph.

124.    Defendants deny the allegations of this paragraph.

125.    Defendants deny the allegations of this paragraph.

126.    Defendants deny the allegations of this paragraph.

127.    Defendants deny the allegations of this paragraph.

128.    This claim has been dismissed. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

129.    Defendants deny the allegations of this paragraph.

130.    Defendants deny the allegations of this paragraph.

*A.*

131.    Defendants admit that on or about June 16, 2005, the Estate sold seventeen Estate paintings to an individual known as "Anthony Chou" for a total of $909,689.41 and deny the remaining allegations of this paragraph.

132.    Defendants admit the allegations of this paragraph.

133.    Defendants admit the allegations of this paragraph.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14

135.   Defendants admit the allegations of this paragraph.

136.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

137.   Defendants admit that two of the works sold to Anthony Chou were paintings titled "Landscape after *Huang GongWang*," by *Wang Yuanqi,* for $30,000, and "Ten Thousand Valley*s*," by *Gong Xian*, for $90,000 and deny the remaining allegations of this paragraph.

138.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

139.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

140.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

141.   Defendants deny the allegations of this paragraph.

142.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

143.   Defendants admit that the Estate sold this painting to Anthony Chou for $90,000, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

144.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

145.   Defendants deny the allegations of this paragraph.

146.    Defendants deny the allegations of this paragraph.

147.    Defendants admit the allegations of this paragraph.

148.    Defendants deny the allegations of this paragraph.

149.    Defendants deny the allegations of this paragraph.

150.    Defendants deny the allegations of this paragraph.

**B.**

151.    Defendants admit that on or about April 13, 2005, the estate sold 24 Estate paintings to Chen Mei-Lin for a total of $1,393,422.00.

152.    Defendants deny the allegations of this paragraph

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

155.    Defendants deny the allegations of this paragraph

156.    Defendants deny the allegations of this paragraph.

157.    Defendants deny the allegations of this paragraph

158.    Defendants deny the allegations of this paragraph

159.    Defendants admit the allegations of this paragraph.

160.    Defendants deny the allegations of this paragraph

161.    Defendants admit the allegations of this paragraph.

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

163.   Defendants admit that AW admitted that the paintings sold to Chen Mei-Lin were shipped to AW's address, and deny the remaining allegations of this paragraph.

164.   Defendants admit the allegations of this paragraph.

165.   ~Defendants deny the allegations of this paragraph

166.   Defendants admit that AW did not mention to the Public Administrator that shipment of the works bought by Chen Mei Lin were to be shipped to AW's address, and deny the remaining allegations of this paragraph.

167.   Defendants lack knowledge or information sufficient to form a belief as to the truth of when the Kings noticed the address and deny the allegations of this paragraph on that basis.

168.   Defendants deny the allegations of this paragraph

169.   Defendants admit that the Chen Mei-Lin acquired paintings were shipped to Billie Wae at Unit #704, Forseas Building, #208- 212 Nathan Road, Kowloon, Hong Kong, according to terms of the April 2005 contract, and deny the remaining allegations of this paragraph.

170.   Defendants deny the allegations of this paragraph

171.   Defendants deny the allegations of this paragraph

172.   Defendants deny the allegations of this paragraph

**C.**

173.   Defendants admit that on or about February 16, 2005, the Estate contracted to sell 17 Estate works to an individual named Wei Zheng for a total price of $400,500, and deny the remaining allegations of this paragraph.

174.   Defendants admit that the two paintings, namely, "Vegetables" by *ShiTao* and "Bamboo & Rock," by *NiZan* were sold on behalf of the Estate in 2005 for $30,000 and $24,000 respectively and deny the remaining allegations of this paragraph.

175.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

176.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

177.   Defendants deny the allegations of this paragraph.

178.   Defendants deny the allegations of this paragraph.

179.   Defendants admit the allegations of this paragraph.

180.   Defendants admit that Wei Zheng resides in Rego Park, NY and that the paintings were contracted to be shipped to #704, Forseas Building, #208-212 Nathan Road, Kowloon, Hong Kong, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

181.   Defendants admit that shipment was to be to the same Billie Wae persona that was used for the Anthony Chou sales and deny the remaining allegations of this paragraph.

182.    Defendants admit the allegations of this paragraph.

183.    Defendants admit the allegations of this paragraph.

184.    Defendants admit that Wei Zheng is a homecare worker for the sick and elderly and deny the remaining allegations of this paragraph.

185.    Defendants admit that Wei Zheng was a friend of AW and deny the remaining allegations of this paragraph.

186.    Defendants deny the allegations of this paragraph

187.    Defendants deny the allegations of this paragraph

188.    Defendants deny the allegations of this paragraph

189.    Defendants admit the allegations of this paragraph.

190.    Defendants admit the allegations of this paragraph.

191.    Defendants admit that Wei Zheng testified that he did not expect to receive the 17 artworks since he was signing at the request of the real buyer, and deny the remaining allegations of this paragraph.

192.    Defendants admit the allegations of this paragraph.

193.    Defendants admit the allegations of this paragraph.

194.    Defendants deny the allegations of this paragraph

195.    Defendants deny the allegations of this paragraph

196.    Defendants admit that Wei Zheng testified under oath that he knew the buyer who asked him to sign the contract for him but that he did not know the buyer who replaced the known buyer when illness kept him from going through

with the deal and who made the payment and received the paintings, and deny the remaining allegations of this paragraph.

197.   Defendants admit the allegations of this paragraph.

198.   Defendants deny the allegations of this paragraph

199.   Defendants deny the allegations of this paragraph

**D.**

200.   Defendants admit that on or about September 22, 2005, the Estate sold eighteen (18) paintings to Yon-Qing Ye for a total price of $789,810.00, and deny the remaining allegations of this paragraph..

201.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

202.   Defendants admit the allegations of this paragraph.

203.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

204.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

205.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

206.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

207.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

208.   Defendants deny the allegations of this paragraph

209.   Defendants deny the allegations of this paragraph

*E.*

210.   Defendants admit that on or about February 16, 2006, the Estate sold eight (8) paintings to Yong-Qing Ye for $354,045.00 and deny the remaining allegations of this paragraph.

211.   Defendants admit that the eight paintings sold to Yong-Qing Ye on February 16, 2006 are shown in this paragraph.

212.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

213.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

214.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

215.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

216.   Defendants deny the allegations of this paragraph

217.   Defendants deny the allegations of this paragraph

**F.**

218.   Defendants admit that on or about August 17, 2009 the Estate sold fourteen (14) estate works to Yue Da-Jin for a total price of $489,772.00 and deny the remaining allegations of this paragraph.

219.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

220.    Defendants admit that the fourteen works sold to Yue Da-Jin are as set forth in this paragraph.

221.    Defendants deny the allegations of this paragraph

222.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

223.    Defendants deny the allegations of this paragraph

224.    Defendants deny the allegations of this paragraph

*IV.*

225.    This claim was dismissed. Defendants admit that during the 1980s and 90s, C.C. Wang relied on SK to handle his assets and manage his paintings, lack knowledge or information sufficient to form a belief as to the truth of the allegations that 160 paintings went missing, and deny the remaining allegations of this paragraph.

226.    This claim was dismissed. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

227.    This claim was dismissed. Defendants deny the allegations of this paragraph.

**V.**

228.   This claim was dismissed.  Defendants deny the allegations of this paragraph

229.   Defendants deny the allegations of this paragraph

230.   Defendants deny the allegations of this paragraph

231.   Defendants admit that pursuant to an agreement Yien-Koo was to deposit the Qu Zhongyuan in a bank vault and deny the remaining allegations of this paragraph.

232.   Defendants admit the allegations of this paragraph.

233.   Defendants deny the allegations of this paragraph

234.   Defendants deny the allegations of this paragraph

235.   Defendants deny the allegations of this paragraph

236.   Defendants admit that Yien-Koo commenced proceedings in a Chinese court seeking to compel an examination of the contents of the safe deposit box and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

237.   Defendants deny the allegations of this paragraph

238.   Defendants admit that Yien-Koo appeared at the Bank on April 20, 2009 when a vault was opened and that a Chinese judicial official made a video recording and deny the remaining allegations of this paragraph.

239.   Defendants deny the allegations of this paragraph

240.   Defendants deny the allegations of this paragraph

23

*VI.*

241.   Defendants deny the allegations of this paragraph

242.   Defendants admit the allegations of this paragraph.

243.   Defendants deny the allegations of this paragraph

244.   Defendants deny the allegations of this paragraph

245.   Defendants deny the allegations of this paragraph

246.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

247.   Defendants deny the allegations of this paragraph

248.   Defendants deny the allegations of this paragraph

**COUNT I**
**CIVIL RICO (18 U.S.C. §1962(a) and (c))**
(*All Plaintiffs Against All Defendants*)

249.   Defendants incorporate the allegations of the preceding paragraphs. This claim by plaintiffs other than Yien-Koo King as preliminary executor of the Estate of Chi-Chuan Wang has been dismissed.

250.   Defendants admit the allegations of this paragraph.

251.   Defendants admit the allegations of this paragraph.

252.   Defendants admit that Section 1962(c) prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity but such statement is incomplete.

253.   Defendants deny the allegations of this paragraph

254.   Defendants deny the allegations of this paragraph.

255.    Defendants deny the allegations of this paragraph

256.    This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

257.    This claim has been dismissed and does not require a response. Defendants admit that AW has denied knowledge of the whereabouts of these works and deny the remaining allegations of this paragraph.

258.    This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

259.    This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

260.    This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

261.    This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

262.    This claim has been dismissed and does not require a response. Defendants admit that the 2003 will would replace the 2000 will, that it designated AW and SK as executors, that it would disinherit Yien-Koo, and deny the remaining allegations of this paragraph.

263.    This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

264.    Defendants deny the allegations of this paragraph.

265.   Defendants admit the definition of a RICO enterprise and deny the remaining allegations of this paragraph.

266.   Defendants deny the allegations of this paragraph.

267.   Defendants deny the allegations of this paragraph.

268.   Defendants deny the allegations of this paragraph.

269.   Defendants deny the allegations of this paragraph.

270.   Defendants deny the allegations of this paragraph.

271.   Defendants admit that the Estate sold ninety-eight Estate paintings in 2005, 2006, and 2009 and deny the remaining allegations of this paragraph.

272.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

273.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

274.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning AW's reputation and deny the remaining allegations of this paragraph.

275.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

276.   This claim has been dismissed and does not require a response. Defendants admit the excerpted definition and deny the remaining allegations of this paragraph.

277.   Defendants deny the allegations of this paragraph.

278.   Defendants deny the allegations of this paragraph.

279.   Defendants deny the allegations of this paragraph.

## COUNT II
## CIVIL RICO (18 U.S.C. § 1962 (a) and (c))
(*Yien-Koo, on Behalf of the Estate of C.C. Wang, Against Andrew Wang*)

280.   Defendants incorporate the allegations of the preceding paragraphs.

281.   Defendants deny that Yien-Koo has standing to assert claims of the Estate by virtue of a "person interested" status but admit, if letters are issued to her, which Defendants deny seeing to date, she does have such standing.

282.   Claim numbers 1 through 5 herein have been dismissed and do not require a response. Defendants deny the allegations of this paragraph.

283.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

284.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

285.   Defendants deny the allegations of this paragraph.

286.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

287.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

288.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

289.   Defendants deny the allegations of this paragraph.

27

290.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

291.   Defendants deny the allegations of this paragraph.

292.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

293.   This claim has been dismissed and does not require a response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation about Yien-Koo's discovery and deny the remaining allegations of this paragraph.

294.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

295.   Defendants deny the allegations of this paragraph.

296.   Defendants deny the allegations of this paragraph.

297.   Defendants deny the allegations of this paragraph.

298.   Defendants deny the allegations of this paragraph.

299.   Defendants deny there were any fraudulent sales or any fraud and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

300.   Defendants deny the allegations of this paragraph.

**COUNT III**
**CIVIL RICO (18 U.S.C. § 1962 (a) and (c))**
(*Yien-Koo, on Behalf of the Estate of C.C. Wang, Against Shou-Kung Wang*)

301.   The Defendants incorporate the allegations of the preceding paragraphs.

302.   Defendants deny the allegations of this paragraph.

303.   Defendants deny the allegations of this paragraph.

304.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

305.   This claim has been dismissed and does not require a response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

306.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

307.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

308.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

309.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

310.   Defendants deny that there were any proceeds derived from stolen or fraudulently acquired artwork and deny that there was any fraud and deny the remaining allegations of this paragraph.

311.   This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

## COUNT IV
## CONSPIRACY TO VIOLATE RICO (18 U.S.C. § 1962(d))
### (*All Plaintiffs Against All Defendants*)

312.   Defendants incorporate the allegations of the preceding paragraphs. This claim of plaintiffs other than Yien-Koo in her representative capacity has been dismissed.

313.   Defendants deny the allegations of this paragraph.

314.   Defendants deny the allegations of this paragraph.

315.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

316.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph, and deny the remaining allegations of this paragraph.

317.   Defendants deny the allegations of this paragraph.

318.   Defendants deny the allegations of this paragraph.

319.   Defendants deny the allegations of this paragraph.

320.   Defendants deny the allegations of this paragraph.

321.   Defendants deny the allegations of this paragraph.

322.   Defendants deny the allegations of this paragraph.

### COUNT V
### FOR A CONSTRUCTIVE TRUST
*(All Plaintiffs Against Andrew Wang)*

323 through 333.   This cause of action was dismissed for lack of jurisdiction by the Court's March 26, 2018 Opinion and Order and does not require a response.

### COUNT VI
### CONVERSION
*(By YK as preliminary executor of the Estate of CC Wang Against Andrew Wang and Shou-Kung Wang)*

334.  The Defendants incorporate the allegations of the foregoing paragraphs. This claim by all plaintiffs other than Yien-Koo Wang in her representative capacity has been dismissed.

335.  Defendants admit that the Estate of CC Wang is or was the legal and/or equitable owners of certain artworks identified  above and deny the remaining allegations of this paragraph.

336.  Defendants deny the allegations of this paragraph.

337.  This claim has been dismissed and does not require a response. Defendants admit that AW denied that he had custody of the stated assets and deny the remaining allegations of this paragraph.

338.  This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

339.  Defendants deny the allegations of this paragraph.

340.  Defendants deny the allegations of this paragraph.

341.  Defendants deny the allegations of this paragraph.

COUNT VII
COMMON LAW FRAUD AND CONSPIRACY TO DEFRAUD
(*By Plaintiff YK as preliminary executor of the Estate of CC Wang Against All Defendants*)

342.  Defendants incorporate the allegations of the foregoing paragraphs.

343.  Defendants deny the allegations of this paragraph.

344.  Defendants deny the allegations of this paragraph.

COUNT VIII
COMMON LAW FRAUD
(*Northwich Against Andrew Wang*)

345 through 354. This cause of action was dismissed on March 26, 2018 and does not require a response.

**COUNT IX
BREACHES OF FIDUCIARY DUTY
AND AIDING AND ABETTING BREACHES OF FIDUCIARY DUTIES**
(*Yien-Koo on Behalf of the Estate of C.C. Wang Against All Defendants*)

355.  Defendants incorporate the allegations of the foregoing paragraphs. This claim is being asserted solely by Yien-Koo in her representative capacity.

356.  Defendants deny the allegations of this paragraph.

357.  Defendants admit that the Estate of CC Wang sold ninety-eight Estate paintings in 2005, 2006, and 2009; lack knowledge or information sufficient to form a belief as to the truth of the allegations about the resale of these works; and deny the remaining allegations of this paragraph.

358.  This claim has been dismissed and does not require a response. Defendants admit that in December 2013, AW testified under penalties of perjury in the surrogate's court proceedings that ten years earlier (in Spring of 2003) C.C.

32

Wang sold on behalf of Hui Chen the Landscape Album attributed to *Ma Yuan*, and deny the remaining allegations of this paragraph.

359.  This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

360.  This claim has been dismissed and does not require a response. Defendants deny the allegations of this paragraph.

361.  Defendants deny the allegations of this paragraph.

362.  Defendants deny the allegations of this paragraph.

363.  Defendants deny the allegations of this paragraph.

364.  Defendants deny the allegations of this paragraph.

## COUNT X
## REPLEVIN
(*All Plaintiffs Against All Defendants*)

365 through 370.  This Count was dismissed for lack of jurisdiction by the Court's March 26, 2018 Opinion and Order and does not require a response.

## COUNT XI
## N.Y. DEBT. & CRED. L. §270 *Et. Seq.*
(*All Plaintiffs Against All Defendants*)

371 through 379.  This Count was dismissed for lack of jurisdiction by the Court's March 26, 2018 Opinion and Order and does not require a response.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against the Defendant Andrew Wang in his representative capacity.

THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against the Defendant Andrew Wang in his individual capacity.

FOURTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by accord and satisfaction.

FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the fraud and misrepresentations of plaintiff, which misrepresentations include but are not limited to plaintiff's own fraud in misrepresenting assets of the Estate of Chi-Chuan Wang as her own assets or assets of companies she owned and misappropriating said assets and selling said assets in violation of an existing restraining order and for her own benefit; in misrepresenting resales and remote resales as sales by the Estate of Chi-Chuan Wang.

SIXTH AFFIRMATIVE DEFENSE

Defendant Andrew Wang at all times relevant to this action complied with the rules, requirements and procedures devised for the protection of the Estate of Chi-Chuan Wang by the Public Administrator of the County of New York, which was Temporary Administrator to the Estate of Chi-Chuan Wang and with whom Andrew Wang was required to act, and did act, jointly.

## SEVENTH AFFIRMATIVE DEFENSE

The sale prices at which assets of the Estate of Chi-Chuan Wang were sold were determined after the Estate obtained two appraisals by experts in the field of Chinese art and by adding a surcharge, with the buyers to be responsible for the costs of shipping, insurance, taxes, and duties.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the First Amended Complaint are barred by applicable statutes of limitations or by laches.

## NINTH AFFIRMATIVE DEFENSE

The claims alleged in the First Amended Complaint are barred for failure to join a party under Rule 19, Fed. R. Civ. P.

## TENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the absence of privity of contract.

## TWELFTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by plaintiff's unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are governed by the laws of the United States.

## FOURTEENTH AFFIRMATIVE DEFENSE

One or more of the claims alleged in the complaint is barred by the lack of a domestic injury.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by illegality, including but not limited to the illegality under U.S. law of certain practices in China.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants' conduct was not the proximate cause of plaintiff's injuries, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' conduct is measured at the time of contracting and not based on speculative and hypothetical consequences that might occur in the future.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reasonably relied on the advice of experts in the art field.

## NINETEENTH AFFIRMATIVE DEFENSE

The damages if any sustained by plaintiff on her state law claims were caused by third persons over whom Defendants had no control and who are responsible in whole or in part for plaintiff's damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The damages if any sustained by plaintiff were occasioned by intervening superseding causes.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any damages suffered by plaintiff should be offset by damages suffered by Defendants by reason of plaintiff's conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the out-of-pocket rule.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, preliminary letters testamentary have not been issued to plaintiff Yien-Koo King.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of the First Amended Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her concealment of assets and relevant facts.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The losses if any suffered by the Estate of Chi-Chuan Wang were proximately caused not by Defendants but by plaintiff's own fraud, misrepresentation, conversion of assets of the Estate, breach of fiduciary duty, and other misconduct.

### DEMAND FOR TRIAL BY JURY

Defendants demand trial by jury of all issues triable by jury.

WHEREFORE Defendants pray that plaintiff take nothing by her First Amended Complaint, that judgment be entered in favor of Defendants and against

plaintiff, and that Defendants be awarded their reasonable attorney's fees and costs, together with such other and further relief as the Court may deem just and proper.

Dated:  May 31, 2018

                                      *s/ Carolyn Shields*
                                     Carolyn Shields
                                     Liu & Shields LLP
                                     41-60 Main Street, Suite 208A
                                     Flushing, NY 11355
                                     Tel: 718-463-1868
                                     Email: shieldscj524@gmail.com
                                     Attorney for Andrew Wang, Individually and doing business as Bao Wu Tang, and Shou-Kung Wang, Individually and formerly doing business as Jian Bao Gallery, Defendants and Third-Party Plaintiffs