**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**
COUNSELORS AT LAW
1700 BROADWAY, 42ND FLOOR
NEW YORK, NEW YORK 10019
WWW.KUSKLAW.COM

212/400-4930

October 15, 2018

BY ECF

Hon. James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21-D
New York, New York 10007-1312

      Re: King v. Wang et al.
         No. 14-cv-07694 (JFK-JLC)

Dear Judge Cott:

  I am counsel to Defendants Andrew and Shou-Kung ("SK") Wang, and write, pursuant to the Local Rules and your Honor's individual rules of practice, to seek a pre-motion conference in connection with Defendants' anticipated motion to quash Plaintiff's subpoenas to multiple attorneys (Li Yang, Lau & Associates, P.C., Yi Lin, Eric Vardi, Pamela West, and Martin Klein), each of which expressly seeks production of privileged documents and testimony.

  Plaintiff's subpoenas seek documents and testimony regarding Andrew Wang or Jie Wang (incorrectly described as Andrew's wife), or SK and his wife Cao Ching Wang, or any asset owned or controlled by them from 2004-2016; the sale or attempted sale of Estate assets; Andrew & SK Wang's prior probate counsel, Brown Raysman Millstein Felder & Steiner; and a series of specific real estate transactions that, Plaintiff speculates, might conceivably have something to do with the alleged straw man sales. During the parties' meet and confer held on October 5, 2018,[1] which lasted approximately two hours and included all counsel of record for Plaintiff and Defendants and the first 13 minutes of which were focused on the issue of the attorney subpoenas, Defendants offered to allow the production of documents sufficient to show the source and distribution of the funds used in the various transactions Plaintiff is concerned with – despite their lack of relevance – if Plaintiff would withdraw the other demands included in the subpoenas, and noted that if the offer was not accepted by Monday the 15th, we were at an impasse and we would need to move to quash. Because Mr. Israel claimed that he would not be able to respond by the 15th because "somebody in

---

[1] The subpoena to Martin Klein, of my firm, was served after the meet and confer, so it was not specifically discussed, but the issues are identical.

Hon. James L. Cott
October 15, 2018
Page 2

[his] family has something to do next week and it's going to take up all my time," I offered to grant Mr. Israel whatever extension was necessary so long as he correspondingly extended the response time of the subpoenas, but noted that if he neither responded nor accepted the proffered extension, Defendants would move to quash.

Defendants received no response in the week since, and on October 13, 2018, I asked Plaintiff's counsel for their availability for a follow-up meet and confer on Monday the 15th or Tuesday the 16th, to enable us to move prior to the time for responding to the subpoenas, five of which call for production of responsive documents by 10:00 a.m. October 19, 2018. At 8:24 p.m., opposing counsel responded as follows: "I am not available until Thursday late in the day. And [I] am the person responsible for that so Tim can't do it." Two minutes later, Mr. Israel added the following: "I[']m sorry [I] was precipitous. Thursday pm is no good either. Looks like Friday [October 19, 2018] works. At 4:30." Without regard to the good or bad faith of Mr. Israel's responses, I replied that evening that I was (again) happy to extend the time for the meet and confer to accommodate whatever nameless issue was taking Mr. Israel's time, so long as Plaintiff would extend the response time of the subpoenas to enable us to timely move to quash if the issues could not be resolved by meet and confer. At 12:27 a.m. on October 14, 2018, Mr. Israel responded that he would not extend the subpoena time and would not meet and confer before Friday, though he could "try to confer earlier on Friday to accommodate your time constraints." Thus, to the extent that the discussion on the October 5, 2018 conference was insufficient to satisfy the requirements of your Honor's individual rules, we respectfully submit that Plaintiff's counsel's refusal to timely meet and confer (or, to the extent that Plaintiff's counsel had some true emergency or conflict preventing him from scheduling a timely meet and confer, the bad-faith refusal to extend the compliance date to avoid obtaining an undue advantage) suffices to justify this application.

Substantively, as the Second Circuit has recognized, "Courts have been especially concerned about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003). Here, the basis for Plaintiff's claim that she is entitled to invade the privilege with her extraordinarily broad subpoenas is the crime-fraud exception. "A party seeking to overcome the attorney-client privilege with the crime-fraud exception must show that there is probable cause to believe that a crime or fraud has been committed and that the communications were in furtherance thereof." *Doe v. United States (In re John Doe, Inc.)*, 13 F.3d 633, 637 (2d Cir. 1994) (cleaned up). Just to trigger *in camera* review, application of the crime-fraud exception requires "a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *United States v. Zolin*, 491 U.S. 554, 572 (1989) (cleaned up). Even then, the Court should consider "defer[ring] its *in camera* review if it concludes that additional evidence in support of the crime-fraud exception may be available that is not allegedly privileged." *Id.*

Here, there is no probable cause to believe that the communications and documents sought – **all documents relating to Defendants or their assets?!** – were in furtherance of the commission of a crime; nor is there reasonable basis to believe that *in camera* review would reveal evidence

supporting the alleged crime-fraud exception, or any need to invade the privilege do so. To the extent that Plaintiff is interested in tracing the funds used to purchase the paintings at issue, she – as Preliminary Executrix – already has possession, custody, and control of all the documents she requires: she has full access to the Estate's accounts, can review those documents to identify the incoming wires, and then seek discovery of the institutions or banks from which the wires originated. And to the extent that Plaintiff is seeking to trace the purported "proceeds of the sale of stolen art", she is putting the cart well before the horse in seeking to invade privilege to do so.

That is particularly true with respect to Plaintiff's requests to depose multiple of Defendants' attorneys, including a member of my own firm. Courts applying the factors articulated in *Friedman* consider whether there is a particularized need to depose the attorney, the extent of other discovery completed, the attorney's role in connection with the subject, and the risks of encountering privilege and work-product issues in taking the deposition. *See Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 CIV.3578(RWS), 2004 WL 1627170, at *6 (S.D.N.Y. July 21, 2004) (quashing subpoena). Here, as in *Resqnet*, those factors support quashing the subpoenas.

Finally, and with extreme reluctance, I ask that the Court focus on the correspondence between counsel of which it has been made aware in the parties' various submissions, and consider whether there is anything the Court can do to encourage a more cooperative and professional relationship between counsel moving forward. The current atmosphere does neither of our clients any good, nor does it do any of the attorneys credit. Any aid the Court can provide in this regard would be much appreciated.

Respectfully submitted:

Kamerman, Uncyk, Soniker & Klein P.C.

By: _____/s/Akiva M. Cohen_____
Akiva M. Cohen (AC2400)
Attorneys for Andrew Wang and
 Shou-Kung Wang
1700 Broadway, 42nd Floor
New York, New York  10019
(212) 400-4930
Fax:  (866) 221-6122

AMC:cl
Encl.

cc: Sam P. Israel, Esq. (via ECF)
 Carolyn Shields, Esq. (via ECF)