```
UNITED STATES DISTRICT COURT            USDC SDNY
SOUTHERN DISTRICT OF NEW YORK           DOCUMENT
-----------------------------------X    ELECTRONICALLY FILED
YIEN-KOO KING,                     :    DOC #: _____
NORTHWICH INVESTMENTS, LTD.,       :    DATE FILED: 10/31/2018
and SOON HUAT, INC.,               :
                                   :
        Plaintiffs,                :    No. 14 Civ. 7694 (JFK)
                                   :
    -against-                      :    OPINION & ORDER
                                   :
ANDREW WANG, SHOU-KUNG WANG,       :
BAO WU TANG, JIAN BAO GALLERY,     :
ANTHONY CHOU, CHEN-MEI LIN, WEI    :
ZHENG, YE YONG-QING, YUE DA-JIN,   :
and JOHN DOES 1-9,                 :
                                   :
        Defendants.                :
-----------------------------------X
ANDREW WANG, individually and      :
d/b/a BAO WU TANG, and             :
SHOU-KUNG WANG, individually       :
and formerly d/b/a JIAN BAO        :
GALLERY,                           :
        Defendants,                :
        Third-Party Plaintiffs,    :
                                   :
    -against-                      :
                                   :
YIEN-KOO KING, KENNETH KING,       :
RAYMOND KING, LYNN KING,           :
THE PUBLIC ADMINISTRATOR OF        :
THE COUNTY OF N.Y. AS TEMPORARY    :
ADMINISTATOR TO THE ESTATE OF      :
CHI-CHUAN WANG, deceased, and      :
DOES 1-10,                         :
                                   :
        Third-Party Defendants.    :
-----------------------------------X
```

APPEARANCES
FOR PLAINTIFFS YIEN-KOO KING, NORTHWICH INVESTMENTS, LTD., and
SOON HUAT, INC., and THIRD-PARTY DEFENDANTS KENNETH KING,
RAYMOND KING, and LYNN KING:
    Sam P. Israel
    Timothy Savitsky
    SAM P. ISRAEL, P.C.

1

```
FOR DEFENDANTS/THIRD-PARTY PLAINTIFFS ANDREW WANG, SHOU-KUNG
WANG, BAO WU TANG, and JIAN BAO GALLERY:
     Carolyn J. Shields
     Ying Liu
     LIU & SHIELDS LLP
```

**JOHN F. KEENAN, United States District Judge**:

Before the Court is a motion by Plaintiff and Third-Party Defendant Yien-Koo King ("Y.K. King") and Third-Party Defendant Kenneth King (collectively, the "Kings") to strike or dismiss the Amended Third-Party Complaint and for sanctions pursuant to Federal Rule of Civil Procedure 11. The Kings' request that this Court strike or dismiss the Third-Party Complaint is moot since Defendants and Third-Party Plaintiffs Andrew Wang ("A. Wang") and Shou-Kung Wang ("S.K. Wang") (collectively, the "Wangs") have voluntarily dismissed the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). For the reasons that follow, the Kings' separate request for Rule 11 sanctions is denied.

## **Factual Background**

The Court has already set out a complete statement of facts in its previous Order resolving the motion for reconsideration brought by Plaintiffs Y.K. King, Northwich Investments, LTD. ("Northwich"), and Soon Huat, Inc. ("Soon Huat"). See Yien-Koo King v. Wang, No. 14 CIV. 7694 (JFK), 2018 WL 1478044, at *1

(S.D.N.Y. Mar. 26, 2018). The Court briefly summarizes the facts relevant to this motion below.

Chi-Chuan Wang ("C.C. Wang"), deceased, was an artist and renowned collector of Chinese antiquities. Plaintiff Y.K. King is his daughter, and Defendant S.K. Wang is his son. Defendant A. Wang is the son of S.K. Wang and the grandson of C.C. Wang.

On September 23, 2014, Y.K. King brought this action -- together with Northwich and Soon Huat, companies she owned with her husband, Kenneth King -- against her brother and his son over artwork allegedly taken from C.C. Wang's estate (the "Estate") and from Northwich and Soon Huat.

In the Amended Complaint, Y.K. King alleged that S.K. Wang, while he was working as C.C. Wang's bookkeeper and assistant, embezzled paintings from C.C. Wang's collection. Y.K. King further alleged that, in 2003, S.K. Wang secretly moved C.C. Wang to S.K. Wang's home in Queens, where S.K. Wang prevented contact between Y.K. King and C.C. Wang. Earlier that same year, Y.K. King had discovered that more artwork was missing; she alleged that a safe deposit box containing artwork that belonged to C.C. Wang, Northwich, and Soon Huat had been looted, and four paintings were missing from C.C. Wang's apartment.

C.C. Wang died in July 2003. His death triggered an estate battle in New York Surrogate's Court over the legitimacy of C.C. Wang's 2003 will which had disinherited Y.K. King and designated

3

A. Wang executor and A. Wang's father (S.K Wang) and brother (Stephen Wang) chief beneficiaries. The Surrogate's Court initially required A. Wang to serve as preliminary executor alongside the Public Administrator of New York County (the "Public Administrator"). Y.K. King alleged that A. Wang exploited this position to orchestrate a scheme by which the Wang Defendants used their galleries to purchase paintings from the Estate at deflated prices, which they then resold for greater amounts abroad. On April 26, 2016, a jury in Surrogate's Court found that C.C. Wang's 2003 will was procured by undue influence and fraud. A. Wang's fiduciary authority was revoked, and Y.K. King replaced him as preliminary executrix.

## **Procedural History**

Y.K. King's Amended Complaint originally asserted eleven causes of action. On March 26, 2018, this Court dismissed five of those causes of action but allowed the following claims to go forward: a civil RICO claim brought on behalf of the Estate against A. Wang; a civil RICO claim brought on behalf of the Estate against S.K. Wang; a conspiracy to violate 18 U.S.C. § 1962(d) claim; and state law claims for conversion, common law fraud and conspiracy to defraud, and breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty. See Wang, 2018 WL 1478044, at *10.

4

On June 19, 2018, A. Wang and S.K. Wang brought a Third-Party Complaint (the "TPC") against Y.K. King, her husband Kenneth King, their children, Raymond and Lynn King, the Public Administrator in its capacity as temporary administrator to the Estate, and Does 1 through 10.  The TPC contained two claims: (1) a claim against the Kings and Does 1-10 for contribution and indemnification "for all or part of the Plaintiff's state law claims" based on, inter alia, allegations that the Kings -- not the Wangs -- engaged in "misappropriation and conversion of property of the Estate" (Third Party Compl. ¶ 17(a) (June 19, 2018), ECF No. 84 [hereinafter "TPC"]); and (2) a claim for contribution and indemnification against the Public Administrator based on allegations that A. Wang "acted jointly with the [Public Administrator]," and conducted any sale of artwork belonging to the Estate "pursuant to . . . rules, requirements, and procedures made by the Public Administrator for the protection of the Estate." (Id. ¶¶ 23. 25.)

On June 21, 2018, Third-Party Defendants Y.K. King and Kenneth King served counsel for the Wangs with -- but did not file with the Court -- a formal motion for sanctions pursuant to Rule 11.  The motion notified A. Wang and S.K. Wang that, unless the TPC was withdrawn, the Kings would move for sanctions for the following reasons:  (1) "the TPC names YK and her family as defendants for the improper purpose of harassing them and

5

increasing the cost of litigation" and "contains no factual allegations whatsoever against any members of the King Family nor describes how they could be liable for the actionable conduct"; (2) the TPC "contains claims against the King Family that have no basis in law" because "[t]he TPC does not even begin to suggest how each of YK, her husband, her son, or her daughter, acted as 'joint tort feasors' with any of the Defendants-Third-Party Plaintiffs"; (3) "the TPC seeks to commence new claims against third parties that would be utterly barred by the statute of limitations"; (4) there is no "reasonable basis in fact or law" to bring a claim against the Public Administrator because "[t]here are no legal claims against the Defendants for negligence to which the [Public Administrator] can contribute; all claims against the Defendants sound in intentional tort"; and (5) the TPC "is untimely and was filed without the required leave of the Court." (Israel Decl. Ex. 2 at 2-3 (Aug. 3, 2018), ECF No. 91-2.)

On July 25, 2018, the Wangs filed an amended Third-Party Complaint (the "Amended TPC"), adding numerous factual allegations, including (1) that Y.K., Kenneth, and Raymond King sold paintings belonging to the Estate to buyers in China in violation of U.S. law (First Amended Third-Party Compl. ¶ 18 (July 25, 2018), ECF No. 87), (2) that proceeds from such unauthorized sales were deposited in accounts, some of which

6

were held in the name Raymond King and some of which were held in the name Lynn King (Id. ¶ 19(o)); (3) that the Kings "continue to retain possession of paintings belonging to the Estate and to third-party plaintiffs and the proceeds from the [unauthorized] sales of . . . paintings" (Id. ¶ 21); and (4) that the Kings "have concealed other assets of the Estate and of third-party plaintiffs" (Id. ¶ 25). The Amended TPC retained the claims against the Kings for contribution and indemnification but added an additional claim against them for conversion. It retained the claim for contribution and/or indemnification against the Public Administrator.

On August 3, 2018, the Kings filed the instant motion to dismiss or strike the Amended TPC and for sanctions pursuant to Rule 11. On August 12, 2018, the Wangs voluntarily dismissed their claims against the Kings but proceeded with their claim against the Public Administrator.

## DISCUSSION

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) prohibits an attorney from presenting to the court "a pleading, written motion, or other paper" if (1) it is being "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) the claims, defenses, and other legal contentions are not "warranted by

7

existing law"; or (3) the factual contentions do not "have evidentiary support."

The Second Circuit has instructed that a court "is to impose sanctions against a party and/or his attorney under Rule 11 when it appears that a pleading or other signed paper has been interposed for an improper purpose or that after reasonable inquiry, a competent attorney could not form a reasonable belief that the signed paper was well grounded in fact." Healey v. Chelsea Res., Ltd., 947 F.2d 611, 622 (2d Cir. 1991). In other words, "[t]o determine whether a violation of Rule 11 has occurred, the court must decide whether the attorney's conduct was objectively reasonable at the time he or she signed the motion, pleading, or other paper." New York Stock Exch., Inc. v. Ghary, No. 00 CIV. 5764 RLC, 2003 WL 68038, at *2 (S.D.N.Y. Jan. 8, 2003).

Rule 11 sanctions are rare because "Rule 11 targets situations 'where it is patently clear that a claim has absolutely no chance of success.'" Healey, 947 F.2d at 622 (quoting Stern v. Leucadia Nat'l Corp., 844 F.2d 997, 1005 (2d Cir. 1988)). Where sanctions are warranted, however, a voluntary dismissal will do nothing to protect the party to be sanctioned. See Dennis v. Pan Am. World Airways, Inc., 746 F. Supp. 288, 291 (E.D.N.Y. 1990) (holding that a "voluntary dismissal cannot stave off warranted sanction"). The Supreme

8

Court has determined that "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990).

Relevant to this case, a court may not impose sanctions for a violation of Rule 11(b) if the moving party has failed to comply with the procedural requirements and safe harbor provision contained in Rule 11(c)(2), which states that a motion for sanctions "must be made separate from any other motion" and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Rule 11's procedural requirements "have been strictly interpreted by the Second Circuit." Levi & Korsinsky, LLP v. Bower, No. 14 CIV. 10069 (AT), 2015 WL 10437758, at *3 (S.D.N.Y. Feb. 16, 2015); see also Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008) (affirming district court's decision to deny sanctions where the defendants "failed to make a separate motion for sanctions under Rule 11, and therefore failed to comply with the procedural requirements of the rule"); Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 58 (2d Cir. 2000) ("If, on remand, the district court determines to revisit the issue of Rule 11 sanctions, it must adhere to the

9

procedural rules which safeguard due process rights and delineate the legal basis for any sanctions awarded.").

## II. APPLICATION

The Kings argue that Rule 11 sanctions are warranted against the Wangs and their counsel because "the legal theories in the [Amended] TPC are objectively unreasonable and intended to harass." (Mem. of Law in Supp. of Mot. to Strike or Dismiss the Third-Party Compl. and for Rule 11 Sanctions at 15 (Aug. 3, 2018), ECF No. 92.) The Kings assert that the Amended TPC contains "sparse factual allegations," names "family members with no involvement in the alleged facts," and attempts to apply claims that are not warranted by existing law. (Id.)

The Wangs make four arguments in response: (1) the Amended TPC is different from the original TPC and, therefore, reset the clock for compliance with Rule 11's safe harbor requirement; (2) the Kings failed to comply with Rule 2(A) of this Court's Individual Rules of Practice, which requires a request for a pre-motion conference before the filing of a motion; (3) the Amended TPC was not filed for an improper purpose and was supported by facts; and (4) the motion for sanctions was not made separately from any other motion.

This Court declines to discuss the merits of the Kings' arguments for sanctions because it finds that the Kings have failed to comply with Rule 11's strict procedural requirements.

Specifically, they failed to make their motion "separately from any other motion." Fed. R. Civ. P. 11(c). Rather, they tacked their motion for sanctions onto their motion to strike the Amended TPC. See Bower, 2015 WL 10437758, at *3 (denying a motion for sanctions where the defendants' "purported Rule 11 motion consist[ed] of a single, conclusory sentenced" added to the end of a brief); see also Williamson, 542 F.3d at 51 (affirming district court's decision to deny request for sanctions pursuant to Rule 11 because the defendants failed to "make a separate motion for sanctions").

The Kings also failed to comply with Rule 11(c)'s safe harbor provision. The parties do not dispute that the Second Circuit held in Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 158 (2d Cir. 2010), that "the filing of an amended pleading resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2) before a party aggrieved by the new filing can present a sanctions motion based on that pleading to the district court." The parties dispute, however, whether Lawrence applies when a party has unilaterally amended its pleading, as opposed to when a party was granted leave to replead and then filed a new complaint, as was the case in Lawrence.

This Court finds that the rule in Lawrence applies to "all pleadings" and, therefore, applies even when a party has

11

exercised its right to amend its pleading as a matter of course.[1] Lawrence, 620 F.3d at 157. Other courts in this district have applied Lawrence to pleadings amended as a matter of course under Federal Rule of Civil Procedure 15(a). See e.g., Rates Tech. Inc. v. Broadvox Holding Co., LLC, No. 13 CIV. 0152 SAS, 2014 WL 46538, at *5 (S.D.N.Y. Jan. 6, 2014) (holding that defendants were required to serve a new sanctions motion after plaintiffs, who had amended their complaint as a matter of course, filed a new complaint). This Court, like the district court in Lawrence, may be faced with "relentless motion practice"; however, as cautioned by the Second Circuit, that does not give this Court -- or the Kings -- the ability to "negate the safe harbor requirements of Rule 11(c)(2)." Lawrence, 620 F.3d 160.

Because the Kings have failed to meet the procedural requirements of Rule 11(c)(2) Court is barred from granting "any award of sanctions" and this motion is denied. Targum v. Citrin Cooperman & Co., LLP, No. 12 CIV. 6909 SAS, 2013 WL 6087400, at *9 (S.D.N.Y. Nov. 19, 2013).

---

[1] The Kings contend that the case management order barred the Wangs from filing their Amended TPC as all "amended pleadings" had to be filed by July 2, 2018. This argument is unavailing because the case management order did not address any third-party pleadings and was agreed to by the parties before the Wangs had filed their original TPC.

## CONCLUSION

For the foregoing reasons, the motion brought by Plaintiff and Third-Party Defendant Y.K. King and Third-Party Defendant Kenneth King to strike or dismiss the Third-Party Complaint is moot. The part of their motion requesting this Court impose sanctions is DENIED. The Clerk of the Court is directed to close this motion (ECF No. 90).

**SO ORDERED.**

Dated:  New York, New York
        October **31**, 2018

*John F. Keenan*
JOHN F. KEENAN
**United States District Judge**