KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARK P. RESSLER
DIRECT DIAL: (212) 506-1752
MRESSLER@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

November 19, 2018

**BY ECF**

Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, NY 10007

Re: *Wang et al. v. King et al.*, Case No. 1:18-cv-08948-JFK;
*King, et al. v. Wang et al.*, Case No. 1:14-cv-07694-JFK

Dear Judge Keenan:

Our firm was recently retained by Andrew Wang and his father Shou-Kung Wang to represent them as lead counsel in the above-referenced actions (the "Wang Action" and "King Action," respectively). We write to request a pre-motion conference with Your Honor in advance of moving the Court to consolidate the Wang Action and King Action for discovery purposes; for clarification of the Court's October 15, 2018 Order (the "Consolidation Order") (Wang Dkt. 9); and/or to issue a revised case management order to govern the two actions.

In the Consolidation Order, Your Honor ordered that the Wang Action and King Action be consolidated into a single action, and that the Wang Action be administratively closed, because (i) the two actions "involve substantially similar facts regarding the administration of Chi-Chuan Wang's estate and the whereabouts of the artwork he purchased," (ii) the two actions are "so interlaced and so inseparable that they present a single ultimate issue of whether either Y.K. King and her affiliates or Andrew Wang and his affiliates misappropriated the estate's artwork," and (iii) "there are overlapping parties in both cases [and] the evidence to be presented and witnesses to appear at trial would be substantially similar." (Wang Dkt. 9.)

While it appears that Your Honor of course intended that discovery and trial in these actions be consolidated, that unfortunately has not occurred. Discovery in the King Action is scheduled to *close* on January 4, 2019 (King Dkt. 75), while a discovery schedule in the Wang Action has not yet been set. The confusion appears to have arisen, in part, because on October

18, 2018, the Court *re-opened* the Wang Action (Wang Dkt. 12) and scheduled a Rule 26 conference in that action for January 8, 2019 (Wang Dkt. 13).

As Your Honor is aware, these actions involve tens if not hundreds of millions of dollars, events that span over 20 years, and critical evidence that is located in China, Hong Kong, Taiwan, and potentially other countries. In fact, our client Andrew Wang is now traveling in Asia seeking to obtain documents potentially responsive to discovery requests, and to locate exculpatory evidence to disprove the allegations made against him. Mounting a defense against the $60 million RICO claims against Mr. Wang and his co-defendants – which relate to events and transactions that occurred more than a decade ago – is a massive undertaking that requires, among many other tasks, obtaining evidence to prove the fraudulent scheme perpetrated by Yien-Koo and Kenneth King.

As noted, the deadline for all fact discovery in the King Action is currently set for early January 2019, and discovery demands were not served on our clients in that action until August 2018. No depositions have been taken or scheduled, but, in light of the upcoming deadline in the King Action, such depositions will need to be completed soon, even though discovery in the Wang Action has not yet started. We believe that these are precisely the kind of inefficiencies that the Court intended to avoid by issuing the Consolidation Order. Such inefficiencies, combined with the rushed discovery schedule, are causing significant prejudice to our clients' ability to mount their defense in the King Action.

In light of the foregoing, we request a short conference with the Court at its earliest convenience to discuss consolidating these actions for discovery purposes and to set a comprehensive case management schedule for the completion of joint discovery over a reasonable time frame.

Sincerely,

/s/ *Mark P. Ressler*

Mark P. Ressler

cc: All counsel of record (by ECF)