

**SAM P. ISRAEL**
FOUNDER & MANAGING PARTNER

Eleonora Zlotnikova
Timothy Foster
Timothy Savitsky
Hyun-Jeong (Becky) Baek
*Associates*

**BY ECF AND BY HAND**
Hon. John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

November 19, 2018

      **Re:** *King, et al. v. Wang et. al.* **No. 14-cv-07694 (JFK-JCL)**

Dear Judge Keenan:

This firm represents Yien-Koo Wang King ("King") as preliminary executrix of the Estate of Chi-Chuan Wang ("Estate") in *King, et al. v. Wang et. al.* No. 14-cv-07694 (JFK-JCL) and writes to Your Honor in response to the letter of Mark Ressler, Esq. of Kasowitz Benson, & Torres, LLP[1] dated November 19, 2018. By his letter, Mr. Ressler seeks a conference with the Court and, ultimately, a scheduling order which directs "joint discovery" in the above-captioned action (the "Estate Action") and a newly-commenced proceeding with the caption *Wang et al. v. King et al.*, No. 1:18-cv-08948 (JFK) (the "New RICO Action"). While we have no objection to a conference, we oppose joint discovery and object to the Kasowitz Firm's unilateral decision to stay depositions in the Estate Action until the Court grants its consolidation request.

Earlier today, we wrote to Magistrate Judge James L. Cott regarding the Wangs'[2] violation of an extant discovery order based upon the Kasowitz Firm's assumptions that Your Honor intended to reset discovery in the Estate Action in response to the filing of the New RICO Action. *See* ECF Dkt. 119 (Letter of Sam P. Israel dated Nov. 19, 2018). Briefly, the Wangs have failed to produce critical financial documents and have refused to supply deposition dates for their clients until their request for a joint discovery

---

[1] Kasowitz, Benson, and Torres, LLP (the "Kasowitz Firm") has had three attorneys file notices of appearance in this action and has replaced Akiva Cohen, Esq. of Kamerman, Uncyk, Soniker, and Klein, P.C. (the "Kamerman Firm") as lead counsel several months after Mr. Cohen had replaced Ms. Carolyn Shields, Esq. of Liu & Shields, LLP (the "Shields Firm) as lead counsel.
[2] Andrew Wang and Shou-Kung Wang, along with their co-defendants Jian Bao Gallery and Bao Wu Tang, shall hereinafter be collectively referred to as together the "Wangs."

Hon. John F. Keenan
United States District Court     Re: Case No. 14-cv-07694                    11/19/18

___

schedule is ruled upon. But even beyond the fact that they have disobeyed Magistrate Judge Cott's October 23rd scheduling order without first seeking a stay thereof, the Wangs' request to effectively start discovery from the beginning should be denied for two overarching reasons. First, the complaint in the New RICO Action has not been served on even a quarter of the named defendants. Second, we respectfully submit that the claims in the New RICO Action will not survive a dismissal motion once they *are* finally served on all necessary parties. The only defendant to the New RICO Action whom the Wangs have jurisdiction over is King's son, Raymond, and he has already responded with a Rule 12(b)(6) motion to dismiss for failure to state a claim, for missing the statute of limitations cutoff by fifteen years, and because the new action comprises a collateral attack on the unanimously affirmed jury verdict rendered by the New York County Surrogate's Court.[3]

This Estate Action started four years ago when King and her husband Kenneth (together, the "Kings") filed a complaint to hold the Wangs and their confederates liable for engaging in dozens of violations of 18 U.S.C. 1962 *et seq.* ("RICO") during Andrew Wang's tenure as preliminary executor to the injury of the Kings' two corporations and the Estate. Over the course of four years of pre-answer litigation, the Wangs persistently sought dismissal of the corporate claims based upon statute of limitations grounds—and they were largely successful. On March 26, 2018, this Court ruled that the Kings' corporations could not litigate RICO claims because they were time barred in federal court. *See* ECF Dkt. 65 (decision and order granting reargument and denying, in part, the Wangs' motion to dismiss). The Estate Action survived, however, to the extent it sought recovery for the Estate against its former fiduciary and his accomplices. *Id.* Thus, the only remaining claims in the Estate Action are Estate-held claims; Yien-Koo King is no longer litigating in her individual capacity or on behalf of her corporations. *Id.*

Yet last month the Wangs filed the New RICO Action against King (individually), her husband, and her two children. By that proceeding, they seek the same individual relief under RICO which they successfully argued must be denied to King and her corporation based upon (i) an alleged lack of standing to seek relief for injuries incurred by the Estate or, otherwise, (ii) the expired statute of limitations. To overcome this problem, the Wangs' new pleading alleges that their admittedly stale 15-year-old claims were somehow *resuscitated* by their loss of a jury trial in the Surrogate's Court last year; they allege the trial itself comprised a predicate act and injury since it was won by King's ostensible fraud and the use of telephone wires. To interrupt discovery at this point in a

___

[3] Raymond King's motion was served on the Wangs ten days ago and is now awaiting responsive papers for bundling and ECF filing pursuant to Your Honor's Individual Rules of Practice Rule 2(e).

2

Hon. John F. Keenan
United States District Court        Re: Case No. 14-cv-07694                    11/19/18

_____

case brought by people in their mid-to-late eighties based upon such allegations (and after already lengthy serial delays here and in the Surrogate Court) would be needlessly prejudicial.

The truth is, the Wangs know these claims have no chance at surviving dismissal but are simply trying to stall King's prosecution of the Estate Action and, if possible, harass King's children in the process.

Considering (i) the Estate Action is entering its fifth year of pendency; (ii) the Estate Action is currently pursued by King only in her capacity as preliminary executrix of the Estate; (iii) discovery is set to close in the Estate Action on January 4, 2019; (iv) the Wangs have still not served even half of the necessary parties in their New RICO Action; (v) the claims in the New RICO Action are time-barred on their face and collaterally attack the New York State Court's adjudications; and (vi) the claims in the New RICO Action do not concern injuries to the Estate, creating an entirely new discovery schedule would be a prejudicial waste of judicial and party resources.

Thus, while King, as preliminary executrix, is not averse to a conference with the Court in the Estate Action, Mr. Ressler's substantive requests should be denied in their entirety.

Respectfully submitted:

Sam P. Israel, P. C.

**By:** */s/Sam P. Israel*
Sam P. Israel (SPI0270)
Attorneys for Plaintiffs
180 Maiden Lane, 6th Floor
New York, New York 10038
T: 646-787-9880 | F: 646-787-9886

cc.    Carolyn Shields, Esq. (*via* ECF);
       Akiva Cohen, Esq. (*via* ECF);
       Sondra Grigsby, Esq. (via ECF);
       Thomas Kelly, Esq. (via ECF); and
       Mark P. Ressler (via ECF).
       *Counsel for Defendants Andrew Wang and Shou-Kung Wang*