# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARK P. RESSLER
DIRECT DIAL: (212) 506-1752
MRessler@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

November 26, 2018

**BY ECF**

Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21D
New York, NY 10007

      Re:    <u>King, et al. v. Wang et al.</u>, Case No. 1:14-cv-07694-JFK-JLC

Dear Magistrate Judge Cott:

      We represent Defendants Andrew Wang ("Wang") and Shou-Kung Wang ("SK Wang," and collectively, "Defendants"), and write in response to the November 19, 2018 letter of Sam Israel, counsel for Plaintiff Yien-Koo King ("King" or "Plaintiff"), Dkt. No. 119 (the "November 19 Letter"). By way of introduction, Defendants recently retained us to act as lead counsel in the above-referenced action (the "King Action") and the related action also pending before Judge Keenan, *Wang et. al. v. King et. al.*, Case No. 1:18-cv-08948 (the "Wang Action"). Kamerman, Uncyk, Soniker, and Klein, P.C. ("Kamerman") will remain as co-counsel.

      As Your Honor may be aware, Judge Keenan has scheduled a conference for tomorrow pursuant to our request for clarification as to whether His Honor's October 15, 2018 order (the "Consolidation Order") (Wang Dkt. 9) – which consolidated the King Action with the Wang Action – was intended to encompass discovery and trial in these actions, and to seek such consolidation if necessary. Accordingly, the outcome of our conference tomorrow will likely bear upon the matters raised in the November 19 Letter. In any event, because the November 19 Letter – which purports to apprise Your Honor of "unresolved discovery disputes between the parties" – is in fact a self-serving mischaracterization of recent events, we must correct the record.

      First, the November 19 Letter mischaracterizes the status of the Wang Action. The complaint in that action has been served upon one defendant, Raymond King, the son of Plaintiff in the King Action. Mr. Israel's firm requested, and was provided, waiver of service forms pursuant to FRCP 4 for the additional defendants, including Yien-Koo King, the plaintiff in this

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
November 26, 2018
Page 2

action, but has not yet returned those forms to our office.  Any purported issues with service in that action therefore lie with Plaintiff, not Defendants.

      Second, to the extent the November 19 Letter objects to consolidating discovery of the King and Wang Actions, any such objections should be raised with Judge Keenan, who, in issuing the Consolidation Order, has already found that (i) the two actions "involve substantially similar facts regarding the administration of Chi-Chuan Wang's estate and the whereabouts of the artwork he purchased," (ii) the two actions are "so interlaced and so inseparable that they present a single ultimate issue of whether either Y.K. King and her affiliates or Andrew Wang and his affiliates misappropriated the estate's artwork," and (iii) "there are overlapping parties in both cases [and] the evidence to be presented and witnesses to appear at trial would be substantially similar" (Wang Dkt. 9).

      Third, Mr. Israel's account of interactions between counsel, and the status of discovery, is categorically false.  Since being retained, we have been transparent with opposing counsel concerning the status of discovery, advising that Defendants' document-collection activities include efforts by Mr. Wang to locate bank and other records in Hong Kong.  Mr. Wang and his father have to date produced over 26,000 pages of responsive documents, including documents that were also produced in the pending action in the Surrogate's Court of New York County (the "Surrogate's Court Action").  As we have advised Mr. Israel, the limited categories of documents that remain outstanding will be produced shortly.

      Contrary to Mr. Israel's confusing descriptions of the "wire transfer" documents, these materials were included in the production.  The assertion that the wires were sent to an account controlled by our co-counsel, Kamerman, is also false; as Mr. Israel and his client know or should know, the account to which the relevant wires were sent was controlled by the Public Administrator and Mr. Wang as the then co-fiduciaries of the estate.

      As to offensive discovery, the Wangs served deposition notices, document requests, and interrogatories in the King Action that require a response within the January 4, 2019 deadline set by the Court.  Mr. Israel's accusations of "delay" are nonsense, as his associate, Mr. Savitsky, informed us that his office will need an extension of the current January 4, 2019 deadline to complete discovery, and agreed that the parties would at some point need to submit a joint request for an extension to Your Honor.

      Mr. Israel also levels false accusations that Defendants broke their promises concerning deposition dates.  On November 13, 2018, counsel discussed deposition dates for the King Action and the outstanding depositions in the action over C.C. Wang's estate in the Surrogate's Court Action.  At no time did we promise opposing counsel that we would provide deposition dates by November 16, 2018.  Rather, we advised counsel that we would be seeking confirmation that discovery in the two actions had been consolidated pursuant to the Consolidation Order, and that it was our position that consolidation should be addressed before Wang is deposed in only one of the two actions.

# KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
November 26, 2018
Page 3

  As to discovery issued by Defendants, on November 16, 2018, we served a second set of interrogatories, notices of deposition and third-party subpoenas, none of which are related to any deposition schedule.  Mr. Israel responded with a series of bizarrely insulting emails telling us that these routine discovery demands were "drivel" and questioning our integrity.  When we advised our co-counsel that we were troubled by Mr. Israel's vituperative behavior, we learned that it was par for the course in this matter.  Accordingly, we ask that Your Honor reiterate the admonition Your Honor previously issued in this matter reminding counsel to act professionally and with civility.

  In sum, Defendants have substantially complied with their document production obligations and are in the process of locating outstanding materials.  As to Mr. Wang's deposition, in light of Judge Keenan's Consolidation Order, there is no reason why Mr. Wang, or any witness in either the King Action or the Wang Action, should be produced more than once.  As with any consolidated matter, witnesses should be deposed a single time in all actions.  We believe that Judge Keenan is likely to address this issue tomorrow, and will promptly advise Your Honor of the outcome of that conference.

                Respectfully,

                /s/ *Mark P. Ressler*

                Mark P. Ressler

cc:  All counsel of record (by ECF)