# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

MARK P. RESSLER
DIRECT DIAL: (212) 506-1752
MRessler@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

November 26, 2018

**BY ECF**

Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, NY 10007

    Re:    *Wang, et al. v. King, et al.*, Case No. 1:18-cv-08948-JFK;
              *King, et al. v. Wang, et al.*, Case No. 1:14-cv-07694-JFK

Dear Judge Keenan:

    Our firm represents Andrew Wang and his father Shou-Kung Wang (the "Wangs") in the above-referenced actions (the "Wang Action" and "King Action," respectively). We write to correct the inaccuracies and misrepresentations contained in the November 19, 2018 letter of Sam Israel, counsel for Yien-Koo King ("King"), in her capacity as preliminary executrix of the Estate of Chi-Chuan Wang. (King Dkt. 121.) We note that Your Honor has scheduled a pre-motion conference for November 27, 2018 concerning the Wangs' intended motion to consolidate the Wang and King Actions, consistent with Your Honor's October 15, 2018 Order (the "Consolidation Order") (Wang Dkt. 9).

    *First*, Mr. Israel's accusation that the Wangs are in "violation of an extant discovery order" entered by Magistrate Cott because they "failed to produce critical financial documents" is false. The Wangs have produced 26,000 of pages of responsive documents to date, and only a limited number of specific categories of documents remain outstanding. We have already informed Mr. Israel that the Wangs are collecting those documents – some of which are located overseas, if they still exist – and, to the extent they can be located, they will be produced promptly. The "critical financial documents" referenced by Mr. Israel were included in prior productions, and, again, to the extent any categories of documents remain outstanding, they will be produced if they can be located.

    *Second*, Mr. Israel also levels false accusations that Defendants broke promises concerning deposition dates. On November 13, 2018, counsel discussed deposition dates for the King Action and the outstanding depositions in the action over C.C. Wang's estate that

KASOWITZ BENSON TORRES LLP

Honorable John F. Keenan
November 26, 2018
Page 2

is pending in the Surrogate's Court of New York County. At no time did we promise opposing counsel that we would provide deposition dates by November 16, 2018. Rather, we advised counsel that we would be seeking confirmation that discovery in the two actions had been consolidated pursuant to the Consolidation Order, and that it was our position that to avoid the inefficiency of producing a witness twice, consolidation should be addressed before Mr. Wang is deposed in only one of the two actions.

Mr. Israel's assertion that the Wangs made a "unilateral decision to stay depositions" and "refused to supply deposition dates" is false. As we have informed Mr. Israel, we believe that – consistent with Your Honor's Consolidation Order – discovery, including depositions, in the King Action and the Wang Action should be consolidated given that the actions concern significantly overlapping facts. The Wangs have not "stayed depositions" at all, but are only seeking a comprehensive case management schedule for the completion of joint discovery to avoid having to tender witnesses multiple times in actions that have been consolidated.

*Third*, the contention that a pending motion to dismiss filed by a single defendant in the Wang Action – and potential, but unserved, motions from other defendants – renders consolidation inappropriate is baseless. As Your Honor has recognized more than once, "the pendency of a motion to dismiss does not *per se* entitle the movant to a stay of discovery." *Moore v Painewebber, Inc.*, 96 CIV. 6820 (JFK), 1997 WL 12805, at *1 (SDNY Jan. 14, 1997); *see also In re WRT Energy Sec. Litig.*, 96 CIV. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic."). Thus, the pendency of a motion to dismiss in the Wang Action should have no impact on consolidating discovery and is not a basis to stay discovery in the Wang Action.

*Fourth*, Mr. Israel's substantive arguments in favor of dismissal of the Wang Action are without merit. Contrary to counsel's assertion, and contrary to King's status in the King Action, the Wangs are not proceeding on behalf of the Estate of C.C. Wang, but personally. The Wangs have suffered personal, specific, and independent injuries, including as recently as May 9, 2017 when the Surrogate's Court issued its ruling that C.C. Wang's 2003 will was invalid, denied probate, and revoked Andrew Wang's appointment as preliminary executor of C.C. Wang's estate. *See* Wang Complaint ¶ 133. Because that injury occurred within the past four years, straightforward application of the statute of limitations makes clear that the Wangs' RICO claims with respect to that injury are timely. Further, contrary to Mr. Israel's assertion, in their RICO action the Wangs do not seek review and reversal of the Surrogate's Court's decision invalidating C.C. Wang's 2003 will. *Res judicata* does not apply where, as here, the Wangs were unable to bring their RICO claims in the same action due to the limited jurisdiction of the Surrogate's Court. In short, the Wangs have pleaded actionable RICO claims and we believe that Raymond King's motion to dismiss – and any additional motions to dismiss – will be denied.

*Fifth*, counsel mischaracterizes the status of the Wang Action. The complaint in the Wang Action has been served upon one defendant, Raymond King, the son of Plaintiff in

KASOWITZ BENSON TORRES LLP

Honorable John F. Keenan
November 26, 2018
Page 3

the King Action. Mr. Israel's firm requested, and was provided, waiver of service forms for the additional defendants, including the plaintiff in the King Action, but has not yet returned the forms to our office. Any action by King to avoid service of process in the Wang Action – while invoking the Court's aid and jurisdiction in the King Action – would be inappropriate, and, to the extent service has not been completed, it is because Mr. Israel's firm has not returned the waiver of service forms.

*Finally*, while Mr. Israel concedes that the only remaining claims in the King Action are claims brought by King solely in her capacity as preliminary executrix of the C.C. Wang Estate, he neglects to disclose that in the Surrogate's Court action there is currently pending a petition to remove King as preliminary executrix on the ground that, among other things, she willfully violated a court order prohibiting the sale, transfer, or other disposition of property in the C.C. Wang estate (the "TRO"). The petition asserts that King's violation of the TRO constitutes a breach of her fiduciary duties to the C.C. Wang estate and disqualifies her from serving as the estate's executrix. Should that petition be granted, King will be removed as executrix of the estate and she will no longer have standing to bring the King Action. Thus, to the extent the pendency of a motion to dismiss in the Wang Action supports staying discovery in that case, the pendency of the petition to remove King in the Surrogate's Court proceeding equally supports staying discovery in the King Action.

We look forward to addressing these and any other issues with Your Honor at the November 27, 2018 pre-motion conference.

Sincerely,

/s/ *Mark P. Ressler*

Mark P. Ressler

cc:   All counsel of record (by ECF)