

**SAM P. ISRAEL**
FOUNDER & MANAGING PARTNER

Eleonora Zlotnikova
Timothy Foster
Timothy Savitsky
David Hrovat
*Associates*

180 MAIDEN LANE, 6th FLOOR, NEW YORK, NY 10038
info@spi-pc.com | T: (646) 787-9880 | F: (646) 787-9886

**BY ECF**
Hon. James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21-D
New York, NY 10007-1312

December 4, 2018

Re: <u>King v. Wang et. al. No. 14-cv-07694 (JFK-JLC)</u>

Dear Magistrate Judge Cott,

    We write on behalf of Plaintiff Yien-Koo King as preliminary executrix of the Estate of Chi-Chuan Wang ("King") in furtherance of our request for a pre-motion conference. Though the parties have continued to meet and confer over the last week *via* telephone, email, and formal letter, we have been unable to resolve fundamental issues of discovery. The unresolved issues we hope to address at the December 6th conference are as follows.

    First, there has been no production of *any* financial documents from Shou-Kung Wang, Andrew Wang (together the "Defendants"), or any of their business/real estate operations. These were requested on August 8th and were due to be produced by September 8th – three months ago. Supplemental and narrowed requests for certain types of financial documents were served on October 26th and responses thereto were due by November 6th. Yet the Defendants have failed to produce any financial records subject to the narrowed demands even though they raised no objections to the requests as revised. As previously argued, these records are necessary to determine if: (a) the Defendants' accounts were the source of funds used to purchase the Estate's artwork between 2005 and 2009, (b) the Defendants' accounts show financial transfers with the alleged strawmen, thereby indicating a self-dealing scheme, and (c) if the Defendants' accounts show large profits following the strawman sales which would, in turn, be probative of the allegations of self-dealing at below-market prices. The Defendants testified that they were scraping by financially in 2003 but have since engaged in $17 million worth of real estate transactions in New York alone. Yesterday, we asked the Kasowitz Firm on a

Hon. James L. Cott
United States District Court        Re: Case No. 14-cv-07694 (JFK-JLC)           12/4/18

telephone call what financial documents they are preparing to produce in response to the outstanding demands and approximately how many documents we should be expecting. We were told they do not yet have an answer.

Second, Andrew Wang's supplemental interrogatory responses (submitted on November 6th pursuant to the October 23rd discovery order) fail to identify the location of the storage facility in China where he stores paintings. This information is critical because the storage facility is likely to be the current or former repository of the self-dealt paintings and we plan on seeking additional documentation and evidence from that facility.

Third, though Andrew Wang submitted supplemental interrogatory responses following the October 23rd discovery conference, Shou-Kung Wang has not. We need Shou-Kung Wang to respond to the interrogatories which seek the identity of which financial accounts he has had control over since 2003.

Fourth, the Defendants still have not provided alternative dates for the depositions of Andrew and Shou-Kung Wang, first noticed in August. In any event, King requires production of the financial records prior to any deposition of the Defendants.

Fifth, all but one of the five real estate attorneys who were contacted by the Defendants and instructed by them to halt production have still not produced responsive documents. The last time we were before Your Honor, the Defendants' counsel said that they were coordinating with these attorney witnesses and would tender documents responsive to our subpoenas by Your Honor's ordered deadline, November 6th. Now the Defendants insist that they will not coordinate production and that it is this office's responsibility. Yet when I attempted to follow up with subpoenaed attorney Eric Vardi, Esq. regarding the three pages of redacted documents he produced, Mr. Vardi ignored my repeated calls, voice mails, and emails. Instead of Mr. Vardi returning my messages, Mr. Thomas Kelly of the Kasowitz Firm sent me an email instructing me to stop my attempts to contact the attorney-witness and suggesting that it was he who told Mr. Vardi to not respond and redact documents. Mr. Vardi ultimately wrote to me only to say that we should address the Kasowitz Firm about his production.

In sum, our concern with the Defendants' counsel's conduct is as follows: (i) the Defendants' counsel initially told all of the lawyer witnesses to ignore our subpoenas pending the October 23rd conference; (ii) the Defendants' counsel stated at the October 23rd conference that they would coordinate production with the attorneys by November 6th; (iii) only a single attorney has responded to our subpoena; (iv) I was recently instructed by Mr. Kelly not speak to one of the subpoenaed lawyers; (v) the subpoenaed lawyers were likely told not to speak to this firm; (vi) the Defendants' counsel, according to Mr. Kelly, have disavowed their representation that they are coordinating with the subpoenaed lawyers to produce documents; and (vii) Mr. Kelly has acknowledged that

2

Hon. James L. Cott
United States District Court        Re: Case No. 14-cv-07694 (JFK-JLC)            12/4/18

he told Mr. Vardi to redact the documents that were produced (targeting the precise information we contended is critical at the last conference without even discussing it with us in advance).

We currently have no way of knowing precisely what information or misinformation was conveyed to the subpoenaed lawyers. For instance, before he ceased accepting my calls or responding to my emails, Mr. Vardi wrote in an email (which attached his incomplete and redacted production) that he was producing documents pursuant to the subpoena "as modified by the Court" on October 23rd. Yet there were no modifications of the production subpoena. Now we need to obtain not only the productions the Defendants impeded, but clarification as to what *modifications* Mr. Kelly, or his co-counsel, conveyed to the subpoenaed witnesses. Though we initially believed depositions were unnecessary, we now have follow-up questions for Mr. Vardi as to the scope of the documents in his possession, what he has withheld, and what he was told not to produce. When I tried to address these matters with Mr. Kelly, he responded by accusing me of being unprofessional and suggesting that he will report me to the Grievance Committee at the appropriate time. In view of the needless costs our client has suffered by the Defendants' mischief, we further respectfully ask the Court to entertain a motion to recover attendant legal fees pursuant to FRCP 37 (a), (b)2(a) and (c) (sanctions for, inter alia, *Not Obeying a Discovery Order* and providing for *Payment of Expenses.*)

Sixth, the Defendants maintain they are unwilling to produce certain unidentified documents without a protective order and solely for review by "attorneys' eyes only." While King does not object to the premise of a protective order, she does object to the limitation if applied indiscriminately and to the prejudice attendant to the Defendants waiting until a month after their November 6th production deadline to demand one. It amounts to more delay in production and in conducting depositions.

Seventh, the Defendants are refusing to produce trust-formation documents which concern the likely transfer and sheltering of ill-gotten assets removed from the Estate and funds achieved by the misconduct identified at length in the amended complaint.

Eighth, the Defendants are refusing to produce documents which were generated in connection with multiple art exhibitions where the paintings Andrew Wang sold to himself were later displayed.

We look forward to discussing these outstanding issues with Your Honor at the pre-motion conference on December 6, 2018 and thank Your Honor for your attention to this matter.

Hon. James L. Cott
<u>United States District Court</u>        <u>Re: Case No. 14-cv-07694 (JFK-JLC)</u>        <u>12/4/18</u>

Respectfully submitted:

Sam P. Israel, P. C.

**<u>By:</u>**   <u>*/s/Sam P. Israel*</u>
Sam P. Israel (SPI0270)
Attorneys for Plaintiffs
180 Maiden Lane, 6th Floor
New York, New York 10038
T: 646-787-9880 | F: 646-787-9886