# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARK P. RESSLER
DIRECT DIAL: (212) 506-1752
MRESSLER@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

December 4, 2018

**BY ECF**

Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21-D
New York, NY 10007

      Re:    *King, et al. v. Wang et al.*, Case No. 1:14-cv-07694-JFK-JLC;
              <u>*Wang, et. al. v. King, et. al.*, Case No. 1:18-cv-08948 –JFK-JLC</u>

Dear Magistrate Judge Cott:

      We represent Defendants Andrew Wang ("Wang") and Shou-Kung Wang ("SK Wang," and collectively, "Defendants") in the above-referenced actions (the "King Action" and the "Wang Action").  By way of introduction, we were retained by Defendants in early November 2018 to serve as lead counsel in both Actions.  We write pursuant to Your Honor's request for an update concerning outstanding discovery disputes subsequent to Judge Keenan's November 29, 2018 order (1) consolidating the King Action with the related action, *Wang, et. al. v. King, et. al.*, Case No. 1:18-cv-08948 (the "Wang Action"), and (2) extending fact discovery in both actions until May 8, 2019.  (King Dkt. 128.)  For the reasons discussed below, we believe that the conference scheduled with Your Honor for December 6, 2018 should be adjourned to allow the parties to continue to meet and confer to resolve discovery issues.

      After Judge Keenan granted consolidation and extended discovery, Your Honor instructed the parties to meet and confer to address the issues raised in the parties' correspondence to the Court dated November 19, 2018 (King Dkt. 119) and November 26, 2018 (Wang Dkt. 24), and attempt to resolve any other outstanding discovery disputes.  (King Dkt. 130.)  The parties held their meet and confer yesterday during an approximately 90-minute phone call.  The current status of discovery, the issues raised on the meet-and-confer call, and Defendants' positions on the issues are described below.

      First, pursuant to Your Honor's directive at the October 23, 2018 conference, Defendants made an initial document production to Plaintiff on November 6, 2018.  This production

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
December 4, 2018
Page 2

included emails responsive to Plaintiff's document requests, as narrowed by Your Honor at the October 23, 2018 conference, that Defendants located pursuant to search terms applied to the collected emails. These search terms were over-inclusive so that they would capture documents relevant to, among other things, the real estate transactions discussed at the October 23, 2018 conference, any documents concerning the artworks listed on the Alan Appel inventory, documents concerning the alleged "straw man" buyers, and documents concerning certain museum shows of interest to Plaintiff. Defendants thereafter informed Plaintiff that this production, while substantial, was not complete, that Defendants were continuing to search for responsive documents, and that this search included efforts by Andrew Wang to locate responsive documents in China. Given that many of the events and transactions that are the subject of Plaintiff's discovery requests happened ten or more years ago, documents are less readily available than they would be in the usual case. Mr. Wang returned from China last week, and we have informed Plaintiff that we will be making a second document production by the end of this week.

Since our retention, we have taken steps to ensure that Defendants' document productions conform with usual ESI production protocols. To that end, we intend to re-produce previously produced documents with associated metadata, to the extent that information is available.

With respect to the issues discussed on yesterday's meet-and-confer call, we submit that each of them is either a non-issue, is unripe for Your Honor's consideration, or can be resolved by the parties.

*Subpoenas Served on Defendants' Former Attorneys.* As discussed at the last conference, Plaintiff served third-party subpoenas on five of Defendants' prior attorneys, most of whom handled real estate transactions for Defendants. Plaintiff contends that Defendants somehow assumed responsibility for "coordinating" the attorney productions. This is not so. We have repeatedly advised Plaintiff's counsel that neither we nor our co-counsel (Kamerman, Uncyk, Soniker & Klein P.C.) represent any of these attorneys and that neither firm is "coordinating" the document productions. In a November 9, 2018 email, Akiva Cohen, from the Kamerman firm, made that same point, telling Plaintiff's counsel to reach out directly to the attorneys. Nevertheless, Plaintiff's counsel, Mr. Israel, continues to falsely contend that Defendants are responsible for the attorney productions. What is more, Mr. Israel has also alleged that Defendants' counsel instructed the attorneys not to comply with the subpoenas, and has leveled bizarre, reckless and baseless accusations against us "dishonest lawyering" and "suborning contempt." In this regard, Mr. Israel continues to violate Rule 3.3 of the New York Rules of Professional Conduct, which, per comment 13, requires that counsel "not make unfair or derogatory personal reference to opposing counsel."

*Deposition of Eric Vardi.* Plaintiff has demanded that Defendants provide dates for the deposition of Defendants' former attorney Eric Vardi, who handled a single real estate transaction for Defendants and has produced documents concerning that transaction. With respect to the requested deposition, we have informed Plaintiff's counsel that (i) we do not

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
December 4, 2018
Page 3

represent Mr. Vardi, and (ii) Your Honor made clear at the October 23 conference that none of the subpoenaed attorneys, with the exception of Marty Klein, are allowed to be deposed absent a Court order *after* the non-attorney fact witnesses have been deposed, which has not occurred.  Tr. 70:13-19 ("The lawyers' depositions, if they're needed shouldn't be taken until I can be convinced that they have unique information that hasn't otherwise been developed during the course of the deposition discovery[.]").  It seems that Mr. Israel's basis for demanding this deposition relates to his false assertion that we have somehow interfered with Mr. Vardi's production.  In fact, the extent of our interaction with Mr. Vardi was to review the documents he intended to produce for privilege, and to request that, pursuant to standard practice, he redact confidential bank account information pending entry of a protective order.  After Mr. Israel agreed to treat the account information as "Attorneys' Eyes Only" pending execution of a protective order, the materials were promptly provided in unredacted form.  There is absolutely no reason for Mr. Vardi to be deposed in this case, and Mr. Israel's accusations of misconduct against my firm are outlandish.

*Subpoena to Former Counsel Carolyn Shields*.  Plaintiffs served a third-party subpoena on Carolyn Shields who, until recently, served as litigation counsel to Defendants.  We informed counsel at the meet-and-confer that it was our understanding that Ms. Shields will respond by the December 7, 2018 return date and that we did not plan to move to quash the subpoena.  On the meet-and-confer call, Plaintiff's counsel informed us that they would move to compel Ms. Shields to produce privileged documents.  We submit that it is premature to entertain such a motion, as Ms. Shields has not yet responded to the subpoena.

*Defendants' Document Productions.*  Contrary to Mr. Israel's false allegations that Defendants have not complied with their document production obligations, Defendants have produced thousands of pages of documents responsive to Plaintiff's document requests, as narrowed by Your Honor at the Discovery Conference, and have informed Your Honor and Plaintiff's counsel that additional documents will be produced on a rolling basis.  The initial production included emails from Mr. Wang's personal email account that were responsive to a long list of search terms intended to cover the scope of responsive topics.  We have informed Plaintiff's counsel that we are amenable to meet-and-confer regarding the search terms applied and to run additional searches if Plaintiff so requests (without waiving any rights to object).  We also note that Mr. Andrew Wang has searched for documents responsive to requests concerning transactions put at issue by Plaintiff in China, which Mr. Wang recently visited.  We have informed Mr. Israel that we will make a production of those and other documents by the end of this week.

*Interrogatory Responses.*  During the December 3 meet-and-confer, Plaintiff raised for the first time -- and without any prior notice to Defendants -- certain purported issues with Mr. Wang's supplemental responses to certain interrogatories, which were served on November 6.  In the month that has passed since then, Plaintiff has made no mention of those responses.  Indeed, yesterday was the first time we heard that counsel had purported "issues" with the interrogatory responses.  To the extent Plaintiff requests a conference with Your Honor to discuss those responses, we oppose that request as premature.  We have requested that Plaintiff provide a letter

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
December 4, 2018
Page 4

setting forth any concerns with the interrogatory responses so that the parties can meet-and-confer to address them.

Finally, we must renew our concerns over Mr. Israel's penchant for uncivil, unprofessional and baseless attacks on our ethics and integrity. These attacks are of a piece with Mr. Israel's course of conduct throughout this action -- including his assertions that Defendants should be "incarcerated" and that Defendants' co-counsel, Mr. Cohen, is motivated by "greed" and "sadism" -- and his ugly insults concerning Mr. Cohen's religious faith and practices. We cannot recall another instance in over 30 years of practice in which we have had to raise such a concern with a court, but Mr. Israel's behavior is well outside the bounds of aggressive advocacy -- it is unhinged behavior that impedes the parties' ability to conduct discovery in a productive manner and imposes needless costs.

In sum, we believe that a conference before Your Honor is not necessary at this time, and that the parties should instead continue to meet-and-confer to resolve the few outstanding issues on their own. Further, Plaintiff's responses and objections to Defendants' document requests and interrogatories are due soon, and it might well be the case that those responses and objections require a conference with Your Honor. Accordingly, we respectfully request that the December 6 conference be adjourned in order for Defendants to complete their documents production and to allow the parties to continue to meet and confer regarding the limited issues that are the subject of dispute.

Respectfully submitted,

/s/ *Mark P. Ressler*

Mark P. Ressler

cc:   All counsel of record (by ECF)