# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

THOMAS KELLY
DIRECT DIAL: (212) 506-1872
DIRECT FAX: (212) 835-5292
TKELLY@KASOWITZ.COM

ASPEN
ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

January 4, 2019

**BY ECF**

Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21-D
New York, NY 10007

> Re:  *King, et al. v. Wang et al.*, Case No. 1:14-cv-07694-JFK-JLC;
> <u>*Wang, et. al. v. King, et. al.*</u>, Case No. 1:18-cv-08948 –JFK-JLC

Dear Magistrate Judge Cott:

     We write on behalf of Defendants in response to the Court's directive to the parties at the December 19, 2018 discovery conference to submit an agreed upon proposed protective order by January 4, 2019, or to inform the Court of any disagreements between the parties concerning the terms of the order.  Although the parties were able to agree to most terms of a proposed protective order, one issue remains under dispute that requires the Court's attention.  As such, we are submitting a redlined version reflecting the edits Plaintiff Yien-Koo King proposed to Defendants' draft order that Defendants did not agree to accept as well as a clean version of Defendants' proposed order.  *See* Exhibits 1 and 2.

     The disputed issue involves the designation of information as "Confidential -- Attorneys' Eyes Only."  Plaintiff is unwilling to consent to designating sensitive, personal information, including personal financial information, as "attorneys' eyes only" and maintains that designation should only apply to "proprietary data which might cause competitive injury if disclosed to the opposing party directly."  Defendants disagree.  As discussed at the December 19 conference, Defendants have serious security concerns regarding their personal financial and other information.  Defendants simply request, as is virtually standard practice, that such information qualify to be deemed "attorneys' eyes only" in the first instance, and subject to the

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
January 4, 2019

Page 2 of 2

same treatment as was ordered by the Court with respect to information concerning the physical location of certain artworks at the December 19 conference. Further, to the extent the parties disagree as to a confidentially designation, paragraph 11 of Defendants' proposed draft provides the mechanism to address those concerns on an *ad hoc* basis.

   Additionally, the parties disagree as to who should be allowed access to confidential information designated as "Confidential -- Attorneys' Eyes Only." Whereas Defendants proposed limiting the disclosure to attorneys and the Court, Plaintiff proposes including experts, advisors, consultants, and vendors as authorized recipients of such information. While Defendants understand there may be a need to disclose the information to non-attorneys, it is our position that Defendants' proposed mechanism for such disclosures -- set forth in paragraph 5(c) of Defendants' proposed order -- that allows disclosure to other persons with prior written consent of the producing party or its attorneys is sufficient and allows the parties to address providing Confidential -- Attorneys' Eyes Only information to non-attorneys, including those proposed by Plaintiff, on an as needed basis.

   By reason of the foregoing, Defendants respectfully requests that the Court so order Defendants' enclosed proposed protective order.

                      Respectfully submitted,


                       /s/ *Thomas Kelly*
                       Thomas Kelly


cc: All counsel of record (by ECF)