

180 MAIDEN LANE, 6th FLOOR, NEW YORK, NY 10038
info@spi-pc.com | T: (646) 787-9880 | F: (646) 787-9886

**SAM P. ISRAEL**
FOUNDER & MANAGING PARTNER

Eleonora Zlotnikova
Timothy Foster
Timothy Savitsky
David Hrovat
*Associates*

**BY ECF**
Hon. James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21-D
New York, NY 10007-1312

January 9, 2019

      Re: <u>*King v. Wang et. al.* **No. 14-cv-07694 (JFK-JLC)**</u>

Dear Judge Cott,

I write as counsel to Plaintiff Yien-Koo King ("King" or "Plaintiff") to respectfully respond to the Defendants' latest personal accusations transmitted to the Court by letter dated January 8, 2019, as well as to correct the record on the assertions they make regarding the Plaintiff's alleged non-compliance with discovery obligations. While it is true that I advised the Court that we would supply discovery responses the week of December 24, 2018, I spoke without realizing that it was the week of perhaps the most well-recognized holiday of the year and my office was short staffed. Nor had I anticipated that Defendants Andrew Wang ("Andrew") and Shou-Kung Wang ("Shou-Kung," together the "Defendants") would transmit nearly a hundred document demands (concurrently with interrogatories responses). Nonetheless, we worked that week right through Sunday (as has now become standard for our small firm given the scope and complexity of this case) to get the job done. We served our written responses the very next week. I "ignored" no order of the Court.

As for the requested documents themselves, there have been several barriers to production. First, our clients were at the time and remain in China for the holidays with highly limited accessibility. Second, nearly every one of the Defendants' demands are grossly objectionable and far afield of the matters in suit. They largely concern materials exclusively germane to the *will contest* in the Surrogate's Court and in which the Plaintiff prevailed at trial in 2017 and on appeal. Further, whereas Yien-Koo and her husband Kenneth (together the "Kings") filed for Chapter 7 bankruptcy in 2008 and the Defendants filed multi-million-dollar claims in that proceeding, the Kings received a full discharge; the Defendants are permanently enjoined from pursuing and acquiring discovery to maintain discharged claims. *See* enclosure (bankruptcy order discharging

Hon. James L. Cott
United States District Court      Re: Case No. 14-cv-07694 (JFK-JLC)      1/9/2019

the Kings from bankruptcy in 2010 and final report and account of Chapter 7 trustee listing the Defendants' claims against the Kings as discharged).

Moreover, we advised the Defendants' counsel weeks ago that we are prepared to meet and confer about what we view to be the overt irrelevancies in their demands, as to which we have received no response. The Defendants have failed to comply with Your Honor's requirement of a meet and confer session in this context and, in turn, failed to describe the duration and nature of the meet and confer in their pre-motion letter to the Court.

The Defendants quotes attributed to me in the January 8, 2019 letter are selective, non-contextual and also require comment. With respect to the duly-served motion to dismiss the consolidated third-party action against Raymond King (Yien-Koo's son) for alleged RICO violations, we stipulated with Defendants' counsel that we would replace Raymond King's pending motion with a substitute and omnibus motion consolidating arguments addressing claims not just against Raymond King, but Yien-Koo and Kenneth King as well. Our deadline under the Federal Rules of Civil Procedure to file the omnibus motion to dismiss the third-party RICO action against Yien-Koo and her family is January 14, 2019. Coordination between the parties in this regard is necessary for bundling the motion with Defendants' objections (all of which was discussed with Judge Keenan at the parties' last conference before him). Notwithstanding the implication in the January 8, 2019 letter that we raised the matter to somehow elide our responsibilities, they are separate issues.

In any event, and as we explained to opposing counsel, our clients are in China with limited accessibility, meaning that our interrogatory responses could not be completed as yet. They departed before we were served with the demands and we expect them back less than two weeks hence, whereupon our work on the interrogatory responses will be completed. Needless to say, the Defendants were as much as ninety days late in getting us their written discovery responses and their production of documents—after two costly pre-motion conferences—still remains lacking.[1]

Further, while it is true that I suggested that the Defendants should focus on satisfying their own discovery obligations these many months after their responses were due and in the wake of the two pre-motion conferences addressing them, I stand behind the comment and find nothing objectively misguided in making it. Moreover, although the case is already four-years old its vintage is due to the Defendants' motion practice, repeat substitutions of counsel and non-compliance with the Plaintiff's discovery demands.

---

[1] Defendants were served with document demands, interrogatories, and deposition notices on August 8, 2018.

Hon. James L. Cott
United States District Court        **Re: Case No. 14-cv-07694 (JFK-JLC)**        **1/9/2019**

By reason of the foregoing Plaintiff King respectfully requests that the relief sought by the Defendants in their letter be denied without prejudice. We thank Your Honor for the Court's attention to the forgoing.

Respectfully submitted:

Sam P. Israel, P. C.

**By:**    */s/Sam P. Israel*
Sam P. Israel (SPI0270)
Attorneys for Plaintiffs
180 Maiden Lane, 6th Floor
New York, New York 10038
T: 646-787-9880 | F: 646-787-9886

cc.    All counsel of record (*via* ECF);

Case 1:14-cv-07694-LJL-JLC    Document 144    Filed 01/09/19    Page 4 of 9

**B18 (Official Form 18) (12/07)**

# United States Bankruptcy Court

Southern District of New York
**Case No. 07–13907–mg**
**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| Kenneth Shihai King | Yien Koo King |
| 190 East 72 Street | 190 East 72 Street |
| New York, NY 10021 | New York, NY 10021 |

Last four digits of Social–Security or other Individual Taxpayer–Identification No(s)(if any):

Employer Tax–Identification No(s).(EIN)[if any]:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>August 10, 2010</u>

<u>Martin Glenn</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                          §
                                §
King, Kenneth Shihai            §        Case No. 07-13907 MG
King, Yien Koo                  §
                                §
                                §
            Debtor(s)           §

**CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION
REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY
ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)**

Marianne T. O'Toole, As Trustee, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1)  All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: 3,690,964.00 *(Without deducting any secured claims)* | Assets Exempt: 45,270.00 |
| Total Distributions to Claimants: 1,331,014.36 | Claims Discharged Without Payment: 27,638,985.64 |
| Total Expenses of Administration: 271,418.63 | |

3) Total gross receipts of $ 1,602,432.99  (see **Exhibit 1**), minus funds paid to the debtor and third parties of $ 0.00  (see **Exhibit 2**), yielded net receipts of $ 1,602,432.99  from the liquidation of the property of the estate, which was distributed as follows:

Case 1:14-cv-07694-LJL-JLC    Document 144    Filed 01/09/19    Page 6 of 9

| | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $ NA | $ NA | $ NA | $ NA |
| PRIORITY CLAIMS: CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | NA | 243,974.60 | 243,974.60 | 243,974.60 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | NA | 47,444.03 | 27,444.03 | 27,444.03 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | NA | NA | NA | NA |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | 1,763,843.71 | 29,322,328.72 | 28,450,000.00 | 1,331,014.36 |
| **TOTAL DISBURSEMENTS** | $ 1,763,843.71 | $ 29,613,747.35 | $ 28,721,418.63 | $ 1,602,432.99 |

4)  This case was originally filed under chapter 11 on  12/11/2007 , and it was converted to chapter 7 on  05/28/2008 .  The case was pending for 50 months.

5)  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: __07/12/2012_____        By:/s/Marianne T. O'Toole, As Trustee_____
                                                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Case 1:14-cv-07694-LJL-JLC Document 144 Filed 03/08/19 Page 7 of 9

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 12

Exhibit 9 

| Case No: | 07-13907 -MG |
| --- | --- |
| Case Name: | King, Kenneth Shihai |
| | King, Yien Koo |
| Taxpayer ID No: | ▮▮▮▮ |
| For Period Ending: | 07/12/12 |

| Trustee Name: | Marianne T. O'Toole, As Trustee |
| --- | --- |
| Bank Name: | ▮▮▮▮ |
| Account Number / CD #: | ▮▮▮▮ Checking Account |
| Blanket Bond (per case limit): | $ 93,810,000.00 |
| Separate Bond (if applicable): | |

| | 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | | | | | | 0.00 |
| | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | | ▮ |
| | ▮ | ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| | | | ▮ | | | | | |
| | | | ▮ | | | | | |
| | ▮ | ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| | | ▮ | ▮ | | | | | |
| | | | ▮ | | | | | |
| | ▮ | ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| | | | ▮ | | | | | |
| | | | ▮ | | | | | |
| | | | ▮ | | | | | |
| | ▮ | ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| | | | ▮ | | | | | |
| | | | ▮ | | | | | |
| | ▮ | ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| | | | ▮ | | | | | |
| | | | ▮ | | | | | |
| | ▮ | ▮ | ▮ | | | | | |
| | | | ▮ | | | | | |
| | | | ▮ | | | | | |
| | ▮ | ▮ | ▮ | ▮ | ▮ | | ▮ | ▮ |
| | | | ▮ | | | | | |
| | | | ▮ | | | | | |
| * | 01/10/12 | 001007 | Ethel Griffin and Andrew Wang c/o Backenroth Frankel & Krinsky, LLP 489 5th Ave New York, NY 10017 | Claim 6, Payment 0.11% | 7200-003 | | 28,558.34 | 2,456.02 |
| * | 01/10/12 | 001008 | SK WANG AND ANDREW WANG c/o Backenroth Frankel & Krinsky, LLP | Claim 7, Payment 0.11% | 7200-003 | | 2,456.02 | 0.00 |

Ver: 16.06b

LFORM24
**UST Form 101-7-TDR (5/1/2011)** *(Page: 24)*

Case 1:14-cv-07694-LJL-JLC   Document 144   Filed 03/08/19   Page 8 of 9

Page: 13

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9 

| | | |
|---|---|---|
| Case No: | 07-13907 -MG | |
| Case Name: | King, Kenneth Shihai | |
| | King, Yien Koo | |
| Taxpayer ID No: | ▉▉▉▉▉ | |
| For Period Ending: | 07/12/12 | |

| | | |
|---|---|---|
| Trustee Name: | Marianne T. O'Toole, As Trustee |
| Bank Name: | ▉▉▉▉▉ |
| Account Number / CD #: | ▉▉▉▉▉ |
| | |
| Blanket Bond (per case limit): | $ 93,810,000.00 |
| Separate Bond (if applicable): | |

| | 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| | Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| * | 06/19/12 | 001007 | 489 5th Avenue<br>New York, NY 10017<br>Ethel Griffin and Andrew Wang<br>c/o Backenroth Frankel & Krinsky, LLP<br>489 5th Ave<br>New York, NY 10017 | Claim 6, Payment 0.11% | 7200-003 | | -28,558.34 | 28,558.34 |
| * | 06/19/12 | 001008 | SK WANG AND ANDREW WANG<br>c/o Backenroth Frankel & Krinsky, LLP<br>489 5th Avenue<br>New York, NY 10017 | Claim 7, Payment 0.11% | 7200-003 | | -2,456.02 | 31,014.36 |
| | 07/03/12 | 001009 | CLERK OF THE COURT<br>U.S. Bankruptcy Court<br>One Bowling Green<br>New York, NY 10004-1408 | Unclaimed Funds | 7200-000 | | 28,558.34 | 2,456.02 |
| | 07/03/12 | 001010 | CLERK OF THE COURT<br>U.S. Bankruptcy Court<br>One Bowling Green<br>New York, NY 10004-1408 | Unclaimed Funds | 7200-000 | | 2,456.02 | 0.00 |

| | Deposits | Disbursements | Balance |
|---|---|---|---|
| COLUMN TOTALS | 55,364.63 | 55,364.63 | 0.00 |
| Less: Bank Transfers/CD's | 55,364.63 | 0.00 | |
| Subtotal | 0.00 | 55,364.63 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 0.00 | 55,364.63 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account - ▉▉▉▉ | 47.90 | 80.41 | 0.00 |
| Checking Account - ▉▉▉▉ | 0.00 | 0.00 | 0.00 |
| Money Market Account - ▉▉▉▉ | 1,377,370.90 | 167.18 | 0.00 |
| Checking Account - ▉▉▉▉ | 225,000.00 | 1,546,820.77 | 0.00 |
| | | | |
| Page Subtotals | 0.00 | 0.00 | |

Ver: 16.06b

Case 1:14-cv-07694-LJL-JLC   Document 144   Filed 01/09/19   Page 9 of 9

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 07-13907 -MG | | Trustee Name: | Marianne T. O'Toole, As Trustee |
|---|---|---|---|---|
| Case Name: | King, Kenneth Shihai | | Bank Name: | Capital One |
| | King, Yien Koo | | Account Number / CD #: | ▮ Checking Account |
| Taxpayer ID No: | ▮ | | | |
| For Period Ending: | 07/12/12 | | Blanket Bond (per case limit): | $ 93,810,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Money Market Account - ▮ | | 14.19 | 0.00 | 0.00 |
| | | | Checking Account - ▮ | | 0.00 | 55,364.63 | 0.00 |
| | | | | | ------------------------ | ------------------------ | ------------------------ |
| | | | | | 1,602,432.99 | 1,602,432.99 | 0.00 |
| | | | | | ============== | ============== | ============== |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals            0.00            0.00

Ver: 16.06b

LFORM24

**UST Form 101-7-TDR (5/1/2011)** *(Page: 26)*