**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
:
YIEN KOO KING, NORTHWICH :
INVESTMENTS, and SOON HUAT, INC., :
:
                       Plaintiffs, :    **ORDER**
:
            -v- :    14-CV-7694 (JFK) (JLC)
:
ANDREW WANG, SHOU-KUNG WANG :
BAO-WU TANG, JIAN BAO GALLERY, :
ANTHONY CHOU, CHEN MEI-LIN, :
WEI ZHENG, YE YONG-QING, :
YUE DA-JIN, and JOHN DOES 1–9, :
:
                       Defendants. :
-----------------------------------------------------------------X
:



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2019

**JAMES L. COTT, United States Magistrate Judge.**

      The Court is disappointed that the parties continue to squabble at virtually every turn in this case, and since the last conference on December 19 have already presented two sets of disputes for the Court to resolve (Dkt. Nos. 141–44). Unfortunately, on the current record, the Court is not able to resolve either one.

      <u>First</u>, as to the dispute related to the proposed protective order regarding whether all "personal" information should be handled on an "attorneys' eyes only" basis, the Court needs additional information in order to be able to make a determination as to the proper designation of personal data in this case. Defendants need to identify, with particularity, what information or categories of information they believe should be designated for "attorneys' eyes only," and why. The Court will not make such a designation the "default" in this case unless there is showing of good cause to do so, which has not been made to date. While it is true, as defendants suggest, that in many cases it is "standard practice" to designate personal financial information for "attorneys' eyes only," this case with its lengthy history and complicated familial and financial background may not be one of them. Counsel should not be hamstrung from consulting with their respective clients about the information produced in this case unless there is a legitimate basis for such a restriction. Relatedly, both at the December 19 conference and in their recent letter to the Court (Dkt. No. 142), defendants express "serious security concerns" regarding the production and handling of certain personal information. The Court needs to be presented with a more comprehensive explanation of precisely what these concerns are based on, and why they justify the blanket "attorneys' eyes only" designation that defendants are seeking.[1]

---

[1] As to the issue regarding <u>who</u> should be allowed access to confidential information designated as "attorneys' eyes only," the Court believes that defendants' proposal on this point should carry

1

      <u>Second</u>, as to the dispute about plaintiffs' purported failure to make timely responses, the Court is not prepared on the present record to grant the relief requested by defendants, to wit, that plaintiffs produce documents responsive to defendants' discovery demands and respond to defendants' interrogatories by January 11, 2019.  As a threshold matter, it does not appear that the parties have had a meet and confer, or more precisely a <u>meaningful</u> meet and confer targeted to the scope of defendants' document requests.  They are hereby directed to do so forthwith.  If the meet and confer fails to resolve the pending dispute as to document production, defendants may raise this issue at the January 18 conference.  Plaintiffs should be mindful, however, that the fact that they remain in China is not an excuse, in and of itself, to avoid their responsibilities in this case.  Interrogatory responses can be finalized in advance of their return to the United States and those responses should be provided to defendants as soon as practicable.  At the January 18 conference, to the extent they have not met all of their obligations, plaintiffs should be prepared to explain why they have been unable to do so and to identify specific dates <u>in January</u> by which they propose to make their document production and submit their interrogatory responses.

      Any additional information that the parties wish to submit as to either of these disputes may be included as part of their January 15 submissions to the Court.  The Court will make its best efforts to resolve these disputes at the January 18 conference if the record has been sufficiently developed for it to do so.

      **SO ORDERED.**

Dated: January 9, 2019
      New York, New York

                                                        _____
                                                        JAMES L. COTT
                                                        United States Magistrate Judge

---

the day.  In other words, while there may be a need to disclose such information to non-attorneys, the proposed mechanism that allows disclosure to other persons with prior written consent of the producing party or its attorneys is sufficient and allows the parties to address production of this information on an as-needed basis.