# Kasowitz Benson Torres LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

Kim Conroy
Direct Dial: (212) 506-1946
KConroy@kasowitz.com

Aspen
Atlanta
Houston
Los Angeles
Miami
Newark
San Francisco
Silicon Valley
Washington DC

February 27, 2019

**BY ECF and Hand Delivery**

Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21-D
New York, NY 10007

    Re:    *King, et al. v. Wang et al.*, Case No. 1:14-cv-07694-JFK-JLC;
                *Wang, et. al. v. King, et. al.*, Case No. 1:18-cv-08948-JFK-JLC

Dear Magistrate Judge Cott:

       We write on behalf Andrew Wang and Shou-Kung (the "Wangs or "Defendants") in advance of the discovery conference scheduled for March 4, 2019. Significant disputes exist between the parties regarding discovery in these actions. Among other issues, Plaintiff continues to maintain -- despite Your Honor's admonition at the last status conference -- that she is under no obligation to participate in discovery in, or as she perceives related to, the Wangs' affirmative case because her motion to dismiss is yet to be ruled on by Judge Keenan. This week Plaintiff informed the Defendants that, yet again, intend to seek a stay of discovery. On this basis, already rejected by both Judge Keenan and Your Honor, Plaintiff has refused to produce documents relevant to the Wangs' affirmative claims, fully respond to interrogatories, or consent to an inspection of artwork in her possession. Plaintiff's refusal to participate in discovery on this basis is in direct violation of Your Honor's directive at the parties' last status conference. The Wangs respectfully request Your Honor's intervention and assistance with respect to the matters set forth herein.

### *Plaintiff's Refusal to Produce Discovery Related to the Wang's Action*

      Pursuant to the Court's directive at the January 18, 2019 discovery conference (the "1/18 Conference") and subsequent order, the parties were directed to serve initial disclosures in the actions by January 31, 2019. Plaintiff has disregarded that order. To date, Plaintiff has not served initial disclosures in connection with the Wangs' affirmative case.

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
February 27, 2019
Page 2 of 8

On February 26, 2019, the parties met and conferred (the "2/26 M&C") and Plaintiff informed Defendants that Plaintiff intends to seek -- for the third time -- a stay of discovery in the Wangs' affirmative case pending resolution of Plaintiff's motion to dismiss, and thus contends Plaintiff is not obligated to participate in any discovery related to the Wang action. Plaintiff's refusal to provide discovery in the Wangs' affirmative case is in direct contradiction with the Court's order. Your Honor denied a request by Plaintiff to stay discovery in the Wangs' affirmative case at the 1/18 Conference and made clear that discovery in the Wangs' case was to proceed as directed by Judge Keenan. Plaintiff's refusal to provide initial disclosures and produce documents has impeded the Wangs' ability to conduct discovery in their affirmative case and makes completion of document discovery by March 15, 2019 all but impossible. Accordingly, Defendants respectfully request the Plaintiff be ordered to serve initial disclosures and produce documents in the Wang action immediately.

As set forth above, Plaintiff informed Defendants that Plaintiff intends to seek a stay of discovery in the Wangs' affirmative case for a third time. In brief review, on November 27, 2018, the Plaintiff requested Judge Keenan stay discovery in the Wangs' affirmative case pending a determination of Plaintiff's motion to dismiss. Judge Keenan denied the Plaintiff's request, consolidated the two actions for discovery purposes, and referred the cases to Your Honor. Upon commencement of discovery, Plaintiff refused to participate in discovery in the Wangs' affirmative case on the grounds she intended to seek a stay of discovery. During a meet and confer on January 15, 2019, Plaintiff refused to discuss the Wangs' request for documents related to their complaint, stating she intended to seek a stay of that discovery from this Court despite Judge Keenan's previous ruling.

In a letter dated January 15, 2019, and again at the 1/18 Conference, Plaintiff requested that Your Honor stay discovery in the Wangs' affirmative case, which Your Honor promptly denied pursuant to Judge Keenan's previous determination. (*See* 1/18 Tr. at 20:15-23:15) Subsequent to Your Honor's denial of Plaintiff's request for a stay, and given Plaintiff's previous refusal to meet and confer regarding discovery in the Wangs' affirmative case, counsel for Defendants suggested that the matter be tabled so that the parties could meet and confer on those document requests. (*Id*. at 51:3-52:5)

Thereafter, in an effort to reach agreement, Defendants sent Plaintiff the following list of the categories of documents they are seeking in relation to their affirmative claims[1]:

a. D&C related to assets transferred from CC Wang, CC Wang entities or the Estate to Defendants and/or their named controlled entities.
b. D&C regarding the corporate organization of: Northwich, Soon Huat, Tie Fung, Goldwave, Excal, Translink, Luxin, Eastpal, and/or Zenas.
c. D&C regarding Dr. Lloyd.

---

[1] Defendants also noted that many of these categories of documents were requested in Defendants' request for production in Plaintiff's affirmative action as such evidence could support Defendants' defenses.

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
February 27, 2019
Page 3 of 8

- d. D&C concerning sales of artwork that originated from CCW that the Kings or their representatives or entities sold/transferred since the TRO.
- e. D&C concerning Jeffrey Zankel referenced in the Cmplt. ps. 44-47.
- f. D&C with or concerning HH Fang related to Northwich certificate or artwork that originated from the CC Wang collection.
- g. D&C with or concerning Xin Zhao, Jian-Min Zheng, Ti-Quan Liu, Yong-Yu Lin, Ming Yan and/or their reps/entities concerning any sales of artwork.
- h. D&C reflecting artwork on the Appel Inventory that is in China, including when and how they were transferred and any declarations, customs reports or required documentation.
- i. D&C reflecting any funds received by the King Defendants related to artwork on the Appel Inventory.
- j. D&C concerning the source of funds for litigation costs, Raymond King's purchase of YK's apartment and YK's Shanghai home.
- k. D&C concerning the appraisal/valuation of any artwork on the Appel Inventory and/or originated from CC Wang's collection that YK cited as part of her estate during her bankruptcy proceeding.
- l. D&C concerning or evidence any ownership, sale, exhibition, transfer or auction of any artwork that: 1) was on the Appel Inventory and/or 2) originated with the Estate or CY Art or any entity/trust controlled by CC Wang that was purportedly sold, gifted or transferred to: 1) the Kings, 2) Norwich; 3) Soon Huat; 3) Tie Fung; 4) Soon Huat; 5) Tie Fung; 6) Goldwave; 7) Excal; 8) Translink; 9) Luxin; 10) HH Fang; and 11) any other family members of the Kings, including financial or tax returns.
- m. D&C sufficient to demonstrate the locations of any artwork stored at Day & Meyer (D&M), including an inventory or record of the art stored with D&M and when artwork was removed.
- n. D&C concerning James Soon and any artwork or CC Wang.
- o. D&C regarding North Fork Bank and any artwork.
- p. D&C sufficient to demonstrate the controlling interest or transfer of control concerning:  1) Northwich; 2) Soon Huat; 3) Tie Fung; 4) Goldwave; 5) Excal; 6) Translink; 7) Luxin; 8) Eastpal; and 9) Zenas.
- q. Defendants' assets listed on tax returns.
- r. D&Cs sufficient to establish the source of funds related to: 1) R. King's 72nd st. purchase and 2) YK's Shanghai real estate purchases.
- s. D&C sufficient to show the source of funds related to funding any Estate or this litigation.
- t. D&C related to YK's knowledge of the 2009 BWT exhibition, including any travel to China in 11/09.
- u. D&C related to the Shanghai exchange between the Kings and AW.
- v. Documents identified/referenced in the King's interrogatory responses and Rule 26 disclosures.

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
February 27, 2019
Page 4 of 8

At the 2/26 M&C, Plaintiff yet again refused to address these requests or produce any documents responsive to them on the grounds that Plaintiff intends to *again* seek a stay of discovery in the Wangs' affirmative case.[2] Over 3 months have passed since Judge Keenan referred these matters to Your Honor and Plaintiff has never sought such relief. Further, this Court invited Plaintiff to file such a motion if it sought such relief over a month ago. (*See* 1/18 Tr. at 23:3-15) As of yet, Plaintiff failed to do so.

Plaintiff's refusal to participate in discovery in the Wangs' affirmative case is contrary to the unequivocal orders of both Judge Keenan and Your Honor and Plaintiff's "intention" to file a motion to stay discovery does not relieve Plaintiff of her obligations. Plaintiff's conduct in connection with discovery in the Wangs' affirmative case is baseless. Accordingly, the Wangs respectfully request that Your Honor order Plaintiff immediately commence producing documents responsive to the Wangs' document requests and to complete such production by no later than March 15. The Wangs further request that, in the event Plaintiff continues to refuse to participate in discovery in the Wangs' case and fails to complete her production, the Court grant an adverse inference sanction against Plaintiff.

### *Plaintiff's Interrogatory Responses*

Plaintiff also refuses to respond to, or has offered extremely limited responses to, several of the Wangs' interrogatory requests that Plaintiff deems related to the Wangs' affirmative case. Plaintiff set forth this position in her February 1, 2019, responses and objections to Defendants' First and Second sets of Interrogatories ("Plaintiff's Interrogatory Responses") and maintained it at the 2/26 M&C. To that end, Plaintiff has either refused to respond, or significantly limited her response to, Defendants' interrogatories seeking information relevant to artwork currently, or previously, in her possession, custody or control, including: artwork represented by Plaintiff on the Appel Inventory as being in her possession; information regarding the location of that artwork; information concerning her purchase, selling, transferring, or transporting of Chinese art; and, the identity of individuals with knowledge of the same. (Plaintiff's Interrogatory Responses 12-16). Additionally, Plaintiff has refused to respond to interrogatories seeking information about her finances, the corporate entities that she purports to control, the sources of her assets, and the addresses of properties she owns or controls. (*Id*. at 17-20). As noted above, Plaintiff's contention that her intention to seek a stay of discovery relieves her of her discovery obligations is contrary to this Court's directive and order.[3]

---

[2] We note that Your Honor invited Plaintiff to file a motion with Judge Keenan at the 1/18 Conference. Now a month has passed, no motion was filed, and Plaintiff's counsel continues to insist that she has no obligation to participate in discovery in the Wangs' affirmative case. (*See* 1/18 Tr. at 23:3-15)

[3] Moreover, many of the interrogatories that Plaintiff refuses to answer bear on *both* her case against the Wangs' and the Wangs' affirmative case or the Wangs' defenses to Plaintiff's claims.

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
February 27, 2019
Page 5 of 8

### *Inspection of Artwork in Plaintiff's Possession*

As raised at the 1/18 Conference, the Defendants have requested that Plaintiff make available for inspection all artwork on the Appel Inventory or otherwise claimed by the Estate that is in her possession. (*See* 1/18 Tr. at 68:9-20) The Wangs attempted to meet and confer concerning the inspection, and expressed willingness to make artwork in the Wangs' possession available to Plaintiff for inspection. Plaintiff objects to any inspection of the artwork in her possession on the ground that it is not relevant to her action against the Wangs and that she has no obligation to participate in discovery in the Wangs' affirmative case. Plaintiff's contentions are baseless.

As Your Honor has recognized, the Wangs' claims in their affirmative action center in large part around artwork Plaintiff wrongfully converted, disposed of, or looted from the Estate. An inspection of the artwork in Plaintiff's possession is critical to determine what artwork is in her possession. The inspection is all the more critical at this juncture because, as the Wangs' allege in their Amended Complaint, an illegal sale by Plaintiff was discovered as recently as December 2018, when artwork Plaintiff claimed was in her possession was sold at a public auction in China (indicating it was likely sold Plaintiff at an earlier date.) The Wangs request an inspection of the artwork in her possession to determine the full scope of Plaintiff's misconduct. Further, an inspection of the artwork in Plaintiff's possession is relevant to the Wangs' affirmative defenses of, *inter alia*, fraud and misrepresentations by Plaintiff, unclean hands, illegality, *in pari delicto*, and Plaintiff's concealment of assets and relevant facts. Defendant's position is that the discovery sought supports these defenses to the extent they demonstrate Plaintiff's own bad actions or support a finding barring Plaintiff's claims in whole or part.

Finally, we note for Your Honor that on February 11, 2019, the Surrogate's Court issued an order removing Plaintiff as preliminary executor of the Estate – except for the limited purpose of pursuing this action -- based on these same allegations regarding disposal of restrained property claimed by the Estate pending final determination on the issue. (*See* February 11, 2019 Surrogate's Court Decision, at 3, attached hereto as Ex. 1) Accordingly, for the foregoing reasons, an inspection of the artwork in Plaintiff's possession is critical to resolution of the factual issues before the Court and the Wangs respectfully request that the Court order Plaintiff to make the artwork in her possession available for inspection by no later than March 15, 2019.

### *Documents Produced in the Surrogate's Court Action*

At the 1/18 Conference, the Court heard argument concerning, and addressed, the production of documents previously produced in the Surrogate's Court proceedings. At the 1/18 Conference, and in further communications, Plaintiff's counsel has asserted that these prior productions contain documents responsive to many of the Wangs' document requests and other documents Plaintiff intends to rely upon in this action. (*See* 1/18 Conference Transcript ("1/18 Tr.") at 27:9-35:10) At the 1/18 Conference, the Wangs' offered to, at their own cost, have a vendor duplicate the Surrogate's Court productions in Plaintiff's possession. Plaintiff's counsel

KASOWITZ BENSON TORRES LLP

Honorable James L. Cott
February 27, 2019
Page 6 of 8

objected on the grounds that they had work product interspersed in the productions. The Court resolved the dispute and ordered Plaintiff's counsel to remove its work product from the productions so that a vendor could copy the files. (1/18 Tr. at 32:9-33:5) On February 22, 2019, Defendants inquired about the timing for sending a vendor to Plaintiff's counsel's office to duplicate the files, but received no response. At the 2/26 M&C, Plaintiff's counsel stated they had not prepared their files for copying because they had not received a request from Plaintiff to copy the files. This assertion was false. The Wangs' demand for these documents has been pending for months and the Court's directive that Plaintiff prepare the documents for copying was clear. Regardless, Defendants' counsel offered to send a vendor to duplicate the files that same day. In response, Plaintiff's counsel reasserted that their files were not ready and did not provide a date by which they would be. Accordingly, we respectfully request that the Court order the Surrogate's Court productions in Plaintiff's possession be prepared for duplication and production by no later than March 6, 2019. Defendants will also make the documents produced in the Surrogate's Court action in their possession available to the vendor for production on that same date.

### *Documents Plaintiffs Agreed to Produce at the 1/18 Conference*

On the 2/26 M&C, Plaintiff's counsel advised that numerous documents Plaintiff agreed to produce related to Plaintiff's allegations in her amended complaint, consist of: 1) documents produced in the Surrogate's Court's action and/or 2) submissions and/or transcripts from the Surrogate's Court action. Notwithstanding the documents produced in the Surrogate's Court action that will be exchanged, Defendants respectfully request that to the extent Plaintiff will not produce the submissions and/or transcripts from the Surrogate's Court action she relied upon in asserting her claims in the amended complaint, Plaintiff be ordered to identify the specific submissions and transcripts in question.

### *Search Terms for Electronically Stored Information ("ESI")*

As discussed at the 1/18 Conference, the parties have been discussing exchanging search terms for months. Though the parties had not agreed on terms, the Wangs' applied a broad set of terms to ESI in their possession, produced documents from that collection, and are preparing a final production of documents located via these search terms. As Plaintiff conceded at the 1/18 Conference, Plaintiff has not reviewed, produced or applied any search terms to the ESI in their possession (or in the possession of the other defendants in the Wangs' affirmative case, Kenneth King and Raymond King). (*See* 1/18 Tr. at 64:17-22) Prior to the 2/26 M&C, Defendants sent Plaintiff proposed search terms consisting of: 1) the disputed artwork and artists listed on the Appel Inventory and corresponding artists in English and Chinese, and 2) approximately 200 terms, mainly in English, consisting mostly of names of relevant people or entities. Plaintiff advised on the 2/26 M&C that given the breadth of the terms they were not in a position to agree and required time to do so, but would not commit to a deadline prior to the hearing before the Court. Given the March 15, 2019 deadline, Defendants respectfully request the Court order Plaintiff to respond with their position no later than March 6, 2019.

# Kasowitz Benson Torres LLP

Honorable James L. Cott
February 27, 2019
Page 7 of 8

### *Defendants' Additional Document Requests*

Defendants served additional document requests in Plaintiff's action on February 1, 2019 and document requests in Defendants' affirmative action on February 12, 2019.  Plaintiff's time to respond is not due until March 9, 2019 and March 14, 2019, respectively.  In anticipation of the 2/26 M&C, Defendants sent Plaintiff the categories of documents sought in relation to Plaintiff's action, identified below, that Defendant was seeking and suggested the parties meet and confer in advance of the formal objections to see if the parties could agree on some categories of documents.

   a. Additional documents specifically referenced or concerning allegations in the Complaint.
   b. D&C concerning persons identified in the King's interrogatories.
   c. Copies of documents the Kings claim were false and transmitted through mails and/or fax.
   d. D&C you intend to use at any deposition or trial.
   e. Third party productions received in response to subpoenas issued in this action.
   f. Affidavits, declarations or other sworn testimony by YK or by anyone else concerning or referencing YK.
   g. D&C related to YK's mental health.
   h. D&C concerning the reproduction/licensing of any print in the CC Wang collection and/or on the Appel Inventory.
   i. D&C regarding the Wangs' finances, holdings or control of companies.
   j. Images of all artwork referenced in the Complaint and Appel Inventory.
   k. D&C regarding Le Tao and Le Style.
   l. D&C concerning: 1) Elizabeth Hammer and 2) Chao Pao Yung.
   m. D&C with media regarding the substance of the Complaint

Requests a, c, g, i and k are the categories of documents Plaintiff already conceded are relevant as they directly are referenced in their complaint and should be produced. Categories b, d and e relate to documents or people identified *by Plaintiff* as relevant.  Plaintiff cannot not reasonably object to the production of such documents.  Categories f and m speak to Plaintiff's admissions and or other testimony about Plaintiff's character, which are demonstrably relevant.  Categories h and l relate directly to Defendants' defenses.  Finally, category j is crucial to Defendants' defense in this matter, as well as their affirmative claims.  As noted above, Chinese translation is a bit of a land mind and fraught with easily made mistakes.  Indeed, one Chinese character can have anywhere from 3-5 interpretations.  Plaintiff's allegations bring into question certain artwork that it claims it saw *in print* was attributed to Defendants after the purported Straw Man sales.  Defendants should have access to any images of the artwork in dispute to demonstrate that such artwork, when compared to what is in their possession, is inconsistent and or was not the artwork purportedly displayed by Defendants at various exhibitions in China.

K ASOWITZ  B ENSON  T ORRES LLP

Honorable James L. Cott
February 27, 2019
Page 8 of 8

      Despite Defendants' attempts to reach resolution without the Court's interference, Plaintiff was unwilling to do so.  Accordingly, Defendants respectfully request that a status conference be set on March 21, 2019, to address the Plaintiff's additional requests should the parties be unable to reach agreement.

### *Plaintiff's Outstanding Discovery Requests*

      The Plaintiff has articulated two outstanding issues they have with Defendants' discovery:  1) production of formation documents for Le Tao and Le Style Ltds, and 2) inspection of the original Trust document.  Both these issues were addressed at the 1/18 Conference. (*See* 1/18 Tr. at 76:24-79:1)  Defendants maintain that they will produce the formation documents to the extent they have them before March 15, 2019.  As to the Trust document, as Defendants have repeatedly asserted, a copy of the document in their files was produced in its entirety and this Court already ruled on the inspection issue.  Plaintiff has articulated no other issue with Defendants' production as outstanding or in dispute.

      Respectfully submitted,

      /s/ *Kim Conroy*

      Kim Conroy

cc:    All counsel of record (by ECF)