

**SAM P. ISRAEL**
FOUNDER & MANAGING PARTNER

Eleonora Zlotnikova
Timothy Foster
Timothy Savitsky
David Hrovat
*Associates*

**BY ECF**
Hon. John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

July 26, 2019

Re: *King v. Wang et. al.* **No. 14-cv-07694 (JFK-JLC)**

Dear Judge Keenan,

We write on behalf of Yien-Koo King ("Yien-Koo" or "Plaintiff") concerning Defendants Andrew and Shou-Kung Wang's (together "Defendants") letter of July 24th in which they, inter alia, seek to extend the deadline for Defendants to file a summary judgment motion until December. The Plaintiff does not resist a limited extension of the Defendants' August 5, 2019 deadline to file a motion for summary judgment but proposes that the Defendants either be allotted an additional 30 days from the July 31st close of fact discovery or 30 days from the date of the parties' anticipated mediation. It is the Plaintiff's position that the Defendants have failed to articulate a basis or need to delay the stipulated-to summary judgment deadline until after expert discovery is completed.

In the parties' conference before Your Honor in April 2019, the Defendants described their anticipated summary judgment motion as turning on statute of limitations grounds and called it "a layup"; they sought to make it as quickly as possible, even before the close of fact discovery. Following additional discussion, the parties stipulated, and the Court ordered, that the motion would be made by August 5, 2019.

After having contended with five years of litigation in this action, much of it spent defending against multiple motions to dismiss and advancing an appeal, the Plaintiff is eager to have her day in Court. The Defendants have sought multiple discovery extensions which should factor into how far the case should be prolonged. Originally, discovery was to end in January 2019. The Defendants then obtained three extensions, pushing fact discovery through July 2019. Meanwhile, it is not just the Plaintiff who is aged, but certain of the Plaintiff's witnesses are at points in their lives where their memories are dimming and their very availability for giving testimony at trial is more tenuous each passing month. On the other hand, nothing has changed since the August

Case 1:14-cv-07694-LJL-JLC   Document 183   Filed 07/26/19   Page 2 of 3

Hon. John F. Keenan        *King v. Wang et. al.* No. 14-cv-07694                7/25/19
_____

5, 2019 deadline was stipulated to other than the further efforts by the Defendants to cover their tracks by disposing of the subject artworks.

Based upon the evidence gathered to date, time is of the essence. During his June 2019 deposition, Andrew Wang ("AW") admitted for the first time that all of the 98 classical Chinese paintings which the Amended Complaint alleges were self-dealt by him and his father were, in fact, paid for by AW's own overseas corporations. The Public Administrator's former counsel, Peter Schram, testified that he had no knowledge that the multi-million-dollar payments the Estate was receiving on the six sales were actually coming directly from the preliminary executor's Hong Kong and BVI companies. AW further admitted all 98 paintings were then shipped to his personal accountant's office in Hong Kong—another fact never disclosed to the Public Administrator, his co-fiduciary, or her counsel at the time of the sales.

Since then, AW and Shou-Kung Wang have demonstrated a continued pattern of corporate asset shuffling to hide assets by means of an irrevocable trust (for which the Defendants failed to produce an asset schedule) and at least five entities formed in the British Virgin Islands and Hong Kong. When asked why he needed to incorporate so many entities and dissolve them one after another, AW stated "I don't know the precise reasons, but sometimes for a certain purpose, for certain transactions of paintings, that you need to incorporate a new company for accounting purposes." AW has not produced any corporate records for Le Style Limited, an entity which he admittedly used to pay the Estate for its Chinese paintings while he was fiduciary, nor have the Defendants produced any auction sales records for their admitted auction activities in China.

In fact, the evidence and testimony suggest that the Defendants organize overseas transactions to hide their assets. For instance, AW and Shou-Kung Wang have purchased a 5.9 Million home on Long Island with a $500,000.00 down payment that came directly from an overseas corporation called "Le Tao Limited" which is personally owned by AW. The remainder of the $5.9 million purchase price was paid to Shou-Kung Wang's irrevocable trust from an unidentified person from China. Since then, AW claims to have dissolved Le Style, Le Tao, and other BVI entities which he said existed to conduct "business transactions" as well as facilitate "art consultation" overseas. No corporate books or records for these entities have been produced. The Plaintiff's justified concern over the secretion of assets and use of shell companies to avoid judgment grows as this case is further delayed.

Pushing the stipulated deadline back from August 5th to December 2019 not only creates an increased risk of pre-judgment asset secretion in the interim and witness unavailability, but is also contrary to the parties' prior, so-ordered agreement. For the foregoing reasons—and given that the Defendants have not explained why their summary judgment motion would be affected by expert opinions as to damages—the Plaintiff respectfully submits the time for the Defendants to file the motion should be extended no further than October 5, 2019. We thank Your Honor for the Court's attention to this matter.

Hon. John F. Keenan        *King v. Wang et. al.* **No. 14-cv-07694**                          7/25/19
_____

                                    Respectfully submitted:

                                    Sam P. Israel, P. C.

                                    **By:**   */s/Sam P. Israel*
                                    Sam Israel (SPI 0270)

cc.   All counsel of record [via ECF]