# KASOWITZ BENSON TORRES LLP

|  | 1633 BROADWAY | ATLANTA |
|---|---|---|
|  |  | HOUSTON |
| THOMAS KELLY | NEW YORK, NEW YORK 10019 | LOS ANGELES |
| DIRECT DIAL: (212) 506-1872 | (212) 506-1700 | MIAMI |
| DIRECT FAX: (212) 835-5292 |  | NEWARK |
| TKELLY@KASOWITZ.COM | FAX: (212) 506-1800 | SAN FRANCISCO |
|  |  | SILICON VALLEY |
|  |  | WASHINGTON DC |

**MEMO ENDORSED**

July 24, 2019



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-30-19

**BY ECF**

Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, NY 10007

    Re:    *King, et al. v. Wang et al.*, Case No. 1:14-cv-07694-JFK-JLC

Dear Judge Keenan:

    We write on behalf of the Wang parties to the above-referenced action to provide Your Honor an update on the parties' plans to mediate and to request a conference to discuss scheduling of expert discovery and motions for summary judgment.

**Mediation**

    In accordance with Magistrate Judge Cott's Order dated July 1, 2019, counsel for the Wang and King parties have conferred and agreed to avail themselves of private mediation services in an effort to resolve this action and the actions concerning the Estate of C.C. Wang pending in the Surrogate's Court of the State of New York. The parties are currently working to schedule a mediation during the weeks of September 9 or 16 and will promptly report back to the Court regarding the outcome subsequent to the mediation.

**Update on Fact Discovery**

    Fact discovery in this action is nearing completion. On July 1, 2019, Judge Cott extended the discovery deadline to July 31, 2019 to allow for depositions and document discovery in connection with two non-party witnesses only identified by Plaintiff near the previously scheduled discovery cut-off date, *i.e.*, without sufficient time for Defendant to seek documents and depositions prior to the June 28, 2019 discovery end date. The parties anticipate that document productions and additional depositions will be substantially completed by July 31,

# KASOWITZ BENSON TORRES LLP

Honorable John F. Keenan
July 24, 2019
Page 2

though the deposition of a foreign witness remains to be scheduled and may take place, with the consent of the parties, in early August 2019.

**Expert Discovery**

To date, the Court has not set a schedule for expert discovery in this matter. The parties met and conferred on the issue on July 22, 2019 and agreed to jointly request that the Court order the following schedule:

- Parties to exchange any affirmative expert reports by September 13, 2019.

- Parties to exchange any rebuttal expert reports by October 31, 2019.

- Expert depositions to be completed by November 29, 2019.

**Summary Judgment Motions**

Following a status conference with Your Honor on April 24, 2019, the Court set an August 5, 2019 deadline for Defendants to file for summary judgment. Given the extension of fact discovery and the forthcoming expert discovery, Defendants request an extension of the deadline for summary judgment motions. The parties have met and conferred on the issue, but have not agreed on the terms of an extension.

Defendants request an extension of the summary judgment deadline until 30 days following the close of expert discovery. At the time the August 5 deadline was set by the Court, fact discovery was set to close on June 28, 2019. When summary judgment was discussed with the Court, Defendants indicated at that time that they intended to move on statute of limitations grounds, though no limitation was imposed on the scope of defendants' potential motion. The deadline was set for after fact discovery, in part, to avoid serial motions for summary judgment. Through fact discovery over the last several months, defendants have developed additional grounds for summary judgment upon which they intend to move including, *inter alia,* failures of evidence concerning RICO predicate acts, causation, and damages. Further, at the time the August 5 date was set, Plaintiffs had not disclosed their intention to submit expert testimony, and Defendants were first informed that Plaintiff intends to offer expert evidence concerning damages on the parties July 22 meet and confer call. Accordingly, Defendants submit that summary judgment briefing should not proceed until after expert discovery is completed and request that summary judgment motions be submitted by December 20, 2019.

Plaintiff expressed consent to an extension of the deadline to file for summary judgment until 30 days after the parties' mediation, but objects to scheduling summary judgment motions after the close of expert discovery. Plaintiff taken the position that Defendants' should be required to move for summary judgment briefing on an incomplete record. Given Plaintiff's recently expressed intention to submit expert testimony on damages, and Defendants' current

KASOWITZ BENSON TORRES LLP

Honorable John F. Keenan
July 24, 2019
Page 2

intention to move for summary judgment on damages grounds, there is no logic to proceeding with summary judgment briefing prior to expert discovery.[1] Should the Court deny Defendants' request that summary judgment motions follow expert discovery, Defendants request that summary judgment motions be due 30 days following the parties' upcoming mediation *and* that Plaintiff be precluded from submitting expert evidence in opposition to Defendants' summary judgment motion.

Pursuant to F.R.C.P. 56, Defendants are, by default, entitled to file for summary judgment, unless the Court orders otherwise, "at any time until 30 days after the close of all discovery." With this request that summary judgment briefing be scheduled to be submitted 30 days after the close of expert discovery, Defendants merely request what they are entitled to under the federal rules, and respectfully submit that there is no basis to deviate from the normal rule.

Defendants are available for a telephonic or in-person conference at the Court's convenience should Your Honor wish to discuss with counsel.

Respectfully submitted,

/s/ *Thomas Kelly*
Thomas Kelly

```
Both parties consenting, the Court hereby sets the following schedule for expert
discovery:  Parties are to exchange any affirmative expert reports by September
13, 2019; parties are to exchange any rebuttal expert reports by October 31,
2019; parties are to complete expert depositions by November 29, 2019.
Additionally, summary judgment motions are to be submitted by December 20, 2019.

SO ORDERED.
Dated:   New York, New York
         ~~August~~   , 2019
         July 30
                                                 Hon. John F. Keenan
                                                 United States District Judge
```

---

[1] Plaintiff's counsel has cited the duration of this action, Plaintiff's advanced age, and her "eagerness to have her day in court" as grounds to require summary judgment briefing prior to the close of expert discovery. Defendants submit that the purported long duration of this action is due to the fact that Plaintiff lacked standing to pursue this case until early 2018. Plaintiff's contentions regarding a "race against time" and her "eagerness" to try her case are belied by her conduct in fact discovery, the deadline for which has been extended repeatedly due to Plaintiff's failure to comply with document production deadlines, and now, her late disclosure of critical non-party witnesses.