# Exhibit 57

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YIEN-KOO KING,

                                        **Plaintiff,**

        -against-

ANDREW WANG, SHOU-KUNG WANG, BAO WU
TANG, JIAN BAO GALLERY, ANTHONY CHOU,
CHEN-MEI-LIN, WEI ZHENG, YE YONG-QING, YUE
DA-JIN and JOHN DOES 1-9,

                                        **Defendants.**

**1:14-Civ-07694-JFK**

---

### PLAINTIFF YIEN-KOO WANG KING'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Plaintiff Yien-Koo Wang King, for her initial discovery disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) states as follows (reserving the right to supplement and/or amend these initial disclosures in connection with ongoing review and formal discovery efforts):

i.   **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

| INDIVIDUAL | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| Wei Zheng | 97-37 63rd Road, Apt. #2F, Rego Park, NY 11374 | Upon information and belief, the sole individual listed as the buyer in the Estate of Chi-Chuan Wang's ("Estate") first contract to privately sell the self-dealt Estate assets that are the subject of the complaint in this action ("Complaint"). |
| Peter Schram, Esq. | Contact through counsel for the Public Administrator | Upon information and belief, attorney for the Public Administrator between 2004 and 2009 with knowledge of the procedure and execution of the sale of Estate assets that are the subject of the Complaint. As litigation counsel for the Public |

| | | |
|---|---|---|
| | | Administrator, Peter Schram also has knowledge of the Estate's investigation and prosecution of Estate held claims. |
| Ellen O'Toole-Ewald | O'Toole-Ewald Art Associates, Inc. 274 Madison Avenue Suite 1305 , New York, NY 10016 Phone: 212-989-5151 | Upon information and belief, art consultant hired by the Estate of Chi-Chuan Wang between 2004 and 2009 to review sale proposals of Estate assets. She is expected to have knowledge of valuations that are the subject of the Complaint, the actions of Andrew Wang in setting the values. |
| Martin Klein, Esq. | Kamerman, Uncyk, Soniker, & Klein P.C. 1700 Broadway, 42 Floor New York, NY 10019 212-400-4930 | Upon information and belief, attorney for Andrew Wang in his capacity as Estate fiduciary between 2004 and 2009 and its lawyers; he is believed to have knowledge of the procedure and execution of the sales of Estate assets that are the subject of the Complaint, and other facts relevant to violation of Section 1962(a)'s prohibition against using income received from a "pattern of racketeering activity" to acquire an interest in or to establish an enterprise engaged in or affecting interstate commerce. |
| As yet unidentified former attorneys of Brown, Raysman, Millstein, Felder, & Steiner LLP | | Upon information and belief, law firm responsible for holding purchase prices of self-dealt artwork in escrow on behalf of the strawmen identified in the Complaint, as purported buyers and the Estate, as seller and its lawyers are believed to have knowledge of facts relevant to violation of Section 1962(a)'s prohibition against using income received from a "pattern of racketeering activity" to acquire an |

| | | |
|---|---|---|
| | | interest in or to establish an enterprise engaged in or affecting interstate commerce. |
| Akiva Cohen, Esq. | Kamerman, Uncyk, Soniker, & Klein P.C. 1700 Broadway, 42 Floor New York, NY 10019 212-400-4930 (office) 917-742-6193 (cell) | Upon information and belief, attorney at Brown Raysman, Millstein between 2005 and 2007 with knowledge of the firm's role as escrow agent for the Estate and purported buyers. |
| One or more as yet unidentified representatives of Poly International Auction House | Suites 701-708, 7/F, One Pacific Place 88 Queensway, Admiralty, Hong Kong T. +852 2303 9899 | Upon information and belief, auction company with knowledge of the Defendants' art holdings and public displays and sales in China. |
| Hong Kong and Shanghai Banking Corporation Limited | HSBC headquarters, 8 Canada Square, Canary Wharf, London, UK | Upon information and belief, bank which holds accounts (including account nos. 812-035095-888, 053-1799941-838, and 060-10621-9) in the names of the Defendants and their associates which contain proceeds from their art enterprise. |
| Portcullis TrustNet | Portcullis Chambers, 4th Floor, Ellen Skelton Building 3076 Sir Francis Drake Highway, Road Town, Tortola, VG1110, British Virgin Islands (1284) 494 5296 | Upon information and belief, this trust agency employed by Andrew and Shou-Kung Wang ("Wangs" or "Defendants") is believed to have knowledge of the management of off-shore corporations in multiple countries that were used to transmit funds to the Estate of Chi-Chuan Wang as part of the self-dealing scheme identified in the Complaint. |
| Raymond King | Contact through counsel | Knowledge of Andrew Wang's receipt of 46 paintings on behalf of the Estate on May 11, 2005 and which were later displayed alongside the self-dealt paintings in China between 2009 and 2010. |
| One or more as yet unidentified representatives of | 16 Fuxingmen Outer St, Xicheng Qu, China, 100035 | Upon information and belief, entity which hosted the public |

| | | |
|---|---|---|
| Capital Museum of Beijing | +86 10 6339 3339 | display of over one dozen self-dealt paintings in China in 2009. |
| One or more as yet unidentified representatives of Poly Art Museum of Beijing | China, Beijing, Chaoyang, Chaoyangmen N St, 1号新保利大厦9层<br><br>+86 10 6500 8117 | Upon information and belief, entity which hosted the public display of self-dealt paintings in China in 2010. |
| Rong Lou | 200 East 69th Street, Apt. 5H, New York, NY 10021-5738 | Upon information and belief, Andrew Wang's wife with knowledge of the Defendants' art holdings and public displays and sales in China as well as knowledge of violations of 18 U.S.C. §§ 2314 and 2315 by international and domestic travel in furtherance of a fraudulent scheme. |
| Eric Vardi, Esq. | Reiss Sheppe, LLP, 425 Madison Ave. New York, NY 10017 | Upon information and belief, real estate attorney with knowledge of Defendants' financial accounts and asset holdings, as well as the limitations or other advice given to him in responding to the subpoena duces tecum served upon the witness. |
| Jay Lau, Esq. | Lau and Associates, PC 1133-47 Sanford Ave, Suite C1E, Flushing, NY 11355 | Upon information and belief, real estate attorney with knowledge of Defendants' financial accounts and asset holdings. |
| Yi Lin, Esq. | Yi Lin Esq., 86 Bowery, 2nd Fl. New York, NY 10013 | Upon information and belief, real estate attorney with knowledge of Defendants' financial accounts and asset holdings. |
| Nicholas M. Nudo III, Esq. | 127 West Main Street/2nd Fl.<br>East Islip, New York 11730<br>(631) 525-3273 | Upon information and belief, drafting attorney for the Shou-Kung Wang Irrevocable Trust. |
| Min An Wang | 200 East 69th Street, Apt. 5H,<br>New York, New York 10021 | Upon information and belief, Andrew Wang's son and Shou-Kung Wang's grandson with knowledge of the Wangs' art holdings and public displays and |

| | | |
|---|---|---|
| | | sales in China as well as knowledge of violations of 18 U.S.C. §§ 2314 and 2315 by international and domestic travel in furtherance of a fraudulent scheme. |
| William Melecher | | Witness to the creation of the Shou-Kung Wang Irrevocable Trust |
| Lisa Gehart | | Witness to the creation of the Shou-Kung Wang Irrevocable Trust |
| One or more as yet unidentified representatives of Beijing Hanhai Auction Co., Ltd. | | Upon information and belief, auction company with knowledge of the Defendants' art holdings and public displays and sales in China. |
| Cao-Ching Wang | 110-05 71st Avenue, Forest Hills, New York 11375 | Upon information and belief, Shou-Kung Wang's wife and Andrew Wang's mother with knowledge of the Defendants' art holdings and public displays and sales in China, as well as knowledge of violations of 18 U.S.C. §§ 2314 and 2315 by international and domestic travel in furtherance of a fraudulent scheme. |
| One or more as yet unidentified representatives of Le Style Limited | | Upon information and belief, Le Style Limited is the company, owned by Andrew and Shou-Kung Wang, which paid for the final purchase price for the paintings purportedly sold to "Yue-Da Jin," but which the Complaint alleges were actually purchased by and shipped to the Defendants. |
| One or more as yet unidentified representatives of Le Tao Limited | Unit #704, Forseas Building #208-212 Nothan Road Kowloon, Hong Kong 2866-2203 | Upon information and belief, Le Tao Limited is a company, owned in party by Andrew Wang, which maintains its business address at the same office which received all |

| | | |
|---|---|---|
| | | shipments of the self-dealt art identified in the Complaint. |
| Arnold Chang | | Upon information and belief, former Sotheby's employee who determined tax valuations for the Estate's assets in or about 2004 based upon values at the time of Chi-Chuan Wang's death. |
| Shou-Kung Wang | 110-05 71st Avenue, Forest Hills, New York 11375 | Defendant Shou-Kung Wang (SK) is the eldest son of C.C. Wang, AW's father, and Yien-Koo's brother; he is believed to have knowledge of the misconduct alleged in the complaint, including, but not limited to the allegations of self-dealing and the participants in the RICO conspiracy. |
| Andrew Wang | 200 East 69th Street, Apt. 5H, New York, NY 10021-5738 | A former preliminary executor and co-fiduciary of the Estate. Andrew Wang is the grandson of C.C. Wang and a Party- defendant believed to have knowledge of, inter alia, the misconduct alleged in the complaint, including, but not limited to the allegations of self-dealing and the participants in the RICO conspiracy, as well violations of 18 U.S.C. §§ 2314 and 2315 by international and domestic travel in furtherance of a fraudulent scheme,; he is further believed to have information concerning an individual named "Billie Wei" in Hong Kong, *see* Am Compl. E.g., ¶112 and proceedings in a Chinese court seeking to compel an examination of the contents of a safe deposit box alleged to formerly contain some of the property converted into ill-gotten gains derived from alleged racketeering activity. |

| | | |
|---|---|---|
| As yet unidentified representatives of Bao Wu Tang | | Upon information and belief, Bao Wu Tang is a Chinese arts concern owned by Andrew Wang. One or more of its employees or representatives are likely to have knowledge of the veracity of some or all of the allegations in the complaint addressed to the conduct of Andrew Wang, a party herein. |
| One or more as yet unidentified representatives of Jian Bao Gallery | | Upon information and belief, Jian Bao Gallery is a Chinese arts concern owned by SK Wang. One or more of its employees or representatives are likely to have knowledge of the veracity of some or all of the allegations in the complaint addressed to the conduct of Andrew Wang, a party herein. |
| One or more as yet unidentified representatives of The University of Washington | | One or more of its representatives has knowledge that the University does not now, nor has it ever had the "Dense Forest Landscape in the Style of Dachi." *See* Am Compl. E.g., ¶243 |
| Alan Wang | | Andrew Wang's brother and Shou-Kung Wang's son with knowledge of violations of 18 U.S.C. §§ 2314 and 2315 by international and domestic travel in furtherance of a fraudulent scheme. |
| Steven Wang | | Andrew Wang's brother and Shou-Kung Wang's son with knowledge of violations of 18 U.S.C. §§ 2314 and 2315 by international and domestic travel in furtherance of a fraudulent scheme. |
| Glenn Opell, Esq. | 11 Park Pl Suite 1008, New York, NY 10007 | Attorney for the Public Administrator with knowledge of |

| | (212) 896-3310 | the ongoing litigation surrounding the Estate of Chi-Chuan Wang and the Estate's investigation and prosecution of claims. |
|---|---|---|
| One or more as yet unidentified representatives of Chengfang (a/k/a Chieftown) Beijing and Hong Kong Auction Houses | | Upon information and belief, auction company with knowledge of the Defendants' art holdings and public displays and sales in China. |
| Wu Yang | Beijing BaoRuiYing International Auction Co., Ltd. 2005-2008, CBD International Building, Beijing, China | Owner of Beijing BaoRuiYing International Auction Co., Ltd. which has displayed and auctioned artwork directly stolen from Yien-Koo Wang King and the Estate. Mr. Wu is also a personal friend of Andrew Wang with knowledge of the Defendants' art holdings and public displays and sales in China as well as of the Defendants' violations of 18 U.S.C. §§ 2314 and 2315 by international and domestic travel in furtherance of a fraudulent scheme. |

ii.   **A copy - or description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The Plaintiff refers the parties to its production already submitted in this action, all of which is incorporated herein. The Plaintiff will continue to review, collect and make available to Defendants documentation responsive to discovery demands, together with any and all materials to be affirmatively used at the time of trial.

    **iii.**    **A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

The Plaintiff refers the Defendants to its production already made in this action, all of which is incorporated herein. The Plaintiff will continue to collect, review, and produce documentation responsive to this category and the Defendants' document demands concerning damages.

The Plaintiff seeks damages from the Defendants as set forth in her Amended Complaint including, but not limited to:

(1) <u>Appreciation Damages for the 98 Self-Dealt Paintings</u>: Where a fiduciary fraudulently self-deals in violation of his legal duties, New York courts impose "appreciation damages" calculated as the difference between (a) the fiduciary's self-dealing price and (b) the value of the self-dealt property at the time of judgment. <u>*In re Estate of Rothko*</u>, 43 N.Y.2d 305,322-23 (N.Y. Ct. App. 1977) (awarding appreciation damages for art fraudulently self-dealt by an estate trustee to himself). The Plaintiff is continuing to collect information and documents necessary to calculate the present value of the 98 self-dealt paintings. Presently, the Plaintiff reasonably believes the value of the paintings to exceed $30 million based upon identified resale values and general market trends (including those in the Plaintiff's production).

(2) <u>Punitive Damages</u>: Punitive damages are warranted under New York law in a proceeding by an estate against a fiduciary guilty of actual fraud for self-dealing where the defendant acted with "a high degree of moral turpitude and . . . such wanton dishonesty as to imply a criminal indifference to civil obligations." <u>*Walker v Sheldon*</u>, 10 NY2d 401, 405 (N.Y. Ct. App. 1961). The Plaintiff will seek punitive damages in relation to the appreciation damages to which the Estate is entitled.

(3)  <u>Treble Damages Under RICO</u>: The RICO statute provides that any person injured as a result of a violation of §1962 may recover treble damages. 18 U.S.C. 1964(c). Here, the Estate's injury is reasonably believed to be exceed $30 million dollars (*i.e.* the present fair-market value of the 98 self-dealt paintings). Accordingly, the Plaintiff is entitled to those damages trebled.

(4)  <u>Attorneys' Fees</u>: Reasonable attorneys' fees and costs are recoverable under §1964(c) and a calculation thereof will be submitted to the Defendants at the time of trial.

   iv.  **Inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

   None.


Dated:  New York, New York
        January 31, 2019                    SAM P. ISRAEL, P.C.

                                            By: */s/ Sam P. Israel*
                                            Sam P. Israel
                                            Timothy Savitsky
                                            180 Maidan Lane, 6th Floor
                                            New York, NY 10038
                                            Tel: (646) 787-9880
                                            Email: samisrael@spi-pc.com
                                                   timsavitsky@spi-pc.com

10