# Exhibit 92

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x

Petition of James E. Tcheng to Revoke the Preliminary
Letters Heretofore Issued to Andrew Wang as Preliminary
Executor of the Will Created Under the Last Will and
Testament and for Related Relief in the Matter of the
Estate of

     **CHI-CHUAN WANG,**

                              Deceased.

File No. 2003-2550/D

**AFFIDAVIT OF
ANDREW WANG,
IN RESPONSE TO
THE AFFIRMATION
OF SAM P. ISRAEL
AFTER THE
DEPOSITION OF
WEI ZHENG
(IN PLACE OF
HIS AFFIRMATION)**

-----------------------------------------------------------------------x

**AFFIDAVIT OF ANDREW WANG IN RESPONSE TO THE AFFIRMATION OF
SAM P. ISRAEL AFTER THE DEPOSITION OF WEI ZHENG
(IN PLACE OF HIS PREVIOUSLY FILED AND SERVED AFFIRMATION)**

       The Response of Andrew Wang, Preliminary Executor and Co-Fiduciary of the Estate of

Chi-Chuan Wang, to the Affirmation of Sam P. Israel, attorney for Yien-Koo King, after the

deposition of Wei Zheng ("Response") was supported in part by an affirmation by Andrew

Wang, affirmed under penalties of perjury, because he was unable to obtain an appointment at

the United States Consulate in Shanghai to have his affidavit notarized. The Response stated that

he would supplement his affirmation with an affidavit when he returned to New York. That

affidavit is attached. The substance of the affidavit and of the affirmation are the same.

DATED:     April 16, 2015

                                 Respectfully submitted,

                                 _Carolyn Shields_
                                 Carolyn Shields
                                 Ying Liu
                                 LIU & SHIELDS LLP
                                 Attorneys for Andrew Wang, Preliminary Executor
                                 and Co-Fiduciary of the Estate of Chi-Chuan Wang
                                 41-60 Main Street, Suite 208A
                                 Flushing, NY 11355
                                 718-463-1868
                                 shieldscj524@gmail.com

KING-SCT-000006497

AFFIDAVIT OF ANDREW WANG

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS     )

1.     I am the Preliminary Executor and Co-Fiduciary with the Public Administrator of

the Estate of Chi-Chuan Wang, my grandfather.  I have personal knowledge of the facts set forth

herein.

2.     The buyers in the private sales of Estate paintings were real buyers.  None of them

ever acted for me.  I did not have any personal interest in the sold paintings.  I did not acquire

any ownership interest in the sold paintings.  I did not benefit from the Estate sales or subsequent

sales of Estate paintings.  My role was to find buyers for Estate paintings from among the

collectors I knew in China.

3.     The paintings sold in the private sales were shipped to the buyers in care of a

Hong Kong address.  Hong Kong is a free port, and shipment of the paintings to a Hong Kong

address would not burden the buyers with import duties or tariffs.  Such shipments are lawful

and are usual and customary.  Shipment to Hong Kong was for the convenience of the buyers

and also allowed the Estate to charge more for the paintings.  I do not know the amount of the

import duties that would have been charged in 2005 on paintings imported into the People's

Republic of China, but the present rate is more than 30 percent of the value of the property.  That

would be more than $30,000 per $100,000 of value, or more than $120,000 on the paintings

listed in the Zheng documents if those paintings were shipped today.

4.     Mr. Wei Zheng acted for Mr. Tan Yun in signing the contract documents.  When

Mr. Tan Yun became terminally ill and unable to perform the contract, I found another buyer,

Raymond Ye, who paid the proceeds into the Brown Raysman escrow account and who took delivery of the paintings. Neither Tan Yun nor Raymond Ye acted for me.

5.        With respect to the Estate sales effected through Sotheby's, I negotiated a zero percent commission, making the sale prices higher in comparison with what would otherwise be comparable auction sales. In addition, many of the paintings consigned to Sotheby's did not sell.

6.        With respect to the December 5, 2014 auction of Beijing Baoruiying International Auction Co., Ltd in Beijing, in which the Tang Yin painting "Gathering Firewood in the Snow" was offered for sale, I met with the owner of the auction house on December 3, 2014 and learned that the owner/consignor had bought the painting from the Hong Kong art dealer Mr. Zhang Ding Chen in 1995, who in turn had obtained it from C.C. Wang in 1986 pursuant to an exchange of paintings. I had sight of the consignment contract which showed this but was unable to obtain a copy of it. I also observed the actual painting at the auction house and saw that it had, in the lower right-hand corner, C.C. Wang's "was once in C.C. Wang's place" seal, which he only applied to a painting when it was leaving his collection. The presence of this seal on the painting means that it left C.C. Wang's collection during his lifetime. This is consistent with what I learned at the auction house in December, and I believe this painting is not an asset of the Estate.

7.        The document attached to the Petitioner's attorney's affirmation as Exhibit 29 lacks any indicia of authenticity. The three paintings that are listed on the Exhibit 29 document are hanging scrolls. None of the three would have fit into the bank safe deposit box at the New York Commercial Bank, the only storage facility to which my grandfather had access. He did not have access to the other storage facility, Day and Meyer on Second Avenue. I am familiar with my grandfather's handwriting and know that the Chinese characters and the date on

Exhibit 29 are not in my grandfather's hand.  I have never seen any document signed by my

grandfather which identifies paintings he took out of storage and do not believe it was his habit

to make such a document.  I have never seen this document before.

8.      Contrary to the statement in paragraph 50 of Petitioner's attorney's affirmation,

the Tang Yin was photographed before 1997—it was photographed and appeared in a book titled

"Yi Yuan Duo Ying/Art Field: Selected Works: Thirty-Eighth Issue Overseas Collection

Edition," which was published in 1986 although the plates in it were made before then.  Attached

hereto as Exhibit A is a true and correct copy of my photograph of the plate of the Tang Yin

painting "Gathering Firewood in the Snow" which appears in this book.  Attached hereto as

Exhibit B is a true and correct copy of the book in which the plate of the Tang Yin painting

appears.  It can be seen from my photograph of the Tang Yin painting that the "leaving C.C.

Wang's collection" seal had not yet been placed on the painting.

9.      Attached hereto as Exhibit C is a true and correct copy of the Tang Yin painting

"Gathering Firewood in the Snow" as it appeared in the Beijing Baoruiying International

Auction Co., Ltd's catalog for the December 5, 2014 auction, together with a close-up of the

bottom right-hand corner of the painting, showing the "leaving C.C. Wang's collection" seal.

This seal on the Tang Yin painting shows that C.C. Wang parted with the painting during his

lifetime.

10.     I had not seen the Tang Yin painting, "Gathering Firewood in the Snow" between

the 1980s and December of 2014, when I saw it at the Beijing Baoruiying International Auction

Co., Ltd's auction house.  It was not exhibited by me or my gallery, or by any museum that I was

aware of.

KING-SCT-000006500

11.     The Tang Yin painting, "Gathering Firewood in the Snow" was not sold in any manner by the Estate. As I stated above, I do not believe it is an asset of the Estate.

12.     Of the paintings exhibited at the Capital Museum in 2009, I believe the following of the works discussed in Petitioners' attorney's affirmation were prints: Huang Gongwang, "Dense Forest or View of the Narrow Valley"; Ni Zan, "Rock Amongst Bamboo and Tree"; Wu Zongyuan, "Procession of the Taoist Immortals"; Guo Xi, "Travelers in the Autumn Mountains"; and Wu Zhen, "Wild Bamboo".

13.     On March 20, 2015, I went to the United States consulate in Shanghai to sign this document as an affidavit before a U.S. official with authority to notarize it. I was unable to accomplish this because the consulate has a new rule requiring a prior appointment, and the first appointment I could make would be a week from now, after the deadline for the filing and service of my response. I will provide an affidavit sworn to before a U.S. notary when I get back to New York on or about April 1, 2015. In place of a signature before a notary, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Andrew Wang

Subscribed and sworn to before me
this __16__ th day of April, 2015.

Notary Public

YING LIU
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LI6124329
Qualified in Queens County
Commission Expires June 3, 2017

KING-SCT-000006501

# EXHIBIT A

KING-SCT-000006502



KING-SCT-000006503

# EXHIBIT B

KING-SCT-000006504



KING-SCT-000006505

# EXHIBIT C

KING-SCT-000006506



KING-SCT-000006507

## PROOF OF SERVICE

I am admitted to practice in the courts of the state of New York and make this affirmation pursuant to CPLR 2106. I am not a party to this proceeding, am over 18 years of age and reside in Mount Sinai, New York. On April 16, 2015, I served the foregoing document titled **AFFIDAVIT OF ANDREW WANG IN RESPONSE TO THE AFFIRMATION OF SAM P. ISRAEL AFTER THE DEPOSITION OF WEI ZHENG (IN PLACE OF HIS AFFIRMATION)** on the persons set forth below by first-class mail by enclosing a true and correct copy of said document in an envelope, first-class postage prepaid, addressed to the persons set forth below at the addresses set forth below, and depositing the envelope in a post office depository under the exclusive care and custody of the United States Postal Service at 41-65 Main Street, Flushing, New York 11355, with courtesy copies sent by email where indicated:

Mr. Sam P. Israel, Esq.
Sam P. Israel, P.C.
1 Liberty Plaza, 35th Floor
New York, New York 10006
And by email to samisrael@spi-pc.com
Attorneys for James E. Tcheng, Petitioner, and Yien-Koo King, and Raymond King

Mr. Peter S. Schram, Esq.
Mr. Glenn Opell, Esq.
Law Offices of Schram Graber & Opell P.C.
11 Park Place, Suite 615
New York, NY 10007
And by email to pschram@sgopc.com
And gopell@sgopc.com
Attorneys for the Public Administrator

Mr. David Rose, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
And by email to drose@pryorcashman.com
Special Counsel for the Public Administrator, SCPA 2103 Proceeding

Ms. Hsien-Chen Wang Chang
160 West 96th Street, Apt. 6M
New York, NY 10025

Mr. Stephen M. Wang
38 Slocum Crescent
Forest Hills, NY 11375

KING-SCT-000006508

Gigi Tcheng
283 Spring Side
Crestview Hills, Kentucky 41017

Vivi Tcheng Chow
11732 Grandstone Lane
Cincinnati, Ohio 45249

Ying Ying Wang
110-05 71st Avenue
Forest Hills, NY 11375

Ming Ming Wang
110-05 71st Avenue
Forest Hills, NY 11375

Allen Wang
110-05 71st Avenue
Forest Hills, NY 11375

Metropolitan Museum of Art
1000 Fifth Avenue
New York, NY 10028

Kathleen Yang
P.O. Box 75
Irvington, NY  10533

Attorney General of the State of New York
Mr. Robert R, Molic, Assistant Attorney General
Charities Bureau
120 Broadway
New York, NY 10271
Robert.molic@ag.ny.gov

I affirm under penalties of perjury that the foregoing is true and correct.  Executed

on April 16, 2015.

_____
CAROLYN SHIELDS

KING-SCT-000006509