**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------ x

YIEN-KOO KING, NORTHWICH       :
INVESTMENTS LTD., and SOON HUAT,  :
INC.                                                 :
                                              :  Civ. Action No.: 1:14-cv-07694 (JFK)
                       Plaintiffs,   :
                                                :
-against-                                   :
                                                :
ANDREW WANG, SHOU-KUNG WANG,  :
BAO WU TANG, JIAN BAO GALLERY,   :
ANTHONY CHOU, CHEN-MEI-LIN, WEI  :
ZHENG, YE YONG-QING, YUE DA-JIN  :
and JOHN DOES 1-9,                 :
                                                :
                       Defendants.   :
------------------------------------------------------ x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LOCAL RULE 56.1 STATEMENT

KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700

*Attorneys for Defendant Andrew Wang*

## TABLE OF CONTENTS

**Page**

Table Of Authorities ................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................... 3

I.      Paragraphs That Are Irrelevant To Plaintiff's Motion Should Be Stricken ....................... 3

II.     The Statement Should Be Stricken Because It Contravenes The Purpose Of
        Local Rule 56.1 .............................................................................................. 5

III.    Statements Unsupported By The Cited Evidence Should Be Stricken ............................ 6

IV.     Paragraphs Containing Argument Should Be Stricken ..................................................... 8

V.      Paragraphs Of The PA's Declaration Not Based On Personal Knowledge, And
        Paragraphs Of The Statement That Rely On These Paragraphs, Should Be Stricken ........ 9

VI.     Paragraphs Relying on the YK Declaration Should be Stricken ..................................... 11

CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Trust*,
  2014 WL 6694502 (S.D.N.Y. Nov. 25, 2014) ...................................................................6, 8

*Amalgamated Lithographers of Am. v. Unz & Co. Inc.*,
  670 F. Supp. 2d 214 (S.D.N.Y. 2009) ...........................................................................8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ...................................................................................................3

*Auto. Ins. Co. of Hartford, Connecticut v Electrolux Home Products, Inc.*,
  2012 WL 6629238 (S.D.N.Y. Dec. 20, 2012) .............................................................5

*Bey v. City of New York*,
  2009 WL 2060076 (S.D.N.Y. July 15, 2009) ...............................................................6

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vil. of Pomona*,
  138 F. Supp. 3d 352 (S.D.N.Y. 2015), *affd sub nom* 945 F.3d 83 (2d Cir. 2019) ................3, 6

*Epstein v. Kemper Ins. Cos.*,
  210 F. Supp. 2d 308 (S.D.N.Y. 2002) .........................................................................3

*Flaherty v. Filardi*,
  2007 WL 163112 (S.D.N.Y. Jan. 24, 2007) ...............................................................11

*Folio Impressions, Inc. v. Byer California*,
  937 F.2d 759 (2d Cir. 1991) .....................................................................................11

*Hollander v. American Cyanamid Co.*,
  172 F.3d 192 (2d Cir. 1999) .....................................................................................10

*Holtz v. Rockefeller & Co.*,
  258 F.3d 62 (2d Cir. 2001) .................................................................................2, 3, 5, 6

*Lapine v. Seinfeld*,
  2009 WL 2902584 (S.D.N.Y. Sep. 10, 2009) ...............................................................8

*Larouche v. Webster*,
  175 F.R.D. 452 (S.D.N.Y. 1996) ...............................................................................11

*Rodriguez v. Schneider*,
  1999 WL 459813 (S.D.N.Y. June 29, 1999), *aff'd*, 56 Fed App'x 27 (2d Cir. 2003) ..........3, 8

*Torrel v. City of New York*,
    114 Fed App'x 14 (2d Cir. 2004)..............................................................................10

*U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*,
    2006 WL 2136249 (S.D.N.Y. Aug. 1, 2006) ...........................................................8

*United States v. Real Prop. Located at 3234 Washington Ave. N., Minneapolis, Minn.*,
    480 F.3d 841 (8th Cir. 2007) ..................................................................................11

**Statutes**

Fed. R. Civ. P. Rule 56 ..................................................................................................1

Fed. R. Civ. P. Rule 56(c)(4) ......................................................................................10

Fed. R. Civ. P. Local Rule 56.1 ........................................................................... *passim*

Defendant Andrew Wang ("AW" or "Defendant") respectfully submits this memorandum of law in support of his motion to strike: (i) the "Statement of Uncontested Material Facts in [Su]pport of Plaintiff's Motion for Partial Summary Judgment Finding Andrew Wang Liable for Breach of His Fiduciary Duty," (the "Statement"); and (ii) portions of the Declaration of the Public Administrator Of New York County, dated February 14, 2020, pursuant to Fed. R. Civ. P. 56, Local Rue 56.1.[1]

## PRELIMINARY STATEMENT

Plaintiff's motion seeks summary judgment on a single transaction that occurred in 2009. In support of her narrow motion, she submitted a 93 page, 374 paragraph Local Rule 56.1 Statement.  The Statement's 374 paragraphs—the majority of which contain multiple sentences and statements of purported fact—are larded with entirely irrelevant "facts" including dozens of paragraphs concerning alleged "predicate activity" bearing on Plaintiff's RICO claim (which is not at issue on this motion); an irrelevant account of purported settlement negotiations between the parties (which should not have been disclosed by Plaintiff); extensive discussion of purported conduct by AW and Shou-Kung Wang ("SK") prior to C.C. Wang's ("CC") death; facts concerning the parties' disputes in the Surrogate's Court; and facts concerning transactions not at issue on this motion. The vast majority of Plaintiff's purported "facts" have no bearing on any issue before the Court on Plaintiff's motion for partial summary judgment.

The purpose of Rule 56.1 statements is to assist the Court *on motions under consideration*; in the words of the Second Circuit, "to streamline the consideration of summary

---

[1]  Defendant submits the Declaration of Thomas B. Kelly, dated April 13, 2020 ("Kelly Res. Dec.") in support of his opposition to Plaintiff's motion for summary judgment and in support of his motion  to strike Plaintiff's Local Rule 56.1 Statement.  Defendant also refers to the Declaration of Thomas B. Kelly, dated February 14, 2020, Dkt. No. 202 ("Kelly Dec.") that was filed in support Defendants' motion for summary judgment.  Exhibits to the Kelly Dec. and the Kelly Res. Dec. are referred to as "Ex. __."  Exhibits attached to the Kelly Res. Dec. are numbered in continuation of those attached to the Kelly Dec., beginning with Ex. 92.

judgment." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).  Plaintiff's statement does the opposite.  Local Rule 56.1 requires parties seeking summary judgment to annex to their motion a "short and concise statement, in numbered paragraphs of the material facts as to which the moving party contends there is no genuine issue to be tried."  It is not a discovery device. Nor is it a request for admission.  And, it is most certainly not a forum to heap purported facts with no bearing on the motion on the Court and on Defendant.

Plaintiff's Rule 56.1 statement is objectionable for additional reasons, including for listing dozens of "facts" that are plainly not supported by the cited evidence, if at all, and its inclusion of inappropriate argument.  Moreover, specific evidence relied upon by Plaintiff to support purported facts is facially improper.  It is black letter law that declarations submitted in support of motions for summary judgment must be based on the declarant's personal knowledge. Here, Plaintiff relies extensively on the Declaration of Dahlia Damas, the current Public Administrator for New York County, to support factual assertions in her Statement.  In her declaration, however, Ms. Damas admits that she lacks personal knowledge of the events at issue in this action because she did not become the Public Administrator until 2015, years after the relevant transaction took place.  Plaintiff also relies on her own declaration in support of her motion.  This reliance is misplaced.  As Plaintiff's credibility is squarely at issue, her declaration cannot provide a basis for summary judgment.

For these and the additional reasons expressed herein, Defendant requests that the Court strike Plaintiff's 56.1 Statement in its entirety, as well as those portions of Ms. Damas's declaration that are admittedly not based on personal knowledge.

## ARGUMENT[2]

The purpose of Local Rule 56.1 is "to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). Courts thus rely on Local Rule 56.1 statements to assist them "in understanding the scope of the summary judgment motion by highlighting those facts which the parties contend are in dispute." *Rodriguez v. Schneider*, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999), *aff'd*, 56 Fed App'x 27 (2d Cir. 2003). "Statements in an affidavit or Rule 56.1 statement are inappropriate if they are not based on personal knowledge, contain inadmissible hearsay, are conclusory or argumentative or do not cite to supporting evidence." *Epstein v. Kemper Ins. Cos.,* 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002) (citations omitted).

## I.      Paragraphs That Are Irrelevant To Plaintiff's Motion Should Be Stricken

On summary judgment, "[f]actual disputes which are irrelevant or unnecessary" to the claims at issue "will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[A]s a matter of course" courts will "not consider irrelevant facts [in a 56.1 statement] because they are, by nature, not pertinent to the case." *Congregation Rabbinical Coll. of Tartikov, Inc. v Vil. of Pomona*, 138 F. Supp. 3d 352, 396 (S.D.N.Y. 2015), *affd sub nom* 945 F.3d 83 (2d Cir. 2019).

Here, Plaintiff's motion seeks judgment on a very narrow issue; a single claim regarding a single transaction. (Pl. Mem. at 26-28.) Plaintiff's 92-page, 374 paragraph Statement contains dozens of paragraphs regarding subject matter, topics, and events that are immaterial and/or

---

[2]  To aid the Court's consideration of this motion, Defendant's Response to Plaintiff's Local Civil Rule 56.1 Statement of Undisputed Facts and Counterstatement, dated April 13, 2020, is submitted herewith and Defendant incorporates all responses and objections stated therein into this motion.

irrelevant to Plaintiff's motion.  These include entire sections devoted to the purported facts concerning Plaintiff's RICO claims (which are not before the court on Plaintiff's narrow motion) and events dating back to 1985, such as:  Section I: "1985-2003: Undisputed Facts Concerning the Initial Formation of the Wangs' Enterprise, as Well as the Wangs' Motive, Knowledge, Intent, and Preparation to Acquire Estate Assets Through Predicate Activity;" and Section IV: "2004-2009: Undisputed Facts Concerning Predicate Activity Occurring Through Six Private Sales of Estate Paintings to the Wang Defendants."  Plaintiff also includes an entire section (Section V) entitled "The Kings' and Wang's Failed Settlement Attempt in Shanghai China" in May 2005 (the "Shanghai Exchange")."   Paragraphs concerning these topics, and others, have no bearing or relevance whatsoever to the single transaction at issue in Plaintiff's motion.

These "facts" had no place in the Statement, and have forced Defendant to waste extensive time preparing unnecessary responses.  Rule 56.1 statements are not discovery devices. They are not requests for admission.  They are intended to help the Court discern the issues and to understand and digest the evidence upon which a party bases its motion.  Plaintiff's inclusion of reams of irrelevant material contradicts that simple purpose, and if anything, does the opposite.  Accordingly, Defendant requests that the Court strike paragraphs 1-279, 303-320, 322-337, and 340-352.

Defendant acknowledges that, in the midst of the irrelevant material, there are some paragraphs that bear on the transaction at issue.  To the extent it aids the Court, the paragraphs that Defendant concedes are probative are 280-302, 321, 338-339, and 353-374.  Though relevant, these paragraphs may be objectionable for other reasons.

**II.    The Statement Should Be Stricken Because It Contravenes The Purpose Of Local Rule 56.1**

"The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001).  On its face, the 90+ page, 374 paragraph Statement is the opposite of the "short and concise" statement contemplated by Local Rule 56.1, and, far from "streamlining" the facts, it heaps them on the Court and on Defendant.  Indeed, though there are 374 paragraphs, that number nowhere near approaches the actual number of separate factual assertions made in the Statement because dozens of the 374 paragraphs contain multiple purported statements of fact.  For instance: Paragraph 7 is seven sentences long (a lot of sentences for any paragraph, let alone a paragraph in a 56.1 statement); and Paragraph 41 is comprised of six sub-paragraphs, each of which contains multiple statements of fact; and Paragraph 69 simply copy-and-pastes nearly a page-and-a-half of deposition testimony.  Dozens of other paragraphs similarly contain multiple statements in each paragraph.  *See* 2-11, 13-15, 18-19, 23-25, 30-31, 34, 36-38, 40-41, 45, 52, 56, 62-63, 65, 68-70, 72, 78, 80-81, 84-85, 93, 95-101, 105, 110, 120, 139, 140-143, 145-146, 161, 166, 170, 172, 179, 200, 205, 208, 217-218, 223, 226, 233, 235, 239, 242, 250, 256, 265, 280, 283-284, 287, 289, 290, 300, 303, 308-310, 313, 316, 320-321, 334-335, 341, 343, and 349.  Courts in this district have recognized that this practice of including compound sentences is improper.  *See Auto. Ins. Co. of Hartford, Connecticut v Electrolux Home Products, Inc.*, 2012 WL 6629238, at *1 (S.D.N.Y. Dec. 20, 2012) ("Counsel for Defendant has failed to abide by Local Civil Rule 56.1(a), which requires that the statement of material facts be 'short and concise.' [Defendant's] 56.1 contains numerous paragraphs that contain multiple sentences

and/or argument both of which are inappropriate in what is supposed to be a statement of facts.").

In addition to complicating the Court's assessment of the facts, responding to compound paragraphs virtually necessitates Defendant respond in kind, in order to simply unpack and address the purported statements of fact.  Accordingly, Defendant submits that the Court should strike Plaintiff's Statement in its entirety as it is not a "short and concise" statement and its fails to abide by the basic principles and purpose of a Local Rule 56.1 statement.

**III.    Statements Unsupported By The Cited Evidence Should be Stricken**

Where the evidence cited in a Local Rule 56.1 statement does not support the movant's factual assertions, such assertions should be stricken.  *See Holtz v Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[D]istrict courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion.'") (collecting cases); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vil. of Pomona*, 138 F. Supp. 3d 352, 394 (S.D.N.Y. 2015), *affd sub nom* 945 F.3d 83 (2d Cir. 2019) ("[W]here the record does not support the assertions in a Local 56.1 statement, those assertions [are] disregarded and the record reviewed independently") (quotation omitted); *Bey v. City of New York*, 2009 WL 2060076, at *1 (S.D.N.Y. July 15, 2009) (striking 56.1 statements where evidence cited did not support statement); *Am Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Trust*, 2014 WL 6694502, at *1 (S.D.N.Y. Nov. 25, 2014) ("The Court grants [the plaintiff's] motion to strike as to argumentative statements in the [56.1 statement] and as to purported factual statements which are unsupported by any citation to the record.")

Dozens of paragraphs, or assertions within the paragraphs, are not supported by the testimony and/or documents cited by Plaintiff to support the alleged "fact."  *See* 8, 11, 13, 21-22,

40-41, 43, 47, 110, 157, 180, 187, 225, 237-238, 245, 251, 266, 279, 299, 301, 312, 316, 351, 352, and 373.

By way of example, Statement paragraph #283 provides:

Instead, the 2008 Ewald Report provided one to two sentences of commentary on the fourteen proposed prices in the list Klein had sent ten days earlier.  The 2008 Ewald Report concluded that five (5) of the proposed sale prices were possibly too low.

This "fact" is not supported by the document cited, a report drafted by Ms. Lake-Ewald. (Ex. 43).  Rather, an examination of the 2008 Ewald Report reveals that Ms. Lake-Ewald only potentially took issue with at most three proposed sale prices, commenting that (i) one price "appear[ed] low" with the caveat that "there may be a reason for this about which we are not aware"; (ii) one price seemed "reasonable, if a little low"; and (iii) one price was "slightly lower" than comparables while noting that it could be due to "condition and desirability."  Ex. 43 at KING 007381-007383.  With regard to the remaining eleven proposed sale prices, Ms. Lake-Ewald commented that:  (i) eight of the prices were in line with comparable sales; (ii) one proposed price would be "well done" if it was possible to obtain; and (iii) one proposed price would be "excellent if attainable."  *Id*.  For the last artwork, Ms. Lake-Ewald wrote: "we cannot comment on this price" because of "some mix-up in the numbering."  *Id*.  Plaintiff's description of Ms. Lake-Ewald's report is simply incorrect and misleading.   This is simply one example of many.  Accordingly, the Court should strike paragraphs 8, 11, 13, 21-22, 40-41, 43, 47, 110, 157, 180, 187, 225, 237-238, 245, 251, 266, 279, 299, 301, 312, 316, 351, 352, and 373 on the grounds that the statements expressed are not supported by the cited evidence.

In addition, many assertions contain no citation to documentary evidence of any kind, and should also be stricken.  *See* 113, 333, 372, 374.  Finally, in numerous instances throughout the Statement, Plaintiff copy-and-pasted images an screenshots to support the assertions.  *See* 42-

43, 74, 162, 164, 173, 198, 219, 234, 239-240, 253, 272, 290, 329, 335, 346, 351-352, 360.

Screenshots, are not "statements" and also constitute hearsay.  Thus, paragraphs 8, 11, 13, 21-22,

40-43, 47, 74, 110, 113, 157, 162, 173, 180, 187, 198, 219, 225, 234, 237-240, 245, 251, 253,

266, 272, 279, 290, 299, 301, 312, 316, 329, 333, 335, 346, 351-352, 360 and 372-374 should be

stricken.

## IV.    Paragraphs Containing Argument Should Be Stricken

Local Rule 56.1 statements and responses should contain factual assertions, with citations

to the record, and nothing more.  *Rodriguez v. Schneider*, 1999 WL 459813, at *1 n.3 (S.D.N.Y.

June 29, 1999), *aff'd*, 56 Fed App'x 27 (2d Cir. 2003).  Courts are clear:  "Rule 56.1 statements

are not *argument*."  *Id.*  (emphasis in original); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers*

*Local Union No. 3*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) (same).  Local Rule 56.1

statements that contain argument and conclusions are improper and should be stricken.  *Am Gen.*

*Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Trust*, 2014 WL 6694502, at *1 (S.D.N.Y.

Nov. 25, 2014) (granting plaintiff's motion to strike as to argumentative statements in the [Local

Rule 56.1 statement]."); *Lapine v. Seinfeld*, 2009 WL 2902584 at *4 (S.D.N.Y. Sep. 10,

2009) (granting motion to strike "elements of Plaintiffs' Rule 56.1 statement that constitute legal

argument rather than facts"); *Amalgamated Lithographers of Am. v. Unz & Co. Inc.,* 670 F.

Supp. 2d 214, 217 (S.D.N.Y. 2009) (striking *sua sponte* Local Rule 56.1 statement where "[v]ery

little of it is statements of fact, for the most part, it is legal argument.").

Plaintiff's Statement is suffused with improper argument.  These include statements like:

(i) "[t]hus, the factual basis for Mr. Linsner's opinion as to why "the Estate suffered no

damages" is indisputably incorrect" (¶ 374); (ii) "Yien-Koo—as a non-fiduciary who had

purportedly been disinherited under the Fraudulent Will—was made aware of the Estate's

financial condition, decisions, and sale activities 'only in the most general terms'" (¶ 52); (iii)

"the Wang Defendants conceived of and executed a 'scheme' to fraudulently and coercively induce the 96-year-old CC Wang into executing both the Fraudulent Codicil and the Fraudulent Will (¶ 19); (iv) "nor did Andrew ever disclose the undisputed fact that Wei Zheng never read the Zheng Contract, Zheng Escrow Agreement, Zheng Export Certificate, or the Zheng Bill of Sale—all of which he indisputably signed" (¶ 187);  and (v) "[t]herefore, it cannot be genuinely disputed that Andrew played no role in negotiating with any of the five purported buyers for higher sale prices for any of the 98 Paintings" (¶ 119).

The headings to the various sections are also argument, *e.g*, (i) "Undisputed Facts Concerning the Initial Formation of the Wangs' Enterprise, as Well as the Wangs' Motive, Knowledge, Intent, and Preparation to Acquire Estate Assets Through Predicate Activity"; (ii) "Undisputed Facts Concerning Predicate Activity Occurring Through Six Private Sales of Estate Paintings to the Wang Defendants"; and (iii) "It Cannot Be Genuinely Disputed That the Estate Suffered Damages as a Result of Andrew Wang's Admitted Failure to Negotiate Prices with Any of the Five Purported Buyers.  These are just a few examples of improper arguments, and assertions of legal conclusions, that are not proper in a Local Rule 56.1 statement. Accordingly, Statement paragraphs 18-19, 32-33, 35, 37-38, 46, 65, 67, 70-93, 95-110, 112-117, 119-125, 128, 131-133, 137, 142, 145-146, 158, 162, 178-179, 183-187, 189-191, 198-204, 206-207, 210-214, 216-221, 223, 225, 240-241, 261-263, 280-281, 283, 289, 291-292, 301, 305-306, 308, 310, 313-314, 316-317, 319-321, 323-328, 331, 334, 339, 341-345, 350, 355-359, 361, 367, and 371-374 should be stricken.

**V.    Paragraphs Of The PA's Declaration Not Based On Personal Knowledge, And Paragraphs Of The Statement That Rely On These Paragraphs, Should Be Stricken**

In support of her motion, Plaintiff relies extensively on the Declaration of the Public Administrator of New York County, Dahlia Damas, dated February 14, 2020 (the "PA Dec.")

9

(Dkt. No. 200). Ms. Damas was not commissioned as the Public Administrator until September 2015, following the death of her predecessor, Ethel Griffin, and was not involved at all in the sale of paintings at issue in Plaintiff's motion, or any of the other events that transpired prior to her appointment.  (PA Dec. at ¶ 4.)  In her declaration, Ms. Damas openly acknowledges, as she must, that she "was not in office during the relevant period" and thus "ha[s] no personal knowledge regarding the allegations in this proceeding."  (PA Dec. at ¶ 5.)  Paragraphs 6-52 of the PA Dec. are admittedly not based on Ms. Damas's personal knowledge and thus should be stricken.

Because the PA Dec. is not admissible evidence, Plaintiff cannot rely on it to support her motion for partial summary judgment.  Rule 56(c)(4) of the Fed. R. Civ. P. requires that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Accordingly, a court may "strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir. 1999); *see Torrel v. City of New York*, 114 Fed App'x 14, 16 (2d Cir. 2004) (statement in affidavit for which affiant "did not provide any basis for her personal knowledge of the facts" held "not cognizable on summary judgment review"); *Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("Any portion of an affidavit that is not based on personal knowledge should be stricken.").[3]  The test for

---

[3]  "Alternatively, a court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible." *Flaherty v. Filardi,* 2007 WL 163112, at *4 (S.D.N.Y. Jan. 24, 2007) (quoting *Doe v. Nat'l Bd. of Podiatric Med. Examiners,* 2004 WL 912599, at *4 (S.D.N.Y. Apr. 29, 2004)) (additional citations omitted).

admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge.  *See Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 764 (2d Cir. 1991).

Accordingly, the Court should strike paragraphs 30, 41, 44, 45, 56, 57, 60, 153, 158, 186, 187, 199, 220, 222, 299, and 305 which rely upon the PA. Dec.

## VI.    Paragraphs Relying on the YK Declaration Should be Stricken

"[I]f the credibility of a critical interested witness is even partially undermined in a material way by the non-moving party's evidence, summary judgment in favor of the party with the burden of proof should be denied."  *United States v. Real Prop. Located at 3234 Washington Ave. N., Minneapolis, Minn*., 480 F.3d 841, 845 (8th Cir. 2007) *citing Chem. Bank v. Hartford Acc. & Indem. Co.,* 82 F.R.D. 376, 378 -79 (S.D.N.Y. 1979) (denying summary judgment when non-movant demonstrated a genuine issue of fact concerning the credibility of an affiant).

Here, the Statement relies heavily upon the Declaration of Yien-Koo Wang King, dated February 14, 2020, (the "YK Dec.") (Dkt. No. 198) for evidentiary support, however, the undisputed facts demonstrate that YK lacks credibility as a witness, and, thus Statement paragraphs purportedly supported by the YK Dec. are facially insufficient evidence for summary judgment purposes as matter of law, and thus should be stricken.  *See* 13, 25, 26-28, 30-31, 34-35, 41-42, 52-54, 322-338, 341, 346-358, 361.

The following facts, among many others, demonstrate that YK's credibility is at issue:

*First*, in October 2003 the Surrogate's Court issued an order restraining YK, her husband, Kenneth King ("KK" and together with YK, the "Kings"), AW, and SK from selling, or otherwise disposing of artwork belonging to the Estate, which were subject to disputes over ownership (the "TRO").  (Ex. 10.)  In February 2011, the PA retained the law firm of Pryor Cashman LLP ("Pryor Cashman") to assist in determining whether the TRO was violated.  (Ex. 123 at ¶¶ 2, 11.)  Pryor Cashman concluded that YK violated the TRO, and, further, that YK

continued Estate litigation "to direct attention away from the devastating admissions of her violations of the TRO." (*Id*. at ¶¶ 7, 38.)

*Second*, following her appointment as Preliminary Executrix in February 2018, SK filed a petition for YK's removal on the grounds that she is "dishonest and therefore unfit to serve." (Ex. 84 at 1.) In particular, SK's removal petition was based on: (i) YK's selling six works of art belonging to the Estate for a total of $34,112,250 in violation of the TRO; and (ii) YK's advancing legal positions as executrix that were in her personal interest, but were inimical to the interests of the Estate, *i.e.*, in breach of her fiduciary duties. (Ex. 84 at 1-2.) The Surrogate's Court agreed, finding that YK failed to "present[] 'documentary evidence' that would constitute a defense to the allegation that she is unfit to serve as preliminary executor," and accordingly limited her authority to act as Preliminary Executrix solely to the prosecution of this litigation. (Ex. 84 at 3.)

*Third*, in the First Amended Complaint, YK claimed to be the "sole shareholder" of Northwich Investments Limited ("Northwich"), Ex. 3 at ¶ 13, with her ownership claims predicated on a July 22, 2003 share certificate. (Ex. 1 at ¶ 15.) Despite her claim of ownership, while the Kings filed for bankruptcy in 2007, Ex. 85, they neglected to list Northwich on the schedules of assets and liabilities filed with the bankruptcy court. (Ex. 76 at 4-8, 21, 86.)

Given that YK's credibility is squarely at issue in this action, the YK Dec. is neither evidence upon which she can rely to support her motion, nor upon which the Court could grant her motion. Accordingly, Defendant requests that the Court strike Statement paragraphs 13, 25, 26-28, 30-31, 34-35, 41-42, 52-54, 322-338, 341, 346-358, and 361 that rely upon the YK Declaration.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully request that the Court enter an order striking the Statement in its entirety, striking all portions of the PA Dec. not based on the declarant's personal knowledge, and for such other and further relief as the Court deems just and proper.

Dated:  April 13, 2020
      New York, New York

By: /s/ *Thomas B. Kelly*
    Thomas B. Kelly
    (tkelly@kasowitz.com)
    Kim Conroy
    (kconroy@kasowitz.com)
    Jonah M. Block
    (jmblock@kasowitz.com)

KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.:  (212) 506-1700

*Attorneys for Defendant Andrew Wang*

13