UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YIEN-KOO KING,

                    **Plaintiff,**

    -against-

ANDREW WANG, SHOU-KUNG WANG, BAO WU TANG, JIAN BAO GALLERY, ANTHONY CHOU, CHEN-MEI LIN, WEI ZHENG, YE YONG-QING, YUE DA-JIN and JOHN DOES 1-9,

                    **Defendants.**

1:14-Civ-07694-(LJL)(JLC)

## DECLARATION OF TIMOTHY SAVITSKY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Timothy Savitsky, Esq.** hereby declares pursuant to 28 U.S.C. § 1746, under penalties of perjury as follows:

    1.    I am a member of the Bar of this Court in good standing and an attorney at Sam P. Israel, P.C., counsel to plaintiff Yien-Koo King (the "Plaintiff") in this action. I submit this declaration based upon my personal knowledge to place before the Court certain facts and documents in opposition to the Defendants' Motion for Summary Judgment [ECF Dkt. 193] pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") and Rule 56.1 of the Local Civil Rules of this Court.

    2.    The Plaintiff commenced this action against defendants Andrew Wang, Shou-Kung Wang, Bao Wu Tang, Jian Bao Gallery, Anthony Chou, Chen-Mei Lin, Wei

Zheng, Ye Yong-Qing, Yue Da-Jin and John Does 1-9 (together, the "Defendants") on September 23, 2014 by filing a Summons and Complaint (the "Complaint").

3. I attest that all documents bearing the bates prefix "WANG" and "AW_SK" were produced by the Wang Defendants and/or their attorney, Martin Klein, Esq., in this action and that I have personal knowledge of this fact pursuant to FRCP 56(c)(4), by way of my direct receipt of these documents from Defendants' counsel.

4. The emails included herein between Andrew and his agent, Martin Klein, Esq., are exempted from hearsay as statements of a party opponent. Fed. R. Evid. 801(d)(2)(C) - (D).

5. The emails and faxes included herein, which were transmitted by Martin Klein, Esq. to Crozier Fine Arts, Inc., were transmitted in Martin Klein's capacity as counsel and agent of Andrew Wang with respect to the administration of the Estate and are imputed to Andrew himself. Fed. R. Evid. 801(d)(2)(C) - (D).

6. I have personal knowledge that, including productions from third parties, the Wang Defendants have produced more than 80,000 pages of production, including emails dating back to October 2004.

7. Having conducted a diligent review of the more than 100,000 pages of production in this action and related actions (together with deposition transcripts, court filings, and affidavits, the "Record"), I have personal knowledge that there are no documents in the Record which purport to be letters, emails, reports, or other communications in which Sotheby's advised the Public Administrator (the "PA" or

2

"Ethel Griffin") that Asia was the appropriate market for the works not selected for auction in March 2006.

8. I have personal knowledge that there are no documents in the Record which purport to be emails, faxes, letters, or any other communications indicating that Sotheby's rejected any Estate paintings from auction.

9. I have personal knowledge that there are no documents in the Record which purport to be bank records, financial records, incorporation records, emails, or any other communication indicating that Andrew Wang established companies on behalf of the five purported buyers or that Andrew transferred funds to the Estate on behalf of the purported buyers.

10. There are no emails or other written communications in the Record between the Estate's fiduciaries discussing the possibility of auctioning the Estate's classical Chinese through Sotheby's prior to September 2005.

11. Having conducted a diligent review of the Record, I have personal knowledge that no financial records for Le Style Ltd. or the payor identified in the Estate's wire records as "848080185540" (both of which were admittedly used by Andrew to pay millions of dollars to the Estate between 2005 and 2009 to purchase paintings) have ever been produced. Likewise, no incorporation records or other records identifying the owners or officers of Le Style Ltd. or "848080185540" have ever been produced.

12. Having served as counsel to the Plaintiff in her 2015 appeal to the Second Circuit of this Court's dismissal of the original Complaint, I have personal knowledge that the parties previously litigated the issue of whether Yien-Koo King had Article III

3

standing to pursue relief on behalf of the Estate based upon the allegations contained in the original Complaint (filed in September 2014). The audio recording of August 19, 2016 oral argument maintained by the Second Circuit on its webpage (http://www.ca2.uscourts.gov/decisions/isysquery/b28d9874-f636-474d-b597-35117a65ca6f/321-330/list/) is a true and accurate recording of the argument.

13. I have conducted a diligent review of the Expert Report of Patrick Regan (the "Regan Report") and Appendix A thereto. The following chart summarizes art-market report records identified in the Regan Report and Appendix A thereto (admissible under Fed. R. Evid. Rule 803(17) as records regularly relied upon by the public, professionals, and experts in the art market: Invaluable, Artron, Artnet, Artprice, AskArt, Sotheby's website and catalogues, and Christie's website and catalogues). *See, e.g.,* Exhibit 95, *infra* (Appendix A to the Regan Report at 7); Regan Dep. Trans. at 25:22-26:11; Linsner Dep. Trans. at 74:17-20, 192:6-193:9.

| **Painting** (Italics indicates additional, subsequent resale) | Resale Year | Auction House | Resale Amount | Citation to Appendix A |
|---|---|---|---|---|
| OTE 137 | 2010 | Chieftown | $336,000 | p. 9 |
| OTE 147 | 2008 | Chieftown | $441,600 | p. 12 |
| OTE 135 | 2009 | China Guardian | $285,600 | p. 14 |
| OTE 127 | 2009 | Chieftown | $844,800 | p. 15 |
| OTE 1001 | 2009 | Beijing Hanhai | $90,720 | p. 17 |
| *OTE 1001* | 2010 | Poly | $336,210 | p. 17 |
| *OTE 241* | 2013 | Poly | $390,080 | p. 18 |
| OTE 241 | 2009 | Beijing Hanhai | $28,560 | p. 18 |
| OTE 83 | 2008 | Chieftown | $252,000 | p. 22 |
| *OTE 94* | 2010 | Beijing Chieftown | $1,209,600 | p. 30 |
| OTE 94 | 2008 | Beijing Chieftown | $732,160 | p. 30 |
| OTE 129 | 2010 | Beijing Hanhai | $6,552,000 | p. 32 |
| OTE 153 | 2008 | Beijing Chieftown | $168,000 | p. 34 |
| OTE 112 | 2008 | Beijing Chieftown | $853,760 | p. 44 |
| OTE 106 | 2008 | Beijing Chieftown | $456,000 | p. 56 |
| OTE 115 | 2009 | Beijing Chieftown | $366,080 | p. 57 |
| OTE 224 | 2008 | Beijing Chieftown | $338,560 | p. 65 |
| *OTE 224* | 2011 | Beijing Hanhai | $2,760,000 | p.65 |
| OTE 126 | 2008 | Beijing Chieftown | $60,800 | p. 67 |
| OTE 88 | 2008 | Beijing Chieftown | $285,600 | p. 69 |
| OTE 156 | 2008 | Beijing Chieftown | $873,600 | p. 70 |
| OTE 133 | 2008 | Beijing Chieftown | $1,192,320 | p. 75 |
| OTE 158 | 2013 | Poly | $4,058,068 | p. 76 |
| OTE 159 | 2013 | Poly | $6,700,532 | p. 77 |
| *OTE 121* | 2010 | Beijing Chieftown | $1,680,000 | p. 80 |
| OTE 121 | 2008 | Beijing Chieftown | $1,176,000 | p. 80 |
| OTE 120 | 2014 | Poly Hong Kong | $471,040 | p. 81 |
| OTE 128 | 2009 | Beijing Chieftown | $327,600 | p. 83 |
| OTE 161 | 2010 | Poly | $2,520,000 | p. 85 |
| OTE 227 | 2013 | Poly Hong Kong | $338,560 | p. 86 |
| OTE 87 | 2010 | Beijing Hanhai | $470,400 | p. 87 |
| OTE 89 | 2014 | Christie's Hong Kong | $159,903 | p. 89 |
| OTE 202 | 2009 | Chieftown Beijing | $16,800 | p. 90 |

**EXHIBITS**

14. On February 1, 2019, the Defendants submitted Amended Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1). Attached hereto as **Exhibit 78** is a true and correct copy of the Defendants' Amended Initial Disclosures ("**Defendants' Amended Disclosures**").

15. On December 14, 2007, Ethel Griffin as the Public Administrator and Andrew Wang as the Preliminary Executor on behalf of the Estate of Chi-Chuan Wang, filed a Petition for a redetermination of the federal estate tax deficiency set forth by the Commissioner of Internal Revenue in the Commissioner's Notice of Deficiency. Attached hereto as **Exhibit 79** is a true and correct copy of the Petition for redetermination (AWSK_00015103-120).

16. Attached hereto as **Exhibit 80** is a true and correct copy of the Estate's Schedule D Tax sheet (KING-SCT-000010765-770) as produced by the Public Administrator of New York County.

17. Attached hereto as **Exhibit 81** is a true and correct copy of a June 5-7, 2005 email chain between Andrew Wang and Martin Klein (WANG003334-335).

18. Attached hereto as **Exhibit 82** is a true and correct copy of an April 21, 2009 through July 29, 2009 email chain between Andrew Wang and Martin Klein (AWSK_00007768-769).

19. Attached hereto as **Exhibit 83** is a true and correct copy of excerpts taken from the deposition transcript of Patrick Regan, occurring on January 7, 2020. The Declarant personally attended this deposition.

20. Attached hereto as **Exhibit 84** is a true and correct copy of excerpts taken from the deposition transcript of Andrew Wang, occurring on June 25, 2019 ("6/25/19 AW Dep. Trans."). The Declarant personally attended this deposition.

21. Attached hereto as **Exhibit 85** is a true and correct copy of an exhibit from the AW 2019 Deposition identified as "AW-14." Exhibit AW-14 comprises a May 11, 2011 email from Andrew Wang to Chien Fang Huang, with attached images of artwork ("AW Dep. Exh. AW-14") (AWSK_00009023-028).

22. Attached hereto as **Exhibit 86** is a true and correct copy of photographs of the Estate painting identified as OTE 156, taken in 2004 (KING7-000637-643) and maintained by the Estate.

23. Attached hereto as **Exhibit 87** is a true and correct copy of excerpts taken from the Probate Trial Transcript and the testimonies therein of Yien-Koo Wang King ("4/24/2017 YK. Prob. Tr. Tans.") and Chien Feng Huang ("4/25/17 Prob. Tr. Trans."), occurring on April 24-25, 2017 (KING-SCT-000016815-843; KING-SCT-000017482-493). The Declarant personally attended this trial.

24. Attached hereto as **Exhibit 88** is a true and correct copy of excerpts taken from the deposition transcript of Shou-Kung Wang, occurring on June 24, 2019 ("6/24/19 SK Dep. Trans."). The Declarant personally attended this deposition.

25. Attached hereto as **Exhibit 89** are true and correct copies of several exhibits from the SK 2019 Deposition ("SK Dep. Exh. SK-__"), which the Declarant personally attended. Deposition exhibit SK-2 comprises the Shou Kung Wang Irrevocable Trust dated September 25, 2013 ("SK Trust") (AWSK_00000064-095). Exhibit SK-3 comprises

Chase Bank account information for the Shou Kung Wang Irrevocable Trust (AWSK_00000008-011). Exhibit SK-4 comprises an HSBC Bank account transfer of $1,450,000.00 from Luo Rong, Andrew's wife, to Cao Ching Wang, Shou-Kung's wife (AWSK_00000012). Exhibit SK-6 comprises a deed to 108-20 71st Avenue 15E, Queens, real property purchased by Cao Ching Wang, Shou-Kung's wife, dated July 16, 2015. Exhibit SK-17 comprises a January 18, 2006 email from Andrew Wang to Martin Klein, in which Andrew forwards an email he sent to Elin Ewald (WANG002188). Exhibit SK-19 comprises a March 8, 2005 email chain between Andrew Wang and Martin Klein (WANG002013-014). Exhibit SK-24 comprises account statements for Shou-Kung Wang's JP Morgan Chase account, which show wire transfers to Hui Chen (AWSK_00000014-015).

26. Attached hereto as **Exhibit 90** is a true and correct copy of the deed to a $5.9 million Long Island mansion purchased by Andrew Wang as trustee to the Shou-Kung Wang Irrevocable Trust, dated October 2, 2013 (AWSK_00000001-003).

27. Attached hereto as **Exhibit 91** is a true and correct copy of a Pre-Motion Letter filed by the Defendants' counsel in this action on February 27, 2019 [ECF Dkt. 158].

28. Attached hereto as **Exhibit 92** is a true and correct copy of excerpts taken from the deposition transcript of Wei Zheng, occurring on January 7, 2015 ("Wei Zheng Dep. Trans."). The Declarant personally attended this deposition.

29. Attached hereto as **Exhibit 93** are true and correct copies of email correspondences between Andrew Wang and Chien Fang Huang, dated March 1-3, 2007 (WANG000215-216); March 7-15, 2007 (WANG002228-230); and April 21, 2011 – May 6,

2011 (WANG002363-65).

30. Attached hereto as **Exhibit 94** is a true and correct copy of the Poly International Auction Co., Ltd. webpage, showing the sale of *Wu Zhen*'s "Wild Bamboo" (a painting Andrew Wang denied receiving from Yien-Koo King at a settlement exchange in May 2005, but which was displayed at his "Bao Wu Tang" Exhibition in Beijing in 2009) for approximately $11,000,000.00 USD in 2016 (KING 00643-645).

31. Attached hereto as **Exhibit 95** is a true and correct copy of the expert report of Patrick Regan (*i.e.*, the Regan Report) and excerpts from Appendix A to the report submitted to the Defendants in October 2019.

32. Attached hereto as **Exhibit 96** is a true and correct copy of the Plaintiff's original Complaint, filed on September 23, 2014 [ECF Dkt. 1].

33. Attached hereto as **Exhibit 97** is a true and correct copy of the Defendants' opposition and cross appeal to the Plaintiff's appeal to the Second Circuit of this Court's dismissal of the original Complaint, which Defendants filed on February 10, 2016 ("2/10/16 Wangs' Memorandum of Law in Support of Cross-Appeal").

34. Attached hereto as **Exhibit 98** is a true and correct copy of the Summary Order Mandate of the Second Circuit, issued on September 20, 2016 which reversed the district court's dismissal of this action for failure to plead a pattern of racketeering ("9/20/2016 Mandate of the Second Circuit") [ECF Dkt. 35].

35. Attached hereto as **Exhibit 99** is a true and correct copy of a February 9, 2006 fax from Martin Klein to Cassidy Enoch Rex of Crozier (WANG000161).

36. Attached as **Exhibit 100** is a true and correct copy of a February 2005 email

chain between Andrew Wang, Martin Klein, and Crozier representatives (WANG001966-97).

37. Attached hereto as **Exhibit 101** is a true and correct copy of a February 11, 2005 email chain between Andrew Wang, Cassidy Enoch-Rex, Katie Prins, and Martin Klein (WANG002008).

38. Attached hereto as **Exhibit 102** is a true and correct copy of a July-August 2008 email chain between Andrew Wang and Martin Klein (WANG002266-267).

39. Attached hereto as **Exhibit 103** is a true and correct copy of excerpts taken from the deposition transcript of Shou-Kung Wang, occurring on February 2, 2005 ("2/2/05 SK Dep. Trans").

40. Attached hereto as **Exhibit 104** is a true and correct copy of a February 27, 2019 letter from Plaintiff to Magistrate Judge James L. Cott, seeking to compel production of documents related to the nature of the assets in the SK Trust. [ECF Dkt. 157].

41. Attached hereto as **Exhibit 105** is a true and correct copy of the official transcript of the March 4, 2019 discovery conference before Judge Cott regarding, among other issues, Plaintiff's request to compel Defendants' production of documents related to the Shou-Kung Wang Irrevocable Trust's assets. [ECF Dkt. 168].

42. Attached hereto as **Exhibit 106** is a true and correct copy of the February 10, 2003 Codicil to the 1998 Will of Chi-Chuan Wang ("February 10, 2003 Codicil") and the Affirmation of Hilton Soniker dated April 19, 2018.

Dated: New York, New York
     April 13, 2020　　　　　　　　　　　　　　　*/s/ Timothy Savitsky*
　　　　　　　　　　　　　　　　　　　　　　Timothy Savitsky, Esq. (TS 6683)
　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Yien-Koo Wang King*