UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
YIEN-KOO KING, NORTHWICH : 
INVESTMENTS LTD., and SOON HUAT, :
INC. :
 : Civ. Action No.: 1:14-cv-07694 (JFK)
                    Plaintiffs, :
 :
-against- :
 :
ANDREW WANG, SHOU-KUNG WANG, :
BAO WU TANG, JIAN BAO GALLERY, :
ANTHONY CHOU, CHEN-MEI-LIN, WEI :
ZHENG, YE YONG-QING, YUE DA-JIN :
and JOHN DOES 1-9, :
 :
                    Defendants. :
---------------------------------------------------- x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LOCAL RULE 56.1 STATEMENT

KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.:  (212) 506-1700

*Attorneys for Defendant Andrew Wang*

## **TABLE OF CONTENTS**

**Page**

Table of Authorities ...................................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.   It Is Undisputed That AW Did Not Engage In Self-Dealing Or Benefit From The Sale Of The 98 Paintings ................................................................................................ 2

II.  Plaintiff's 56.1 Statement Is Admittedly Improper And The Filled Statement Is Irrelevant To Plaintiff's Motion ......................................................................................... 6

III. The Statement Should Be Stricken Because It Contravenes The Purpose Of Local Rule 56.1 ................................................................................................................ 6

IV.  Statement Paragraphs Unsupported By The Cited Evidence Should Be Stricken .............. 7

V.   Statement Paragraphs Containing Argument Should Be Stricken .................................... 7

VI.  Paragraphs Of The PA's Declaration Not Based On Personal Knowledge, And Paragraphs Of The Statement That Rely On These Paragraphs, Should Be Stricken ........ 8

VII. Paragraphs Relying On The YK Declaration Should Be Stricken ..................................... 9

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Trust*,
  2014 WL 6694502 (S.D.N.Y. Nov. 25, 2014) ................................................................................7

*Hengjin Sun v. China 1221, Inc.*,
  2015 WL 5542919 (S.D.N.Y. Aug. 12, 2015) ...............................................................................3

*Larouche v. Webster*,
  175 F.R.D. 452 (S.D.N.Y. 1996) ...................................................................................................8

*Smith v. Mikki More, LLC*,
  59 F. Supp. 3d 595 (S.D.N.Y. 2014) .............................................................................................3

*Southside Hospital v. New York State Nurses Association*,
  2017 WL 9485721 (E.D.N.Y. Jan. 26, 2017) ................................................................................3

*New York ex rel. Spitzer v. St. Francis Hosp.*,
  94 F. Supp. 2d 423 (S.D.N.Y. 2000) .............................................................................................9

*Strass v. Costco Wholesale Corp.*,
  2016 WL 3448579 (E.D.N.Y. June 17, 2016) ...............................................................................3

*Torrel v. City of New York*,
  114 Fed. App'x 14 (2d Cir. 2004) .................................................................................................9

*United States v. Real Prop. Located at 3234 Washington Ave. N., Minneapolis, Minn.*,
  480 F.3d 841 (8th Cir. 2007) ........................................................................................................9

**Statutes**

Fed. R. Civ. P. 56(c)(4) ......................................................................................................................9

Local Rule 56.1 ........................................................................................................... *passim*

Defendant Andrew Wang ("AW" or "Defendant") respectfully submits this reply memorandum of law in further support of his motion to Strike Plaintiff's Local Rule 56.1 Statement.[1]

## PRELIMINARY STATEMENT

This reply brief marks the last submission on three motions pending before the Court: (i) Defendants' motion for summary judgment ("Def. Motion") (Dkt. No. 197); (ii) Plaintiff's motion for partial summary judgment ("Pl. Motion") against Defendant AW (Dkt. No. 195); and (iii) Defendant AW's motion to strike Plaintiff's Rule 56.1 statement submitted in support of Pl. Motion (Dkt. No. 216). AW moved to strike Plaintiff's Rule 56.1 statement (the "Statement") on grounds that it (i) included scads of irrelevant material, (ii) failed to provide evidentiary support for dozens of purported facts, and (iii) relied extensively on inadmissible evidence. Rather than substantively dispute any of Defendant's arguments – or address the numerous cited examples of the Statement's shortcomings – Plaintiff instead argues that the Statement's failings should be "disregarded" as it was merely anticipatory of the Wangs' motion for summary judgment and should be treated as a counterstatement of material facts. (Dkt. Nos. 210; 223.) No authority permits anticipatory statements under Rule 56.1. Moreover, as set forth herein, Plaintiff largely fails to address the specific evidentiary and other issues AW identified with the Statement. Exclusion of the Statement is warranted.

Regardless, Plaintiff's admissions in her reply brief submitted on Pl. Motion establish, without question, that Def. Motion must be granted, Pl. Motion must be denied, and this action must be dismissed. Plaintiff failed to respond to – let alone dispute – dozens of undisputed facts

---

[1] Citations to "Pl. Opp." are to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Local Rule 56.1 Statement (Dkt. No. 223). Citations to "Def. Br." are to the Memorandum of Law in Support of Defendant's Motion to Strike Plaintiff's Local Rule 56.1 Statement (Dkt. No. 216).

set forth in AW's Counterstatement of Material Facts Pursuant to Local Rule 56.1 (the "AW Counterstatement" (Dkt. No. 211 at 222)) submitted in opposition to Pl. Motion.  As a result, among many others, the following determinative facts must be deemed undisputed and admitted by Plaintiff:

- AW was not the source of funds used to purchase the 98 Paintings.  (AW Counterstatement at ¶ 82.)

- AW was not the buyer of any of the 98 Paintings.  (AW Counterstatement at ¶ 83.)

- AW did not acquire any ownership interest in the 98 Paintings through the sales.  (AW Counterstatement at ¶ 84.)

- AW did not have any personal interest in the sales of the 98 Paintings.  (AW Counterstatement at ¶ 85.)

- AW did not benefit from the sales of the 98 Paintings or any subsequent sales of the 98 Paintings.  (AW Counterstatement at ¶ 86.)

These undisputed facts negate the existence of the purported scheme to defraud at the heart of the complaint in this action, negate any claim that AW engaged in self-dealing, negate any claim that AW or Shou-Kung Wang ("SK") "resold" any of the 98 Paintings, and negate any claim that AW or SK laundered money realized by the purported resales of the 98 Paintings. These admitted fact require that Def. Motion be granted; that Pl. Motion be denied, and, as a result, the Court need not, if it so chooses, reach the merits of this motion.

## ARGUMENT

### I. It Is Undisputed That AW Did Not Engage In Self-Dealing Or Benefit From The Sale Of The 98 Paintings

It is undisputed that AW did not engage in self-dealing in connection with the 98 Paintings, or any scheme to defraud the Estate, and did not benefit from the sale of the 98 Paintings.  In opposition to Plaintiff's motion for summary judgment, AW submitted, with his response to the Statement, the AW Counterstatement.  (Dkt. No. 211 at 222.)  <u>Plaintiff did not</u>

respond to the Counterstatement. Thus, all facts asserted in the Counterstatement should be deemed undisputed and admitted. *See Southside Hospital v. New York State Nurses Association*, 2017 WL 9485721, at *1 n.1 (E.D.N.Y. Jan. 26, 2017) ("In its 56.1 counterstatement, Southside proffered a number of additional facts to which NYNSA made no response, and hence may also be deemed undisputed."); *Strass v. Costco Wholesale Corp.*, 2016 WL 3448579, at *1 n.1 (E.D.N.Y. June 17, 2016) ("In its reply, Defendant did not respond to Plaintiffs' 56.1 counterstatement. Therefore, the Court deems the facts asserted in Paragraphs 30 through 40 of Plaintiffs' 56.1 counterstatement to be undisputed and admitted."); *Hengjin Sun v. China 1221, Inc.*, 2015 WL 5542919, at *3 (S.D.N.Y. Aug. 12, 2015) (statements in Rule 56.1 counterstatement deemed admitted when not "specifically controverted" with citations to record evidence); *Smith v. Mikki More, LLC*, 59 F. Supp. 3d 595, 601 (S.D.N.Y. 2014) (same).

The following facts establish that AW did not engage in self-dealing:

- AW was not the source of funds used to purchase the 98 Paintings. (AW Counterstatement at ¶ 82.)

- AW was not the buyer of any of the 98 Paintings. (AW Counterstatement at ¶ 83.)

- AW did not acquire any ownership interest in the 98 Paintings through the sales. (AW Counterstatement at ¶ 84.)

- AW did not have any personal interest in the sales of the 98 Paintings. (AW Counterstatement at ¶ 85.)

- AW did not benefit from the sales of the 98 Paintings or any subsequent sales of the 98 Paintings. (AW Counterstatement at ¶ 86.)

- The PA was aware that the sales of the 98 Paintings were being facilitated by an intermediary in China. (AW Counterstatement at ¶ 73.)

- Artworks were delivered to Hong Kong "for the purpose of saving taxes for the buyers." (AW Counterstatement at ¶ 75.)

- To facilitate the buyers' payments from mainland China, AW, accepted payment at a bank account he controlled in Hong Kong, and, upon his receipt of the funds,

3

- forwarded the payment to the Estate's bank account in the U.S.  (AW Counterstatement at ¶ 78.)

- Transfers through Hong Kong were necessary because "the only way to … transfer the money out of China is going through a company in Hong Kong," and "Chinese citizens … cannot set up a company in Hong Kong."  (AW Counterstatement at ¶ 79.)

- The lack of written communications and records in connection with the sales of the 98 Paintings is in accord with "normal procedure" in Chinese practice.  (AW Counterstatement at ¶ 89.)

- AW disclosed to his counsel at Brown Raysman Millstein, Felder & Steiner, LLP that when necessary the funds from the sales of the 98 Paintings were flowing from China through a Hong Kong bank account he controlled.  (AW Counterstatement at ¶ 81.)

Additional undisputed facts are similarly dispositive.  With respect her discovery of AW's purported self-dealing, Plaintiff admits that:

- She was aware that at least eleven of the 98 Paintings had been sold by, at the latest, November 2009 when she attended the Bao Wu Tang Exhibition.  (AW Counterstatement at ¶ 141.)

- On or about July 29, 2005, YK's then-attorney, Hugh Mo, was made aware of the procedure followed by the Estate to sell the 98 Paintings.  (AW Counterstatement at ¶ 142.)

- Her counsel Randolph Harris of McLaughlin & Stern, LLP was provided access to the Estate's tax return, and reviewed it on June 29, 2006.  (AW Counterstatement at ¶ 143.)

- Billing records produced by McLaughlin & Stern, LLP confirm that on January 6, 2010 the firm met with the King's "regarding the Baowutang paintings dispute" and on January 7, 2010 "[r]esearched and reviewed the Bao Wu Tang Video[.]"  (AW Counterstatement at ¶ 144.)

- On February 11, 2010, YK met again with her attorneys to discuss "prosecuting a lawsuit relating to paintings from the Estate of C.C. Wang."  (AW Counterstatement at ¶ 145.)

Additional key undisputed facts regarding the sales of the 98 Paintings include:

- The Estate was required to liquidate assets, including artwork, to raise funds to pay the taxes owed to the IRS and to cover the other Estate expenses.  (AW Counterstatement at ¶ 31.)

4

- The Estate needed to sell whatever artwork it could to pay estate taxes and other administration expenses.  (AW Counterstatement at ¶ 34.)

- All sales of the 98 Paintings were contingent upon the PA's independent review and approval of the offers to purchase obtained and conveyed by AW.  (AW Counterstatement at ¶ 60.)

- The PA was empowered to take legal action on behalf of the Estate, including against its co-fiduciary, AW, and in fact did so in the Surrogate's Court.  (AW Counterstatement at ¶ 8.)

- AW is not an "expert" on the valuation of classical Chinese paintings.  (AW Counterstatement at ¶ 65.)

- AW was not responsible for authenticating the paintings on display at the Bao Wu Tang Exhibition.  (AW Counterstatement at ¶ 134.)

- The version of Guo Xi's "Travelers in the Autumn Mountains" exhibited at the Bao Wu Tang Exhibition was a reproduction.  (AW Counterstatement at ¶ 135.)

- Andrew's involvement with the Bao Wu Tang Exhibition was limited to the following:

    i. referring organizers to sources for artworks to exhibit;

    ii. "roughly" reviewing and signing off on the preface to the Bao Wu Tang Catalogue; and

    iii. attending the opening dinner.  (AW Counterstatement at ¶ 133.)

With respect to the so-called "Shanghai Exchange," Plaintiff does not dispute that:

- The document initialed and signed by AW did not indicate, and was not, a receipt for the 46 paintings.  (AW Counterstatement at ¶ 163.)

- The document AW executed during the Shanghai Exchange is not the same document as the one attached as Exhibit 2 to the Declaration of Yien-Koo Wang King, dated February 14, 2020 ("YK Dec.") (Dkt. No. 198).  (AW Counterstatement at ¶ 164.)

- The document AW signed at the Shanghai Exchange did not include the words "46 Pieces Received by Andrew Wang" below the signature line.  (AW Counterstatement at ¶ 165.)

- The Kings fraudulently manipulated Exhibit 2 to the YK Dec.  (AW Counterstatement at ¶ 166.)

5

- Instead of turning over 46 paintings as agreed, the Kings only provided AW with 15 paintings. (AW Counterstatement at ¶ 167.)

Finally, Plaintiff does not dispute she and her husband have sold artwork in violation of the Surrogate Court's restraining order that they held as "*de-facto* fiduciaries."

The foregoing undisputed facts affirmatively establish that Plaintiff lacks any valid claims against Defendants and are determinative of all motions pending before the Court.

**II. Plaintiff's 56.1 Statement Is Admittedly Improper And The Filled Statement Is Irrelevant To Plaintiff's Motion**

Plaintiff's Statement is admittedly improper as it is replete with facts wholly irrelevant to her motion. (Pl. Opp. at 3.) Plaintiff argues that the Statement should not be stricken because she merely "anticipated the Wang's motion seeking dismissal of her RICO action and included material facts relevant thereto in order to avoid submitting multiple, piecemeal Rule 56.1 statements." (Pl. Opp. at 3.) Local Rule 56.1 does not contemplate nor permit anticipatory statements, and Plaintiff cites no authority allowing such statement. Indeed, Plaintiff does not dispute that large swaths of the Statement, are, as AW argued, irrelevant to Pl. Motion.

**III. The Statement Should Be Stricken Because It Contravenes The Purpose Of Local Rule 56.1**

As established in his opening brief, the Statement is improper because it contains dozens of paragraphs comprised of multiple factual assertions in contravention of Rule 56.1's requirement that such statements be "short and concise." (*See* Def. Br. at 5-6.) Plaintiff's failure to comply with the basic principles defeats the purpose of Local Rule 56.1. Plaintiff's response that she include multi-part, multi-sentence statements because the "Record is huge" misses the point of Local Rule 56.1, and is really no response at all. (Pl. Opp. at 12.) The point of the rule is to make a large or complex record easier for the court to digest when considering summary judgment motions. The scope of the record, if anything, only makes it more critical that the

party propounding a Rule 56.1 statement set forth the facts in a clear manner, rather than in multi-part, multi-faceted and convoluted statements as Plaintiff did. The overall length of the Statement is not specifically the issue; the issue, to which Plaintiff does not directly respond, is Plaintiff's improper presentation of the purported facts.

**IV.     Statement Paragraphs Unsupported By The Cited Evidence Should Be Stricken**

It is axiomatic, and even Plaintiff agrees, (Pl. Opp. at 13), that paragraphs not supported by cited evidence have no place in a Rule 56.1 statement. Inclusion of such "facts," *i.e.,* statements purportedly, but in fact not, supported by evidence cited, only makes the Court's task of identifying true factual disputes more difficult. But on this motion, Plaintiff has made the Court's job easy. Plaintiff offers no specific, substantive response to AW's contention that paragraphs 8, 11, 13, 21-22, 40-43, 47, 74, 110, 113, 157, 162, 173, 180, 187, 198, 219, 225, 234, 237-240, 245, 251, 253, 266, 272, 279, 283, 290, 299, 301, 312, 316, 329, 333, 335, 346, 351-352, 360 and 372-374, are unsupported by the cited evidence. Plaintiff did not so much as respond to or address the specific example identified by AW*, i.e.*, paragraph #283. (Def. Br. at 6-7.) Citation to relevant, supporting evidence is the *sine qua non* of Rule 56. If Plaintiff cannot so much as respond to AW's contentions that specific paragraphs in the Statement are not substantively supported by the cited evidence, the Court should not engage in the exercise of justifying her statements for her. The foregoing Statement paragraphs should be stricken.

**V.     Statement Paragraphs Containing Argument Should Be Stricken**

As established, Rule 56.1 statements that contain argument and conclusions are improper and should be stricken. *Am Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Trust*, 2014 WL 6694502, at *1 (S.D.N.Y. Nov. 25, 2014) (granting plaintiff's motion to strike as to argumentative statements in the [Rule 56.1 statement]"). Here again, Plaintiff fails to specifically refute any of the contested paragraphs, including completely ignoring the five

specific examples addressed in AW's motion. (Def. Br. 8-9.) Instead, she responds with a blanket declaration generally denying the Statement's shortcomings. (Pl. Opp. 15-16.) As Plaintiff does not – because she cannot – substantively dispute any of the challenged paragraphs, Statement paragraphs 18-19, 32-33, 35, 37-38, 46, 65, 67, 70-93, 95-110, 112-117, 119-125, 128, 131-133, 137, 142, 145-146, 158, 162, 178-179, 183-187, 189-191, 198-204, 206-207, 210-214, 216-221, 223, 225, 240-241, 261-263, 280-281, 283, 289, 291-292, 301, 305-306, 308, 310, 313-314, 316-317, 319-321, 323-328, 331, 334, 339, 341-345, 350, 355-359, 361, 367, and 371-374 should be stricken.

### VI. Paragraphs Of The PA's Declaration Not Based On Personal Knowledge, And Paragraphs Of The Statement That Rely On These Paragraphs, Should Be Stricken

It is indisputable that "[a]ny portion of an affidavit that is not based on personal knowledge should be stricken." *Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996). Accordingly, the Court need look no further than Ms. Damas' admission that she "ha[s] no personal knowledge regarding the allegations in this proceeding," (PA Dec. at ¶ 5), to conclude that the majority of her declaration is inadmissible.

In opposition, Plaintiff argues that "affiants may testify as to the contents of records they reviewed in their official capacity." (Pl. Opp. at 17.) Ms. Damas' review of the PA's records, however, is insufficient to prevent exclusion even on that basis. Here, Ms. Damas states that her declaration is based on a review of documents confirmed to be complete and accurate by her attorney Glenn A. Opell, Esq., as well as "discussions with [Mr. Opell] regarding the administration of the estate." (PA Dec. at ¶ 5.) This argument fails based on Plaintiff's own admissions. Throughout her Responses and Objections to Defendants' Statement of Undisputed Material Facts (Dkt. No. 218), Plaintiff repeatedly asserts that Mr. Opell "did not begin representing the PA until 2014 – years after the Estate's 98 paintings were sold" and "[t]hus he

8

too lacks personal knowledge" of the details surrounding the sales.  (*See* Dkt. No. 218 at ¶¶ 65, 78, 100-107.)  As a matter of simple logic, Mr. Opell cannot impart something – personal knowledge – upon Ms. Damas which *Plaintiff claims he does not have*.  Now that Plaintiff has disowned Mr. Opell's personal knowledge, the PA Declaration is without *any* meaningful foundation in personal knowledge.[2]  *See* Fed. R. Civ. P. 56(c)(4); *Torrel v. City of New York*, 114 Fed. App'x 14, 16 (2d Cir. 2004) (statement in affidavit for which affiant "did not provide any basis for her personal knowledge of the facts" held "not cognizable on summary judgment review").

Accordingly, the Court should strike all paragraphs from the PA Declaration not based on Ms. Damas' personal knowledge as well as all Statement paragraphs which rely upon the PA. Dec.  (*See* paragraphs 30, 41, 44, 45, 56, 57, 60, 153, 158, 186, 187, 199, 220, 222, 299, and 305.)

**VII.   Paragraphs Relying On The YK Declaration Should Be Stricken**

As established in AW's opening brief, "if the credibility of a critical interested witness is even partially undermined in a material way by the non-moving party's evidence, summary judgment in favor of the party with the burden of proof should be denied."  *United States v. Real Prop. Located at 3234 Washington Ave. N., Minneapolis, Minn.*, 480 F.3d 841, 845 (8th Cir. 2007) *citing Chem. Bank v. Hartford Acc. & Indem. Co.,* 82 F.R.D. 376, 378 -79 (S.D.N.Y. 1979) (denying summary judgment when non-movant demonstrated a genuine issue of fact

---

[2]  Plaintiff relies on *New York ex rel. Spitzer v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000) for the proposition that "observations over time constitute personal knowledge for purposes of admissibility." (Pl. Opp. at 17.)  As *St. Francis Hosp.* is readily distinguishable, this reliance is misplaced.  In *St. Francis Hosp.* the declarant's testimony was deemed based on personal knowledge due to his "twenty- five years of experience with the [at-issue] process." *Id.*  Here, Ms. Damas' declaration provides no such foundation.  Indeed, the only mention of Ms. Damas' relevant experience is a one sentence notation concerning her appointment as the PA in September 2015.  (PA. Dec. at ¶ 4.)  Not addressed is any prior experience Ms. Damas may have had working in the PA's office, or how her knowledge of the PA's processes and procedures beginning in 2015 has any bearing whatsoever on how the PA's office operated between 2005 and 2009 when the 98 Paintings were sold.

9

concerning the credibility of an affiant). YK's credibility is at issue here, and has been throughout the nearly two decades of litigation between the parties. (Def. Br. at 11-12.) Indeed, Plaintiff does not dispute the statement that she sold Estate-owned artwork in violation of a restraining order issued by the Surrogate's Court (AW Counterstatement at ¶ 183); that she failed to disclose assets in her bankruptcy that she later claimed ownership of *in this action* (AW Counterstatement at ¶ 178; Kelly Dec. Ex. 3); and that she fraudulently manipulated purported settlement documents (AW Counterstatement at ¶ 166). These and other facts put YK's credibility squarely at issue in this litigation.

Rather than substantively responding to any of AW's contentions, Plaintiff instead attempts to blame AW, arguing that "[i]f anyone's declaration is to be stricken, it should be Andrew's." (Pl. Opp. at 20.) Of course, AW's purported conduct is irrelevant to the question of YK's credibility. Moreover, Plaintiff's opposition wrongly claims that "Andrew's Declaration … fails to raise a genuine issue in relation to Yien-Koo's credibility." (Pl. Opp. at 21.) To be clear, AW does not rely on his declaration when challenging YK's credibility – not once. Rather, he cites the affirmation of David Rose, Esq., counsel to the PA, an order of the Surrogate's Court and YK's own filings in both this action as well as in the bankruptcy court, which all unequivocally establish that YK's credibility is lacking. (Def. Br. at 11-12.) Further, as set forth above, YK admits to the misconduct asserted by AW by failing to dispute the facts set forth in the AW Counterstatement. (AW Counterstatement at ¶¶ 172, 178, 182-184.)

In an attempt to blunt the effect of these neutral sources, and her own admissions, YK argues that the credibility issues raised by AW are unrelated to topics addressed in the YK Declaration. (Pl. Opp. at 21.) Plaintiff is wrong. The credibility issues raised by AW strike at the heart of this litigation, namely whether YK's testimony relating to the administration of the

Estate and its artwork can be trusted. Those are the very same issues addressed in the YK Declaration. Both the Surrogate's Court and counsel to the PA have concluded that, when it comes to matters of the Estate and its artwork, YK cannot be trusted. (AW Counterstatement at ¶¶ 172, 185.) Defendant respectfully requests that the Court follow suit.

Accordingly, Statement paragraphs purportedly supported by the YK Declaration are facially insufficient evidence for summary judgment purposes as matter of law, and thus should be stricken. (*See* ¶¶ 13, 25, 26-28, 30-31, 34-35, 41-42, 52-54, 322-338, 341, 346-358, 361.)

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order: (i) striking the Statement in the entirety, or in the alternative, striking paragraphs 2-11, 13-15, 18-19, 21-28, 30-31, 32-38, 40-47, 52-54, 56-57, 60, 62-63, 65, 67-93, 95-110, 112-117, 119-125, 128, 131-133, 137, 139, 140-143, 145-146, 153, 157-158, 161-162, 166, 170, 172-173, 178-180, 183-187, 189-191, 198-208, 210-214, 216-223, 225-226, 233-235, 237-242, 245, 250-251, 253, 256, 261-263, 265, 266, 272, 279-281, 283-284, 287, 289-292, 299-301, 303, 305-306, 308-310, 312-314, 316-317, 319-339, 341-361, 367, and 372-374 of the Statement; (ii) striking paragraphs 6-52 of the PA Declaration; and (iii) and for such other and further relief as the Court deems just and proper.

Dated: May 11, 2020
      New York, New York

By: /s/ *Thomas B. Kelly*
Thomas B. Kelly
(tkelly@kasowitz.com)
Kim Conroy
(kconroy@kasowitz.com)
Jonah M. Block
(jmblock@kasowitz.com)

KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700

*Attorneys for Defendant Andrew Wang*