**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**YIEN-KOO KING,**

**Plaintiff,**

**-against-**

**ANDREW WANG, SHOU-KUNG WANG, BAO WU TANG, JIAN BAO GALLERY, ANTHONY CHOU, CHEN-MEI LIN, WEI ZHENG, YE YONG-QING, YUE DA-JIN and JOHN DOES 1-9,**

**Defendants.**

**1:14-Civ-07694-(LJL)(JLC)**

**DECLARATION OF TIMOTHY SAVITSKY IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 37**

**Timothy Savitsky, Esq.** hereby declares pursuant to 28 U.S.C. § 1746, under penalties of perjury as follows:

1. I am a member of the Bar of this Court in good standing and an attorney at Sam P. Israel, P.C., counsel to plaintiff Yien-Koo King (the "Plaintiff") in this action. I submit this declaration based upon my personal knowledge to place before the Court certain facts and documents in support of the Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 Striking the Defendants' Affirmative Defendants and Issuing Adverse Inferences Against the Defendants.

2. Attached hereto to as Exhibit 1 is a true and correct copy of an order of the Surrogate's Court of New York County dated August 4, 2003 appointing Andrew Wang

("A. Wang") as co-fiduciary of the Estate of Chi-Chuan Wang (the "Estate") along with the Public Administrator of New York County (the "PA").

3. Attached hereto as Exhibit 2 is a true and correct copy of the decree of the Surrogate's Court of New York County dated May 9, 2017 denying probate to a purported instrument dated February 18, 2003 and filed by the Wangs.

4. Attached hereto as Exhibit 3 is a true and correct copy of the declaration of Dahlia Damas, as Public Administrator of New York County, dated February 14, 2020, without exhibits.

5. Attached hereto as Exhibit 4 is a true and correct copy of excerpts from the deposition of A. Wang in a New York County Surrogate's Court Proceeding held in December 2013. Having personally attended the deposition and having read its entire transcript, I have personal knowledge that the deposition of A. Wang lasted four days: December 10, 12, 17, and 19. I further have personal knowledge that the name Er Shi Fu was not mentioned once during the four days of deposition, nor in any document in the record dated earlier than A. Wang's first interrogatory responses served in this action in 2018. No hand-written notations purporting to be from Mr. Fu have been produced. I can attest, having reviewed the production in this action, that there have not been any communications or documents referencing an individual named "Er Shi Fu" or otherwise an intermediary being used by A. Wang to locate and communicate with buyers.

6. Attached hereto as Exhibit 5 is a true and correct copy of A. Wang's responses to the Plaintiff's interrogatories dated September 7, 2018, and which reference

the existence of an intermediary for the Estate's 2005-2009 private sales at issue in this action.

7. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the transcript of A. Wang's deposition held on June 25, 2019.

8. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the transcript of Peter Schram held on June 28, 2019.

9. Attached hereto as Exhibit 8 is a true and correct copy of A. Wang's second supplemental response to the Plaintiff's interrogatories dated November 6, 2018.

10. Attached hereto as Exhibit 9 is a true and correct copy of real property records related to the purchase of 117 Old House Road, Sands Point, NY. Though this record was originally collected by the Plaintiff from public records, the version attached as Exhibit 9 was produced by the Wangs in this action and bears bates stamp AWSK_000000001-3.

11. Attached hereto as Exhibit 10 is a true and correct copy of records produced by Lau & Associates in response to a third-party subpoena served on them by the Plaintiff in or about September 2018. I have personal knowledge of the service of the subpoena and that the documents in Exhibit 10 were produced by Lau & Associates in response thereto. The records were subsequently produced by the Plaintiff in this action and bear bates stamp KING 006702-16.

12. Attached hereto as Exhibit 11 is a true and correct copy of records produced by Lau & Associates in response to a third-party subpoena served on them by the Plaintiff in or about September 2018. I have personal knowledge of the service of the subpoena

and that the documents in Exhibit 1` were produced by Lau and Associates in response thereto. The records were subsequently produced by the Plaintiff in this action and bear bates stamp KING 006718-22.

13. Attached hereto as Exhibit 12 is a true and correct copy of a pre-motion letter filed by the Plaintiff's counsel in this action dated December 12, 2018 [ECF Dkt. 136].

14. Attached hereto as Exhibit 13 is a true and correct copy of excerpts from the transcript of a discovery conference held in this action on January 18, 2019 before Judge James L. Cott.

15. Attached hereto as Exhibit 14 is a true and correct copy of A. Wang's third supplemental response to the Plaintiff's interrogatories dated December 21, 2018.

16. Attached hereto as Exhibit 15 is a true and correct copy of the Estate's wire record showing the payment it received from Le Style Limited in relation to the sale of paintings to purported buyer "Yue Da Jin." This exhibit bears bates stamp WANG001673-74 and was produced by the Wangs in this action.

17. Attached hereto as Exhibit 16 is a true and correct copy of a pre-motion letter filed by the Plaintiff's counsel in this action dated January 15, 2019 filed in this action [ECF Dkt. 147]. The letter, in part, notes a failure by the Wangs to produce records for Le Style Limited or other corporations. I have personal knowledge that only Le Tao Limited's incorporation records were ever produced by the Wangs and no transactional or account records for any of the Wangs' corporations that A. Wang claims he set up and used to pay the Estate were ever produced. Nor were any communications produced

between the Wangs and the buyers or between the Wangs and their accountant Billie Wai. No records identifying Billie Wai as the Wangs' accountant has ever been produced the them.

18. Attached hereto as Exhibit 17 are true and correct copies of emails between Martin Klein and Andrew Wang dated May 25, 2005. This exhibit bears bates stamp WANG002106-07 and was produced by the Wangs in this action.

19. Attached hereto as Exhibit 18 is a true and correct copy of a transcript of a discovery conference held in this action before the Honorable James L. Cott on March 4, 2019 and filed on the ECF docket on March 22, 2019; ECF Dkt. 168.

20. Attached hereto as Exhibit 19 is a true and correct copy of the Shou-Kung Wang Irrevocable Trust as produced by the Wangs in this action and identified as SK-2 at the deposition of defendant Shou-Kung Wang on June 24, 2019. This exhibit bears bates stamp AWSK_00000064-95.

21. Attached hereto as Exhibit 20 is a true and correct copy of the Plaintiff's first set of document demands on defendant Andrew Wang dated August 8, 2018.

22. Attached hereto as Exhibit 21 is a true and correct copy of the Plaintiff's first set of document demands on defendant Shou-Kung Wang dated August 9, 2018.

23. Attached hereto as Exhibit 22 is a true and correct copy of an email sent by counsel for the Wangs to counsel for the Plaintiff on March 15, 2019 regarding the Wangs attempt to reach out to Portcullis TrustNet BVI for records for Le Style Ltd. and Le Tao Ltd.

24. Attached hereto as Exhibit 23 is a true and correct copy of the Supplemental Response of Defendant Shou-Kung Wang to the Plaintiff's First Set of Interrogatories, sworn to on December 21, 2018.

25. Attached hereto as Exhibit 24 is a true and correct copy of excerpts of the deposition of Shou-Kung Wang held on June 24, 2019.

26. Attached hereto as Exhibit 25 is a true and correct copy of the Verified Answer of Shou-Kung Wang, dated August 28, 2014, filed in the New York County Surrogate's Court in response to a petition which sought, among other things, the removal of A. Wang as fiduciary of the Estate of Chi-Chuan Wang.

27. Attached hereto as Exhibit 26 is a true and correct copy of an excerpt from the Appellate Appendix filed by the Wangs with New York State Supreme Court, Appellate Division in relation to their appeal of the May 9, 2017 probate decree issued by the Surrogate's Court in the Estate of Chi-Chuan Wang, No. 2550/2003.

28. Attached hereto as Exhibit 27 are true and correct copies of emails between A. Wang and Chien Fang Huang. These records were produced in this action by the Wangs.

29. Attached hereto as Exhibit 28 is a true and correct copy of a Petition for a Compulsory Limited Accounting and Related Relief filed by Yien-Koo Wang King in the Surrogate's Court of New York County on or about May 9, 2011 in the Estate of Chi-Chuan Wang, No. 2550/2003.

30. Attached hereto as Exhibit 29 is a true and correct copy of the Wangs' joint Answer to the Amended Complaint in this action filed June 1, 2018 [ECF Dkt. 78].

Dated: New York, New York
April 8, 2020

/s/ *Timothy Savitsky*
Timothy Savitsky, Esq.
*Counsel for Plaintiff Yien-Koo Wang King*