# EXHIBIT 18

# Last Will and Testament

OF

**CHI CHUAN WANG**

I, CHI CHUAN WANG, a resident of the City of New York, County of New York and State of New York, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all wills and codicils heretofore made by me.

FIRST:        I direct that all inheritance, estate, transfer, succession and other death taxes or duties (excluding any generation-skipping transfer tax imposed by Chapter 13 of the Internal Revenue Code, as amended from time to time), together with any interest and penalties thereon, imposed by any jurisdiction whatsoever by reason of my death upon or with respect to any property includible in my estate for the purpose of computing such taxes, whether such property passes under this Will, or otherwise, shall be paid out of my residuary estate as an administration expense, without apportionment, provided, however, if my wife survives me none of such taxes shall be paid from her share of my residuary estate under paragraph (A) of Article FIFTH and such taxes shall be paid from the balance of my residuary estate, and further provided however that estate taxes shall be apportioned against that certain Trust known as The C.C. Wang Charitable Trust, dated February 26, 1997 (the "WANG Trust").

SECOND:     (A)      I bequeath all my jewelry, clothing and articles of personal use or adornment, automobiles, household furniture, furnishings and all other similar tangible personal property (but not including any works of art whether created by me or other artists), which I may own at the time of my death to my wife, YUAN-SU CHEN WANG, if she survives me.  If my wife predeceases me, I bequeath such property to those of such of my children who survive me in as nearly equal shares as is feasible, the particular articles to be distributed to each child in satisfaction of this bequest to be determined by agreement between

AWSK_00003857

them, or in the absence of such agreement, as my Executors shall determine.

(B)   Any expense which may be incurred by my Executors in selling, storing, packing, shipping and insuring any of such personal property, including any expense which may be incurred in delivering such property to any legatee, shall be charged against the principal of my residuary estate and treated as an administration expense.

(C)   The determination of my Executors as to what property passes under this Article shall be conclusive upon all persons interested in my estate.  To the extent practicable, all insurance on or relating to the property passing under this Article SECOND shall pass with the property.

THIRD:       (A)   I devise and bequeath to my wife, YUAN-SU CHEN WANG, if she survives me, any residential real estate, including any cooperative apartment, together with the proprietary lease and the shares of stock allocated to such apartment, whether such residential real estate is used year-round or seasonally, that I may own at the time of my death, as well as all policies of fire, burglary, property, personal liability and all other insurance relating to such property.

(B)   If my wife, YUAN-SU CHEN WANG, predeceases me, I direct my Executors to sell all property referred to in paragraph (A) above, within a reasonable time after my death, upon such terms and conditions, including price, as my Executors, in their discretion deem appropriate, and to add the net proceeds thereof to my residuary estate to be distributed s part thereof.

FOURTH:       If my wife, YUAN-SU CHEN WANG, survives me, I give to my trustee the largest amount that can pass free of federal estate tax by reason of the applicable credit amount as referred to in Section 2010(c) of the Internal Revenue Code, as amended, the state death tax credit and any other estate tax credits allowed by the Internal Revenue Code; provided, however, that (1) the state death tax credit shall be taken into account only to the extent that it does not result in an increase in state death taxes which would otherwise be payable; (2) the sum disposed of by this Article shall be reduced by the value of property which passes outside the terms of this will or which passes under other Articles of this will and which does not qualify for the estate tax charitable or marital deductions; and (3) the sum disposed of by this Article shall be reduced by charges against the principal of my estate

AWSK_00003858

which do not qualify as federal estate tax deductions. In making the computations necessary to determine the amount of this pecuniary bequest, valuations and credit amounts as finally determined for federal estate tax purposes shall control, and the addition of adjusted taxable gifts to the value of my taxable estate shall be taken into account so as to increase the amount of this pecuniary legacy. My Trustees shall hold such sum, IN TRUST, upon the following terms and conditions:

(A)     To pay the income thereof to or to apply it for the benefit of my wife, YUAN-SU CHEN WANG, for and during her lifetime in quarterly or more frequent installments.

(B)     My Trustees, in their discretion, may, at any time and from time to time during the trust term, pay to or apply for the benefit of my wife, YUAN-SU CHEN WANG, so much of the principal of the trust, as my Trustees deem advisable for her health, support, and comfortable maintenance, taking into account her station in life and standard of living at the date of my death provided, however, no principal distributions shall be made to her until and unless the trusts under Article FIFTH are exhausted.

(C)     During the lifetime of my wife, YUAN-SU CHEN WANG, my Trustees shall consider primarily her support, comfortable maintenance, health and welfare in accordance with her standard of living established during my lifetime and shall regard as of secondary importance the interests of the other beneficiaries.

(D)     Upon the death of my wife, YUAN-SU CHEN WANG, this trust shall terminate and my Trustees shall pay over and distribute the remaining trust principal as provided in paragraph (C) of Article FIFTH of this Will as if I died immediately after my wife.

(E)     In the event of the repeal of the federal estate tax after the execution of this Will, the gift under this Article shall lapse, and the Trust under this Article shall not be funded.

FIFTH:     All the rest, residue and remainder of the property, both real and personal, and wheresoever situate, that I may own or be entitled to at the time of my death (herein sometimes referred to as my "residuary estate"), I dispose of as follows:

(A)     If my wife, YUAN-SU CHEN WANG, survives me, one-half (1/2) of my residuary estate before payment of estate taxes shall be held in trust under this paragraph (A) and the balance shall be distributed as provided in paragraph (C) of this Article FIFTH of this

AWSK_00003859

Will. I direct my Trustees to hold my wife's share of my residuary estate in a separate trust with the income and principal thereof to be disposed of as follows:

(1) The net income of the trust shall be paid to or applied for the benefit of my wife, YUAN-SU CHEN WANG, so long as she shall live, in equal quarterly installments, as nearly as may be, or more often, in the discretion of my Trustees.

(2) My Trustees are authorized, at any time and from time to time, to pay to or apply for the benefit of my wife, YUAN-SU CHEN WANG, such part of the principal of the trust as my Trustees shall deem advisable in their absolute discretion for the health, welfare and support of my wife, YUAN-SU CHEN WANG. It is my intention to provide fully for all of my wife's, YUAN-SU CHEN WANG's, needs and wants and to maintain my wife, YUAN-SU CHEN WANG, in the style in which she was living at the time of my death, however, it is not my intention that my wife, YUAN-SU CHEN WANG, accumulate capital.

(3) Upon the death of my wife, YUAN-SU CHEN WANG, the principal of the trust remaining at that time, and any unpaid income, shall be disposed of in accordance with the provisions of paragraph (C) of this Article FIFTH.

(B) If my wife, YUAN-SU CHEN WANG, predeceases me, or by operation of Article ELEVENTH of this Will any portion of my residuary estate not disposed of, my residuary estate shall be disposed of as follows in paragraph (C) of this Article FIFTH of this Will.

(C)(1) One-half (1/2) or all of my residuary estate, as the case may be (including any trust principal, if my wife has survived me), I give, devise, and bequeath as follows:

(a) Twenty percent (20%) thereof, to my daughter, HSIEN-CHEN WANG CHANG;

(b) Forty percent (40%) thereof, to my son, SHOU-KUNG WANG;

(c) Twenty percent (20%) thereof, shall be divided equally among the three children of my late daughter YIEN-MING TCHENG, specifically my grandchildren, EN-LU TCHENG, GIGI TCHENG and VIVI TCHENG CHOW. Should any of my said grandchildren predecease me, then I bequeath the share of such deceased grand-child to such grandchild's children in equal shares, per stirpes. If any of my said grandchildren predecease me leaving no children surviving, then I direct that the share

4

which would have been paid to such deceased child of mine shall instead be paid, in equal shares, to such deceased child's siblings, per stirpes.

    (d)       Ten percent (10%) thereof, to my grandson STEPHEN M. WANG.

    (e)       Ten percent (10%) thereof, to my grandson ANDREW WANG.

    (2)     I intentionally have made no provision in this, my Will, for my daughter YIEN-KOO KING.

    (3)     Notwithstanding the foregoing provisions of subparagraph (C)(1) of this Article FIFTH I direct the Trustees of the WANG Trust to distribute seventy (70%) percent of the principal of the WANG Trust that exists at the end of the Trust period to The Metropolitan Museum of Art, New York, New York, such distribution to occur at the termination of the remaining period of the WANG Trust.

SIXTH:      Notwithstanding anything to the contrary herein contained, if and so often as any trust principal (other than as a result of the exercise of a discretionary power by my Trustees or pursuant to paragraph (C) hereof) or any part of my residuary estate becomes distributable to any issue of a child of mine (herein the "Trust Beneficiary") who is under the age of thirty-five (35) years when such property would become distributable to him or her, such property shall not vest in the Trust Beneficiary, but shall instead be held by my Trustees, IN TRUST, as a separate trust, upon the following terms and conditions:

    (A)    Until the Trust Beneficiary attains the age of twenty-one (21) years or sooner dies, my Trustees may pay to or apply for the benefit of the Trust Beneficiary so much of the net income therefrom and so much of the principal, up to the whole thereof, as my Trustees, in their discretion, shall deem advisable to provide for the Trust Beneficiary's health and education and for his or her reasonable comfort, support and maintenance and my Trustees shall accumulate and add to the principal thereof any undistributed income.

    (B)    Upon the Trust Beneficiary attaining the age of twenty-one (21) years, and thereafter, my Trustees shall pay to or apply for the benefit of the Trust Beneficiary all of the net income therefrom at least quarter annually and so much of the principal thereof, up to the whole thereof, as my Trustees, in their discretion, may deem advisable to provide for the Trust Beneficiary's health and education and for his other reasonable comfort, support and maintenance.

5

AWSK_00003861

(C)     Upon the Trust Beneficiary attaining the age of twenty-five (25) years, my Trustees shall pay over and distribute to him or her one-third (1/3) of the remaining trust principal; upon the Trust Beneficiary attaining the age of thirty (30) years, my Trustees shall pay over and distribute to him or her one-half (1/2) of the remaining trust principal, and upon the Trust Beneficiary attaining the age of thirty-five (35) years, my Trustees shall pay over and distribute to him or her all of the property then belonging to the principal of the trust, and such trust shall thereupon terminate.  If the Trust Beneficiary shall have attained the age of twenty-five (25), thirty (30) or thirty-five (35) years prior to such share being set apart, then immediately upon such share being set apart, the Trust Beneficiary shall be entitled to receive one-third (1/3), two-thirds (2/3), or all thereof, as the case may be.

(D)     Upon the death of the Trust Beneficiary prior to attaining the age of thirty-five (35) years, my Trustees shall pay over and distribute the remaining trust principal to the Trust Beneficiary's issue, or in default of such issue, to the issue of the child of mine from whom the Trust Beneficiary was descended, or in default of such issue, to my issue; provided, however, that any property which would otherwise pass under this paragraph to any issue of mine for whom a trust is then being held under this Will shall not pass to such issue (regardless of his or her age), but shall instead be added to his or her trust, to be administered as part of the principal thereof.

(E)     If at any time during the trust term, the principal of any trust established hereunder shall be of a value of less than ONE HUNDRED THOUSAND ($100,000) DOLLARS and the Trust Beneficiary is over the age of twenty-one (21) years, my Trustees are authorized, in their discretion, to terminate such trust and distribute the principal thereof to the Trust Beneficiary.  The decision of my Trustees as to whether, when or to what extent to exercise their power of termination shall be conclusive and binding on all persons interested in the trust estate and shall not be subject to court review.

(F)     Unless sooner terminated as heretofore provided, all trusts established under this Article SIXTH shall terminate twenty-one (21) years after the death of my last surviving descendant living on the date of my death, and the principal of each share shall thereupon be distributed to the current Trust Beneficiary.

(G)     Notwithstanding anything to the contrary herein contained, with respect to all the trusts under this Article, my Trustees are authorized in their discretion:

6

AWSK_00003862

(1)   To pay or apply so much of the income and principal of the trust as my Trustees shall deem advisable to satisfy the taxes, maintenance costs, rent and other expenses, including living expenses relating to the household or households in which any child of mine shall be living during the term of the trust, whether or not any other children of mine shall also reside in any such household;

(2)   To permit the guardian of my children or any member of his family and any one or more or all of my children and their families to reside in any home or other dwelling place held in trust hereunder without the payment of rent or any other charge for such occupancy or use; and

(3)   To pay for the educational expenses of my children, including private school, college and graduate school, such educational expenses to include, but not be limited to, tuition, room, board, books, extracurricular fees and living expenses.

(H)   I suggest to my Trustees, but only by way of illustration and without limiting their plenary powers, that principal may be paid or applied in my Trustees' discretion not only to enable a beneficiary to meet the expenses of emergencies or illness or medical or dental or nursing care, but also to make up deficiencies in income caused by inflation or changes in the beneficiary's cost of living, because of the burdens of income or estate taxation or changes in the tax laws; to enable a beneficiary to take advantage of a business or professional or investment opportunity, assume and meet family responsibilities, travel, acquire a dwelling (including a seasonal dwelling or a cooperative apartment), obtain an education (including graduate and professional school) or for any other reason whatever that my Trustees may have at any time.

SEVENTH:   If, pursuant to this Will, all or any part of my estate shall vest in absolute ownership in a minor or minors, or if at any termination of any trust created by this Will all or any part of the then principal of such trust shall vest in absolute ownership in a minor or minors (by which I intend to mean a person under the age of twenty-one (21) years, if permitted by law), I authorize and empower my Executors or Trustees, or their successors (herein my "Fiduciaries"), in their discretion, to make payment or distribution to the parent of such minor, the guardian of the person or property of such minor, or a custodian for such minor under the applicable Uniform Gift to Minors Act, or a person with whom such minor

AWSK_00003863

may reside, without bond, or they may defer payment or distribution of any part or all thereof, in a separate fund for the benefit of such minor during the minority of such minor, or such lesser period of time as my Fiduciaries may determine, notwithstanding that such property may consist of investments not authorized by law for trust funds, and shall invest and reinvest the same, collect the income therefrom and, during the minority of such minor, I authorize and empower my Fiduciaries, in their discretion, to make payments out of principal, income and accumulated income, at any time or from time to time in any or all of the following ways: (a) by paying the same to the parent, guardian or the person with whom such minor may reside; (b) by paying the same to any custodian for the minor under the applicable Uniform Gifts to Minors Act; (c) by paying directly to the minor such sum or sums as they may deem advisable as an allowance; (d) by depositing the same in a bank account in the name of the minor; or (e) by expending the same in such other manner as my Fiduciaries, in their discretion, believe will benefit such minor. Upon the minor attaining the age of twenty-one (21) years or sooner dying, my Fiduciaries shall pay over and distribute the property to the minor, or upon his or her death before attaining the age of twenty-one (21) years, to his or her estate. With respect to any property held under this Article my Fiduciaries shall have all the powers, privileges, discretions and immunities conferred upon them elsewhere in this Will and shall deduct, without prior judicial authorization, the income and principal commissions of Trustees in respect of the property administered.

EIGHTH:    I hereby grant to my Executors, or any successor, with respect to any and all property, whether real or personal, of which I am the owner at the time of my death or which shall at any time constitute a part of my estate, and to my Trustees, or any successor, with respect to any and all property, whether real or personal, which shall at any time constitute part of any trust created hereunder, the following powers, in addition to those conferred by law:

1.    To retain any property owned by me at my death and to receive, acquire, invest in and retain stocks, whether common or preferred, bonds, securities, undivided interests in investment trusts, any common trust fund, and any property, real or personal, foreign or domestic, whether or not such property is a wasting or non-income producing asset, without any duty to diversify and without any restrictions placed upon fiduciaries by any present or future applicable law, rule of court or court decision.

AWSK_00003864

2.    To sell any such property at either public or private sale for cash or on credit, to exchange any such property and to grant options for the purchase thereof without any limitation on the period of any such option.

3.    To abandon any property, if it shall be deemed advisable.

4.    To pay my debts and funeral expenses (including the expenses of my last illness, which I direct shall be paid out of my estate), as soon as the convenience of my estate permits and to pay or deliver any legacy and make payments on account of trust income without awaiting the time prescribed by law therefor.

5.    To manage any real property held hereunder as if the absolute owner thereof, including the power to lease, or grant options to lease, for periods to begin presently or in the future, without regard to statutory restrictions or the probable duration of any trust; to erect, demolish or alter buildings and improve and manage property; to make ordinary and extraordinary repairs; to grant easements and charges; to subdivide; to adjust boundary lines; to partition, mortgage and convey property.

6.    To continue any of my debts, including any debt owed to my fiduciaries, and any pledge or mortgage securing them, and to borrow money, from others or from themselves, for any purpose incidental to the administration of my estate or of any trust hereunder, and to mortgage or pledge any securities or other property held by them as security therefor and no Executor or Trustee shall be personally liable but each such loan shall be payable only out of assets of my estate or any trust created herein, as the case may be.

7.    To purchase securities at a premium and to charge such premium against either principal or income, or partly against principal and partly against income.

8.    To determine whether or to what extent receipts should be deemed income or principal, whether or to what extent any expenses or disbursements shall be charged against principal, or income, or partly against each, and what other adjustments should be made between principal and income, provided, that such adjustments do not conflict with well settled rules for the determination of principal and income questions.

9.    To hold any securities or other property in any form or name, with or without disclosing the fiduciary relationship, and their liability shall not be increased thereby.

10.    To hold trusts administered hereunder separately or in solido.

11.    To make distributions hereunder, in cash or in kind, or partly in cash and partly in kind, and in their discretion, to allocate particular assets or portions thereof or undivided interests therein to any one or more of the beneficiaries hereunder. For the purposes of such distribution, to select such securities or other property as they may deem suitable.

12.    To extend the time of payment of any obligation at any time owing by or to my estate or any trust created under this Will and to compromise

AWSK_00003865

and settle any liabilities of my estate, or of any trust created hereunder, and any claims that my estate or any trust created hereunder shall have against others.

13.     To execute and deliver any and all representations, warranties, indemnities and guarantees incidental to the settlement of my estate, or with respect to any stocks, securities or property, real or personal, at any time held in my estate or by any trust created hereunder, including, without limitation by the specification thereof, the power to execute and deliver representations, warranties, indemnities and guarantees of every and any nature whatsoever deemed advisable in connection with any public or private offering or sale of any securities at any time held in my estate or in any trust created hereunder, my estate or said trusts, as the case may be, to be bound by such undertakings.

14.     To engage and remunerate agents, including legal counsel, accountants, investment counsel, custodians, appraisers and other experts.

15.     To insure with such companies and against such hazards as is deemed advisable.

16.     To accumulate for a minor and add to the principal of his trust so much of the income payable to him as is deemed not to be required for the minor's support and education.

17.     To pay a minor's general legacy to the minor's parent or to a custodian under a uniform gift to minors act or to the person with whom the minor resides with no duty to pay the legacy to a legally appointed guardian of the minor, or to require a bond or to see to the application of the legacy, and the receipt of such person to whom payment is made shall constitute a complete discharge with respect to such legacy.

18.     In distributing tangible personal property, to represent a minor in its division, to hold any part of a minor's share for his benefit until he attains majority, or meanwhile to deliver all or any part thereof to the minor or to a person deemed suitable for his benefit, or to sell all or any part thereof and to hold the proceeds for the benefit of the minor until majority or to pay the proceeds to the minor or to a person deemed suitable for his benefit.

19.     To apply to the use of any person, income or principal payable to him or, in the case of a minor or of any person who is deemed incapable of making proper disposition thereof, by payments on his behalf to a parent or to a custodian under a uniform gift to minors act or to anyone with whom he resides, or by paying his bills, or by paying him an allowance directly, without the intervention of any guardian or other fiduciary and without the obligation to see to the future application thereof.

20.     To take into consideration or to ignore the other resources of a beneficiary to whom payments or applications of principal or income are discretionary hereunder.

21.     To claim deductions on estate or income tax returns and to determine the date of valuation of my estate for estate tax purposes without thereafter making any adjustment between income and principal or between any trust funds on account of any such determination.

AWSK_00003866

22.   To join in or consent to income and gift tax returns filed with or by my surviving spouse, if any, and to pay any part or all of the income or gift tax due upon such tax returns.

23.   To determine what property is covered by general descriptions contained herein.

24.   To act in any jurisdiction where permitted by law or to designate one or more persons and/or a bank or trust company to be ancillary fiduciary in any state or foreign country in which ancillary administration may be necessary, to act without bond or other security, and to determine the compensation to be paid to such ancillary fiduciary, whether or not any compensation is authorized by law, payable out of principal or income or both, and such ancillary fiduciary shall have all the powers conferred hereunder.

25.   To pay out of my general estate in respect of real or tangible personal property situated outside the state of my domicile administration expenses payable under the laws of the state or country where such property is situated.

26.   To enter into transactions with any other decedent's estate or any living or testamentary trust in which any one interested under this Will may have a beneficial interest, even though any executor of such other estate or trustee of such other trust is also a fiduciary hereunder.

27.   To resign at any time by an instrument in writing which shall specify the date as of which such resignation is to take effect and which shall be delivered or mailed, at least thirty (30) days prior to the date so specified, to the other Executors or Trustees, as the case may be, but if none, to the competent adult beneficiaries of the estate or of any trust created hereunder.  The expenses of a resigning Executor or Trustee's accounting shall be a proper charge of the estate or trust.

28.   Severally to authorize, by instrument in writing, any person or corporation, including any co-fiduciary, bank or trust company, to act in the place of the Executor or Trustee with respect to specified transactions, to sign a particular check or checks, or to execute any other specifically stated instruments in the name of the Executor or Trustee.

29.   All the powers granted in this Will may be exercised after the termination of any trust created hereunder in connection with the proper administration and distribution thereof.

30.   To exercise all the foregoing powers alone or with others, even though any of my fiduciaries are personally interested in the property that is involved, notwithstanding any rules of law relating to divided loyalty or self-dealing.

31.   Generally to administer and invest my estate and any trust created hereunder as freely as I might do without any liability for depreciation or loss and without any restriction whatsoever except the duty to act in good faith and with reasonable care.

11

AWSK_00003867

NINTH:     (A)     I appoint my son, SHOU-KUNG WANG, and my grandson ANDREW WANG, to act as co-Executors of this Will.

(B)     I appoint my son, SHOU-KUNG WANG, and my grandson ANDREW WANG, and my friend, MRS. KATHLEEN YANG, to act as co-Trustees of any trust established under this my Last Will and Testament.  All actions taken by my said Trustees shall require the written consent of at least two of the Trustees.

(C)     All appointments, qualifications or revocations hereunder shall be by an instrument in writing signed and acknowledged by the person making such appointment, qualification or revocation and filed with the Executors or Trustees then in office or if none with the designated successor.  Any appointment made pursuant to this Article of a successor to take effect in the future may be revoked at any time prior to the happening of the event upon which such appointment is to take effect.

(D)     Notwithstanding any of the other provisions of this Will, if any individual who shall be a Trustee of any trust shall be (1) a person to whom or for whose benefit any income or principal of such trust may be distributed, paid, applied or accumulated in the discretion of my Trustees, or (2) legally liable for the support, maintenance or education of any such person, then such Trustee shall not participate in any decision affecting the termination of the trust or the distribution, payment, application or accumulation of any income or principal with respect to such trust or any allocation to principal and income, or adjustments between principal and income, of any receipts and disbursements of such trust.

(E)(1)   SHOU-KUNG WANG and ANDREW WANG shall not be entitled to receive any commission or other compensation for acting as Executor hereunder, except that each may be reimbursed for their reasonable expenses incurred in connection with the administration of my estate.  Upon their qualifying as Executor hereunder they shall be deemed to have waived all other commissions and other compensation to which they may otherwise be entitled to hereunder as an Executor.

(2)     Upon qualifying to act as Trustee hereunder, my Trustees shall be entitled to receive as commission or other compensation for acting as Trustees hereunder the statutory Trustee's commission payable under New York law in effect from time to time.  Upon qualifying to act as Trustees hereunder, they shall be deemed to have waived all other

12

commissions and other compensation to which they may otherwise be entitled to hereunder as a Trustee.

(F)    As specifically provided in subparagraph B of this Article NINTH, a majority of my Trustees shall have the power to make any decision, undertake any action or execute any documents affecting my estate or the trusts established under this Will. A dissenting or nonassenting Trustee shall not be responsible for any action taken by the majority pursuant to such decision. In the event of disagreement my Executors shall reach a compromise in order to resolve such disagreement.

(G)    I direct that my Trustees may, in their discretion, transfer the situs of the administration of any trust established hereunder to such other jurisdiction within the United States as they determine to be in the best interests of the trust estate and the beneficiaries thereof. Such transfer shall become effective without the approval of any court and shall be binding upon all persons interested in the trust estate.

(H)    I direct that no bond (including bonds for advanced payment of commissions) or other security shall be required of any of the fiduciaries, whether above named or appointed pursuant hereto, in any jurisdiction in which such fiduciary may be called upon to act.

TENTH:    (A)    If my wife, YUAN-SU CHEN WANG, and I shall die under such circumstances that there is no sufficient evidence as to who dies first, I direct that she shall be conclusively deemed to have survived me.

(B)    If any other beneficiary and I shall die under such circumstances that there is no sufficient evidence as to who was the survivor, or in the event that any other beneficiary dies within sixty (60) days after my death, I direct that I shall be deemed and presumed to have survived such other beneficiary and all provisions of this Will shall take effect in like manner as if such other beneficiary had predeceased me.

(C)    If any person whose life measures the duration of a trust hereunder and any remainderman of such trust shall die under such circumstances that there is no sufficient evidence as to who died first, or if such remainderman dies within sixty (60) days of the date of death of the person whose life measures the duration of the trust, I direct that such person

AWSK_00003869

whose life measures the duration of such trust shall be conclusively deemed to have survived the remainderman.

ELEVENTH: Any person may renounce, in whole or in part, any provision in his or her favor hereunder and, in such event, the property covered by such provision, to the extent renounced, shall be disposed of as though such person had predeceased me (unless otherwise specifically provided herein), and if such property is to be held in trust, to the extent renounced, such property shall become free of the trust for such person (and of any power of appointment such person may have with respect thereto) and shall be disposed of as though that person had predeceased me (unless otherwise specifically provided herein). I do not intend by the foregoing to suggest that any particular person should so renounce.

TWELFTH: Prior to the actual distribution, no interest of any beneficiary in the income or principal of any trust created hereunder shall be subject to the debts, obligations, liabilities, or engagements of such beneficiary, or to execution, attachment, or other judicial process of whatsoever character, nor shall it be assignable or transferable by such beneficiary, voluntarily or involuntarily, and the distribution of principal or income shall not be anticipated. No attempt to dispose of, or to take or reach, any such interest in violation of this spendthrift provision shall be valid or given any effect by any Trustee.

THIRTEENTH: (A) The competent adult income beneficiary or beneficiaries shall have the right by an instrument in writing, signed and acknowledged by each of them, to settle the account of proceedings of my Trustees. Each such settlement shall be conclusive and binding upon all persons at any time interested in any trust established under this Will, including infants or unborn persons, whether in respect of income or in respect of principal and the approval of such account by the aforesaid person or persons shall constitute a full and complete discharge and release of my Trustees from all further liability, responsibility and accountability for or with respect to the accounts and transactions of my Trustees as set forth in the account. This power is granted in part to enable my Trustees to obtain prompt and fre-quent settlement of their accounts and approval of their authorized acts, which shall be binding upon all interested persons without the delay, trouble and often heavy expenses incident to judicial settlements even where the rights of infants or unborn persons are involved, it being my belief that the purposes and objectives of any trust established under

AWSK_00003870

this Will will be better served thereby. Nothing contained in this Article shall be deemed to give any person in conjunction with my Trustees the power to alter or amend the provisions of any trust established hereunder.

(B)   If, in any judicial proceeding relating to this Will or any trust created by this Will, a party thereto who is not under a disability shall have the same interest as any individual interested in such proceeding who is under a disability, then it shall not be necessary to serve process in such proceeding upon any such individual who is under a disability.

(C)   My Trustees shall not be required to render to any court annual or other periodic accounts, whether required by statute or otherwise. My Trustees shall take such action for the settlement or approval of their accounts at such time or times and with or without court proceedings as they, in their discretion, shall determine.

FOURTEENTH:   (A)   Unless to the contrary expressly stated, all distributions or divisions to and among issue shall be construed to mean distributions or divisions to and among lawful issue then living, in equal shares, per stirpes. For purposes hereof, the stock shall be determined at my children's level.

(B)   Whenever and wherever in this Will words are used in one gender they shall be construed to include the other genders, and wherever used in the singular to include the plural, if necessary or appropriate.

(C)   Unless to the contrary expressly stated, upon the termination of any trust or estate, all accrued and accumulated income shall belong to the next eventual estate.

(D)   Every heir, and every legatee, devisee or beneficiary under this Will who shall contest in court any provision of this Will shall not be entitled to any share of my estate, or to any devises, benefits or legacies under it, or any Trust created herein, and all such devises, benefits and legacies shall lapse as though such person had died prior to my death leaving no living descendants who survived me.

FIFTEENTH: Notwithstanding anything to the contrary contained herein, if any part of my residuary estate or trust principal is directed to be held in trust for any beneficiary hereunder and a trust for that beneficiary, with substantially similar provisions, then exists under the Last Will and Testament of my wife, YUAN-SU CHEN WANG, I authorize my

AWSK_00003871

Executors or Trustees, as the case may be, to pay over and distribute such beneficiary's property to the Trustees of the trust for that beneficiary under my wife's Will and the receipt of such Trustees shall constitute a complete discharge to my Executors or Trustees.

SIXTEENTH: No person, insurer or other entity which shall deal with my Trustees shall be bound to see to the application of any money or other property received by my Trustees or to inquire into the authority for, or propriety of, any action taken or not taken by my Trustees. My Trustees shall not be liable for any act or omission in administering any trust herein created; except that each Trustee shall be liable for such Trustee's own actual fraud, gross negligence or willful misconduct. No Trustee shall be responsible for any act or omission of any other Trustee. If my Trustees become liable as Trustees to any person not beneficially interested in any trust herein created in connection with matters not due to my Trustees' actual fraud, gross negligence or willful misconduct, the Trustees shall be entitled to indemnity out of the property of such trust.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this my Last Will and Testament, this _18_ day of February, 2003.

_Chi Chuan Wang_
CHI CHUAN WANG

SIGNED, SEALED, PUBLISHED AND DECLARED by CHI CHUAN WANG, the above-named Testator, as and for his Last Will and Testament, in the presence of us, who, at his request and in his presence and in the presence of each other, have hereunto signed our names as witnesses the date last above written, this attestation clause having been first read aloud to us.

_Cathy Tandon_ residing at _360 E. 33rd St._
_New York, NY 10016_

_T. E. Bl_ residing at _360 West 43th St_
_NY, NY 10036_

_Josha Cameron_ residing at _515 East 79th St_
_New York NY 10021_

2240w2/cl

AWSK_00003872

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

      The undersigned, being severally duly sworn, on their respective oaths, depose and say: that they witnessed the execution of the attached Last Will and Testament of CHI CHUAN WANG, the within named Testator, on the __18__ day of February, 2003; that the Will was executed under the supervision of Jerome Kamerman, an attorney-at-law, at 655 Third Avenue, New York, New York; that this Affidavit is made at the request of the Testator; that said Testator in their presence subscribed said Will at the end thereof and at the time of making such subscription declared the instrument so subscribed by him to be his Last Will and Testament; that they, at the request of said Testator and in his sight and presence and in the sight and presence of each other, thereupon witnessed the execution of said Will by said Testator by subscribing their names as witnesses thereto; that said Testator at the time of such execution was more than eighteen (18) years of age and, in their opinion, of sound mind, memory and understanding, not under any restraint or in any respect incompetent to make a will; that the Testator could read, write and converse in the English language, and was suffering from no defect of sight, hearing or speech, or from any incapacity to make a valid Will; and that the Testator signed only one copy of said Will on said occasion.

<br>

Severally subscribed and sworn to before me on this __18__ day of February, 2003.

_Notary Public_

JEROME KAMERMAN
Notary Public, State of New York
No. 02KA7146175
Qualified in Westchester County
Commission Expires Oct. 31, 2006