UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
YIEN-KOO KING,                                    :
                                                  :
                          Plaintiff,              :     Civ. Action No.:  1:14-cv-07694 (LJL)
                                                  :
          -against-                               :     **DECLARATION OF**
                                                  :     **AKIVA M. COHEN**
ANDREW WANG, et al.,                              :
                                                  :
                          Defendants.             :
-------------------------------------------------------X

     1.     I am a Partner at Kamerman, Uncyk, Soniker, & Klein, P.C., counsel for Defendants, and submit this Declaration in opposition to Plaintiff's Motions in Limine. I have personal knowledge of the facts set forth herein, and could and would testify competently to them if called to do so.

     2.     Annexed hereto as Exhibit 1 is a copy of correspondence between me and Glen Opell on April 9, 2021.

     3.     Annexed hereto as Exhibit 2 are copies of relevant pages from the transcript of the probate trial in the Surrogate's Court, taken from the record on appeal in that action. I have reviewed the transcripts of the probate trial, and the sales to Soon Huat were not discussed in those proceedings.

     4.     Annexed hereto as Exhibit 3 is my correspondence with Tim Savitsky regarding Plaintiff's conflict of interest in seeking a ruling that the probate decision would have an estoppel effect on claims relating to the ownership of Northwich and Soon Huat. After I asked whether Plaintiff would be willing to stipulate that she would not seek such an estoppel against the Estate (given Mr. Savitsky's argument that the request was appropriate because it could not impact the Estate), Mr. Savitsky ceased responding. Exhibit 3 is our last communication on the topic.

5.      Annexed hereto as Exhibit 4 is a copy of relevant pages from Andrew Wang's 2019 deposition in this action.

6.      Annexed hereto as Exhibit 5 is a copy of relevant pages from Andrew Wang's 2013 depositions in the Surrogate's Court proceedings.

7.      Annexed hereto as Exhibit 6 is a copy of relevant pages from the deposition of John Wang in this action.

8.      Annexed hereto as Exhibit 7 is a copy of relevant pages from MDBG.net, an online Chinese-English dictionary.

9.      Annexed hereto as Exhibit 8 is a copy of relevant pages from the deposition of Alfreda Murck in this action.

10.     Annexed hereto as Exhibit 9 is a copy of relevant pages from the 2013 deposition of Yien-Koo King in the Surrogate's Court proceedings.

11.     Annexed hereto as Exhibit 10 is a copy of relevant pages from the deposition of Patrick Regan in this action.

12.     Annexed hereto as Exhibit 11 is a copy of Mr. Regan's "Fair Market Value" appraisal, submitted as Plaintiff's damages expert.

13.     Annexed hereto as Exhibit 12 is a copy of the Expert Report of Kenneth Linsner in this action.

14.     Annexed hereto as Exhibit 13 is a copy of relevant pages from the deposition of Arnold Chang in this action.

15.     Annexed hereto as Exhibit 14 is a copy of David Barboza, Graham Bowley and Amanda Cox, *Forging an Art Market in China*, N.Y. Times, Oct. 27, 2013, *available at* https://www.nytimes.com/projects/2013/china-art-fraud/index.html.

16.     Annexed hereto as Exhibit 15 is a copy of the 2018 *Artnet Intelligence Report*.

17.    Annexed hereto as Exhibit 16 is a copy of the disclaimer page from Artron.net, along with a certified translation of the same.

18.    Annexed hereto as Exhibit 17 is a copy of the Artnet.com terms and conditions, available at http://www.artnet.com/about/terms-and-conditions-of-use.

19.    Annexed hereto as Exhibit 18 is a copy of the terms and conditions page from a purported Chieftown auction catalog produced by Plaintiff in this action, along with a certified translation of the same.

20.    Annexed hereto as Exhibit 19 is a copy of Powell, Lam, & Kwan, *Hong Kong*, in *International Fraud & Asset Tracing* (3rd Edition, 2014).

21.    Annexed hereto as Exhibit 20 is a document previously marked as Exhibit 1 to the deposition of John Wang.

22.    Annexed hereto as Exhibit 21 is a document previously marked as Exhibit 10 to the deposition of Arnold Chang.

23.    Annexed hereto as Exhibit 22 is a copy of the email by which I disclosed to Plaintiff's counsel Defendants' intent to rely on opinion testimony from John Wang under Rule 26(a)(2)(C). I disclosed that intent as soon as I reviewed Mr. Wang's deposition transcript and realized that he had provided relevant opinion testimony based on his professional expertise.

24.    Annexed hereto as Exhibit 23 is a copy of the order of the Supreme Court directing the amendment of Rule 37 of the Federal Rules of Civil Procedure.

25.    Annexed hereto as Exhibit 24 is a copy of the Affidavit of Preciosa Roque.

26.    Annexed hereto as Exhibit 25 is a copy of the Affidavit of Chona Luz H. Sianson-Lippert.

27.    Annexed hereto as Exhibit 26 is a copy of relevant pages from the deposition of Joe Erlichster, in the Surrogate's Court proceedings.

28.     Annexed hereto as Exhibit 27 is a copy of relevant pages from Raymond King's 2005 deposition in the Surrogate's Court proceedings.

29.     Annexed hereto as Exhibit 28 is a copy of the listing for CK Lam in Portal Hong Kong, an online directory of Hong Kong businesses, available at

https://www.portalhongkong.com/item/c-k-lam-co/.

30.     Annexed hereto as Exhibit 29 is a copy of an email from Tom Kelly, of the Kasowitz firm, confirming that Andrew Wang provided his email addresses to that firm and they collected, reviewed, and produced his email, with the exception of a single document production made before Kasowitz was retained. I personally conducted that prior review of and production from Mr. Wang's email, which was made freely available to me. In addition, Andrew decided to waive his privilege in communications with the Estate's transactional counsel, Martin Klein, regarding the sales at issue, in order to avoid any suggestion that he was attempting to hide information relating to those transactions from discovery, and we produced those documents and communications. No responsive documents were withheld. In total, Defendants have produced more than 45,000 pages of documents.

31.     Annexed hereto as Exhibit 30 is a copy of relevant pages from Shou-Kung Wang's 2019 deposition in this action.

32.     Annexed hereto as Exhibit 31 is a copy of the transcript of the March 4, 2019 conference held in this action.

33.     Annexed hereto as exhibit 32 is a copy of the transcript of the January 18, 2019 conference held in this action.

34.     Annexed hereto as Exhibit 33 is a copy of a letter from the Kasowitz firm dated December 4, 2018.

35.    Annexed hereto as Exhibit 34 is a copy of a letter from the Kasowitz firm dated December 14, 2018.

**36**.    Annexed hereto as Exhibit 35 is a copy of the "About" page from the ICIJ website, available at https://www.icij.org/about/.

Dated: New York, New York
      April 23, 2021

                                               /s/ Akiva M. Cohen
                                              Akiva M. Cohen