UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YIEN-KOO KING,

              Plaintiff,

    v.                                     Case No: 14-cv-7694

ANDREW WANG, et al.,

              Defendant.

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO RENEW MOTIONS IN LIMINE

Andrew Wang and Shou-Kung Wang ("S.K. Wang", collectively "Defendants") respectfully submit this memorandum of law in further support of their motion to renew their motions in limine to preclude certain evidence and testimony from trial [ECF Dkt. 256] and to exclude the testimony of Plaintiff's expert, Patrick Regan [ECF Dkt. 234].

### I. Argument

Argument on a motion to renew is not surreply. Indeed, *Defendants* filed the reply brief on the prior motion, and Plaintiff complains not that Defendants are responding to their own *reply*, but that the memorandum of law in support of the motion to renew not only reasserted the briefing on the prior motion, but also addressed the contradiction between the statements Mr. Regan made at the hearing – after the close of briefing on the prior motion – and Plaintiff's positions in opposition to that prior motion. Indeed, the Court denied the prior motion as moot and directed Defendants

to file a new application to renew their requests for relief. Nothing in the Court's directive limited the parties to the briefing on the previously submitted motions. While Defendants declined to burden the Court by repeating in full their prior arguments, and instead relied on their prior submissions for those arguments, Defendants were entitled, in their moving brief, to address newly available arguments. And that is what Defendants did. As the brief was not a surreply, and Defendants made no arguments that could have been made in previous filings and repeated no previously rejected arguments, there is no basis to strike the moving brief. *Cf. Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (new argument on reconsideration is improper only where the party making it *could* have briefed it on the prior motion, but "chose not to do so").[1]

Substantively, Plaintiff's argument is absurd. Auction results that made no meaningful impact on the appraised value — and are indeed completely out of line with it, such as the unnamed $516,982 comparable Mr. Regan listed in connection with his $4,200,000 fair market appraisal of the Ma Yuan *Scholar and Crane* fan painting, Dkt No. 238, Ex. 11, at 76 — self-evidently *cannot* serve as a "cross check" on the value of the only prior reported sale that *did* impact the appraisal (the supposed prior $4,058,000 sale of *Scholar and Crane*, which Mr. Regan testified he could not be certain actually occurred). Mr. Regan provided no explanation of how that low value comparable could mitigate the risk that the prior sale either never occurred or was an outlier. Nothing about that $516,982 sale gives any comfort at all that the reported $4,058,068 sale of *Scholar and Crane* closed, or was at a reasonable value, and indeed, neither Plaintiff nor Mr. Regan so much as attempts to articulate the basis for any argument to the contrary.

The remainder of Plaintiff's memorandum of law simply repeats and rehashes the arguments and heated rhetoric of Plaintiff's opposition to defendants' initial *Daubert* motion, such as the

---

[1] Plaintiff of course concedes that these issues could not have been raised in the prior briefing, arguing only that it could have been raised "during the [ten minute] oral argument portion of the Daubert hearing." Opposition at 3.

argument that holding that Plaintiff failed to procure an admissible expert report would be tantamount to holding that the paintings had no value, or that Mr. Regan was not required to disclose in his report how he got from the data he cited to his conclusions, which arguments Defendants already sufficiently addressed in their reply on that motion. Defendants see no need to burden the Court by repeating that discussion herein, and respectfully refer the court to Defendants' previously filed reply brief on the *Daubert* motion for Defendants' response on those issues.

## II.  Conclusion

The Court should allow Defendants to renew their previously filed motions, and grant them in full.

Dated:   August 23, 2021                                                        Respectfully Submitted,

Kamerman, Uncyk, Soniker & Klein P.C.

　　　　　　*/s/ Akiva M. Cohen*
Akiva M. Cohen
Attorneys for Defendants
1700 Broadway
New York, New York 10019
(212) 400-4930
acohen@kusklaw.com