KAMERMAN, UNCYK, SONIKER & KLEIN P.C.

COUNSELORS AT LAW

1700 BROADWAY, 16ᵀᴴ FLOOR

NEW YORK, NEW YORK 10019

————

(212) 400-4930

November 7, 2021

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

Re: *King v. Wang et. al.* No. 14-cv-07694 (LJL-JLC)

Dear Judge Liman,

We write on behalf of Andrew and Shou-Kung Wang ("Defendants") to seek leave to file a brief, one-page surreply in connection with Plaintiff's motions in *limine* seeking application of collateral estoppel and to preclude evidence relating to Plaintiff's theft of her father's assets and her father's reasons for disinheriting her. While we share the Court's likely aversion to never-ending briefing and recognize that surreply is meant for exceptional and rare circumstances, we believe what occurred on November 5 and 6, 2021 qualifies – and that the Court will agree after reviewing this letter. A copy of the proposed surreply is annexed hereto as Exhibit 1. Plaintiff does not consent to the filing of this surreply.

On November 5, 2021, after Shabbos had started, Plaintiff emailed me to ask if I would accept a trial subpoena seeking *my* testimony, supposedly regarding knowledge about the Brown Raysman firm's role as an escrow agent for some of the sales at issue that I might have gained as a junior litigation associate there. *See* Exhibit 2 hereto. (For the record, I have no knowledge of that whatsoever – my role was assisting in the litigation regarding Yien-Koo King's thefts of art from her father, C.C. Wang, and I did no transactional work). Because service of the subpoena isn't the problem with this tactic, once Shabbos ended on November 6, 2021 and I saw the email, I confirmed that I would accept service. *Id.* Defendants will unfortunately need to address this via a separate motion to quash if Plaintiff follows through on her "plan."

Once I agreed to accept service, however, Plaintiff's story changed dramatically. For the first time since this litigation was filed in 2014, Plaintiff now asserts that my firm is part of the alleged RICO enterprise on which her claims are based. *See* Exhibit 2 ("it is our contention that KUSK is part of the RICO enterprise we are required to prove ... Having drafted the indisputably fraudulent will and the allegedly fraudulent sales contracts, and having maintained the bank records clearly demonstrating fraud, your firm is part of the alleged enterprise").

Hon. Lewis J. Liman
November 7, 2021
Page 2

Separate and apart from the wisdom of Plaintiff's litigation tactics, this proposed argument sheds new light on Plaintiff's attempt to preclude Defendants from presenting the evidence of what they (and their attorneys) understood to be the facts at the time they helped C.C. Wang execute the February 18, 2003 will. The intent to argue that Mr. Kamerman's drafting of that will was some form of knowing participation in a fraud particularly forecloses any argument to preclude Defendants from presenting to the jury the evidence that impacted Jerome Kamerman's mindset as the attorney-draftsman of that will.

This is, of course, consistent with Plaintiff's attempt to argue a new damages theory she identified for the first time on November 1, 2021; my firm has never before been identified as a purported co-conspirator, and Plaintiff's desperate re-casting of her case at this late stage is telling if unsurprising. But her intent to argue that Jerry Kamerman was a knowing participant in a fraud (as part of a RICO enterprise or otherwise) absolutely requires that the Court admit the vast amount of evidence disproving that claim.

Because this is a significant development impacting Plaintiff's motions in *limine*, which Defendants not only did not know but frankly could not have even imagined at the time of the prior briefing, we respectfully ask the Court to allow us to file the attached proposed surreply.

Respectfully submitted,

**KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.**

By: /s/ *Akiva M. Cohen*
Akiva M. Cohen
*For Defendants*

cc. All counsel of record [*via* ECF]

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

YIEN-KOO KING,

                    Plaintiff,

        v.                                          **Case No: 14-cv-7694**

ANDREW WANG, et al.,

                    Defendant.

---

## SURREPLY MEMORANDUM OF LAW IN
## FURTHER OPPOSITION TO PLAINTIFF'S
## FIRST AND SECOND MOTIONS IN LIMINE

---

**KAMERMAN, UNCYK, SONIKER &**
   **KLEIN, P.C.**
Akiva M. Cohen
Dylan M. Schmeyer
Attorneys for Defendants
1700 Broadway
New York, New York 10019
(212) 400-4930
acohen@kusklaw.com

Defendants Andrew and Shou-Kung ("S.K.") Wang respectfully submit this surreply memorandum of law in further opposition to Plaintiff's Motions *In Limine* Nos. 1 (for application of collateral estoppel) and 2 (to preclude Defendants from introducing evidence that Plaintiff stole from C.C. Wang).

## ARGUMENT

On November 6, 2021, Plaintiff disclosed for the first time that she intends to argue to the jury that Defendants' counsel at Kamerman, Uncyk, Soniker & Klein, P.C. ("KUSK"), are "part of the RICO enterprise [Plaintiff is] required to prove," including because Jerome Kamerman drafted the 2003 will. *See* Docket No. 296, Ex. 2. Given her intent to make that argument, there is no longer any basis to suggest that evidence of what Mr. Kamerman (and C.C. Wang's other attorneys and friends) understood at the time about Plaintiff's thefts and C.C. Wang's competence is irrelevant or prejudicial; to the contrary, it is directly responsive to Plaintiff's (frivolous) claims about what constitutes the "enterprise." *See Zamora v. FIT Int'l Grp. Corp.*, 834 F. App'x 622, 626 (2d Cir. 2020) (affirming dismissal of complaint as against JPMorgan where there was no sufficient allegation that JPMorgan's participation was with knowledge of any fraud); *Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019) (RICO participants must share a common *fraudulent* purpose); *Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg*, 660 F. Supp. 1362, 1370 (D. Conn. 1987) (complaint did not sufficiently allege that firm was a RICO participant where it did not allege that the firm knew the activity for which it provided drafting services was illegal).

Defendants are thus entitled to introduce to the jury the factual background that led to the drafting and execution of the February 10, 2003 codicil and February 18, 2003 will, and Plaintiff's Motions In *Limine* 1 & 2 must be denied.

Dated:    November 7, 2021                    Respectfully Submitted,

                                              Kamerman, Uncyk, Soniker & Klein P.C.

                                              _____ /s/ *Akiva M. Cohen* _____
                                              Akiva M. Cohen
                                              Dylan M. Schmeyer
                                              Attorneys for Defendants
                                              1700 Broadway
                                              New York, New York 10019
                                              (212) 400-4930
                                              acohen@kusklaw.com

# EXHIBIT 2

## RE: Defendant's Deposition Designations List

Timothy Savitsky <timsavitsky@spi-pc.com>

Sat 11/6/2021 5:04 PM

To:  Akiva Cohen <acohen@kusklaw.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean
<Dean.Nicyper@withersworldwide.com>

Cc:  Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer
<dschmeyer@kusklaw.com>; Hilton Soniker <hsoniker@kusklaw.com>; Marty Klein <mklein@kusklaw.com>

Akiva,

This is all exactly my point. We are not moving to disqualify you. The point of my email is that I am surprised you
did not withdraw *on your own* given that you will all have to testify at trial. That is the cost of your firm's decision.
We are still fully entitled to your relevant testimonies since it is our contention that KUSK is part of the RICO
enterprise we are required to prove. We are not looking to have you withdraw as counsel. In fact, at this point, if
you filed a motion to be relieved we would oppose it.

Best,

Tim

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Saturday, November 06, 2021 7:59 PM
**To:** Timothy Savitsky <timsavitsky@spi-pc.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean
<Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer
<dschmeyer@kusklaw.com>; Hilton Soniker <hsoniker@kusklaw.com>; Marty Klein <mklein@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

Tim,

My pleasure.

I suppose your lack of familiarity with the rules of professional conduct shouldn't surprise me.

The applicable rule here is Rule 3.7, which provides that there isn't an issue where the attorney testifying is
another lawyer in counsel's firm unless the lawyer's testimony is likely to be prejudicial to the client; Marty's
testimony is not prejudicial to Andrew. Neither is Jerry Kamerman's, and also (small detail) he isn't a lawyer at the
firm. Separately, the rule provides that there can be no disqualification under the advocate witness rule, even if it
would otherwise apply, where it would work a hardship to the client. Disqualification at this point obviously would
work a hardship to Andrew and SK.

Separately, you've known of your intent to call Marty for years now and have never sought to disqualify us under
this rule (which, again, doesn't apply given the above). You've known we were lead trial counsel for a year now.
Even if there was some argument that you are prejudiced (and again, you aren't) you've waived that argument by
your delay.

This is transparent and sad, Tim. Just prep for trial and do your best.

All the best,

Akiva

Sent from Mail for Windows

---

**From:** Timothy Savitsky
**Sent:** Saturday, November 6, 2021 7:41 PM
**To:** Akiva Cohen; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer; Hilton Soniker; Marty Klein
**Subject:** RE: Defendant's Deposition Designations List

Akiva,

Akiva, thank you for agreeing to accept service of your trial subpoena. We will also be serving Hilton Sonikor as well. We should have those ready by Monday. I will state my position to aid any future meet and confer before we discuss with the Judge. The entire firm of Kamerman, Uncyk, Sonikor, & Klein (KUSK) has personal knowledge of the core facts of this case. And so much so that I don't know how you can ethically represent the Wangs. Let's go through this.

You have stated that you want to call KUSK partner (1) Jerome Kamerman who drafted the 2003 fraudulent will (not *alleged* fraudulent, *adjudicated* so) to testify by deposition. We are obviously calling KUSK partner (2) Marty Klein who drafted the six allegedly fraudulent contracts at issue in this case and who also maintained the Estate's bank records which identified payments for sales to "different" buyers as originating from the *exact same account*. We also expect to call KUSK partner (3) Hilton Sonikor as the recipient and sender of some of the emails on our evidence lists that are not privileged and that are highly relevant. And (4) you, Akiva Cohen,  represented the Wangs during your time at Brown Raysman and Millstein in 2005. Namely, the firm which accounted for a $750,000 liability on the Estate's tax return and which also acted as escrow agents in relation to the first two sales that Andrew Wang now admits he paid for using his own offshore account. Now that Brown Raysman is dissolved, it has no documentary records and we expect you to testify on these topics.

We are entitled to all of your firm's testimonies and it's not my fault that the Wangs have chosen a firm to represent them that was instrumental to completing they transactions at issue in this $70 million case. Having drafted the indisputably fraudulent will and the allegedly fraudulent sales contracts, and having maintained the bank records clearly demonstrating fraud, your firm is part of the alleged enterprise. In fact, I am surprised you have not voluntarily withdrawn to be perfectly honest, especially since you and Marty Klein have been on our Rule 26(a) disclosures since the outset of this case. As for Hilton Sonikor, I can't imagine you can claim any prejudice if we call him as a witness. It's not as though you would have deposed him.

Best,

Tim

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Saturday, November 06, 2021 6:37 PM
**To:** Timothy Savitsky <timsavitsky@spi-pc.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean <Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** Re: Defendant's Deposition Designations List

Hi Tim. No, you very absolutely cannot call me as a witness but I'm happy to accept a trial subpoena and take it up with the judge at the conference rather than make you waste time on service. We'll also accept a trial subpoena for Marty and you don't need one for Andrew or SK, who are already subject to the jurisdiction of the Court. We will not be accepting subpoenas for their wives.

All the best,

Akiva

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Timothy Savitsky <timsavitsky@spi-pc.com>
**Sent:** Friday, November 5, 2021, 8:23 PM
**To:** Akiva Cohen; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer
**Subject:** RE: Defendant's Deposition Designations List

Akiva,

So sorry, accidentally hit the send button early. Here's the question:

Will you accept trial testimony subpoenas for (1) Akiva Cohen and (2) Marty Klein, (3) Andrew Wang, (4) Shou-Kung Wang, (5) Rong Luo, and (6) Cao Ching Wang via email?  Let me know which ones you will accept. We have you on our Rule 26(a) disclosures and we think we may call you regarding your time at Brown Raysman when it was representing Andrew and SK Wang, as well as the firm's ultimate dissolution.

Thanks,

Tim

---

**From:** Timothy Savitsky
**Sent:** Friday, November 05, 2021 8:22 PM
**To:** 'Akiva Cohen' <acohen@kusklaw.com>; Sam Israel <samisrael@spi-pc.com>; 'Nicyper, Dean' <Dean.Nicyper@withersworldwide.com>;
**Cc:** 'Kathryn Tewson' <ktewson@kusklaw.com>; 'Kathryn Farley' <kfarley@kusklaw.com>; 'Dylan Schmeyer' <dschmeyer@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

Akiva,

Will you accept trial testimony subpoenas for (1) Akiva Cohen and (2) Marty Klein, (3) Andrew Wang, (4) Shou-Kung Wang, and  (5) Rong Luo, and (6) Cao Ching Wang accept service of your trial testimony subpoenas via email?  Let me know which ones you will accept. We have you on our Rule 26(a) disclosures and we think we may call you regarding your time at Brown Raysman when it was representing Andrew and SK Wang, as well as the firm's ultimate dissolution.

Thanks,

Tim

---

**From:** Timothy Savitsky
**Sent:** Friday, November 05, 2021 3:25 PM
**To:** 'Akiva Cohen' <acohen@kusklaw.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean

Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

I'll consider your proposal to offer the counter-designations you listed.

Best,

Tim

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Friday, November 05, 2021 3:24 PM
**To:** Timothy Savitsky <timsavitsky@spi-pc.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean <Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** Re: Defendant's Deposition Designations List

I'm sorry, but how exactly does a ruling that a party could reference admissible deposition testimony in its opening statement and that the parties would brief any disputes support your claim that the text of rules 106 and 32(a)(6) don't mean what they say?

You need to find a case that says "i interpret rule 106/32a6 as more limited" if you want to argue that they are more limited. The quote below has nothing to do with any of that

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Timothy Savitsky <timsavitsky@spi-pc.com>
**Sent:** Friday, November 5, 2021, 3:16 PM
**To:** Akiva Cohen; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer
**Subject:** RE: Defendant's Deposition Designations List

Royal seeks to exclude  [*8] the use of video deposition and deposition readings during opening argument. The Court is generally of the view that a party in opening statement may use any piece of evidence which the party in good faith believes will be ultimately received at trial. Rule 32(a)(2) of the Federal Rules of Civil Procedure permits the use of a party deposition "for any purpose." As indicated in the ruling on Northfield's Motion in Limine No. 8, Royal's conduct is part of the relevant factual background, and may be alluded to in opening statement. The parties are ordered to meet and confer two weeks prior to the pre-trial conference for the purpose of exchanging materials which the parties intend to use in opening statement. The parties shall file a brief with respect to any materials in dispute one week prior to the pre-trial conference, and all remaining disputes will be resolved at the pre-conference.

_Northfield Ins. Co. v Royal Surplus Lines Ins. Co._, 2003 US Dist LEXIS 27959, at *7-8 [CD Cal July 7, 2003, No. SACV 03-0492-JVS(CWx)])

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Friday, November 05, 2021 3:15 PM
**To:** Timothy Savitsky <timsavitsky@spi-pc.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean <Dean.Nicyper@withersworldwide.com>

**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

Again, feel free to provide caselaw saying that, because the text of the rule says different:

> 6) Using Part of a Deposition. If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and **any party may itself introduce any other parts**.

You can of course still object to the content if the content is objectionable as hearsay (for example, Andrew saying "I heard from my friend in China that YK was bragging about having the Wu" is inadmissible because it's hearsay. But once you use part of his deposition, we can use any other part of his deposition (under (a)(6)) in exactly the same way as we could use YK's (under (a)(3)) or an unavailable witness's (under (a)(4)).

Sent from Mail for Windows

---

**From:** Timothy Savitsky
**Sent:** Friday, November 5, 2021 3:10 PM
**To:** Akiva Cohen; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer
**Subject:** RE: Defendant's Deposition Designations List

No. It only applies to opposing parties. Otherwise its hearsay.

Best,

Tim

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Friday, November 05, 2021 3:08 PM
**To:** Timothy Savitsky <timsavitsky@spi-pc.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean <Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

Same goes for 32(a)(6), btw.

Also, we'll be providing you with designations from Andrew's and SK's deposition testimony that we intend to affirmatively use, given that you've opened the 32(a)(6) door for us if you use parts of their deposition testimony.

Sent from Mail for Windows

---

**From:** Akiva Cohen
**Sent:** Friday, November 5, 2021 3:05 PM
**To:** Timothy Savitsky; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer
**Subject:** RE: Defendant's Deposition Designations List

Tim,

Which part of this language do you think is limited to unavailable witnesses?

"If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time."

Again, if you have caselaw on this being limited in this context, I'm happy to review it. But in the absence of that you're describing what you think the law ought to be instead of what it is.

Sent from Mail for Windows

**From:** Timothy Savitsky
**Sent:** Friday, November 5, 2021 3:02 PM
**To:** Akiva Cohen; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer
**Subject:** RE: Defendant's Deposition Designations List

Akiva,

Rule 106 is based on Rule 32(a)(4) for when you use the deposition of an unavailable witness.

Tim

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Friday, November 05, 2021 3:01 PM
**To:** Timothy Savitsky <timsavitsky@spi-pc.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean <Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

You should also read FRCP 32(a)(6)

Sent from Mail for Windows

**From:** Akiva Cohen
**Sent:** Friday, November 5, 2021 2:59 PM
**To:** Timothy Savitsky; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer
**Subject:** RE: Defendant's Deposition Designations List

Rule 106 of the Federal Rules of Evidence, Tim.

Sent from Mail for Windows

**From:** Timothy Savitsky
**Sent:** Friday, November 5, 2021 2:56 PM
**To:** Akiva Cohen; Sam Israel; Nicyper, Dean
**Cc:** Kathryn Tewson; Kathryn Farley; Dylan Schmeyer
**Subject:** RE: Defendant's Deposition Designations List

Please cite me some law on that. Because I disagree. If we introduce an email exhibit written by you client, do we need to introduce a "counter" email of your choosing at the same time? No. You just can do that on cross or redirect or with another witness. The deposition clips are just party admissions/evidence that can be used for any evidentiary purpose.

Tim

---

**From:** Timothy Savitsky
**Sent:** Friday, November 05, 2021 2:52 PM
**To:** 'Akiva Cohen' <acohen@kusklaw.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean <Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

I will check this out. If there is no answer to the question that I doubt we will need that, unless I am still missing something. But it sounds like a highly limited issue.

Please also keep in mind, however, with respect to our designations and your "counter designations", that we plan on introducing much of your clients testimony as separate exhibits. So counter-designations don't make as much sense in that context. It's not as though the testimony will be read straight through.

Please also note that we do intend to use a couple of the Chieftown books that we listed as exhibits. We made these available to Kasowitz to make copies. So I don't know how you want to handle that.

Also, if we get more of a heads up from the judge on the potential addmissibility of the Bao Wu Tang exhibition and the Shanghai Exchange. We will need to coordinate how the translation of the preface will work and maybe a couple of other documents like the Shanghai Exchange SDB opening receipt. We should wait to find out what the Court says, but I just want to tee up those issues along with the Estate records of the OTE photos and the seals.

Best,

Tim

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Friday, November 05, 2021 12:14 PM
**To:** Timothy Savitsky <timsavitsky@spi-pc.com>; Sam Israel <samisrael@spi-pc.com>; Nicyper, Dean <Dean.Nicyper@withersworldwide.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Kathryn Farley <kfarley@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>
**Subject:** RE: Defendant's Deposition Designations List

Look at, for example, your designation of Marty's deposition at 33:12-34:2 and 35:17-36:8, which were questions objected to on the basis of privilege and which objections we resolved by stipulation. You can't designate that testimony. Same with SK's January 24 testimony at 92:17-23 – these were directions not to answer that were specifically addressed with and ruled on by the Court during the deposition. Check the rest of our objections for further examples

Sent from Mail for Windows

---

**From:** Timothy Savitsky
**Sent:** Friday, November 5, 2021 12:07 PM
**To:** Akiva Cohen; Sam Israel; Nicyper, Dean

**Cc:** [Kathryn Tewson](); [Kathryn Farley](); [Dylan Schmeyer]()
**Subject:** RE: Defendant's Deposition Designations List

I am almost done with the video clips. I don't know what your talking about when it comes to privilege. If he answered a question, and there was no motion to strike, its in. Plus there's the crime-fraud exception. I don't understand what you're talking about, please clarify.

Tim

---

**From:** Akiva Cohen <[acohen@kusklaw.com]()>
**Sent:** Friday, November 05, 2021 12:04 PM
**To:** Timothy Savitsky <[timsavitsky@spi-pc.com]()>; Sam Israel <[samisrael@spi-pc.com]()>; Nicyper, Dean <[Dean.Nicyper@withersworldwide.com]()>
**Cc:** Kathryn Tewson <[ktewson@kusklaw.com]()>; Kathryn Farley <[kfarley@kusklaw.com]()>; Dylan Schmeyer <[dschmeyer@kusklaw.com]()>
**Subject:** RE: Defendant's Deposition Designations List

She will be – we just forgot to take her off the designation list.

Re designations, you seem to have designated a whole bunch of questions that were objected to and never answered, including stuff that was objected to on the basis of privilege, and dealt with in rulings  (SK's deposition, Marty Klein's deposition). You know you can't put that stuff before the jury, right?

Same with questioning a witness about whether he was aware of [insert supposed fact, like your description of another witness's testimony], where the answer is "no" – you can't backdoor attorney testimony that way.

Please see our attached objections and counterdesignations.  Note that there are some questions about what you did or didn't designate, highlighted in red – please let us know whether those are in or out, so we can respond accordingly

Sent from [Mail]() for Windows

---

**From:** [Timothy Savitsky]()
**Sent:** Friday, November 5, 2021 11:56 AM
**To:** [Akiva Cohen](); [Sam Israel](); [Nicyper, Dean]()
**Cc:** [Kathryn Tewson](); [Kathryn Farley](); [Dylan Schmeyer]()
**Subject:** RE: Defendant's Deposition Designations List

But Meeseen Loong is a Sotheby's employee. Why isn't she appearing live?

Tim

---

**From:** Akiva Cohen <[acohen@kusklaw.com]()>
**Sent:** Friday, November 05, 2021 11:55 AM
**To:** Timothy Savitsky <[timsavitsky@spi-pc.com]()>; Sam Israel <[samisrael@spi-pc.com]()>; Nicyper, Dean <[Dean.Nicyper@withersworldwide.com]()>
**Cc:** Kathryn Tewson <[ktewson@kusklaw.com]()>; Kathryn Farley <[kfarley@kusklaw.com]()>; Dylan Schmeyer <[dschmeyer@kusklaw.com]()>
**Subject:** Defendant's Deposition Designations List

Tim,

Please see attached. As Ewald, Murck, and Chang will be appearing live, we've taken them off the list

Sent from Mail for Windows