**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

COUNSELORS AT LAW

1700 BROADWAY, 16TH FLOOR

NEW YORK, NEW YORK  10019

---

(212) 400-4930

November 10, 2021

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

        **Re:** *King v. Wang et. al.* **No. 14-cv-07694 (LJL-JLC)**

Dear Judge Liman,

      We write on behalf of Andrew and Shou-Kung Wang ("Defendants") to seek a briefing schedule on Defendants' motion to renew their application for partial summary judgment (Docket No. 193) in light of the Court's exclusion of Patrick Regan's appraisal opinions (Docket No. 303).

      Briefly, in its summary judgment ruling, the Court held that Mr. Regan's appraisals were, pending a *Daubert* challenge, sufficient evidence "that … the Estate received lower payment for the 98 Paintings than it would have received if it had transacted with independent third party buyers" to raise a disputed issue of material fact regarding Plaintiff's alleged RICO injury, and therefore a basis to deny summary judgment for Defendants on the RICO claims. Docket No. 193 at 49-50. With the Court's exclusion of those appraisals, Defendants respectfully submit that there is now no evidence sufficient to establish a RICO injury – that the paintings at issue were purchased from the Estate for less than fair value at the time of sale – and that Defendants are therefore entitled to summary judgment on Plaintiff's RICO claim.

      In order to have this narrow issue (which the parties already addressed in their prior briefing) fully briefed by the time of the Pretrial Conference, Defendants proposed the following schedule to Plaintiff's counsel:

      Moving Brief: 11/11/21, 5:00 p.m.
      Opposition: 11/15/21, 5:00 p.m.
      Reply: 11/17/21, 5:00 p.m.

      Plaintiff's counsel communicated their belief that a renewed application for summary judgment would be inappropriate at this time, and thus declined to agree to any briefing schedule.

Hon. Lewis J. Liman<br>
November 10, 2021<br>
Page 2

  Defendants thus ask the Court to set the above briefing schedule, or whatever other briefing schedule the Court believes is appropriate. Of course, if the Court would prefer to simply discuss the matter at the Pretrial Conference rather than have the parties brief a Rule 60(b)(6) motion on the effect of the *Daubert* ruling, Defendants will defer to that preference.

                Respectfully submitted,

         **KAMERMAN, UNCYK, SONIKER, & KLEIN, P.C.**

         By: /s/ *Akiva M. Cohen*
         Akiva M. Cohen
         *For Defendants*

cc. All counsel of record [*via* ECF]