USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
YIEN-KOO KING,                                                     :
                                                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :          14-cv-7694 (LJL)
          -v-                                                      :
                                                                   :          OPINION AND ORDER
ANDREW WANG, et al.,                                              :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

This matter is scheduled to go to trial before a jury on November 29, 2021.  Before the

Court is a motion in limine brought by defendants Andrew Wang ("A. Wang") and Shou-Kung

Wang ("S.K. Wang," and together, the "Wangs" or "Defendants") to preclude plaintiff Yien-Koo

King ("Plaintiff" or "Y.K. King"), in her capacity as preliminary executrix of C.C. Wang's estate

(the "Estate"), from pursuing at trial a damages theory that differs from the damages theory set

forth in her Rule 26 disclosures and that Defendants contend "she disclosed for the first time on

November 21, 2021."  Dkt. No. 301 at 1.

For the following reasons, the Court denies the motion in limine.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 governs required disclosures by parties in civil

litigation and requires, among other things, disclosure of "a computation of each category of

damages claimed by the disclosing party."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  It also requires each

party to "supplement or correct its disclosure or response . . . in a timely manner if the party

learns that in some material respect the disclosure or response is incomplete or incorrect, and if

the additional or corrective information has not otherwise been made known to the other parties

during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Federal Rule of Civil Procedure 37(c)(1) provides that "[a] party that without substantial

justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is

harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or

information not so disclosed." "The purpose of the rule is to prevent the practice of

'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600,

607 (quoting *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); *Johnson Elec.*

*N. Am. v. Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999)). "Courts in this

Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and

should be exercised with discretion and caution." *Id.*

"In considering whether to exclude evidence under this standard, courts refer to a

nonexclusive list of four factors: (1) the party's explanation for its failure to disclose, (2) the

importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the

possibility of a continuance." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y.

2013); *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (listing the same

factors: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2)

the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the

opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility

of a continuance." (internal quotation marks and alterations omitted) (quoting *Softel, Inc. v.*

*Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997))).

**DISCUSSION**

This motion arises out of Plaintiff's proposed insert for the Joint Pretrial Order, which states, in relevant part:

> The Plaintiff calculates damages . . . based upon the Defendants' procuring discounts on the Estate's asking price for each of the 84 paintings sold thereby (i.e., the Sotheby's Appraisal Price + 20%) by means of fraudulent pretense. . . . Listed below is the amount sought in damages based upon the failure to include the 20% addition for each of the Estate's sales.

(the "Sotheby's + 20%" damages theory) Dkt. No. 302, Ex. 4 at 4.

The Court assumes that Plaintiff will support this theory based on evidence that already has been developed in discovery—the Sotheby's appraisal price, the mathematical exercise of calculating 20% of that price, and the price that the Estate received for the sale of the paintings. Plaintiff will adduce no new expert testimony for this theory. If Defendants choose not to present their expert, Plaintiff will not be able to call him in her case.

The parties do not dispute that Plaintiff failed to disclose this damages theory and calculation in her Rule 26 disclosures. *See* Dkt. No. 301 at 2 (Defendants arguing that the Rule 26(a) disclosures calculated damages based on appreciation damages and that the proposed insert "proposed an entirely new damages theory and calculation"); Dkt. No. 308 at 1 (Plaintiff arguing that "the failure to include the computation in her Rule 26(a) disclosures was substantially justified and harmless"). The question before the Court, therefore, is whether this failure warrants the "drastic remedy" of preclusion. *Ventra*, 121 F. Supp. 2d at 332.

Defendants argue that "[b]ecause this belatedly-disclosed damages theory and method of calculation is untimely, unjustified, and prejudicial, the Court must preclude Plaintiff from presenting it to the jury." Dkt. No. 301 at 3. Plaintiff argues that the failure to include this damages theory in her Rule 26 disclosures was "substantially justified and harmless." Dkt. No. 308 at 1.

3

The Court finds Plaintiff's argument that her failure to disclose this damages theory earlier was substantially justified, and that there was a reasonable explanation for such nondisclosure, unpersuasive.  Plaintiff argues that "it was not until experts opined on the facts of this case that the amount of available damages crystalized."  Dkt. No. 308.  However, even assuming this to be the case, Plaintiff was still obligated at that point to supplement her Rule 26 disclosures, under Rule 26(e), to reflect her newly-discovered potential damages theory. Plaintiff has not identified any new facts available to it now that were not available to her significantly earlier than 29 days before trial that would explain her non-disclosure of the Sotheby's + 20% damages theory as an affirmative alternative ground for damages until now.

As to the importance of the theory, Defendants argue that "[t]he relative lack of importance of this damages theory is clear from the fact that it was an afterthought that aggregates to only $329,300.00 in a case in which Plaintiff seeks $200,000,000.00," Dkt. No. 301 at 4, whereas Plaintiff argues that "because the Court has precluded the Plaintiff's expert from testifying as to his appraisal opinions, the Sotheby's plus 20% calculations may now be the most important component of this seven-year-old lawsuit," Dkt. No. 308 at 4.  Plaintiff is correct. Although the damages theory might not have been critical at a time when Plaintiff was purporting to offer in its damages case an expert who could testify to the value of the paintings in 2019, the Court since has excluded that evidence.  The claim that Plaintiff was damaged when the paintings were sold without the 20% premium now is, as Plaintiff argues, at least one of the most important components of the case.  The Court thus finds that this factor favors Plaintiff. Preventing Plaintiff from arguing that it was damaged by the failure to sell the paintings for a price that included a 20% premium over the Sotheby's appraisal would be a particularly harsh sanction.

Most importantly, the Court finds Defendants' argument that allowing Plaintiff to pursue this theory would cause them significant prejudice unpersuasive. Defendants assert that Plaintiff's new damages theory raises issues of fact and expert testimony that they did not explore or have incentive to explore earlier and that "[a]mong other things, Defendants would need to conduct discovery on the extent to which the Estate cared about the internal price allocations within each sale and the extent to which it would have been feasible to obtain 120% of the Sotheby's appraised value for particular paintings, which would require extensive additional fact and expert discovery." Dkt. No. 301 at 5. But Defendants fail to identify with any specificity the testimony and evidence they would require if Plaintiff is permitted to raise the Sotheby's + 20% theory with the jury in this case or why the discovery that they already took would not be sufficient to address any new arguments that Plaintiff might make based on that theory. *See, e.g.*, *Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, 2006 WL 2381817, at *2–3 (S.D.N.Y. Aug. 16, 2006) (declining to preclude untimely-disclosed evidence because "Plaintiffs arguments on this motion are not persuasive because they have not shown that they have been harmed by Defendants' delay in identifying these documents," and noting that although Plaintiffs generally argued that they were prejudiced, they failed to "point[] to any specific prejudice that might ensue").

The factual issues that the Sotheby's + 20% damages theory raises have been present in this case since its inception: the process by which the paintings were sold, the Sotheby's appraisal and the view that the paintings should be sold for 20% more than the appraisal, the price the Estate realized for the sale of the paintings, and whether the paintings were sold for fair market value. Thus, for example, A. Wang testified both regarding the Sotheby's appraisal and the 20% figure, the price the paintings were sold for, and the relationship of that sale price to fair

market value.  As one of the two Defendants, A. Wang presumably is available to testify at trial.

Paper discovery also addressed the 20% figure.  *See* Dkt. No. 309-4 (email from Marty Klein to

A. Wang stating that "the PA is concerned with a private sale not bringing the best price to the

Estate, that is why she felt that a sales price of AT LEAST 20% above Sotheby's appraised value

would provide a level of comfort that she needed to defend a challenge that the Estate did not

receive the best price for the art").  The Public Administrator was also asked about the 20%

figure at deposition, although the excerpts of testimony before the Court indicate that she did not

recall the reason for a specific notation of a "20% addition" to a proposed sale price.  There is no

basis to assume there was evidence from the Public Administrator that the Defendants could

have obtained with respect to the Sotheby's + 20% theory that Defendants did not obtain.  And

both parties had every incentive to develop evidence regarding the Public Administrator's

original basis for the 20% figure and whether the paintings were sold at or below fair market

value.  After all, the relationship of the sale price to fair market value was and is important not

only to damages but to the central liability question in this case—whether Defendants in effect

sold the paintings to themselves in order to cheat the Estate or whether they were sold to third

parties in arms-length transactions.  Evidence that the paintings were sold below market value

would tend to support Plaintiff's theory; evidence that the paintings were sold at market value

would tend powerfully to support Defendants.  Thus, even if Plaintiff's damages theory is new,

the factual issues upon which it rests is not.

Moreover, Defendants have long known that Plaintiff disputes that the paintings were

sold for 20% above the Sotheby's appraisal.  Plaintiff's theory arises from the report submitted

by Defendants' expert.  In that report, the expert opines:  "It is my opinion that the Estate

suffered no damages from the sale of the 98 artworks via private sales."  Dkt. No. 238 ¶ 44.  At

deposition, the expert testified that the sole basis for his opinion was "that the original document upon which sale prices were asked was performed by the leading expert in Chinese classical painting as of the date of death, and the addition of 20 percent later on, which I understood took place, was sufficient to render the sale values within reason." Dkt. No. 309-1 at 126:11–25. Plaintiff challenged the factual basis for this in her motion for summary judgment. She argued that Defendants' claim that the Estate suffered no damages was in error because it was predicated solely on their expert's opinion that a 20% premium was obtained, which was factually incorrect. As support, she identified evidence—adduced in discovery—that the Estate had not always received the 20% premium above the Sotheby's appraisal. *See* Dkt. No. 309-2 at 29.[1]

As to the possibility of a continuance, this case has been pending since 2014, and the upcoming trial date is the result of a lengthy continuance granted in May of this year on the eve of trial. A further continuance is not warranted or necessary here, where Defendants have not demonstrated that any additional discovery is necessary to allow them to defend against the Sotheby's + 20% damages theory.

Thus, although the Court finds that Plaintiff violated Rule 26(a) by failing to disclose the Sotheby's + 20% damages theory in a timely fashion and was not justified in doing so, the Court declines to exercise its discretion to award the extraordinary sanction of preclusion because Defendants have not identified any significant prejudice if Plaintiffs are allowed to pursue this damages theory at trial.

---

[1] This argument does not, as Plaintiff argues here, constitute disclosure that Plaintiff might pursue the Sotheby's + 20% damages theory at trial; Plaintiff did not suggest that this would or could be her measure of damages, but rather argued that Defendants' theory was not supported by the evidence.

## CONCLUSION

For the foregoing reasons, the motion in limine is DENIED.  The Clerk of Court is directed to close the motion at Dkt. No. 300.


        SO ORDERED.


Dated: November 12, 2021
        New York, New York                                 LEWIS J. LIMAN
                                                    United States District Judge

8