```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
YIEN-KOO KING,                                                   :
                                                                 :
                                        Plaintiff,               :
                                                                 :           14-cv-7694 (LJL)
                -v-                                              :
                                                                 :           OPINION AND ORDER
ANDREW WANG, et al.,                                             :
                                                                 :
                                        Defendants.              :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

This matter is scheduled to go to trial before a jury on November 29, 2021. Before the Court is a letter motion brought by defendants Andrew Wang ("A. Wang") and Shou-Kung Wang ("S.K. Wang," and together, the "Wangs" or "Defendants") to preclude plaintiff Yien-Koo King ("Plaintiff" or "Y.K. King"), in her capacity as preliminary executrix of C.C. Wang's estate (the "Estate"), from pursuing at trial a new "disgorgement" damages theory that differs from the damages theory set forth in her Rule 26 disclosures and that Defendants contend was first disclosed in Plaintiff's revised damages calculation for the Joint Pretrial Order provided to Defendants on November 13, 2021. Dkt. No. 317 at 1.

For the following reasons, the Court grants the letter motion and precludes Plaintiff from offering the "disgorgement" damages theory at trial.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs required disclosures by parties in civil litigation and requires, among other things, disclosure of "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). It also requires each party to "supplement or correct its disclosure or response . . . in a timely manner if the party

learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Federal Rule of Civil Procedure 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (quoting *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); *Johnson Elec. N. Am. v. Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999)). "Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution." *Id.*[1]

---

[1] Plaintiff argues that "[b]ecause nothing in this requested relief would alter the scope of this jury trial, there is nothing to preclude under Rule 37(c)," and that "[i]nstead, applicable here is Rule 54(c), which provides that at the time of final judgment, Courts are to 'grant relief to which each party is entitled, even if that party has not demanded that relief in its pleadings.'" Dkt. No. 319 at 1 (quoting Fed. R. Civ. P. 54(c)). As Defendants correctly respond, however, such a reading of the relationship among Rules 26(a)(1), 37(c) and 54(c) would make meaningless the obligation to disclose "each category of damages claimed by the disclosing party." Dkt. No. 320 at 2. Although Rule 54(c) states that "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," the rule does not relieve the party requesting relief of the obligation to disclose the "computation of each category of damages claimed," or render the court toothless to enforce that rule if the requesting party's failure to honor it causes the opposing party prejudice. Rule 54(c) states, in pertinent part, "[e]very other final judgment [other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). There is nothing in the language or the case law under Rule 54(c) that requires a court to grant a category of damages that a party in a Rule 26(a)(1) disclosure has specifically eschewed. Indeed, courts in this circuit frequently apply the Rule 37(c) standard in considering whether an untimely-disclosed damages theory should be precluded at trial. *See, e.g.*, *Agence France Presse v. Morel*, 293 F.R.D. 682 (S.D.N.Y. 2013); *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006); *Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 385 (S.D.N.Y. 2009); *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F. Supp. 2d 305 (S.D.N.Y.

2

"In considering whether to exclude evidence under this standard, courts refer to a nonexclusive list of four factors: (1) the party's explanation for its failure to disclose, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013); *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (listing the same factors: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." (internal quotation marks and alterations omitted) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997))).

## DISCUSSION

This motion arises out of Plaintiff's revised proposed insert for the Joint Pretrial Order, which states, in relevant part:

> Alternatively, the Estate seeks to recoup the illicit profits received by the Wangs to the extent that they self-dealt on the first auction prices of the 32 paintings. Plaintiff calculates disgorgement to be $39,341,184 . . . .

(the "disgorgement" damages theory) Dkt. No. 317, Ex. 1 at 5.

The parties do not meaningfully dispute that Plaintiff failed to disclose this damages theory and calculation in its Rule 26 disclosures. *See* Dkt. No. 317 at 1 (Defendants arguing that Plaintiff has now "disclos[ed] a *new* new damages theory"); Dkt. No. 319 at 1 (Plaintiff arguing

---

2008). Moreover, Plaintiff's argument that "[b]ecause nothing in this requested relief would alter the scope of this jury trial," Rule 37(c) is inapplicable begs the question; part of the Rule 37(c) consideration is whether the untimely disclosure is harmless or alternatively would be prejudicial; a party who "without substantial justification" fails to meet its discovery obligations cannot simply skip the Rule 37(c) analysis by asserting that such failure would not alter the scope of trial. The Court here finds, *infra*, that this untimely-disclosed damages theory does risk altering the scope of trial and causing substantial prejudice to Defendants.

3

that the disgorgement theory was referred to in its pleadings but never contesting that it was not disclosed as a damages theory in its Rule 26 disclosures). The question before the Court, therefore, is whether this failure warrants the "drastic remedy" of preclusion. *Ventra*, 121 F. Supp. 2d at 332.

Defendants argue that "[t]he prejudice to Defendants from this belated disclosure is enormous and unmistakable." Dkt. No. 317 at 1. Plaintiff argues that "the Defendants' complaints of prejudice are meritless." Dkt. No. 319 at 1. Both parties focus almost exclusively on the prejudice prong of the *Patterson* test; Plaintiff nowhere provides an "explanation for its failure to disclose," nor does either party address the possibility of a continuance. The Court finds that both of these factors weigh in favor of preclusion. First, Plaintiff has not proffered any explanation for its failure to include this damages theory in its Rule 26 disclosures or to update those disclosures when this theory became apparent; this factor thus weighs strongly in favor of preclusion of the theory. Second, as the Court stated in its Order at Dkt. No. 314, this case will remain set for trial on November 29, 2021, or as soon thereafter as the Court is able to procure a Jury; a continuance at this stage of litigation is not warranted and will not be granted. The case has been pending since 2014 and trial has already been delayed by the Court's grant of a lengthy continuance on the eve of trial. Plaintiff had every opportunity during that time period to amend its disclosures and state that it was seeking disgorgement relief. Its failure to make any such disclosure earlier smacks of gamesmanship, suggesting that it gambled that by not providing an alternative to its appreciation damages theory, the jury would not be put in a position to compromise and would give it those damages (or the Court would allow the expert to testify to the flawed appraisal). Having lost that gamble, Plaintiff is not entitled at this late stage to a re-do

4

and an opportunity to come up with a new theory when the parties are in their last stages of preparing for the long-awaited trial.

Plaintiff only briefly addresses the second *Patterson* factor—the importance of the evidence. They argue that "given [Regan's FMV appraisal's] rejection by the Court, direct evidence of the resale prices for the 32 self-dealt paintings is extraordinarily important for the Plaintiff's breach of fiduciary duty claims. It would potentially be devastating to Plaintiff's long-standing claims and allegations if it were precluded." Dkt. No. 319 at 3. There are two responses to that argument. First, it conflates the evidence underlying Plaintiff's untimely-disclosed damages theory with the damages theory itself; Defendants' letter motion at Dkt. No. 317 moves to preclude only the latter, not the former. To the extent that evidence of the resale prices for the 32 paintings is relevant on some theory other than to support a claim for disgorgement, this Order should not be read to exclude that evidence. Second, Plaintiff's letter indicates that Plaintiff is still exploring appreciation damages—Plaintiff argues that "[t]he calculation of appreciation damages and disgorgement is . . . nearly identical." If that is so, then it undercuts any argument that this new alternative theory for relief plays a critical role in Plaintiff's case.[2]

Last, and most importantly, Defendants' arguments that allowing Plaintiff to pursue this damages theory would cause them significant prejudice are well-supported. Defendants assert that "the prejudice to Defendants from this belated disclosure is enormous and unmistakable";

---

[2] Moreover, any argument that it is critical to Plaintiff's case that it be permitted to make a belated claim for $39,341,184 in disgorgement damages proves too much. If doing so is critical to Plaintiff's case, it is equally critical to Defendants' case that they be put in a position to defend against that claim. Rule 37 does not give a party license to offer a new damages theory in the days before trial of a case that has been pending since 2014 simply because the quantum of damages sought on that theory is large and therefore would be important to Plaintiff.

5

here, unlike in the previously denied motion at Dkt. No. 207, Defendants have identified that prejudice with specificity. Defendants argue that had this theory been timely disclosed, they could have and would have "sought discovery regarding those auction results," Dkt. No. 317 at 3, and that absent this theory, they "did not need to specifically address in discovery the subsequent auction results for the paintings the Estate sold," because Defendants had made the strategic decision to "primarily focus on liability, not damages," and thus "it was not in Defendants' interest to seek discovery that would show that Defendants had not been the sellers in those auctions," Dkt. No. 320 at 2.

Plaintiff argues that the allegations underlying this theory have always been part of the case and that the evidence underlying this theory has been repeatedly disclosed. But that misses the point. The question is not simply whether Plaintiff will rely on new evidence but whether its reliance on the old evidence to assert a new theory would require new evidence on the part of Defendants and thus cause prejudice to Defendants. Here, whether or not the allegations were part of the case and the evidence that the Plaintiff would use to support its theory has been disclosed, the damages theory was not disclosed. A dramatically different damages theory was pursued. Defendants were entitled to rely on the theory and the categories of damages disclosed by Plaintiff in the Rule 26(a)(1) statement to make strategic decisions and to decide not to pursue discovery on the subsequent auction results. It thus is not enough for Plaintiff to say that its expert Regan relied in part on those auction results. As Defendants argued and the Court found—and as Regan himself admitted—the results of any single auction could not alone support a reliable appraisal of a work of art for *2019*. Dkt. No. 303 at 30. Thus, Defendants had no need until now to attack the results of any specific auction of the 32 works. Regan's analysis was defective whether or not the result of a specific auction was accurate. The quantum of

evidence that Defendants did adduce—that necessary to challenge Regan's conclusions—itself gives ample reason to believe that Defendants would have been successful in challenging the specific auction results had they had notice of Plaintiff's theory. Reported results from Mainland Chinese auction houses are notoriously unreliable; as Regan testified at the *Daubert* hearing, "it would be unreasonable" to "assume that every one of [his] comparable sales was actually consummated. Dkt. No. 289-1 at 64:17–21. It would be extraordinarily unfair and prejudicial to Defendants now to require them to go to trial on a theory that assumes the individual auction results were each reliable when Plaintiff by its Rule 26(a)(1) disclosures lulled Defendants into the belief that they would not need to prove precisely the opposite for any of the specific auctions.

The Court finds that having to defend against the disgorgement damages theory—which Plaintiff first disclosed as a damages theory it sought to pursue at trial less than three weeks before trial is set to begin and just days before the Joint Pretrial Order was due and the Court would hold its final pretrial conference—would risk significant prejudice to Defendants. The only possible relief is preclusion.

Thus, the Court finds that Plaintiff violated Rule 26(a) by failing to disclose the disgorgement damages theory in a timely fashion and was not justified in doing so, and that such failure risks substantial prejudice to Defendants. The Court therefore exercises its discretion to preclude Plaintiff from offering this damages theory at trial.

**CONCLUSION**

For the foregoing reasons, the letter motion is GRANTED. The Clerk of Court is directed to close the motion at Dkt. No. 317.

SO ORDERED.

Dated: November 15, 2021
      New York, New York

                                          LEWIS J. LIMAN
                                  United States District Judge