UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

YIEN-KOO KING,

                                    Plaintiff,

v.

    ANDREW WANG, et al.,

                                    Defendant.

**Case No: 14-cv-7694**

JOINT Requests To Charge

**1.1   PRELIMINARY INSTRUCTIONS BEFORE TRIAL – DUTY OF JURORS[1]**

Members of the jury, we are about to begin the trial of a case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the Plaintiff. In this action, the Plaintiff is Yien-Koo King ("**Mrs. King**" or "**Plaintiff**") and she brings this action on behalf of the Estate of Chi-Chuan Wang ("CC"), an artist and collector of Chinese art who died in 2003 (the "**Estate**"). The parties against whom the suit is brought are called the Defendants. In this action, there are two Defendants – Andrew Wang and his father Shou-Kung Wang, who is known as "S.K." Mrs. King, Andrew Wang, and S.K. Wang are all descendants of CC Wang. I will now provide you with a brief summary of the main contentions of each side in this case.

After C.C. Wang's death, a probate contest arose between Mrs. King and Andrew and S.K. Wang and the New York courts appointed a public official known as the Public Administrator, to serve as the co-fiduciary of C.C. Wang's estate alongside his grandson Andrew Wang. During their administration of the Estate, the co-fiduciaries sold 98 classical Chinese paintings at issue in this action through six private sales between 2005 and 2009.

Plaintiff alleges that while Andrew Wang was serving as the co-fiduciary of the Estate of C.C. Wang, Andrew and S.K. Wang, and others, conspired to engineer the sales of 98 paintings from the estate to five supposed buyers, when they were really purchasing the paintings themselves and the named buyers didn't exist or were strawmen. She alleges that Andrew and S.K. Wang acquired

---

[1] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.01 Opening Instructions (6th ed. 2014) (modified).

the paintings at fraudulently induced discounts. She claims that these actions amounted to violations of the Federal RICO Act and various state law torts. I will instruct you on the substance of the RICO law and the state law torts at the end of this case.

The Wangs deny Yien-Koo King's allegations. With respect to S.K. Wang, the Wangs claim that he had no involvement in the sales at all, as he was not a fiduciary of the Estate or involved in its administration. With respect to the sales themselves, Andrew Wang says that they were to third-party buyers, for values that were fair at the time and vetted by an independent expert retained by his co-fiduciary, the New York County Public Administrator. The Wangs deny having received any benefit at all from the sales.

After all the evidence is presented during the trial, you will be given specific instructions on the law relating to Plaintiff's claims, which you must apply to the facts as you determine them. By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon a verdict.

Remember, you are the sole judges of the facts. You must not take anything I may say or do during the trial as indicating what your verdict should be.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration. During the trial, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable law.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the parties. It is the duty of the attorney, on each side of a case, to object when

3

the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. If I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions about the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The trial lawyers are not allowed to speak with you individually during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is given to you and reach a just verdict, regardless of the consequences.

## 1.2   PRELIMINARY INSTRUCTIONS BEFORE TRIAL - CONTACT WITH OTHERS[2]

While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. Discussing the case with others includes discussions in person, in writing or by the use of any electronic device or media, such as a telephone, a cell or smart phone, Blackberry, iPhone, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog or website such as Facebook, My Space, YouTube, or Twitter.  These items should not be used to communicate to anyone any information about this case until I accept your verdict. You should not conduct any internet research of any of the parties, witnesses or counsel in this case.

Along the same lines, you should not try to access information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books or anything on the Internet. And in the unlikely event you see anything in the media about this case, please pay it no attention. Your sworn duty is to decide this case solely and wholly on the evidence presented in the courtroom.

---

[2] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-15 Contact with Others (2014) (modified).

**1.3     PRELIMINARY INSTRUCTIONS BEFORE TRIAL - EVIDENCE IN THE CASE**

You will decide what the facts are from the evidence that will be presented here in this courtroom. That evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers stipulate. There are two kinds of evidence -- direct evidence and circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. An example of circumstantial evidence might be waking up to a sunny morning and walking outside to find the streets sidewalk and grass all wet, together with small tree branches on the ground. Though there are no clouds in the sky and the sun is shining, the circumstances of the wet ground and twigs might lead you to conclude that it stormed earlier in the morning or the night before.

The law permits you to give equal weight to both direct evidence and circumstantial evidence or to neither. It is up to you to decide how much weight, if any, to give to any evidence.

At times during the trial, I may sustain objections to questions that are asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you should disregard the answer and dismiss it from your minds.

In reaching your decision, you may not draw any inference from an unanswered question, nor may you consider in your deliberations testimony that I've ordered stricken from the record. The law requires that your decision be made solely on the basis of the evidence before you. The items I exclude from your consideration will be excluded because they are not legally admissible evidence. The law does not, however, require you to accept all of the evidence that I do admit.

In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and of the documents presented to you and then determine the weight, if any, you choose to give to each witness' testimony or to an exhibit.

There's no magic formula by which you should evaluate testimony or exhibits. At this time suffice it to say that you bring with you to this courtroom all of your experience and background of your lives. Do not leave your common sense outside the courtroom. Use it in your deliberations. The same types of tests that you use in your everyday dealings are the tests that you can apply in your deliberations.

What is not evidence? The questions and objections of the attorneys are not evidence and neither is the testimony I instruct you to disregard. So when a lawyer asks a question, that's not evidence. The answer of a witness in response to the question is evidence.

The statements and arguments of the attorneys during any part of the trial also are not evidence. You may be shown certain documents or photographs or hear certain testimony during opening statements. These are not evidence, but rather a preview of what the attorneys believe will be entered into evidence during the course of the trial. Anything said or displayed during the opening or closing that was not entered into evidence during the trial is not evidence.

Further, anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses, is not evidence. What matters is what you see and hear in this courtroom when you're sitting as the jury. Only what is admitted into evidence here when the court is in session and all the parties and jurors are present is competent evidence.

The law does not, however, require you to accept all the evidence I shall admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses and decide how much weight you choose to give to that testimony. The testimony of a

witness may not conform to the facts as the occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness's recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

**1.4     PRELIMINARY INSTRUCTIONS BEFORE TRIAL – EXPERT WITNESSES**

Expert witnesses. The rules of evidence ordinarily do not permit witnesses to testify about opinions or conclusions. There's an exception to that rule for what's called expert witnesses. An expert witness is a person who, by education and experience, has become expert in some science or art or profession or calling. Expert witnesses give their opinions as to matters in which they profess to be experts and may also state their reasons for their opinions. You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient experience or education or knowledge of the underlying facts, or if you conclude that the reasons given in support of the opinion are not sound or if you feel the expert's opinion is outweighed by other evidence, you may disregard that expert opinion.

**1.5     PRELIMINARY INSTRUCTIONS BEFORE TRIAL - DEPOSITION TESTIMONY**

At various stages of the trial, the lawyers may read portions of a document referred to as a deposition of the plaintiff, the defendants, or a witness. The lawyers may also play video recordings from those examinations.

At some point before this trial began the plaintiff, or defendant, or witness was under oath, answered certain questions put to them by the lawyers. A stenographer recorded their answers and in some cases a videographer videotaped the deposition. The portions of the transcript of the deposition that you will hear are to be considered as if the plaintiff, defendant, or witness were testifying from the witness stand.

**1.6      PRELIMINARY INSTRUCTIONS BEFORE TRIAL - NOTE-TAKING BY JURY[3]**

If you want to take notes during the course of the trial, you may do so.  If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss or compare them with anyone before or during your deliberations in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript which is being made of these proceedings be read to you.

---

[3] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-16 Note-Taking by Jury (2014) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.13 (6th ed. 2014) (modified).

**1.7(a) - PRELIMINARY INSTRUCTIONS BEFORE TRIAL – BURDEN OF PROOF**

**[disputed]**

Please remember this is a civil case. Those of you who have sat on juries in criminal cases, or who have watched one on TV, may have heard the phrase "proof beyond a reasonable doubt." That requirement does not apply in civil cases. You may, in a civil case like this one, have reasonable doubts about whether a given defendant is liable under a given claim, and yet still find that defendant liable. Therefore, the phrases "reasonable doubt" or "beyond a reasonable doubt" have no meaning in this case and should be put out of your minds completely.

Instead, in civil cases the burden of proof is different, and I'll explain it to you at the end of this case. On some claims it's preponderance of the evidence and on others it's clear and convincing evidence. These two standards of proof—which both apply here—are different from each other and are both different from the inapplicable "proof beyond a reasonable doubt" standard used in criminal trials. I'll explain that in more detail after all the evidence has been received. For that reason you should not make up your mind on what the evidence shows until then.

- **Plaintiff's position that because there are RICO claim involving violation of criminal statutes, the jury may be familiar with the "beyond a reasonable doubt" standard from television or other cases they have participated in and may mistakenly believe that standard applies in this case. The Plaintiff therefore requests a brief pre-trial instruction that it does not, lest the jury hold the mistaken belief throughout trial.**

- **Defendants believe that no instruction on burden of proof should be given until after the trial. The jury should not be weighing evidence until all the evidence from both parties has been submitted, and instructing them on the burden of proof at the outset of the trial would be an invitation to the jury to "weigh-as-they-go."**

**1.7(b)**        **PRELIMINARY INSTRUCTIONS BEFORE TRIAL – THE TRIAL**

Finally, I'd like to just summarize the stages of the trial for you. First, each side may make an opening statement. As I said, an opening statement is not evidence, nor is it argument. It's really an outline of what that party intends to prove during the trial, and it is offered to preview the evidence which the attorney expects to be entered at trial. Evidence—in the form of testimony or documents-- that come in during the trial are often not in any logical or chronological order. Therefore, the opening statement is intended to forecast the case in a way that will help you follow and absorb the evidence that does eventually come in. Each side will give their version of what they intend to prove.

Next, the plaintiff will present witnesses and the defendants may cross-examine the witnesses. Then, if desired, the defendants will present witnesses and the plaintiff may cross-examine them. I may then permit the plaintiff to present additional witnesses to rebut the defendants' evidence.

After that, the attorneys will make their closing arguments to summarize and give you their interpretation of the evidence. As with opening statements, the closing arguments are not evidence. After the closing summations, I will give you instructions on the law and then you will retire to deliberate on your verdict.

Please do not make up your mind about what the verdict should be until after I've instructed you on the law and at the end of the case and then you've gone to the jury room and you and your fellow jurors will have discussed the evidence. Keep an open mind until then.

Both parties deserve, and the law requires, that you give them an opportunity to be fully heard. After all the evidence has been heard and the arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and the other evidence that is presented. You will be the sole and exclusive judges of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

That completes my preliminary instructions in this case

**2.1     PRELIMINARY INSTRUCTIONS AFTER TRIAL - JUROR ATTENTIVENESS**[4]

Ladies and gentlemen, before you begin your deliberations, I am going to instruct you on the law. You must pay close attention, and I will be as clear as possible.  It has been obvious to me and to counsel that up to this point you have faithfully discharged your duty to listen carefully and observe each witness who testified. I now ask you to give me that same attention as I instruct you on the law.

---

[4] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-1 Juror Attentiveness (2014) (modified).

**2.2    PRELIMINARY INSTRUCTIONS AFTER TRIAL - ROLE OF THE COURT[5]**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

---

[5] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-2 Role of the Court (2014) (modified).

**2.3**    **PRELIMINARY INSTRUCTIONS AFTER TRIAL - ROLE OF THE JURY**[6]

As members of the jury, you are the sole and exclusive judges of the facts.  You pass judgment upon the evidence. You determine the credibility of witnesses. You resolve such conflicts as there maybe in the testimony. You draw whatever reasonable inferences you decide to draw from the factsas you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said about a fact -- or what I may say in these instructions -- evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you maynot consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render,or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

---

[6] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-3 Role of the Jury (2014) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.30 (6th ed. 2014) (modified).

## 2.4    PRELIMINARY INSTRUCTIONS AFTER TRIAL - JURY TO DISREGARD COURT'S VIEW[7]

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion related to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inference to draw from the facts which are in evidence.

From time to time the court has been called to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

---

[7] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-5 Jury To Disregard Court's View (2014) (modified).

## 2.5   PRELIMINARY INSTRUCTIONS AFTER TRIAL - CONDUCT OF COUNSEL[8]

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue. If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberation.

---

[8] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-6 Conduct of Counsel (2014) (modified).

**2.6      PRELIMINARY INSTRUCTIONS AFTER TRIAL – BURDEN OF PROOF[9]**

As this is a civil case, the Plaintiff has the burden of proving most of their claim by a preponderance of the evidence.  This means that the Plaintiff must prove by a preponderance of the evidence each and every disputed element of the claims with respect to each Defendant.  If you find that the Plaintiff has failed to establish any claim by a preponderance of the evidence, you must decide against her on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties— that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

---

[9] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.30 Evidence In The Case and § 104.01 Preponderance Of The Evidence (6th ed. 2014) (modified), with paragraph added from N.Y. Pattern Jury Instr. – Civil 1:64, PJI 1:64 General Information – Burden of Proof – Clear and Convincing Evidence.

I will instruct you that on some claims, Plaintiff has the burden of proving things by clear and convincing evidence. A party who must establish its case by clear and convincing evidence must satisfy you that the evidence makes it highly probable that what it claims is what actually happened. If, upon all the evidence, you are satisfied that there is a high probability that there was fraud as I will define it for you, you must decide for Plaintiff on that claim. If, on the other hand, upon all the evidence, you are not satisfied that there is a high degree of probability that there was fraud as I have defined it, then you must decide for the Defendants.

In this case, the Plaintiff has the burden of proving each element of her claims against the Defendants.

**2.6    PRELIMINARY INSTRUCTIONS AFTER TRIAL – WHAT IS AND IS NOT EVIDENCE**[10]

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose - such as for the purpose of assessing a witness's credibility - you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

---

[10] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 74-1 What Is and Is Not Evidence (2014) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.44 (6th ed. 2014) (modified).

## 2.7   PRELIMINARY INSTRUCTIONS AFTER TRIAL – DIRECT AND CIRCUMSTANTIAL EVIDENCE[11]

There are two types of evidence, which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses – something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence, which is often used in this courthouse.

Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later, another person also entered with a wet umbrella. Now you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

---

[11] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 74-2 Direct and Circumstantial Evidence (2002).

## 2.8   PRELIMINARY INSTRUCTIONS AFTER TRIAL – SUMMARIES AND CHARTS NOT ADMITTED AS EVIDENCE[12]

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries or facts or figures shown by the evidence in the case, you are to disregard them entirely.

---

[12] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 74-12 Summaries and Charts Not Admitted as Evidence (2002).

**2.9     PRELIMINARY INSTRUCTIONS AFTER TRIAL – INFERENCES DEFINED[13]**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw-- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

---

[13] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 75-1 Inference Defined (2002).

**2.10   PRELIMINARY INSTRUCTIONS AFTER TRIAL – SYMPATHY OR BIAS**[14]

      You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial or the lack of evidence.

      The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

---

[14] Authority: Hon. Engelmayer, Diaz v. Diaz, 14-cv-4716-PAE (S.D.N.Y. Feb. 3, 2016).

## 2.11    PRELIMINARY INSTRUCTIONS AFTER TRIAL – JUDICIAL NOTICE -

## GENERAL[15]

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching your verdict.

---

[15] Authority: 4-74 Modern Federal Jury Instructions – Civil, P 74:03 (Matthew Bender).

**2.12(a)**        **PRELIMINARY INSTRUCTIONS AFTER TRIAL – CREDIBILITY OF WITNESSES[16] [disputed]**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You have had the opportunity to observe the witnesses. It is up to you to decide how believable the witnesses were in their testimony. In deciding the weight to give to the testimony of a witness, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. Thus, you may, for example, be guided by the conduct of the witness, the manner in which the witness testifies, the character of the testimony given, and/or evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of those matters. Consider also any relation, which each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure to recollect, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether

---

[16] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.01 Discrepancies in Testimony (6th ed. 2014) (modified).

the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. But keep in mind that credibility is not necessarily an all or nothing proposition. You may discredit a witness on one point but credit the same witness on a different point.  Conversely, you may decide that if a witness is not credible on one point, you feel that this is enough to discredit other aspects of their testimony, or all of their testimony.

You may, in short, accept or reject the testimony of any witness in whole or in part.

**The text in red is the subject of a dispute between the parties, whose respective positions are set out below:**

- **Plaintiff's position is that Plaintiff is entitled to a separate Falsus in Uno charge. See next instruction.**

- **Defendants' position is that this instruction, and the instruction on impeachment, are the appropriate and standard places to instruct the jury on their right to disbelieve all testimony from a witness they believe is lying. The request to provide a stand-alone "Falsus in Uno" instruction on that right is, essentially, a request to specifically emphasize it to the jury, obviously on the theory that emphasizing it will make the jury more likely to apply that rule to Plaintiff's benefit (particularly given that, with respect to the events surrounding the sales at issue, the only party with personal knowledge is Andrew Wang). For precisely that reason, giving the instruction as a stand-alone is prejudicial and inappropriate; it suggests the Court's belief that the instruction would be more applicable in this case than in any other.**

## 2.12 (B) FALSUS IN UNO[17] [DISPUTED]

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give it.

**See the above discussion of the parties' positions on this proposed instruction, which Defendants object to in its entirety.**

---

[17] NY Civil PJI 1:23

## 2.13   PRELIMINARY INSTRUCTIONS AFTER TRIAL – BIAS[18]

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

---

[18] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 75-1 Inference Defined (2002).

## 2.13   PRELIMINARY INSTRUCTIONS AFTER TRIAL – IMPEACHMENT - INCONSISTENT STATEMENT OR CONDUCT[19] [Disputed]

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such creditability, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

**Plaintiff requests a full Falsus in Uno charge and therefore objects to the inclusion of the text in red. See the above discussion of the parties' respective positions on this issue.**

---

[19] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.04 Discrepancies in Testimony (6th ed. 2014) (modified).

**2.14    PRELIMINARY INSTRUCTIONS AFTER TRIAL – EXPERT WITNESSES[20]**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

---

[20] Authority: Diamond, Modern Federal Jury Instructions-Civil, 3.5 - Expert Witnesses (2019).

**2.15   PRELIMINARY INSTRUCTIONS AFTER TRIAL – ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED[21] [Disputed]**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. [Except as I will specifically instruct you later,] You are not to rest your decision on what some absent witness who was not brought in might or might not have testified to. No party has an obligation to present cumulative testimony.

**Plaintiff objects to this instruction since there are allegations that specific evidence was improperly withheld from production and the jury should not be instructed to think that was acceptable behavior.**

**Defendants' position is that this instruction is standard and the correct statement of the law. The only time the jury should be drawing any adverse inference from the absence of a witness is where a party has sought and obtained a ruling from the Court that the jury should draw an adverse inference. To the extent that any adverse inference instruction is granted, the above instruction can be modified to reflect that, as indicated by the above bracketed text**

---

[21] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.11 All Available Witnesses Or Evidence Need Not Be Produced (6th ed. 2014) (modified).

**2.16   PRELIMINARY INSTRUCTIONS AFTER TRIAL – ALL PERSONS EQUAL BEFORE THE LAW[22]**

You should consider each instruction given to apply separately and individually to Plaintiff and to each of the Defendants. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A company is entitled to the same fair trial at your hands as a private individual. The law does not respect people more than companies. All persons and corporations stand equal before the law, and are to be dealt with as equals in a Court of Justice.

---

[22] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.12 All Persons Equal Before the Law - Organizations (5th ed. 2001) (modified).

## 2.17   PRELIMINARY INSTRUCTIONS AFTER TRIAL – MULTIPLE DEFENDANTS[23]

You must give separate consideration to each claim and each party in this case. Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, any or all of the other defendants are also liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. [Unless otherwise stated,] all instructions I give you govern the case as to each defendant.

---

[23] 3 Fed. Jury Prac. & Instr. § 103:14 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:14 (6th ed.), Fed. Civ. Jury Instr. 7th Cir. 1.25 (2018)

**3.0     SUBSTANTIVE RICO INSTRUCTIONS - INTRODUCTION TO RICO**[24]

In several of their claims, Plaintiff contend that Defendants have violated a statute called the Racketeering Influenced and Corrupt Organization Act commonly known as "RICO".

Although RICO uses the terms "racketeer," "racketeering," and "corrupt organizations," Congress did not mean that plaintiff must prove defendants are "racketeers" or a members of what is commonly referred to as "organized crime" in order to recover damages. You should not assume defendants are "racketeers" because defendants have been sued under RICO as those concepts do not apply in this case.

---

[24] Modified from 3B Fed. Jury Prac. & Instr. § 161:1 (6th ed.)

**3.1      SUBSTANTIVE RICO INSTRUCTIONS - SIGNIFICANCE OF RICO LANGUAGE[25]**

Use of the terms "racketeering," "racketeer," or "corrupt organization" in RICO and during this trial should not be thought of as having anything to do with your determination of whether plaintiff has established the elements of plaintiff's claims.

"Racketeering activity" is the term used in RICO to designate crimes that may constitute violations under RICO. You are to draw no conclusions from the use of this term that is in any way harmful to the defendants.

---

[25] 3B Fed. Jury Prac. & Instr. § 161:2 (6th ed.) combined with 3B Fed. Jury Prac. & Instr. § 161:46 (6th ed.)

**3.2    SUBSTANTIVE RICO INSTRUCTIONS - INTRODUCTION TO COUNTS ONE, TWO, AND THREE[26] [Disputed]**

**i.    Introduction[27]**

Next, I will instruct you on Plaintiff's claim for violation of the civil RICO statute against Andrew Wang.

The Plaintiff brings several claims in this civil action under the Racketeer Influence and Corrupt Organizations Act, more commonly known as "RICO" or "the RICO Act." Before going any further, let me explain that the word "racketeering" may have a negative social meaning and may tend to cause prejudice. You should understand that the use of that term by me or by the lawyers for either side in this case should not be regarded as having any bearing on the defendant's liability for the plaintiff's claimed losses or the plaintiff's right to recover for those losses. You should consider the term "racketeering" only in the precise way that I will define it for you in these instructions. You should not confuse that definition with, or in any way be influence by, any prior understanding which you may have of the term "racketeering."

The words "Racketeer Influence and Corrupt Organizations Act" are those used by Congress in 1970, when the law was enacted, to describe this particular statute. By using the word "racketeer" in the title of the statute, Congress did not mean that the plaintiff must prove that any one of the defendants is a "racketeer" or a member of what is commonly referred to as "organized crime" in order to recover damages. Moreover, you should not assume that the defendants or their associates are "racketeers" because the defendants have been sued under the RICO Act. Those conceptions do not have any application in this case.

---

[26] Modified from 3B Fed. Jury Prac. & Instr. § 161:12 (6th ed.)

[27] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 2.0

You are further instructed that mere violations of the law are not sufficient to establish a violation of RICO for purposes of this civil action. Plaintiffs must prove each element of a RICO violation, as those elements will be explained to you in these instructions.

ii.       **1962(c)**[28]

The complaint filed by the Plaintiff on behalf of the Estate of Chi-Chuan Wang alleges among other things, that the defendants violated Title 18, Section, 1962(c), of RICO. The statute provides that any person whose business or property has been injured by reason of a violation of the statute may recover damages from each person who caused the injury. Section 1962(c) of RICO reads as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

In this case, as you have heard, Mrs. King alleges that Defendants violated Section 1962(c). Mrs. King alleges that together, Andrew Wang, Shou-Kung Wang, Billie Wai, Wei Zheng, various corporate entities, and other accomplices knowingly participated in a scheme to purchase 98 Chinese paintings from the Estate by means of fraud and at a discount, and then re-sold the paintings at a profit.

Defendants, as you have heard, entirely deny these allegations. They contend that the only Defendant with any involvement in the sales was Andrew Wang, and that his participation was solely in his role as the Preliminary Executor of the Estate, as part of the Estate's attempt to raise necessary funds. Each of Andrew and SK Wang deny the existence of any "scheme," deny that they were the purchasers of the paintings, and deny receiving any funds from the paintings at all.

---

[28] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.1

Your role as jurors is to assess the evidence to determine whether Plaintiff met her burden of proving her claims, about each of the Defendants individually.

1) **Defendants object to the inclusion of "on behalf of the Estate of Chi-Chuan Wang" at this point in the instructions. That has nothing to do with RICO and seems to be included only to emphasize to the jury that Plaintiff is not only representing her own interests, for purposes of arousing sympathy. There is no reason to discuss her representative capacity here.**

   **Plaintiff's position is that the jury needs to be aware of who is alleging that it was injured and stands to recover.**

   iii.     **Elements of a 1962(c) claim**

Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity. What does that mean? To prove liability under Section 1962(c), the plaintiff must establish each of the following elements by a preponderance of the evidence:

_First_, the existence of an enterprise which affected interstate or foreign commerce;

_Second_, that the defendant was employed by or associated with the enterprise;

_Third_, that the defendant conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs; and

_Fourth_, that the participation was through a pattern of racketeering activity.

These four elements will now be explained to you in greater detail.[29]

---

[29] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.2.

## 3.3    SUBSTANTIVE RICO INSTRUCTIONS - ENTERPRISE DEFINITION[30] [disputed]

The term "enterprise," as used in these instructions, includes a group of people or entities associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be a RICO "enterprise" if these individuals have joined together for the purpose of engaging in a common course of illegal conduct. Such an association of persons may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the people making up the association functioned as a continuing unit. Such an association of individuals may retain its status as an "enterprise" even though the membership of the association may change by adding or losing individuals during the course of its existence.

To prove the existence of an enterprise for purposes of RICO, Plaintiff must prove that a group of people shared not just any common purpose, but an illegal common purpose. For an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve it.

To prove the existence of an "Enterprise" for purposes of RICO, Plaintiff cannot just show the Defendants acting together with their employees, subsidiaries, and affiliates and on their own behalf. An enterprise must be an association of people working together towards a [common]/[illegal] purpose, and that association must be distinct and separate from the Defendants, their corporations, their employees, and their affiliates and subsidiaries.[31]

---

[30] 2B Fed. Jury Prac. & Instr. § 56:04 (6th ed.)

[31] *C.A. Westel de Venezuela v. Am. Tel. & Tel. Co.*, No. 09–CV–6665, 1994 WL 558026, at *8 (S.D.N.Y. Oct. 11, 1994) ("A close examination of plaintiff's enterprise allegations reveals that the purported enterprise is no more than an association of entities acting on behalf of defendant AT & T."); *Moses v. Martin*, 360 F.Supp.2d 533, 549 (S.D.N.Y.2004) ("[W]hen the plaintiff names the corporation as both a defendant and the RICO enterprise, courts have generally refused to hold the corporation liable because doing so would eviscerate the distinctiveness requirement.").

If you find the Plaintiff has failed to establish the existence of an enterprise as I have defined it, you need proceed no further on this particular claim. If you find that the Plaintiff has established the existence of an enterprise by a preponderance of the evidence, then you should proceed to determine if either of the Defendants were associated with such an enterprise.

**The parties dispute whether the law requires that the participants in an alleged association-in-fact enterprise must share an illegal purpose and an awareness that the common purpose is illegal. Defendants rely on First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 174 (2d Cir. 2004) ("for an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes"); Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) (same). Plaintiff does not agree that the cases support that position and will address the relevant law at the charge conference**

**3.4     SUBSTANTIVE RICO INSTRUCTIONS - ASSOCIATION WITH THE ENTERPRISE [DISPUTED]**

Section 1962(c) of RICO requires that the defendant be "employed by or associated with" the enterprise. Employed by or associated with means that a defendant must have at least a minimal association with the enterprise. A defendant must know something about the enterprise's activities, as they relate to the racketeering activity, but it is not necessary that the defendant be aware of all racketeering activities committed by each of the participants in the enterprise. One may be employed by or associated with an enterprise even though he holds no official position and has no formal connection with it, so long as that person is aware that the purpose of the enterprise is to engage in illegal conduct.[32]

**See prior dispute. Plaintiff asserts that this merges the pattern of racketeering activity element which requires illegality with the association element.**

---

[32] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.6.

## 3.5   SUBSTANTIVE RICO INSTRUCTIONS - CONDUCT OF THE ENTERPRISE'S AFFAIRS[33] [DISPUTED]

Section 1962(c) of RICO requires that a person have conducted or participated, directly or indirectly, in the conduct of the enterprises affairs through a pattern of racketeering activity. To participate directly or indirectly in the conduct of the enterprise's affairs, the defendant must participate in the operation or management of the enterprise itself. While the plaintiff need not prove that the defendant had primary responsibility for the enterprise's affairs, some part in directing or controlling the enterprises affairs is required. An enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management. An enterprise might also be operated or managed by others associated with the enterprise who exert some degree of control over it.

A person doesn't violate RICO just by associating with or being employed by an otherwise lawful enterprise if others conduct the enterprise's affairs through a pattern of racketeering activity in which the person isn't personally engaged.

Not all members of the enterprise need have conducted the enterprise's affairs through a pattern of racketeering activity, but you must find this to be the case for each member who is a defendant accused of violating 18 U.S.C. §1962(c).

**Plaintiff proposes the text in red, asserting that illegality is not a condition of a RICO enterprise.**

**Defendants object that it is confusing to inject a preview of 1962(d) liability here, in an overview of a 1962(c) claim. Conspiracy liability will be separately discussed**

---

[33] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.7.

**3.6**      **SUBSTANTIVE RICO INSTRUCTIONS - RACKETEERING ACTIVITY**

"Racketeering activity" is the term used in the law to designate crimes that may constitute violations under the RICO statute. You are to draw no conclusion from the use of this term that is in any way detrimental to the defendant. You should also note that, on occasion, these instructions may alternatively refer to racketeering activity as a "racketeering act" or as a "predicate act." [34]

As it pertains to this case, the law defines racketeering activity to include wire fraud, inter-state transport of fraudulently acquired or stolen property, and money laundering. I will define these alleged offenses separately at the end of these instructions. [35]

Though we are discussing violations of criminal statutes, you should remember my instruction that the plaintiff in this civil case bears the burden of proof of demonstrating her claims by a "preponderance of the evidence."

---

[34] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.8.

[35] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.8.

**3.7     SUBSTANTIVE RICO INSTRUCTIONS – PATTERN OF RACKETEERING ACTIVITY [DISPUTED]**

"Racketeering activity" is an act that violates certain federal statutes.   I'll explain the law about these statutes to help you determine whether Plaintiff proved by a preponderance of the evidence that Defendants violated these statutes. An act of "racketeering activity" is also called a "predicate act."

A "pattern of racketeering activity" means that a Defendant committed at least two distinct predicate acts. Distinct does not have to mean different types. But by itself, proof of two or more predicate acts doesn't establish a pattern under RICO.

To prove a pattern of predicate acts, Plaintiff must show that the acts were related to one another and to the enterprise. Two or more acts of racketeering activity that aren't related don't establish a pattern of racketeering activity under RICO. Predicate acts are "related" to one another if they have the same or similar purposes, results, participants, victims, or methods. Predicate acts are also related if they have common distinguishing characteristics and aren't isolated events.

To make up a pattern of racketeering activity, predicate acts must demonstrate continuity. Continuity can be demonstrated in two basic ways. The first is to demonstrate related predicate acts extending over a substantial period of time. The second is to show conduct that doesn't occur over a substantial period of time but, by its nature, is likely to be repeated into the future. Because plaintiff has not alleged that any conduct by the Defendants is likely to be repeated into the future, to find a pattern of racketeering activity you must find that Defendants engaged in related predicate acts extending over a substantial period of time.

Again, "racketeering activity" means an act that violates certain federal statutes. But you can't consider just any racketeering act Defendants allegedly committed in violation of one of these statutes as bearing on whether Defendants have committed two or more predicate acts as a pattern of

racketeering activity. To determine if there is a pattern of racketeering activity, you must consider only those specific racketeering acts Plaintiff alleges against Defendants.  And you can't find that any Defendant engaged in a "pattern of racketeering activity" unless you unanimously agree on which of the alleged predicate acts, if any, make up the pattern.

So it's insufficient if you don't all agree to the finding of what two or more predicate acts the Defendants committed. Some of you can't find that the predicate acts are A, B, and C and the rest of you find that the predicate acts are X, Y, and B. Put another way, you can't find that a Defendant has engaged in a pattern of racketeering activity unless you find (1) a "pattern" of predicate acts, and (2) that Plaintiff has proved by a preponderance of the evidence that Defendants committed each of the two or more predicate acts that you find make up that pattern.

**Defendants do not believe Plaintiff has alleged any potential RICO activity that could continue into the future given Andrew Wang is no longer a fiduciary of the Estate, and therefore that it would be confusing to instruct the jury on open-ended continuity when it will have no factual basis to find open-ended continuity. Plaintiff believes it has alleged conduct likely to be repeated into the future because it believes subsequent sales would be continuing predicate acts.**

**Plaintiff objects to the instruction on the need for the jury to unanimously agree on which alleged predicate acts are actually RICO violations. Defendants request this instruction, which accurately sets out the applicable law. *See Monsanto v. United States*, 348 F.3d 345, 346 (2d Cir. 2003) ("The court correctly told the jury that it would not be sufficient for each of the jurors to find the defendant had committed two of the predicate acts (e.g., with some jurors believing he committed only acts 1 and 2, and others believing he committed only acts 3 and 4); rather, the jurors must unanimously agree that the defendant had committed at least two**

48

specific predicate acts."). Plaintiff has not had time to review *Monsanto* given the timing of its provision on 11/16, and will comment at the charge conference.

**3.8     SUBSTANTIVE RICO INSTRUCTIONS – THROUGH[36]**

Finally, to find that any defendant violated Section 1962(c), you must find that, through this pattern of racketeering activity, he conducted or participated in the conduct of the enterprise. The word "through" requires a connection among the defendants, the pattern of racketeering, and the enterprise. A person doesn't violate RICO just by associating with or being employed by an otherwise lawful enterprise if others conduct the enterprise's affairs through a pattern of racketeering activity in which the person isn't personally engaged.

---

[36] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.9 (modified).

## 3.10   SUBSTANTIVE RICO INSTRUCTIONS – KNOWINGLY DEFINITION[37]

As used in these instructions, to act "knowingly" means to act voluntarily and intentionally, not because of mistake or accident.

---

[37] 3B Fed. Jury Prac. & Instr. § 161:52 (6th ed.)

**3.11    SUBSTANTIVE RICO INSTRUCTIONS – WILLFULLY DEFINITION[38]**

As used in these instructions, "willfully" means that the action was done committed voluntarily and purposely, with the specific intent to do something the law forbids. To be "willful," the action must be done with a bad purpose: either to disobey or disregard the law.

---

[38] 3B Fed. Jury Prac. & Instr. § 161:53 (6th ed.),

**3.12      SUBSTANTIVE RICO INSTRUCTIONS – INTERSTATE OR FOREIGN COMMERCE DEFINITION[39]**

An enterprise "affects interstate or foreign commerce" if the enterprise either engages in or pursues activities affecting or having a potential effect on commerce between the states or between the states and foreign countries. All that is required is some minimal effect on interstate or foreign commerce

---

[39] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.9 (modified).

**4.0     PREDICATE ACTS – INTRODUCTION TO PREDICATE ACTS [disputed]**

Earlier I explained to you that Plaintiff must prove a pattern of racketeering activity, meaning violations of specific federal laws that Plaintiff has identified, with all of you agreeing which laws Defendants violated.as to at least two of the predicate acts.

I will now explain the elements of each of the federal laws that Plaintiff identifies as predicate acts.

Plaintiff claims predicate acts under five federal statutes:

- Wire fraud, in violation of Title 18, United States Code, § 1343;

- Transmitting proceeds of an unlawful activity, also known as money laundering, in violation of Title 18, United States Code, § 1956(a)(2);

- Engaging in transactions of proceeds of an unlawful activity, another form of money laundering, in violation of Title 18, United States Code, § 1957; and

- Shipping fraudulently acquired goods, in violation of Title 18, United States Code, § 2314.

I will define each of these predicate acts once I have finished explaining the elements of the RICO claim.

**The parties' dispute regarding the unanimity requirement is discussed above**

**4.1     PREDICATE ACTS – WIRE FRAUD INTRODUCTORY INSTRUCTION**[40]

The Plaintiff alleges the Defendants engaged in wire fraud.  The wire fraud statute, Section 1343 of Title 18 of the United States Code, provides in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than five years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000, or imprisoned not more than 30 years, or both.

---

[40] Modified from 3B Fed. Jury Prac. & Instr. § 161:15 (6th ed.)

## 4.2   PREDICATE ACTS – WIRE FRAUD ELEMENTS[41]

Plaintiff must prove Defendants committed the following in order to establish a violation of the federal wire fraud statute:

First: Defendants willfully and knowingly participated in a scheme to defraud Plaintiff, or to obtain property from Plaintiff by means of false pretenses or representations;[42] and

Second: Defendant did so with an intent to defraud; and

Third: For the purpose of executing the scheme, the defendant transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce any writing, signs, signals, pictures or sounds.

The wire communication, such as a telephone call, fax, e-mail, text message, or bank transfer of money, must pass between two or more states or the United States and a foreign country. The wire communication need not itself be fraudulent, but the plaintiff must establish by a preponderance of the evidence that the wire communication was used in some way to further or advance the scheme to defraud. It is not necessary for an individual Defendant to be directly or personally involved in the wire communication, as long as the fraudulent communication was reasonably foreseeable to that Defendant in the execution of the scheme to defraud.

---

[41] Modified from 3B Fed. Jury Prac. & Instr. § 161:26 (6th ed.)

[42] Modified from American Bar Association Sample RICO Jury Instructions, 1994; Instruction 8.2.

**4.3      PREDICATE ACTS – WIRE FRAUD LIMITATION INSTRUCTION**[43]

Plaintiff contends that Defendants violated RICO by committing acts of wire fraud constituting a pattern of racketeering activity. In determining whether a pattern of racketeering activity has been proved, you may consider only Defendants' deceptive or fraudulent activity. You may not consider innocent use of wires although they may have continued for a substantial period of time.

---

[43] Modified from 3B Fed. Jury Prac. & Instr. § 161:48 (6th ed.)

**4.4    PREDICATE ACTS – MONEY LAUNDERING 1956(a)(2) INTRODUCTION**

The third predicate act Plaintiff identifies is money laundering under Title 18, United States Code, § 1956(a)(2).  That statute provides in pertinent part, that:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . .  with the intent to promote the carrying on of specified unlawful activity . . .
>
> Is guilty of an offense.

## 4.4    PREDICATE ACTS – MONEY LAUNDERING 1956(a)(2) ELEMENTS[44]

In order for you to find Defendants liable for the predicate act of money laundering in violation of Title 18, United States Code, § 1956(a)(2), the Plaintiff must prove each of the following elements by preponderance of the evidence:

1. The Defendants knowingly transported, transmitted, or transferred; attempted to transport, transmit, or transfer, a monetary instrument or funds; and

2. The transportation, transmittal, or transfer; or attempted transportation, transmittal, or transfer was from a place in the United States to or through a place outside the United States; to a place in the United States from or through a place outside the United States; and

3. The defendant did so with the intent to further an unlawful activity Plaintiff has identified.

---

[44] Modified from Fed. Crim. Jury Instr. 7th Cir. 1956(a)(2)(A) (2020 ed.)

**4.5     PREDICATE ACTS – MONEY LAUNDERING (1957) INTRODUCTION**

The fourth predicate act Plaintiff identifies is money laundering under Title 18, United States Code, § 1957, a different section of the money laundering statute.  That statute provides in pertinent part, that:

> Whoever . . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity . . . .
>
> . . . . is guilty of a federal offense.

**4.6     PREDICATE ACTS – MONEY LAUNDERING (1957) ELEMENTS**[45]

In order for the Defendants to be found liable of money laundering in violation of Section 1957 as a predicate act, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the Defendants knowingly engaged or attempted to engage in a monetary transaction;

Second, the Defendants knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from a specified crime Plaintiff has identified; and

Fifth, the transaction either occurred in the United States or occurred outside of the United States by a United States national or alien admitted for permanent residence, or any sole proprietorship, partnership, company, or association composed principally of nationals or permanent resident aliens of the United States.[46]

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The Plaintiff must prove that the Defendants knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The Plaintiff does not have to prove that the Defendants knew the precise nature of that criminal offense.

---

[45] Modified from Model Crim. Jury Instr. 9th Cir. 8.150 (2020)

[46] 18 U.S.C. Code 1957(d); 18 U.S.C. Code 3077(2) (defining a "United Sates person").

Although the Plaintiff must prove that, of the property at issue more than $10,000 was criminally derived, the Plaintiff does not have to prove that all of the property at issue was criminally derived.

**4.7      PREDICATE ACTS – TRANSPORTING STOLEN PROPERTY INTRODUCTION**[47]

The fifth predicate act Plaintiff identifies is transporting stolen or fraudulently acquired property.  Section 2314 (first paragraph) of Title 18 of the United States Code provides, in part, that:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud …

shall be guilty of an offense against the United States.

---

[47] Modified from 2B Fed. Jury Prac. & Instr. § 59:08 (6th ed.)

## 4.8    PREDICATE ACTS – TRANSPORTING STOLEN PROPERTY ELEMENTS[48]

To prove that Defendants committed the predicate act of transporting stolen property, Plaintiff must prove each of the following by a preponderance of the evidence:

(1) Defendants transported or caused to be transported in interstate commerce or foreign commerce property that was stolen, converted, or taken by fraud as described by Plaintiff;

(2) the property had a value of at least $5,000; and

(3) when the Defendants caused the items to be transported, Defendants knew that the property had been stolen, converted, or taken by fraud.

To "steal" property is to wrongfully or dishonestly take property with the intent to deprive someone of the rights and benefits of owning it.

To "convert" property is to take control over the property without permission and to control it in a way that interferes with the owner's rights.

To "take by fraud" is to deceive or cheat someone out of property by false or fraudulent pretenses, representations, or promises.

It doesn't matter whether the Defendants stole, converted, or took the property by fraud or someone else did, but to find any individual Defendant liable, you must find that Defendant knew the property had been stolen, converted, or taken by fraud.

"Interstate commerce" includes any movement or transportation of goods, wares, merchandise, securities or money from one state into another state, the District of Columbia, and any commonwealth, territory, or possession of the United States. "Foreign commerce" includes any

---

[48] Pattern Crim. Jury Instr. 11th Cir. OI O88.1 (2020)

movement or transportation of goods, wares, merchandise or money from a foreign country into the

United States or from the United States to a foreign country.

**5.0 CIVIL RICO AGAINST ANDREW WANG - INTRODUCTION**

Claim one is by Plaintiff solely against Defendant Andrew Wang. Plaintiff asserts that

Defendant Andrew Wang violated RICO on a theory that he participated in the conduct of a RICO

enterprise.

## 5.1 CLAIM ONE AGAINST ANDREW WANG– CONDUCT THEORY[49]

Plaintiff's RICO theory on Claim One is that Andrew Wang participated in the conduct of a RICO enterprise in violation of Section 1962(c).

To succeed on this theory, as I previously instructed you, Plaintiff must prove each of the following five facts by a preponderance of the evidence:

First, you must find the existence of an enterprise.

Second, you must find that the enterprise engaged in, or had some effect on, interstate or foreign commerce.

Third, you must find that Defendant was employed by or associated with the alleged enterprise.

Fourth, you must find that Defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise.

And fifth, you must find that Defendant participated through a pattern of racketeering activity.

---

[49] Modified from Pattern Civ. Jury Instr. 11th Cir. 7.3 (2019)

**6.0     CLAIM TWO – CIVIL RICO AGAINST SHOU-KUNG WANG - INTRODUCTION**

ClaimTwo is by Plaintiff solely against Defendant Shou-Kung.  Once again, Plaintiff asserts

that Defendant Shou-Kung Wang violated RICO on a theory that he participated in the conduct of a

RICO enterprise.

## 6.1     CLAIM TWO –AGAINST SHOU-KUNG WANG– CONDUCT THEORY[50]

I have explained to you that Plaintiff's RICO theory in Claim against Shou-Kung Wang is that he participated in the conduct of a RICO enterprise in violation of Section 1962(c).

To succeed on this theory, as I previously instructed you, Plaintiff must prove each of the following five facts by a preponderance of the evidence:

First, you must find the existence of an enterprise.

Second, you must find that the enterprise engaged in, or had some effect on, interstate or foreign commerce.

Third, you must find that Defendant were employed by or associated with the alleged enterprise.

Fourth, you must find that Defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise.

And fifth, you must find that Defendant participated through a pattern of racketeering activity.

---

[50] Modified from Pattern Civ. Jury Instr. 11th Cir. 7.3 (2019)

**7.0      CLAIM THREE – CONSPIRACY TO VIOLATE RICO -- INTRODUCTION**

In Claim Three, Plaintiff alleges that Defendants conspired to violate the RICO statute in violation of Section 1962(d) of Title 18 of the United States Code, the RICO Act. That statute provides that:

> It shall be unlawful for any person to conspire to violate any of the provisions of 18 U.S.C.A. § 1962(c).

**7.1**     **CLAIM THREE CONSPIRACY TO VIOLATE RICO -- ELEMENTS**[51]

Plaintiff alleges that Defendants Andrew Wang and Shou-Kung Wang violated Section 1962(d) of RICO. Plaintiff must prove by a preponderance of the evidence that each defendant knowingly and willfully became a member of the alleged conspiracy.

This means that Plaintiff must prove that each Defendant joined with the other members of the alleged conspiracy in an agreement to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity.

Plaintiff must prove the following:

First:  Defendants are persons who conspired to violate Section 1962(c) of RICO, as I have described it to you;

Second: Defendant understood the nature or unlawful character of the conspiratorial plan.

Third: Each Defendant agreed to join with  each other or with others to achieve the objective of the conspiracy during a period proved by Plaintiff. To conspire to conduct the affairs of an enterprise, defendant must be aware of the existence and purpose of the enterprise.

Fourth: Defendants agreed that the enterprise would be conducted through a pattern of racketeering activity. This means that each Defendant specifically contemplated the commission of at least two predicate crimes by the conspiracy.

If you find that each defendant agreed that the conspiracy would commit two or more of the racketeering acts alleged, you need not find that any of the racketeering acts were actually committed. It is enough that the defendant agreed that the conspiracy would commit two or more of the acts.

---

[51] 3B Fed. Jury Prac. & Instr. § 161:23 (6th ed.) [modified to reflect multiple Plaintiff and defendants]

## 8.0 RICO CAUSATION[52]

In order for Plaintiff to prevail under RICO, Plaintiff must prove by a preponderance of the evidence that Defendants' RICO violations were the proximate cause of injury to Plaintiffs' business or property.

Accordingly, you must find that Plaintiff suffered an injury to Plaintiff' business or property and that the injury was proximately caused by Defendants' violation of RICO.

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A person is injured in the person's business when the person suffers loss of money or profits or a reduction in the value or worth of the person's business.

To find injury to the Plaintiff' business or property was caused by reason of the Defendants' violation of RICO, you must find the injury to Plaintiff was caused by, and was a direct result of the Defendants' violation of Section 1962 (c).

Here, to find the existence of a RICO injury, you must find that Plaintiff has proven, by a preponderance of the evidence, that the Estate of C.C. Wang received less than fair value for the paintings at the time of sale, and that Defendants' commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity, directly resulted in that injury or played a substantial role in producing Plaintiff injury.

In order to establish the Defendants' acts proximately caused Plaintiff' injuries, the Plaintiff must prove that the Estate reasonably relied on the Defendants' purported fraudulent acts.

---

[52] Modified from 3B Fed. Jury Prac. & Instr. § 161:70 (6th ed.)

## 8.1    RICO DAMAGES[53] [Disputed]

In considering the issue of Plaintiff's damages, if any, with respect to the RICO claims, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to plaintiff in plaintiff's business or property, no more and no less. Damages may not be based on speculation because it is only actual damages—what the law calls compensatory damages—that you are to determine.

Under Section 1964(c), Plaintiff may recover only for injury to Plaintiff's business or property. Injury to business may include lost profits and expenses incurred in connection with defendant's RICO violation and decrease in the value or worth of the business or property itself. Injury to property includes the value of any personal or real property that has been diminished in value by the defendant's actions. Here, the only alleged RICO injury is the alleged difference in value between the amount the paintings were sold for and their fair market value at the time of each sale.

Because Section 1964(c) limits Plaintiff' recovery to business or property injuries, you may not compensate plaintiff for other losses, such as personal injuries or emotional harm.

In considering the issue of damages, if any, with respect to the RICO claims, you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to the plaintiff in plaintiff's business or property. Damages may not be based on speculation because it is only actual damages, what the law calls compensatory damages, that you are to determine.

---

[53] Modified from 3B Fed. Jury Prac. & Instr. § 161:90 (6th ed.)

You should consider the amount of damages, if any, as to each defendant with respect to each RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims. For example, if you determine that damages should be awarded to the Estate under the Plaintiff's RICO claim, you should award full, just and reasonable compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by Plaintiff.

**The Court is aware of the parties' respective positions on RICO damages.**

**9.0      STATE LAW CLAIMS - CLAIMS FOUR AND FIVE: COMMON LAW FRAUD AND CONSPIRACY TO DEFRAUD**[54]

Plaintiff accuses the Defendants of fraud and conspiracy to commit fraud.

In order to recover for fraud, Plaintiff must prove by clear and convincing evidence that (1) Defendants made a statement of material fact; (2) the statement was false; (3) Defendants either knew that the statement was false or made the statement recklessly without regard to whether it was true or false; (4) Defendants made the statement to convince the Estate to rely upon it; (5) the Estate did in fact rely on Defendants' statement; (6) the Estate's reliance on Defendants' statement was justifiable; and (7) the Estate sustained damages because of its reliance on Defendants' statement.

The burden is on Plaintiff to prove fraud by clear and convincing evidence. This means evidence that satisfies you that there is a high degree of probability that there was fraud, as I will define it for you.

A party who must establish its case by clear and convincing evidence must satisfy you that the evidence makes it highly probable that what it claims is what actually happened. If, upon all the evidence, you are satisfied that there is a high probability that there was fraud as I will define it for you, you must decide for Plaintiff. If, on the other hand, upon all the evidence, you are not satisfied that there is a high degree of probability that there was fraud as I have defined it, then you must decide for the defendants.

The first question you will be asked to decide is whether Defendants made a false statement to the Estate.  If you decide Defendants did not make a false statement to the Estate, you need proceed no further on the claim for fraud.  If you decide Defendants did make a false

---

[54] N.Y. Pattern Jury Instr.--Civil 3:20 [modified]; (Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]), Maersk, Inc. v. Neewra, Inc., 687 F. Supp. 2d 300, 319-20 (S.D.N.Y. 2009); Fezzani v. Bear, Stearns & Co. Inc., 592 F. Supp. 2d 410, 423 (S.D.N.Y. 2008).

statement to the Estate, the next question you must decide is whether that statement was material. A statement of fact is material if a reasonable person would consider it important. If you decide that Defendants' statement was not material, you need proceed no further on the claim of fraud. If you decide that the statement was material, you must next decide whether the statement was false.

A statement is false if, taken as a whole, it communicates something that is untrue when considered from the viewpoint of an ordinary person. If you decide that the statement was false, you must next decide whether Defendants either knew the statement was false or made the statement recklessly without regard to whether it was true or false.  A statement is made recklessly if it is made when the person making it does not have an honest and reasonable belief in its truth. If you decide that Defendants knew that the statement was false or that Defendants acted recklessly in making the statement, you must next decide whether the statement was made to induce Plaintiff to do something.

If you decide that Defendants made the statement to induce the Estate to do something, you must next decide whether the Estate relied on the statement.

If you decide that the Estate relied on Defendant's statement, you must next decide whether the Estate was justified in relying on the statement. That depends on whether a reasonable person would rely on the statement.

If you decide that the Estate was justified in relying on the statement, you must next decide whether the Estate sustained damages because it relied on Defendants' statement.

If you decide that the Estate did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained.  In determining the amount of damages the Estate sustained, you should consider the amount the Estate spent in reliance on the statement.

Plaintiff claims that Defendants are also liable for fraud on the theory that they conspired to commit fraud.  Plaintiff may show that a Defendant who did not personally commit fraud is

liable on a conspiracy theory if the Plaintiff proves the following:

1. Someone committed fraud against the Estate, as I have defined it;

2. There was an agreement between two or more parties to commit that fraud;

3. Someone took an overt act in furtherance of the agreement;

4. The Defendant intentionally participated in the furtherance of the agreement's plan or purpose; and

5. The Estate suffered damage.

If you do not find that Plaintiff has proved the underlying fraud by clear and convincing evidence, as I have defined that standard, you cannot find any Defendant liable for civil conspiracy.

**9.1     STATE LAW CLAIMS – COUNTS SIX AND SEVEN:  BREACH OF FIDUCIARY DUTY[55] [Disputed]**

    **A.   Count Six: Breach of Fiduciary Duty – Against Andrew Wang**

**Defendants' Proposed Instruction**

In Count Nine, Plaintiff asserts that Defendants breached fiduciary duties and aided and abetted the breaching of fiduciary duties.  To recover on this claim, Plaintiff must prove the following:

1.   A Defendant was in a fiduciary relationship with Plaintiff;

2.   Defendant breached their obligations under that fiduciary relationship;

3.   Plaintiff suffered damage as a direct result of the breach.

A "fiduciary relationship" exists when one person is under a duty to act on behalf of another person or give that other person advice to their benefit.

Plaintiff may show that a Defendant is liable for breach of fiduciary duty on the theory of aiding and abetting.  To prevail on this theory, Plaintiff must prove:

1.   Someone breached a fiduciary duty to the Plaintiff;

2.   The Defendant knowingly induced or participated in the breach, and

Plaintiff suffered damage as a direct result of the breach.

In this case, to find a breach of fiduciary duty, you must find not only that Defendants engaged in the conduct alleged with respect to the sales of the paintings at issue, but also that Plaintiff has proven each individual sale was made at less than fair market value. For any sale as to which you find that Plaintiff has failed to prove the sale was for less than fair market value at the time, you may not find a breach of fiduciary duty even if you believe the Plaintiff has proven her allegation that a

---

[55] N.Y. Pattern Jury Instr.--Civil 3:59 [modified], and the Court's discussion of fiduciary duty at the *Daubert* hearing in this action.

Defendant, or Defendants, were the purchasers of the artwork in that sale.Mrs. King alleges that Andrew Wang has engaged in a breach of his fiduciary obligations to the Estate of Chi-Chuan Wang in violation of New York law. Under New York law, to state a claim for breach of fiduciary duty, a plaintiff must plead "(i) breach by a fiduciary of a duty owed to plaintiff, (ii) the defendant's knowing participation in that breach; and (iii) damages.

A fiduciary of an estate owes the estate a duty to act in good faith and in the Estate's best interests, and must have undivided loyalty to the estate in his transactions.

**Plaintiff's Proposed Instruction**

Mrs. King alleges that Andrew Wang has engaged in a breach of his fiduciary obligations to the Estate of Chi-Chuan Wang in violation of New York law. Under New York law, to state a claim for breach of fiduciary duty, a plaintiff must plead "(i) breach by a fiduciary of a duty owed to plaintiff, (ii) the defendant's knowing participation in that breach; and (iii) damages.[56]

A fiduciary of an estate has a duty to the estate and its beneficiaries to act in good faith and in the Estate's best interests during the period of the agency.[57]

A fiduciary also owes the estate his undivided ad unqualified loyalty and may not act in any manner contrary to the interests of the estate.[58]

---

[56] *SCS Commc'ns, Inc., v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004); *see also Ritani, LLC v Aghjayan*, 970 F Supp 2d 232, 253 (SDNY 2013).

[57] 2015 New York Second Edition Civil Pattern Jury Instructions §3:59

[58] 2015 New York Second Edition Civil Pattern Jury Instructions §3:59

A fiduciary must make truthful and complete disclosures to those to whom a fiduciary duty is owed and the fiduciary is forbidden to obtain an improper advantage at the other's expense.[59]

Finally, a fiduciary has a duty to maintain accurate and complete records concerning the transactions entrusted to him.[60] If you find Andrew Wang has failed to keep or produce clear and accurate accounts and records of his activities as a fiduciary, you should resolve all presumptions against him and all obscurities and doubts are to be taken adversely to him.[61]

Here, Mrs. King claims that the Defendant Andrew Wang breached his fiduciary duty to his grandfather's estate—that is, the Estate of Chi-Chuan Wang—by pretending that he was negotiating with five different buyers to sell 98 Estate paintings between 2005 and 2009. Mrs. King alleges that with respect all six sales, Andrew acquired the PA's approval to receive discounts for many of the paintings under false pretenses. She claims that the Wangs then re-sold many of the paintings at auction houses in China.

Mr. Wang claims that he was not the buyer of the Estate's paintings and did not conceal or misstate any material facts from the Estate's other co-fiduciary, the Public Administrator of New York County. Andrew Wang further claims that the values received by the Estate for the 98 paintings were determined not by him, but by an art consultant hired by the Public Administrator. Mr. Wang further claims that fair market value was received with respect to each of the six sales. Mr. Wang further claims that the Estate was required to sell the paintings at the time and prices which it did because of a tax assessment imposed by the IRS.

---

[59] 2015 New York Second Edition Civil Pattern Jury Instructions §3:59
[60] Soley v. Wasserman, 2011 U.S. Dist. LEXIS 33
[61] *In Re Estate of Shulsky*, 34 A.D.2d 545, 547 (N.Y. App. Div. 1970).

If you find that Andrew Wang did not breach his duties to the Estate with respect to any of the six sales at issue, then you need proceed no further.[62] You must find this claim in favor of the Defendant.

If you find that Andrew Wang did breach his fiduciary duty to the Estate by selling any of the paintings to himself or to a strawman third-party, then you need not inquire any further into whether the self-dealing transactions were fair or damages the Estate at the time. Under what New York calls the "no further inquiry rule" any transaction where a fiduciary sells estate property to himself or an entity he has an interest in without full disclosure and authorization is reversible.[63] Therefore, for each sale that Andrew Wang purchased the paintings for himself, you need not look any further into the fairness or the unfairness of that sale.

Instead, the self-dealing transaction is deemed to be an "inherently wrongful transfer."[64] Under New York law, in order to be made whole, the Estate is entitled to the self-dealt paintings' value present value at the time of judgment or their return to the Estate.[65] This value is called appreciation damages. Appreciation damages are not meant to punish, rather they are intended to make the Estate whole due to the improper loss of its assets.[66] If you find that Andrew Wang self-dealt, you should award the present value of the self-dealt paintings to the Estate as damages, less what was actually paid to the Estate for the paintings between 2005 and 2009.[67]

---

[62] PJI 3:59

[63] *Kleeberg v. Eber*, No. 16-cv-9517, 2020 U.S. Dist. LEXIS 142735 (S.D.N.Y. Aug. 10, 2020); *In re Parisi*, 111 A.D.3d 941, 943, 975 N.Y.S.2d 459 (2013); *Reynolds v. Aetna Life Ins. Co.*, 28 A.D. 591,

[64] *In re Rothko*, 43 N.Y. 2d 305, 315, 321, 322 (N.Y. Ct. App. 1977).

[65] *In re Rothko*, 43 N.Y. 2d 305, 315, 321, 322 (N.Y. Ct. App. 1977).

[66] *In re Rothko*, 43 N.Y. 2d at 322.

[67] *In re Rothko*, 43 N.Y. 2d at 317 (acknowledging award of $9,252,000 "as appreciation damages less amounts previously paid to the estate with regard to sales of paintings.")

Where a fiduciary engages in self-dealing, he may be required to surrender or "disgorge any ill-gotten gain even where the plaintiff has sustained no direct economic damage."[68]  If you find that Andrew Wang breached his fiduciary duty by engaging in self-dealing or acted with a divided loyalty, you should determine the amount of profit he received from his misconduct.

If, however, you find that Andrew Wang breached a fiduciary duty to the Estate but did <u>not</u> sell the paintings to himself, to one with whom he has a self-interest, or to a third-party strawman, you will award the Estate such an amount as you find to be the actual damages sustained for compensation for the Estate's "lost profits" or "the profits that [Andrew Wang] obtained" at the Estate's expense at the time of each sale.[69]

Whatever damages figure you arrive at may not be "merely speculative, possible, or imaginary."[70] The amount of appreciation damages must instead be based upon "reasonable conjectures and probable estimates and should be your best approximation possible through the exercise of good judgment and common sense." [71] This is particularly true where it is difficult to ascertain value due to the wrongful actions of the Defendant. [72]

**Defendants object to Plaintiff's attempt to have the Court repeat Plaintiff's closing argument, or submission of a legal brief. The proposed language is argumentative rather than a neutral summary of the law the jury is to apply to the facts. Defendants also respectfully reserve on the**

---

[68] *Excelsior 57th Corp. v. Lerner*, 160 A.D.2d 407, 408-09 (1st Dep't 1990)

[69] PJI 3:59

[70] *In re Rothko*, 43 N.Y. 2d at 323.

[71] *In re Rothko*, 43 N.Y. 2d at 323.

[72] *In re Rothko*, 43 N.Y. 2d at 323.

issue of damages instructions until the Court issues its order addressing the claim for appreciation damages.

Plaintiff believes the proposed instruction is an accurate statement of the law and necessary on the facts of the case for the jury to assign the requested relief.

  B. **Count Seven:** Aiding and Abetting Breach of Fiduciary Duty – Against Shou-Kung Wang

**Plaintiff's proposed instruction:**

  Mrs. King has alleged that by Shou-Kung Wang aided and abetted Andrew Wang in breaching his fiduciary duty with respect to the Estate's sale of 98 Paintings. A cause of action for aiding and abetting a breach of fiduciary duty does not lie unless there is a viable breach of fiduciary duty claim.[73] If you do not find that Andrew Wang breached his fiduciary duty to the Estate, you need go no further. In that event, you must resolve the aiding and abetting fiduciary claim in favor of Shou-Kung Wang.

  However, if you find Andrew Wang breached his fiduciary duty to the Estate, you should determine if Shou-Kung Wang knowingly assisted Andrew Wang in his breach. A claim for aiding and abetting a breach of a fiduciary duty requires (i) a breach by a fiduciary of obligations to another, (ii) that the defendant knowingly induced or participated in the breach, and (iii) that the plaintiff suffered damage as a result of the breach.[74] To satisfy the second element, it is not necessary to prove that the aider and abettor had an intent to harm, but only that he or she had actual knowledge of the breach of duty.[75] Moreover, a person is deemed to have knowingly participated in a breach of fiduciary

---

[73] PJI 3:59 citing *Kassover v. Prism Venture Partners, LLC*, 53 A.D. 444 (1st Dep't 2008).

[74] PJI 3:59 citing *Bullmore v. Ernst & Young Cayman Islands*, 45 A.D.3d 461 (1st Dep't 2007).

[75] NY Civil PJI:359 citing AHA Sales, Inc. v. Creative Bath Products, Inc., 58 A.D.3d 6 (2d Dep't 2008).

duty only when he or she provides substantial assistance to the primary violator.[76] In turn, substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur.

Mrs. King has alleged that Shou-Kung Wang aided and abetted Andrew Wang by providing financial assistance to execute the alleged self-dealing scheme, by authorizing the sale of Estate paintings he claimed he owned, by being a co-owner of the corporations which paid the Estate for its paintings, by selecting which paintings should be sold by the Estate. Defendant Shou-Kung Wang denies these allegations and claims he had no authority to act on behalf of the Estate, had no involvement whatsoever in the coordination of the Estate sales, the shipment of the paintings, or for their payment.

If you find that Shou-Kung Wang did not knowingly participate in a breach of fiduciary duty by Andrew Wang, then you need go no further.  If, however, you determine that Shou-Kung Wang did knowingly participate in a breach of Andrew Wang's duty and that the Estate was damaged by that breach of duty, you must find in favor of the Estate on this claim. In that event, your computation of damages should be the same as your computation on the breach of fiduciary duty claim against Andrew Wang with respect to any breach to which you find Shou-Kung Wang aided and abetted.[77]

---

[76] NY Civil PJI:359 citing *Bullmore v. Ernst & Young Cayman Islands*, 45 A.D.3d 461 (1st Dep't 2007).

[77] Estate of Rothko, 84 Misc.2d 830, 876-77 (Sur. Ct. New York Cnty 1975) ("It appears from the cases and authorities that appreciation damages should be granted at least where the breach of fiduciary duty is accomplished in bad faith, or where the fiduciary is guilty of fraud disloyalty or self-dealing, or where the fiduciary was under a duty to retain assets. Such damages may also be awarded against other parties who knowingly participated in such a breach of fiduciary duty. ( *Hart v Ten Eyck,* 2 Johns Ch 62, 116; *Hopkins v Loeber, supra*; *McKim v Hibbard, supra*; 3 Scott, Trusts [3d ed], §§ 206, 291.2; Restatement, Trusts 2d, § 206; 25 U Chi L Rev 389, 392; 34 NYU L Rev 596; 4 UCLA L Rev 314)").

**Defendants' Proposed Instruction**

Mrs. King has alleged that by Shou-Kung Wang aided and abetted Andrew Wang in breaching his fiduciary duty with respect to the Estate's sale of 98 Paintings. A cause of action for aiding and abetting a breach of fiduciary duty does not lie unless there is a viable breach of fiduciary duty claim. If you do not find that Andrew Wang breached his fiduciary duty to the Estate, you need go no further. In that event, you must resolve the aiding and abetting fiduciary claim in favor of Shou-Kung Wang.

However, if you find Andrew Wang breached his fiduciary duty to the Estate, you should determine if Shou-Kung Wang knowingly assisted Andrew Wang in his breach. A claim for aiding and abetting a breach of a fiduciary duty requires (i) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (iii) that the plaintiff suffered damage as a result of the breach. To satisfy the second element, Plaintiff must prove not only that S.K. Wang had actual knowledge of the breach of duty, but also that he provided substantial assistance in the breach by affirmatively assisting it.

**Defendants object to Plaintiff's proposed instruction as argumentative and inappropriate, and also as insufficiently instructing the jury on "substantial assistance" in the context of the allegations here.**

**Plaintiff's position is that its instruction is an accurate and sufficient statement of the law.**

## 10.0   STATUTE OF LIMITATIONS DEFENSE[78]

Defendants assert a defense that Plaintiff's claims are untimely.  This is an affirmative defense that Defendants bear the burden to prove by the preponderance of evidence.

### i.   The RICO Statute of Limitations

The RICO statute provides that a lawsuit must be filed within four years after a claim accrues or else the claim becomes time barred. A RICO claim accrues with respect to an injury alleged by a plaintiff when the plaintiff discovers or reasonably should have discovered the injury.

RICO claims are governed by a four-year statute of limitations which "begins to run when the plaintiff discovers or should have discovered the RICO injury," such that the plaintiff has "actual or inquiry notice of the injury." A plaintiff need not have known of the cause of action for the limitations period to begin; instead, the four-year period begins upon "discovery of the injury, not discovery of the other elements of the claim." Here, Plaintiff alleges the Estate was injured by the sales of art in 2005, 2006, and 2009, all of which occurred more than 4 years before she filed the Complaint on September 23, 2014. Therefore, if Defendants persuade you by a preponderance of the evidence that Plaintiff knew or reasonably should have known of the injuries before September 23, 2010, their RICO claims are time-barred.

Alternatively, a plaintiff may be said to have *inquiry notice* of the injury "when uncontroverted evidence clearly demonstrates when the plaintiff should have discovered the fraudulent conduct A plaintiff should have discovered the "injury if there are sufficient 'storm warnings' of the wrongful conduct forming the basis of the plaintiff's claims." However, the "existence of 'storm warnings' sufficient to trigger inquiry notice does not begin the clock when the plaintiff actually pursues an

---

[78] O'Malley, Grenig, & Lee, Fed. Jury. Prac. & Instr. Civil Comp HB § 7:1; CPLR 213(8); IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 (2009).

investigation." Instead, the knowledge is imputed to a plaintiff in one of two ways. First, "in the case of a [plaintiff] who undertook a reasonable effort of inquiry once 'storm warnings' had been posted, when a reasonable [person] would have discovered the facts necessary to bring a cause of action." Second, if the plaintiff "makes no inquiry once the duty arises, knowledge will be imputed as of the date the duty [to inquire] arose."

"Whether a plaintiff has such 'inquiry notice' is judged under an objective standard and requires an evaluation of the totality of the circumstances." Specifically, "[i]nquiry notice means that sufficient facts exist to suggest to a plaintiff of normal intelligence that wrongdoing is 'probable, not merely possible.'" In other words, a plaintiff must obtain "knowledge of facts that would suggest to a reasonably intelligent person the probability that the person has been injured."

A suspicion or distrust of the Defendant does not by itself give rise to inquiry notice. Instead, a set of storm warnings can trigger inquiry notice "only where 'a person of ordinary intelligence would consider it probable that fraud had occurred.'"[79] A vague "suspicion of possible fraud [] is insufficient to trigger inquiry notice."[80]

ii.     **The Statute of Limitations for Conspiracy to Defraud and Aiding and Abetting Breach of Fiduciary Duty**

A claim for fraud, or for civil conspiracy to commit fraud, or breach of fiduciary duty involving fraud must be brought the later of six years after the fraud occurred or two years after the fraud was discovered or could have been discovered with reasonable diligence.

---

[79] *CMG Holdings Group v. Wagner*, 15-cv-5814, 2016 U.S. Dist. LEXIS 121135, at *12 (S.D.N.Y. Sep. 7, 2016) (*quoting Koch v. Christie's Intl. PLC*, 699 F.3d 141, 151 n.3 (2d Cir. 2012)) (emphasis added).
[80] *Hemmerdinger Corp. v. Ruocco*, 976 F.Supp.2d 401, 411 (E.D.N.Y. 2013); *Nathel*, 592 F.Supp.2d at 461 (emphasis added); *Martin Hilti Family Trust*, 137 F.Supp.3d at 459; *Fisher v. Reich*, 92-cv-4158, 1994 U.S. Dist. LEXIS 17121, at *17-20 (S.D.N.Y. Dec. 1, 1994).

Under New York law, the limitations period for claims arising out of a fiduciary relationship does not commence "until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated." Since the claims for fraud and breach of fiduciary duty asserted in this action against Andrew Wang arose out of his fiduciary duties, any finding you make of liability against Andrew Wang on these claims may not be time barred.

However, with respect to the fraud and aiding and abetting breach of fiduciary duty claims against Shou-Kung Wang, and if you determine that Shou-Kung Wang in fact committed such fraud or aided and abetted such breaches of fiduciary duty, you must first determine the date or dates Shou-Kung Wang aided and abetted the breach of fiduciary duty or conspired with Andrew Wang to commit fraud. This is the date the six-year statute of limitations began to run.

You must determine when the Plaintiff knew or should have known of Shou-Kung Wang's involvement in the breach of fiduciary duty or fraud.  If Defendants persuade you by a preponderance of the evidence that the Plaintiff's knew or should have known of Shou-Kung Wang's involvement in the breach of fiduciary duty or fraud against the Estate prior to September 23, 2012, those claims are time barred and, as explained above, you may not award any damages related to those claims.

**10.1    ADVERSE INFERENCE REGARDING VIDEOGRAPHER [Disputed]**

With respect to the statute of limitations, I instruct you that Plaintiff deliberately failed and refused to disclose to Defendants the identity of the individual or individuals whom she retained to videotape the 2009 Bao Wu Tang exhibit at the Beijing Capital Museum. As a result of that failure, Defendants were deprived of the opportunity to take discovery of that videographer or those videographers, and to learn from them the state of Plaintiff's knowledge and awareness in 2009, when she retained the videographer or videographers. For that reason, and only to the extent that you separately determine that at least one painting sold by the Estate was actually sold to one or more of the Defendants, I instruct you that you must assume, for purposes of your deliberations, that Plaintiff had actual notice, in November 2009, of that fact.

To be clear, I am not instructing you that you must find that Defendants, or any of them, were the actual purchaser of any or all of the paintings sold by the Estate. Only that if you come to that conclusion in your deliberations, you must also assume that Plaintiff was aware of that in November 2009.

**Plaintiff objects to this inference in its entirety. The parties expect to discuss this at the pretrial conference.**

## 10.2 ADVERSE INTEREST INSTRUCTION RE: FAILURE TO SEEK DISCOVERY [Disputed]

Now I am going to instruct you with respect to an aspect of Hong Kong law. Unlike United States law, Hong Kong law allows discovery from third party individuals or entities only in limited circumstances. Without getting into the specifics of those circumstances, under Hong Kong law, the Plaintiff, Yien-Koo King, but not the Defendants, Andrew or S.K. Wang, had the ability to seek discovery from auction houses located in Hong Kong, to determine whether any of the 98 paintings at issue in this case had been resold through those auction houses, as well as to learn the identity of any such sellers, any prices actually achieved for those sales, and details regarding the bank or other accounts to which those prices were paid. In addition, under Hong Kong law, the Plaintiff, Yien-Koo King, but not the Defendants, Andrew or S.K. Wang, had the ability to seek discovery of any Hong Kong financial institutions in which those accounts were held, in order to trace the funds received from the alleged re-sales.

Despite having the ability to conduct such discovery, which could have conclusively proven or disproven Plaintiff's claims in this action, Plaintiff did not attempt to obtain such discovery. And Plaintiff has not shown good cause for that failure. As a result, I instruct you that you may infer from her failure to seek such discovery that such evidence, if she had obtained it, would have disproven her claims that Defendants were the actual purchasers of the art from the Estate, or the resellers of that art at auction, or that the paintings at issue were actually re-sold at the prices claimed by Plaintiff.

**Plaintiff objects to this inference in its entirety and requests law on this point. The parties expect to discuss this at the pretrial conference.**

## 11.0    RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATION WITH COURT[81]

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony - in fact any communication with the court - should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

---

[81] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-1 Right To See Exhibits and Hear Testimony; Communications with Court (2014) (modified).

**11.1    USE OF NOTES**[82]

You may use the notes taken by you during trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

---

[82] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.02 Use of Notes (6th ed. 2014).

## 11.2   DUTY TO DELIBERATE/UNANIMOUS VERDICT[83]

You will now return to decide the case. In order to prevail, Plaintiff or Defendants must sustain their burdens of proof as I have explained to you with respect to each claim or affirmative defense.  If you find that NGC has succeeded, you should return a verdict in its favor on that claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which your good conscience appears to be in accordance with the truth.

Again, each of you must make up your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

---

[83] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-3 Duty To Deliberate/Unanimous Verdict (2014) (modified).

**11.3    SELECTION OF FOREPERSON**[84]

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

---

[84] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-5 Selection of Foreperson (2014) (modified).

**11.4   SPECIAL VERDICT**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

## 11.5    RETURN OF THE VERDICT[85]

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

---

[85] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-6 Return of Verdict (2014) (modified).

**11.6    COMMUNICATIONS WITH COURT**[86]

If it becomes necessary during your deliberations to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any other means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

***

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

---

[86] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.08 Communications Between Court And Jury During Jury's Deliberation (6th ed. 2014).

**12.0     PUNITIVE DAMAGES INSTRUCTION (SECOND PHASE)**

Because you found for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages are appropriate only if you believe plaintiffs have proven that the defendant's conduct was motivated by evil motive or intent

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendants' conduct that harmed the plaintiff was malicious and oppressive. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff, which in this case includes the entire Estate of Chi-Chuan Wang., on whose behalf Mrs. King has brought these claims.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. In the event that you decide to award punitive damages, the lowest amount necessary to accomplish the purposes of punitive damages should be awarded.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the Estate of Chi-Chuan Wang.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Given the bifurcation of any punitive damages phase the parties' disputes over the language of a potential punitive damages instruction should be resolved at a later date.**