UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIEN-KOO KING, NORTHWICH INVESTMENTS, LTD., and SOON HUAT, INC., | Case No. 1:14-cv-7694 (LJL) |
| Plaintiffs, | MEMORANDUM OF LAW IN SUPPORT OF MOTION |
| -against- | TO QUASH NON-PARTY TRIAL SUBPOENA AND |
| ANDREW WANG, SHOU-KUNG WANG, BAO WU TANG, JIAN BAO GALLERY, ANTHONY CHOU, CHEN-MEI-LIN, WEI ZHENG, YE YONG-QING, YUE DA-JIN, and JOHN DOES 1-9, | FOR A PROTECTIVE ORDER |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF NONPARTY-MOVANT'S
MOTION TO QUASH TRIAL SUBPOENA AND FOR A PROTECTIVE ORDER**

## I.  BACKGROUND

Plaintiff Yien-Koo King ("Plaintiff") caused a subpoena to testify at trial to be served on nonparty-movant Carolyn Shields ("Non-Party") on November 11, 2021. (Shields declaration, para. 7 and Exhibit A.)  No documents were demanded.

Non-Party is the former attorney of record for the defendants Andrew Wang and Shou-Kung Wang ("Defendants") in this action and in previous proceedings in the Surrogate's Court of the State of New York for New York County. (*Id.*, paras. 1, 3 and Exhibit B.)  Plaintiff's attorney did not identify Non-Party in her Rule 26(a) initial disclosures. (*Id.*, paras. 2, 10.)

1

## II.  SUMMARY OF ARGUMENT

1.      Plaintiff's failure to identify Non-Party in her Rule 26 initial disclosures as a person likely to have discoverable information which Plaintiff might use to support her claims precludes her from calling Non-Party to testify at trial. (*Id.*, paras. 2, 10.)

2.      The likely trial testimony of Non-Party is protected by the attorney-client privilege and/or the work product doctrine.  (*Id.*, paras. 3-7.)

3.      Non-Party lacks personal knowledge of facts relevant to the issues remaining for trial.  (*Id.*, para. 8.)

4.      Plaintiff has no need for Non-Party's testimony because there are other witnesses with the personal knowledge that Non-Party lacks.  (*Id.*, para. 10.)

5.      Non-Party's invoking the attorney-client privilege and the work product doctrine will risk jury confusion, making the testimony more prejudicial to Defendants than probative.  (*Id.*, para. 11.)

6.      Requiring that Non-Party appear and testify at trial would cause an undue burden on Non-Party given Non-Party's handicaps (*id.*, paras. 12-14); when Plaintiff can obtain better testimony from other witnesses (*id.*, paras. 16-17); when Plaintiff has had ample time to obtain evidence through discovery from other sources (*id.*, para. 18); when Plaintiff failed to identify Non-Party in her Rule 26(a) initial disclosures (*id.*, paras. 2, 10); and when the benefit to Plaintiff of Non-Party's testimony is outweighed by the undue burden on Non-Party (*id.*, para. 19).

7.      Non-Party seeks a protective order protecting her from testifying at trial or limiting the conditions under which she might testify. (*Id.*, para. 20.)

ARGUMENT

### I.  PLAINTIFF'S FAILURE TO IDENTIFY NON-PARTY IN PLAINTIFF'S RULE 26(a) INITIAL DISCLOSURES PRECLUDES HER FROM CALLING NON-PARTY TO TESTIFY AT TRIAL

"[T]o satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 73 (E.D.N.Y. 2012).  "[P]reclusion of Rudge as a witness for plaintiffs and as an affiant in defense or support of any motion was appropriate. . . . Moreover, plaintiffs have offered no credible good cause for their failure to identify Rudge as a possible witness at trial, defendants are prejudiced by their inability to depose Rudge as a result of plaintiffs' failure." *Kullman v. New York*, 2009 WL 1562840, at *11 (N.D.N.Y. 2009).

Plaintiff's Rule 26(a) initial disclosures, dated January 31, 2019, (dkt. no. 202-56) did not identify Non-Party as a person likely to have discoverable information which Plaintiff might use to support her claims.  This was after Non-Party had withdrawn from the case as Defendants' attorney (Shields declaration, para. 1); after Plaintiff had obtained a response to a subpoena to produce documents from Non-Party (*id.*, para. 10 and Exhibit D); and more than four years after commencement of this case. (Dkt., *id.*, Exhibit A).

Plaintiff's failure to identify Non-Party in her initial disclosures precludes her from calling Non-Party to testify at trial.  Rule 37(c)(1), Fed. R. Civ. P.  The

factors relevant to preclusion, *Softel, Inc. v. Dragon Med. & Sci. Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997), here argue in favor of preclusion because there is minimal importance of testimony likely to be "I don't know," because of lack of personal knowledge (part III below), and "I can't answer because of the attorney-client privilege or work product doctrine" (part II below). *See also Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) (excluding four witnesses first disclosed ten days before trial).

## II.  THE LIKELY TESTIMONY IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND/OR THE WORK PRODUCT DOCTRINE

The subpoena served on Defendants' former attorney should be quashed because of privilege and the work product doctrine:  "As counsel for the Bragar defendants, Tuttle cannot testify as to communications and information obtained from his clients in the course of his representation. Likewise, the work-product doctrine protects any information Tuttle has in relation to the information he obtained during the course of his representation of the Bragar defendants. Accordingly, for the reasons stated above, the subpoena is quashed as to Tuttle in its entirety." *Koch v. Pechota*, 2013 WL 3892827, at *5 (S.D.N.Y. 2013).

As shown by the Shields declaration (Exhibit B), there was an attorney-client relationship between Non-Party and Defendants in this case from the commencement of the case to November 29, 2018.  There was also an attorney-client relationship between Non-Party and Defendants from 2012 to 2014 in the New York County Surrogate's Court.  (Shields declaration, paras. 3-4 and Exhibit B.)  The attorney-client privilege has not been waived (*id.*, para. 5) and it and the work

4

product doctrine (*id.*, para. 6) would prevent Non-Party from answering the anticipated questions at trial.  Non-Party does not know the topics on which Plaintiff's attorneys seek her testimony—she has asked them but they have not replied.  (*Id.*, para. 7 and Exhibit C).  In the absence of a reply from Plaintiff's attorneys, it is fair to expect that relevant questions would ask about the period of time when Non-Party was the attorney of record for Defendants.

"The federal common law of attorney-client privilege applies to this civil RICO action. . . . Proposed Federal Rule of Evidence 503, which is also known as Supreme Court Standard 503 . . . should be referred to by the Courts." *In re Bieter Co.*, 16 F.3d 929, 935 (8th Cir. 1994).  "The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court. But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.  Thus, the federal common law of privilege governs the federal claims and state law, CPLR 4503, governs the supplemental state claims.

"[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice," *Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981), the latter likely to be the object of Plaintiff's prospective questioning. In *Finkel v. Zizza & Assocs. Corp.*, 2021 WL 1375655, at *2 (E.D.N.Y. 2021),

defendants sought the trial testimony of Plaintiff's former attorney, who had

represented Plaintiff earlier in that action and in a prior action.  The court analyzed

whether defendants could do so under Second Circuit factors for deposing an

attorney:  "(1) 'the need to depose the lawyer,' (2) 'the lawyer's role in connection

with the matter on which discovery is sought and in relation to the pending

litigation,' (3) 'the risk of encountering privilege and work-product issues,' and (4)

'the extent of discovery already conducted.'"  *Id.* at *2, taken from *In re Subpoena

Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003) (dicta; case dismissed as

moot).

        "The procurement of trial testimony from opposing counsel is generally

disfavored."  *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003).

*See also KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at

*3 (S.D.N.Y. 2020) (in the analogous context applied by the *Finkel* court,

"depositions of opposing counsel are disfavored").  In a case with similar facts, the

court quashed a trial subpoena served on a party's attorney:

>     The Court will also quash the subpoena issued for Attorney Briansky.
> District courts have broad discretion in ruling on motions to quash subpoenas
> served upon opposing counsel, particularly when the subpoena seeks
> testimony at trial. . . .  Moreover, soliciting trial testimony from opposing
> counsel is strongly disfavored. . . .  Here, the subpoena was served on RFF's
> trial counsel by BD Lending on the eve of trial. Previously, BD Lending has
> taken no discovery nor has it sought to depose Attorney Briansky. . . .
> Furthermore, the testimony purportedly sought from Attorney Briansky is
> available through other viable means . . . .

*RFF Family Partnership, LP v. Link Dev., LLC*, 68 F. Supp. 3d 260, 261 (D. Mass.

2014).

As for the risk to work product if a lawyer were to take the witness stand, "[h]e [being written in 1947] regrets it; the profession discourages it. But the practice advocated here is one which would force him to be a witness, not as to what he has seen or done but as to other witnesses' stories . . . ." *Hickman v. Taylor*, 329 U.S. 495, 517 (1947) (Jackson, J., concurring).  It is likely that Plaintiff seeks information about Defendants' "stories", as told to Non-Party.

### III.   NON-PARTY LACKS PERSONAL KNOWLEDGE ABOUT THE FACTS OF THIS CASE

The Shields declaration (paras. 8, 9 and Exhibit A) shows that Non-Party first represented Defendants in 2012, three years after the 2005 to 2009 sales that are the subject of the trial in this case.  Thus, Non-Party lacks personal knowledge about facts relevant to the trial and should not be required to testify:. "Defendants have not established that information regarding their statute of limitations defense is 'peculiarly within [Mr. Hock's] knowledge.'" *Finkel v. Zizza & Assocs. Corp.*, 2021 WL 1375655, at *3 (E.D.N.Y. 2021).  In the analogous deposition context, "Where the proposed deponent [witness] has no first-hand knowledge of any issue in the case, no deposition is justified." *Wenning v. On-Site Manager, Inc.*, 2015 WL 5148753, at *3 (S.D.N.Y. 2015).

### IV.   PLAINTIFF HAS SHOWN NO NEED FOR NON-PARTY'S TESTIMONY

In the analogous discovery context, "Rule 26 accords special protection to work product revealing the attorney's mental processes. The Rule permits disclosure of documents and tangible things constituting attorney work product upon a showing of substantial need and inability to obtain the equivalent without

undue hardship." *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981).  "[W]e think a far stronger showing of necessity and unavailability by other means than was made by the Government or applied by the Magistrate in this case would be necessary to compel disclosure."  *Id.* at 401-02.

"[D]istrict courts applying the *Friedman* analysis often deny the request for testimony from counsel where the party seeking such testimony cannot establish a specific need to depose the attorney."  *Finkel v. Zizza & Assocs. Corp.*,  2021 WL 1375655, at *3 (E.D.N.Y. 2021).  In the present case, there are other witnesses who can testify, and testify better, about matters of interest to Plaintiff.  "[T]he testimony purportedly sought from Attorney Briansky is available through other viable means . . . ."  *RFF Family Partnership, LP v. Link Dev., LLC*, 68 F. Supp. 3d 260, 261 (D. Mass. 2014).

## V.   NON-PARTY'S INVOKING THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE RISKS CONFUSING THE JURY; THE TESTIMONY WOULD BE MORE PREJUDICIAL THAN PROBATIVE

It is likely that Non-Party would invoke the attorney-client privilege and the work product doctrine in response to many questions at trial, which could be "mischievous in breeding confusion."  *Petterson Lighterage & Towing Corp. v. New York Cent. R. Co.*, 126 F.2d 992, 996 (2d Cir. 1942) (Hand, J., in a different context). The risk is that the jury is likely to think that Non-Party and Defendants are trying to hide something.  This is a ground for quashing the subpoena:  "[A]ny privilege or work-product issues that might arise during Mr. Hock's examination, and the privilege objections such issues inevitably generate, would disrupt the jury and the

trial proceedings, a factor courts consider under *Friedman . . . ."  Finkel v. Zizza & Assocs. Corp.*, 2021 WL 1375655, at *4 (E.D.N.Y. 2021).

## VI.   REQUIRING NON-PARTY TO APPEAR AND TESTIFY WOULD CAUSE AN UNDUE BURDEN ON NON-PARTY

"Subparagraph (c)(3)(B) [of Rule 45] identifies circumstances in which a subpoena should be quashed unless the party serving the subpoena shows a substantial need and the court can devise an appropriate accommodation to protect the interests of the witness."  Fed. R. Civ. P. 45, Committee Notes.  The declaration of Non-Party details the burdens on her of having to attend and testify.  "Sturza's status as a non-party entitles him to 'consideration regarding expense and inconvenience.'" *Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422-23 (S.D.N.Y. 1998).

*Need for Non-Party's testimony.*  Because there are other witnesses who have personal knowledge that Non-Party lacks, Plaintiff has no need for Non-Party's testimony, making Non-Party's testimony duplicative and unnecessary.

*The testimony is obtainable from other witnesses.*  Plaintiff's attorneys acknowledge receiving more than 80,000 documents in discovery (Shields declaration, para. 17) and have taken depositions of multiple witnesses, the transcripts of which may be used at trial or the witnesses called to testify at trial: "[T]he testimony Defendants seek from Mr. Hock can be obtained from the other witnesses . . . ." *Finkel v. Zizza & Assocs. Corp.*, 2021 WL 1375655, at *3 (E.D.N.Y. 2021) (precluding the witness' testimony on this ground, among others).

*Plaintiff has had ample opportunity through discovery to obtain the likely testimony.* To the extent that Plaintiff seeks testimony on the subject of Plaintiff's subpoena to produce documents served on Non-Party in November 2018 (Shields declaration, Exhibit D), Plaintiff had seven months from Non-Party's response on December 6, 2018 to the close of discovery to follow up on that subject. Plaintiff has admitted (*id.*, para. 18) that defendant Andrew Wang testified at his 2013 deposition that the sale to Wei Zheng's principal fell through, and had six years thereafter to follow up on that sale.

*The minimal benefit to Plaintiff is outweighed by the burden on Non-Party.* The benefit to Plaintiff of Non-Party's likely "I don't know" testimony is far outweighed by the burden on Non-Party in having to testify. This burden should be balanced against the minimal benefit to Plaintiff.

## VII.   NON-PARTY SEEKS A PROTECTIVE ORDER PRECLUDING HER TESTIMONY OR LIMITING THE CONDITIONS UNDER WHICH SHE MUST TESTIFY

For the reasons discussed herein, Non-Party seeks an order quashing the subpoena, and a protective order protecting Non-Party or limiting the conditions under which she must testify.

Dated:  November 16, 2021                     Respectfully submitted,

                                               *s/ Carolyn Shields*

                                               Carolyn Shields, Non-Party-Movant
                                               Liu & Shields LLP
                                               41-60 Main Street, Suite 208A
                                               Flushing, NY 11355
                                               Tel:    631-474-1776
                                               Email: shieldscj524@gmail.com