**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

COUNSELORS AT LAW

1700 BROADWAY, 16TH FLOOR

NEW YORK, NEW YORK 10019

---

(212) 400-4930

<u>*Via ECF*</u>                                                                                        November 19, 2021

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

      **Re:** <u>*King v. Wang et. al.*</u> **No. 14-cv-07694 (LJL-JLC)**

Dear Judge Liman,

      Defendants respectfully submit this letter-brief in support of their request for an adverse inference to cure Plaintiff's intentional failure to disclose the identity of the videographer she and her husband retained to videotape the 2009 exhibition at the Capital Museum (the "Missing Videographer").

      Where a party withholds relevant information in discovery, the Court should sanction the withholding party in order to cure the prejudice to the requesting party. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). That is as true when a plaintiff withholds the identity of a relevant witness as it is when a plaintiff withholds relevant documents. *See Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1048 (5th Cir. 1990) ("[i]f the district court finds that a party is concealing the identity and location of persons with knowledge of discoverable matter, the court may impose an appropriate penalty"). "In Rule 37 cases, intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary measures." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003), *adhered to on reconsideration*, No. 00 CIV. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004). But as the Court held yesterday, even mere negligence warrants some sanction once a duty to preserve attached.

      Here, there is no question that Plaintiff wrongly withheld the identity of the Missing Videographer. According to Plaintiff's counsel, Kenneth King (Plaintiff's late husband) hired either a company or a friend to videotape the 2009 exhibition. *See* Exhibit 1.[1] Plaintiff received copies of the videos in May 2019, long after the litigation started and the duty to preserve attached, meaning she must have had some information about who she received it from. *See* Exs. 1 & 2. Moreover, the existence and content of the videos makes clear that Plaintiff was contemplating litigation – and claims that the art was sold for less than fair value or via self-dealing – in 2009. For example, in some videos, the Missing Videographer directs particular focus to the seals on the paintings. *See, e.g.*, Exs. 4 and 5. Particularly given Plaintiff's argument that her claim that Andrew's position as fiduciary was procured by fraud should have placed Andrew on notice that any transaction he authorized would be challenged, Docket No. 250 at

---

[1] Counsel's suggestion that Defendants were dilatory in not questioning Plaintiff's late husband on this issue at deposition is inappropriate; his deposition was cut short after two hours due to his health. *See* Ex. 3.

Hon. Lewis J. Liman    November 19, 2021    Page 2

16, the video was clearly taken for potential use in litigation, and Plaintiff had a duty to preserve information about its provenance and relevant witnesses from the moment it was created.

Despite that, Plaintiff maintained and disclosed *no* information about the Missing Videographer. Not a contract or communication in advance of the 2009 exhibition, not a record of payment, and not even the delivery envelope in which she received the videos in 2019, after Defendants had interposed statute of limitations defenses. Defendants repeatedly asked for that information, *see* Ex. 1; Ex. 6 at 203:20-204:18 (questioning Plaintiff about videographer's identity); Ex. 7 at Interrogatory 1; Ex. 8 at Requests 7 & 25 – and Plaintiff repeatedly either denied having it or simply neglected to provide it.

There is also no real question that the failure to disclose the Missing Videographer's identity was prejudicial. One of the key issues in this litigation is when Plaintiff was on sufficient notice of her causes of action to bring her claims. For instance, as the parties' joint jury instructions reflect, if Plaintiff was on notice of facts sufficient to bring a claim for self-dealing in 2009, the aiding and abetting claims against Shou-Kung Wang are time-barred. Docket No. 322 at 87-88. The specific attention to the seals paid by the Missing Videographer as they videotaped the art suggests that the Kings had a detailed conversation with the Missing Videographer about what they needed for litigation and what they were looking to accomplish with the video – a conversation Defendants had a right to discovery about. By withholding information about the identity of the Missing Videographer despite Defendants' requests, Plaintiff deprived Defendants of the opportunity to take that discovery. And given that the information was available to Plaintiff during the litigation, and after Defendants had requested it, it is fair to infer that the information was withheld deliberately, because the Missing Videographer's testimony would have been harmful to her case. *See McCloud v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 04-1118, 2007 WL 2584289, at *4 (C.D. Ill. Aug. 23, 2007) ("… it is highly unlikely that the inspector's testimony would have favored Defendant. After all, Defendant would not have failed to mention the inspector numbering system … if disclosing that system could have identified a favorable witness.")

Under the circumstances, Defendants respectfully submit that an adverse inference is warranted: that if Plaintiff had identified the Missing Videographer, their testimony would have helped Defendants' statute of limitations defenses, and foreclosed Plaintiff's claims. *See Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1305 (11th Cir. 2020) (affirming adverse inference where, among other things, party "concealed [the] identity [of a witness] … [and therefore] Higgs has never had the opportunity to depose her, and we still do not know what she might have said"). Indeed, that result is consistent with the logic of adverse inferences generally: that efforts to prevent disclosure are evidence that the disclosure would have harmed the party's case. *See Ungar v. City of New York*, 329 F.R.D. 8, 12 (E.D.N.Y. 2018). To the extent Plaintiff believes some lesser sanction would be sufficient to cure the prejudice and address the misconduct, Defendants respectfully request leave to address any such proposal on reply.

Respectfully submitted,

**KAMERMAN, UNCYK, SONIKER, & KLEIN, P.C.**

By: /s/ *Akiva M. Cohen*
Akiva M. Cohen
*For Defendants*

cc. All counsel of record [*via* ECF]