**SAM P. ISRAEL P.C.**
ATTORNEYS AT LAW
32 BROADWAY, SUITE 1114, NEW YORK, NY 10004
info@spi-pc.com | T: (646) 787-9880 | F: (646) 787-9886 | www.spi-pc.com

SAM P. ISRAEL
FOUNDER & MANAGING PARTNER

Timothy Savitsky
Associates

**BY ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312                                     November 19, 2021

             **Re: *King v. Wang et. al.* No. 14-cv-07694 (LJL-JLC)**

Dear Judge Liman,

      At the November 18th conference, Your Honor granted the Plaintiff leave to reargue her entitlement to seek the equitable remedy of disgorgement at trial. Defendants previously sought exclusion on the sole basis that Plaintiff had failed to compute disgorgement in her Rule 26(a)(1)(A)(iii) (the "Rule") disclosure. Plaintiff was granted reargument to show that the Rule does not require a party to compute disgorgement. For the reasons stated herein, the Court should vacate its prior decision and permit Plaintiff to seek disgorgement at trial in accordance with Rule 54(c). *See* November 15, 2021 Order [ECF Dkt. No. 321] (the "Preclusion Order").

      The Rule requires parties to provide "a computation of each category of *damages* claimed by the disclosing party—who must also make available for inspection and copying . . . . materials bearing on the nature and extent of *injuries suffered*." *Id.* (emphases added). Equitable remedies such as restitution or disgorgement, however, are not "damages" meant to compensate "injuries suffered." *See* November 17, 2021 Order at 11 [ECF Dkt. No. 328] (*citing* Dan B. Dobbs & Caprice L. Roberts, Law of Remedies § 4.1 (3d ed. 2018), at 374 ("Restitution measures the remedy by defendant's gain and seeks to force disgorgement of that gain. It differs in its goal or principle from damages, which measures the remedy by plaintiff's loss and seeks to provide compensation for that loss.")).

      Because of this distinction, "the disclosure requirement of Rule 26(a)(1)(A)(iii) [is] inapplicable to . . . claims seeking disgorgement . . . because such remedies [are] not 'damages' within the meaning of that statute[.]" *SEC v. Razmilovic*, 2010 WL 2540762, *2 (E.D.N.Y. Jun. 14, 2010); *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, 2017 WL 2989183, *7 n. 1 (W.D. Ky. July 13, 2017) (plaintiff not required to give "a computation of the disgorgement remedy," because the Rule "provides only that a party must disclose damages"); *see also SEC v. Cavanagh*, 445 F.3d 105, 117 (2d Cir. 2006) (equitable remedy of disgorgement "is a method of forcing a defendant to give up the amount by which he was unjustly enriched"); *Scott v. City of Phoenix*, 2011 WL 1085992 *4 (D. Ariz. Mar. 24, 2011) (the broad spectrum of "equitable remedies ... are not capable of the 'computation' required for the Rule 26(a)(1)(A)(iii) initial disclosure"). The language of the Rule is plain: Only damages stemming from injuries suffered must be computed. This reading of the Rule is both textually correct and entirely sensible given the nature of disgorgement, which seeks to recoup illicit gains achieved by the defendant, who of course is in the best position to know and calculate those gains and how he achieved them. No prejudice falls on a self-dealer who does not receive a Rule 26 disgorgement calculation because he already knows exactly what profits flowed to him from his wrongdoing.

      In this case, the jury will consider and award disgorgement only *after* it finds that Defendants sold paintings to themselves and (in the case of resales) resold them at a profit. Thus, the jury will not consider the Artron.Net resale values in relation to disgorgement (or even appreciation damages) unless it first determines that it was the Defendants themselves—and not

Case 1:14-cv-07694-LJL-JLC   Document 333   Filed 11/19/21   Page 2 of 2

Hon. Lewis J. Liman          *King v. Wang et. al.* No. 14-cv-07694          11/19/21
_____

some independent third party—who did the reselling. In that case, the Defendants, by definition, have perfect information on the resales, and any claim of "prejudice" rings hollow. *See United States v. Stinson*, 2016 WL 8488241, *7 (M.D. Fl. Nov. 22, 2016) (a defendant subject to disgorgement "is in at least as good of a position, if not better, as the [plaintiff] to calculate the 'ill-gotten' gains he received.").[1]

Indeed, a party subject to disgorgement is always in the best position to calculate its own illicit profits and is charged with any difficulty in doing so. *SEC v. Mortenson*, 2013 WL 991334, *4 (E.D.N.Y. Mar. 11 2013) (noting "any risk of uncertainty in calculating disgorgement should fall on the wrongdoer whose illegal conduct created the uncertainty.") (internal quotation omitted); *Stinson*, 2016 WL 8488241; *see also SEC v. Razmilovic*, 738 F.3d 14 (2d Cir. 2013) (disgorgement gains are difficult to determine and may be based on reasonable approximations). In any event, as more fully set forth in Plaintiff's November 14th Letter Opposition, Plaintiff has already put forward in her pleadings and produced in discovery all of the evidence she has on this issue.

Here, Defendants are the ones alleged to have resold the Estate's paintings at auctions; they have no need for "discovery" of information already in their possession. Moreover, they had every incentive and opportunity to learn more about the 32 resales. A. Wang previously testified that in 2015 China's *99 Art News* named him the 46th most influential person in the Chinese art world. Exh. 1 (Prob. Tr. Trans.). He further testified that "[e]very time there's an auction season" he goes to three to five Chinese auctions based on invitations from "the auction house owner" who gives him "a room to stay there for free." Exh. 2 (A.W. 12/10/2013 Dep. Trans.). These auction houses include "Sotheby's, China Guardian, Poly, and Chieftown—not Chieftown—Council Art Auctions." Exh. 3. (A.W. 2019 Dep. Trans.). In fact, China Guardian, Poly, and Chieftown are where *26* of the 32 Paintings were resold. ECF Dkt. No. 323 at 107-109 (Joint Pre-Trial Order). According to A. Wang, he is also "connected with all the good buyers, good collectors." Exh. 2 (A.W. 12/10/2013 Dep. Trans.). He explained "[m]ost of the buyers I know. . . . I know them or through friends, you know, through auction house." Exh. 4 (A.W. 12/17/2013 Dep. Trans.). Finally, the Defendants' proposed adverse inference charge (first drafted in May 2021) claims that the individual re-sale auction results, resale prices, and consignor identities have been critical since the outset. *See* ECF Dkt. No. 322 at p. 90 at ¶2 (Joint Jury Charge). Defendants' new claims that they did not realize the import of the actual re-sale prices are pure gamesmanship. *See id.*

Respectfully submitted:<br>
**SAM P. ISRAEL, P. C.**<br>
**By:** */s/Timothy Savitsky*<br>
Timothy Savitsky (TS 6683)

---

[1] One case in the Tenth Circuit *United States v. RaPower-3, LLC*, 960 F.3d 1240, 1253-54 (10th Cir. 2020) questioned *in dicta* whether Rule 26(a) required a disgorgement computation, but ultimately did not answer the question upon finding that plaintiff in that case had, in any event, provided sufficient information without a computation. The *RaPower-3* Court observed that the Advisory Committee Notes – contrary to the Rule itself – state that a "party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents[.]" *Id.* However, the Note goes on to say that: "a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person." *Id.* The *RaPower-3* Court found where the disgorgement amount was based on information in the defendant's hands, computation under the Rule was not required. It ultimately did not decide how to parse the contradiction between the Note and the text of the Rule. Plaintiff submits that *Razmilovic's* reading of the Rule to require only a computation of actual "damages" based upon "injuries suffered" is both the correct reading of the legal text and creates the least amount of conflict between the Rule and Rule 54(c)—which provides that courts are to award whatever relief a party proves it is entitled to at trial. 2010 WL 2540762, at *2.