**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

COUNSELORS AT LAW

1700 BROADWAY, 16TH FLOOR

NEW YORK, NEW YORK 10019

---

(212) 400-4930

<u>Via ECF</u>                                                                                           November 21, 2021

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312     **Re:** <u>King v. Wang et. al.</u> **No. 14-cv-07694 (LJL-JLC)**

Dear Judge Liman,

  For several reasons, the Court must reject Plaintiff's latest attempt to inject a new, $40-plus-million damages theory into the case at the last moment, to Defendants' prejudice.

  First, the legal predicate for her motion is wrong. The word "damages" as used in Rule 26(a) encompasses claims for monetary relief, whether or not they are classified as "equitable relief," and to provide a computation to the extent that the information to do so is available. *U.S. v. RaPower-3, LLC*, 960 F.3d 1240, 1253–54 (10th Cir. 2020). ("A party claiming damages *or other monetary relief* must, in addition to disclosing the calculation of such damages… ...." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (emphasis added). It therefore appears to require disclosure of calculations for equitable remedies providing monetary relief."). *See also REACT Env't Pro. Servs. Grp., Inc. v. Buzan*, No. 2:20-CV-00533-JMG, 2021 WL 3604079, at *10 (E.D. Pa. Aug. 13, 2021) (precluding non-disclosed disgorgement claim); *Fed. Trade Comm'n v. Cardiff*, No. EDCV182104DMGPLAX, 2021 WL 3616071, at *5 & n.3 (C.D. Cal. June 29, 2021) (precluding disgorgement evidence); *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 CV 293-LTS-RWL, 2019 WL 4735387, at *10 (S.D.N.Y. Sept. 27, 2019) (precluding disgorgement damages omitted from initial disclosures), *appeal dismissed*, No. 19-3598, 2020 WL 8267775 (2d Cir. Feb. 18, 2020), *and reconsideration denied*, No. 15 CV 293-LTS-RWL, 2021 WL 230138 (S.D.N.Y. Jan. 22, 2021).

  That approach, unlike the contrary approach taken in the cases cited by Plaintiff (none of which bind this Court), is consistent with the purpose of the 1993 Amendments and modern rules of civil procedure more generally: to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Plaintiff's chosen approach, in contrast, would "test[] the definitions of 'fair,' 'contest,' 'basic,' 'issues,' 'facts,' 'disclosed,' 'fullest', 'practicable,' and "extent." Even then, the Court might be underestimating what would be left unchallenged." *U.S. ex rel. Higgins v. Bos. Sci. Corp.*, No. 11-CV-2453, 2019 WL 5206221, at *1 (D. Minn. Oct. 16, 2019), *vacated*, 2019 WL 6328135 (D. Minn. Nov. 25, 2019), *and on reconsideration*, 2020 WL 968218 (D. Minn. Feb. 28, 2020). The goal of Rule 26(a)'s damages disclosure requirement was to impose standing discovery requests to enlighten defendants about the basic parameters of the case against them and the monetary award plaintiffs were seeking. Plaintiff failed to disclose that to Defendants in this action.

  Second, there can be no dispute that Plaintiff actually understood the reference to "damages" in both Rule 26(a) and Defendants' interrogatories as covering any requested monetary relief, including disgorgement. Indeed, this dispute arose because she identified "disgorgement" relief *as part of her insert to the Joint Pretrial Order's section on "<u>Damages</u>."* And,

Plaintiff's "damages" disclosure under Rule 26(a) included attorneys' fees under 18 U.S.C. 1964(c), which are – statutorily - not technically "damages." *Cf. Watkins Inc. v. McCormick & Co., Inc.*, No. CV 15-2688 (DSD/BRT), 2020 WL 4933960, at *5 (D. Minn. Aug. 24, 2020) (rejecting argument that there is no need to disclose disgorgement under Rule 26(a) and noting plaintiff's inclusion of other 'non-damages' relief in the disclosures). The Court should not allow her to retroactively justify deliberately withholding relevant information about her claims when she subjectively knew that information to be responsive when making her disclosures.

Third, and most fundamentally, *none of this matters*. While the question of whether Rule 26(a) covers disgorgement may be of scholarly interest, the outcome *in this case* under either Rule 54(c) or Rule 37 turns on the same reality the Court already found: Plaintiff's decision not to disclose her claim for disgorgement until the eve of trial irretrievably prejudiced Defendants. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975) ("a party may not be 'entitled' to relief[1] [for Rule 54(c) purposes] if its conduct of the cause has improperly and substantially prejudiced the other party [by failing to disclose that it was seeking such relief]"); *Griffith Lab'ys U.S.A., Inc. v. Pomper*, 607 F. Supp. 999, 1001 (S.D.N.Y. 1985) ("An exception does exist to awarding damages under Rule 54(c) where the failure to plead the relief requested prejudices the opposing party"). There is no dispute that Plaintiff failed to specifically plead a claim for disgorgement, or to otherwise disclose that she was seeking it before the eve of trial (which itself distinguishes this case from those Plaintiff cites, *see* Exs 1-6). As a result, Defendants opted to forego discovery on the auctions she now seeks to rely on, willing to take on the increased risk of an adverse liability finding in trade for the decreased risk on damages. Unlike a typical disgorgement case (and all of the decisions Plaintiff now cites), in which the measure of disgorgement depended on documents in Defendants' possession, Plaintiff now seeks a monetary award based on purported third-party records, entirely changing the calculus on discovery – but only now that Defendants cannot conduct it. Thus, here, unlike in the cases Plaintiff cites, the lack of disclosure caused Defendants significant prejudice. To the extent Plaintiff now argues that the jury will not consider disgorgement unless it first concludes the Defendants conducted those sales, *that is precisely the point*. The jury is substantially more likely to reach that incorrect conclusion because Plaintiff's failure to disclose that she was seeking disgorgement, or how she would compute it, meant Defendants did not conduct necessary discovery on those auctions. She cannot leverage *her* failures to *Defendants'* prejudice.

At the end of the day, Plaintiff is attempting to drag Defendants back to the days of "blind man's buff," under which a defendant might be deprived of the opportunity to obtain critical discovery – as these Defendants were – unless their discovery requests used precise (yet undisclosed) magic words. But whatever laymen and sovereign citizens might think, the law is not a language of incantations, and Defendants' requests for the information Plaintiff withheld were more than clear enough to warrant preclusion. Defendants were and are entitled to a "fair contest" with the issues and facts "disclosed to the fullest practicable extent." *U.S. v. Proctor & Gamble*, 356 U.S. at 682. No matter how it's dressed up, there is simply no way to construe Plaintiff's attempt to announce a new $40,000,000 liability calculation and theory on the eve of trial as anything resembling that. Because Plaintiff's delay in articulating her theory and calculation was unjustifiable, and because it was deeply prejudicial to Defendants, the belated request for such damages (or "relief") must be precluded.

---

[1] *Albermarle* notably speaks to "relief," not just "damages;" there is no special entitlement to be awarded late-disclosed and prejudicial relief, even if that relief 'sounds in equity.' To the contrary, "[a] litigant that seeks equity must do equity." *McNamee, Lochner, Titus & Williams, P.C. v. Higher Educ. Assistance Found.*, 50 F.3d 120, 125, n.1 (2d Cir. 1995). Withholding a $40,000,000 claim and springing it at trial is most assuredly not that.

Hon. Lewis J. Liman November 21, 2021 Page 3

> Respectfully submitted,
>
> **KAMERMAN, UNCYK, SONIKER, & KLEIN, P.C.**
>
> By: <u>/s/ *Akiva M. Cohen*</u>
> Akiva M. Cohen
> *For Defendants*

cc. All counsel of record [*via* ECF]