UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2021
```

------------------------------------------------------------------X
:
YIEN-KOO KING,                                                     :
:
                                    Plaintiff,                     :
:
                                                                   :          14-cv-7694 (LJL)
              -v-                                                   :
                                                                   :          MEMORANDUM
ANDREW WANG, et al.,                                               :          AND ORDER
                                                                   :
                                    Defendants.                    :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      This matter is scheduled to go to trial before a jury on December 7, 2021.  Before the

Court is a letter in support of the request by defendants Andrew Wang ("A. Wang") and

Shou-Kung Wang ("S.K. Wang," and together, the "Wangs" or "Defendants") for an adverse

inference to cure what they assert was an "intentional failure" by plaintiff Yien-Koo King

("Plaintiff" or "Y.K. King"), in her capacity as preliminary executrix of C.C. Wang's estate (the

"Estate"), to disclose the identify of the videographer who videotaped the 2009 exhibition at the

Capital Museum.  Dkt. No. 332.

      For the following reasons, the request for an adverse inference is denied.

<b>LEGAL STANDARD</b>

      Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information

or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure

was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).  The rule further provides that

"[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity

to be heard . . . may impose other appropriate sanctions," including an adverse inference regarding the withheld evidence. *Id.*

"A failure to disclose under Rule 37 encompasses both the destruction of evidence, or spoliation, and untimely production of documents and information required to be produced." *In re September 11th Liability Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). "The moving party bears the burden of showing that its adversary failed to timely disclose information required by Rule 26. To meet this burden, the moving party must establish '(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Id.* (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). "The mental culpability element requires that the party breached a discovery obligation knowingly in bad faith, through gross negligence, or through ordinary negligence." *Raymond v. City of New York*, 2020 WL 1847556, at *5 (S.D.N.Y. Apr. 13, 2020) (citing *Residential Funding Corp.*, 306 F.3d at 108, 113).[1]

"The determination of an appropriate sanction . . . is confined to the sound discretion of the trial court, and is assessed on a case-by-case basis." *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014) (quoting *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004). "Nevertheless, a court should 'impose the least harsh sanction that can provide an adequate remedy.'" *Id.* (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of*

---

[1] In contrast, Rule 37(e), which relates to electronically stored information, "permits sanctions such as an adverse inference instruction or dismissal only in instances in which the spoliating party acted with 'intent to deprive another party of the information's use in the litigation.'" *Leidig v. Buzzfeed, Inc.*, 2017 WL 6512353, at *10 (S.D.N.Y. Dec. 19, 2017) (quoting Fed. R. Civ. P. 37(e)(2)(A)-(C)).

*M. Sec.*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010), *abrogated by Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135 (2d Cir. 2012)).  "A court considers several factors when deciding whether to exercise its broad discretion to order sanctions, including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of his non-compliance.'"  *Id.* (quoting *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009)).

## DISCUSSION

Defendants argue that an adverse inference regarding what they term the "Missing Videographer" is appropriate because "there is no question that Plaintiff wrongly withheld the identity of the Missing Videographer."  Dkt. No. 332 at 1.  This is so, they argue, because "Kenneth King (Plaintiff's late husband) hired either a company or a friend to videotape the 2009 exhibition," and "Plaintiff received copies of the videos in May 2019, long after the litigation started and the duty to preserve attached, meaning she must have had some information about who she received it from."  *Id.*  Defendants argue that "the failure to disclose the Missing Videographer's identity was prejudicial," *id.* at 2, and an adverse inference is appropriate where a party "concealed the identity of a witness," *id.* (alterations omitted) (quoting *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1305 (11th Cir. 2020)).

As Plaintiff points out, however, Defendants have not demonstrated that Plaintiff had any information about the identity of the "Missing Videographer" that she withheld; "Mrs. King cannot disclose who recorded the videos because she does not know who did."  Dkt. No. 335 at 1.  It was Plaintiff's husband, Kenneth King, who arranged for the delivery of the videos in 2019. He produced them to counsel at that time, during fact discovery, and counsel sent them to

Defendants.  Defendants had the opportunity to depose Kenneth King but did not ask him about

the videos.[2]  Defendants did ask Plaintiff about the videos at her deposition:

> Q:      Do you recall that you hired a video crew to make a video of the Bao Wu
> Tang exhibition?
>
> A:      I think we mentioned to somebody, but we never got the film.
>
> Q:      So did you or did you not hire a video crew to make a –
>
> A:      I did not myself, no.
>
> Q:      Did your husband hire a video crew to make a video?
>
> A:      No, we didn't know anybody in that field.
>
> Q:      So who did you hire to make a video of the exhibition?
>
> A:      I think we mentioned to somebody. I don't even remember who.
>
> Q:      What did you mention to somebody about a video?
>
> A:      That we would love to have a film of the exhibition.
>
> Q:      Do you recall who you mentioned that to?
>
> A:      I don't recall.
>
> Q:      Have you ever seen a film of the exhibition?
>
> A:      No.  I think I saw partially on the CCTV, on the newsreel, they have a
> caption here and there, just like a news report.

Dkt. No. 332-6 at 203:20–204:24.  Defendants have not presented any evidence suggesting that

Plaintiff's answers at deposition were dishonest or that she had information about the identity of

---

[2] Defendants argue that "Counsel's suggestion that Defendants were dilatory in not questioning Plaintiff's late husband on this issue at deposition is inappropriate; his deposition was cut short after two hours due to his health."  Dkt. No. 332 at n.1 (citing Ex. 3).  Exhibit 3, the deposition transcript, shows that Defendants' counsel agreed "to adjourn it for today and reconvene it at another time that's convenient for the parties," and Plaintiff's counsel noted that they "will make Mr. King available to continue his deposition another day."  Dkt. No. 332-3 at 93:8–23.  Plaintiff's submission states that "Defendants never . . . requested to continue the deposition."  Dkt. No. 335 at 1.  Mr. King passed away about ten months after his deposition.  *Id.* at 2.

the "Missing Videographer" that she was withholding.  Defendants did not follow up on these questions or seek additional discovery about the identity of the videographer or the source of the 2019 video delivery while discovery was open.  Nor did Defendants file a motion to compel regarding the supposedly withheld information.  *See Morgan v. Cnty. of Nassau*, 2017 WL 664027, at *7 (E.D.N.Y. Feb. 17, 2017) (denying motion for adverse inference instruction "when plaintiffs failed to timely pursue a motion to compel"); *Haibo Jiang v. Town of Tonawanda*, 2018 WL 2440122, at *1 (W.D.N.Y. May 31, 2018) ("The Plaintiff's motion [for an adverse inference] is denied because the Plaintiff did not move to compel the Defendant to comply with any of his discovery demands.").  On this record, Defendants have not carried their burden to demonstrate that Plaintiff had control over any evidence or information that she failed to timely produce.

## CONCLUSION

The request for an adverse inference is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 332.


SO ORDERED.

Dated: November 23, 2021  
     New York, New York              _____  
                                             LEWIS J. LIMAN  
                                United States District Judge